UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
FALLS LAKE NATIONAL INSURANCE                        CIV:
COMPANY,

                                            Plaintiff,        **COMPLAINT**

       -against-

KALNITECH CONSTRUCTION CORP.,
DAVS PARTNERS LLC and STALIN RODRIGO
REYES ESPINOZA,

                                   Defendants,
-----------------------------------------------------------------X

Plaintiff, Falls Lake National Insurance Company ("FLNIC" or "Plaintiff") by and through

its attorneys, Miranda Slone Sklarin Verveniotis LLP, complaining of the defendants, alleges,

upon information and belief, as follows:

## THE PARTIES

1.     At all relevant times, Plaintiff, Falls Lake National Insurance Company ("FLNIC"),

was, and still is, a citizen of the State of Ohio and North Carolina in that it is a corporation duly

organized and existing under and by virtue of the laws of the State of Ohio with its principal place

of business located at 6131 Falls of Neuse Road, Suite 306, Raleigh, North Carolina 27609.

2.     At all relevant times, the defendant KALNITECH CONSTRUCTION CORP.

("Kalnitech"), was, and still is, a citizen of the State of New York in that it is a corporation

organized and existing under and by virtue of the laws of the State of New York with its principal

place of business located at 204-19 23rd Avenue, Bayside, NY 11360.

3.     At all relevant times, the defendant DAVS PARTNERS LLC ("DAVS"), was and

still is a citizen of New York because its members, husband and wife, Vanessa Kleeman and David

Kleeman, are citizens of New York.  Based upon our investigation, it was discovered that Vanessa

and David Kleeman are the sole members of DAVS.  At all relevant times, Vanessa and David Kleeman were and still are citizens of New York residing at 177 Maple Dr., St. James, NY 11780. Please see annexed hereto as Exhibit A public records, which include documents from Acris, an affidavit of Vanessa Kleeman submitted in the underlying liability action, and the New York Department of State Division of Corporations website, which indicate that Vanessa Kleeman is the managing member of Davs Partners LLC.

4.      At all relevant times, the defendant STALIN RODRIGO REYES ESPINOZA ("Espinoza") was, and still is, a citizen of New York, and a resident of Kings County, residing at 151 Avenue O, Apt 3B, Brooklyn, NY 11204.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. Section 1332.

6.      An actual judiciable controversy exists between the parties as to coverage under an insurance policy issued by FLNIC to Kalnitech Construction Company ("Kalnitech") for the claims asserted or recovery sought as to the underlying lawsuit entitled <u>Stalin Rodrigo Reyes Espinoza v. Davs Partners LLC and Kalnitech Construction Company</u>, filed in the Supreme Court of the State of New York, County of Kings County under Index Number 515197/2019 (the "Espinoza Action") – a copy of the complaint in the Espinoza Action is attached hereto as Exhibit B – as to which FLNIC denied coverage but is affording a defense to Kalnitech subject to the determination of a Court of Competent jurisdiction as to the rights and obligation of the plaintiff under the policy of insurance issued to Kalnitech, and this action seeks a declaration as to the denial of coverage and the rights and obligation of the plaintiff under the policy of insurance issued to Kalnitech as to the claims in the Espinoza Action.

7.      An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by FLNIC to Kalnitech, as applicable to the claims asserted or recovery sought in the Underlying Action.

8.      Venue is proper in this district pursuant to 28 U.S.C. Section 1391 in that the defendant Kalnitech resides in this district, the Espinoza Action is pending in the district, and the accident at issue in the Espinoza Action occurred in the district.

9.      Plaintiff seeks a declaration as to a disclaimer of coverage under a policy of insurance as to the claims in the Espinoza Action, and plaintiff has no adequate remedy at law.

## THE UNDERLYING ACTIONS

10.     In the Espinoza Action, Stalin Rodrigo Reyes Espinoza is seeking damages for injuries he allegedly sustained on June 28, 2019 while working at 217-14 Hempstead Avenue, Queens, NY 11429.  The Espinoza Action contains allegations that DAVS was the property owner, and that it contracted with Kalnitech to perform work at 217-14 Hempstead Avenue, Queens, NY 11429.

11.     The defendants in this action are parties to the Espinoza Action and/or have asserted or have claims and rights relevant to the claims in the Espinoza Action under the policy of insurance issued to Kalnitech as to which coverage has been denied by FLNIC.

## REQUEST FOR DECLARATORY JUDGMENT UPHOLDING DISCLAIMERS

12.     The Plaintiff repeats and re-alleges each and every allegation contained in this complaint number 1 through 11, as if fully set forth at length herein.

13.     FLNIC issued a policy of insurance numbered SKP 2004493 10 to Kalnitech for the policy period of January 3, 2019 to January 3, 2020 (the "Policy").

14.     The Policy contains the following coverage provisions stated on form **CG 00 01 04**

**13**:

> **SECTION 1 – COVERAGES**
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE**
> **LIABILITY**
>
> **1. Insuring Agreement**
>
> a.  We will pay those sums that the insured become legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages even if the allegations of the "suit" are groundless, false, or fraudulent. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit that may result.  But:
>
> (1) The amount we will pay for damages is listed as described in Section III – Limits of Insurance; and
>
> (2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.
>
> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.
>
> b.  This insurance applies to "bodily injury" and "property damage" only if:
>
> (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory;"
>
> (2) The "bodily injury" or "property damage" occurs during the policy period; and
>
> (3) Prior to the policy period, no insured listed under Paragraph 1. Section II – Who is an Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred in whole or

4

in part.  If such a listed insured or authorized "employee" knew, prior to the policy period, that the bodily injury" or "property damage": had occurred in whole or in part.  If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c.  "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change, or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d.  "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. Of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:
(1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;
(2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage; or
(3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

e.  Damages because of "bodily injury" include damages claimed by any person, organization for care, loss of services or death resulting at any time from the "bodily injury."

*          *          *

15.  Form **CG 00 01 04 13** of the Policy provides, in relevant part, as follows:

**2. Exclusions**

This insurance does not apply to:

*          *          *

**b. Contractual Liability**

"Bodily Injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.  This exclusion does not apply to liability for damages:

5

(2) Assumed in a contract or agreement that is an "insured contract," provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract," reasonable attorneys' fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage," provided:

> (a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract," and

> (b) Such attorneys' fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

*     *     *

### d. Workers' Compensation and Similar Laws

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

*     *     *

16.    Form **SN 0006 0713** states the following:

## EXCLUSION OF INJURY TO EMPLOYEES, CONTRACTORS AND EMPLOYEES OF CONTRACTORS

This endorsement modifies insurance provided under the following:

## COMMERCIAL GENERAL LIABILITY COVERAGE PART

Exclusion 2.e Employers Liability is deleted and replaced by the following:

2.e    Employer's Liability

This insurance does not apply to:

> (1) "Bodily injury" to any "employee" of any insured arising out of or in the course of:

>> a.    Employment by any insured; or

6

      b.    Performing duties related to the conduct of any insured's business;

(2) "Bodily injury" to any contractor or any "employee" of any contractor arising out of or in the course of the contractor or its employee performing services of any kind or nature whatsoever;

(3) Any alleged obligation of any insured to indemnify or contribute with another because of damages arising out of such "bodily injury" to an insured's employee or any contractor or any contractor's employee;

(4) "Bodily injury" sustained by the spouse, child, parent, brother or sister of any "employee" of any insured, or of a contractor, or any "employee" of any contractor as a consequence of any injury to any person as set forth in paragraph (1) and (2) of this endorsement.

This exclusion applies to all claims and suits by any person or organization for damages because of such "bodily injury," including damages for care and loss of services.

As used herein the definition of "employee" includes a "leased worker" and a "temporary worker."

This exclusion replaces the exclusion relating to "bodily injury to employees and relatives of "employees" contained in the Exclusions Section of the policy to which this endorsement is attached and the definition of "employee" in said policy.

All other terms and conditions remain unchanged.

*     *     *

17.    Also, form **CG 22 79 04 13** of the Policy states the following:

**EXCLUSION – CONTRACTORS – PROFESSIONAL LIABILITY**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to Paragraph **2. Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability** and Paragraph **2. Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability:**

1.   This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of or failure to render any professional services by you or on your behalf, but only with respect to either or both of the following operations:

    a.   Providing engineering, architectural or surveying services to others in your capacity as an engineer, architect or surveyor; and

    b.   Providing, or hiring independent professionals to provide, engineering, architectural or surveying services in connection with construction work you perform.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage", or the offense which caused the "personal and advertising injury", involved the rendering of or failure to render any professional services by you or on your behalf with respect to the operations described above.

2.   Subject to Paragraph **3.** below, professional services include:

    a.   Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders, or drawings and specifications; and

    b.   Supervisory or inspection activities performed as part of any related architectural or engineering activities.

3.   Professional services do not include services within construction means, methods, techniques, sequences and procedures employed by you in connection with your operations in your capacity as a construction contractor.

               \*       \*       \*

18.   Further, form **AE 10 34 06 15** states the following:

**EXCLUSION – DESIGNATED WORK – SANDING AND SOLVENTS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

**SCHEDULE**

Description of your work:

**This Insurance does not apply to "bodily injury" or "property damage" arising out of the use of solvents or other flammable liquids in connection with Floor Finishing or refinishing, Cabinet Finishing or refinishing, or Sanding of any other surface on which such solvents or other flammable liquids have been applies.**

This endorsement applies to both ongoing and completed operations.

\* \* \*

19. Moreover, form **CG 21 31 05 09** states the following:

**LIMITED EXCLUSION – DESIGNATED OPERATIONS COVERED BY A CONSOLIDATED (WRAP-UP) INSURANCE PROGRAM**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

| **Description And Location Of Operation(s)** |
|---|
| "Any and all projects subject to a consolidated wrap-up" |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. |

The following exclusion is added to Paragraph **2. Exclusions** of Section **I – Coverage A – Bodily Injury and Property Damage Liability:**

This insurance does not apply to "bodily injury" or "property damage" arising out of either your ongoing operations or operations included within the "products-completed operations hazard" at the location described in the Schedule of this endorsement, as a consolidated (wrap-up) insurance

9

program has been provided by the prime contractor/project manager or owner of the construction project in which you are involved.

This exclusion applies whether or not the consolidated (wrap-up) insurance program:

1.  Provides coverage identical to that provided by this Coverage Part; or

2.  Has limits adequate to cover all claims; or

This exclusion does not apply if the consolidated (wrap-up) insurance program covering your operations described in the schedule has been cancelled, non-renewed or otherwise no longer applies for reasons other than the exhaustion of all available limits, whether such limits are available on a primary, excess or on any other basis.   You must advise us of such cancellation, nonrenewal or termination as soon as practicable.

*      *      *

20.     Form **CG 22 34 04 13** also states the following:

**EXCLUSION – CONSTRUCTION MANAGEMENT ERRORS AND OMISSIONS**

This endorsement modifies insurance provided under the following

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to Paragraph **2. Exclusions of Section I – Coverage A – Bodily Injury and Property Damage Liability** and Paragraph **2. Exclusions of Section I – Coverage B – Personal and Advertising Injury Liability:**

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:

**1.** The preparing, approving, or failure to prepare or approve maps, shop drawings, opinions, reports, surveys, field orders, change order or drawings and specifications by any architect, engineer or surveyor performing services on a project on which you serve as construction manager; or

**2.** Inspection, supervision, quality control, architectural or engineering activities done by or for you on a project on which you serve as construction manager.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage", or the offense which caused the personal and advertising injury", involved that which is described in Paragraph **1.** or **2.**

This exclusion does not apply to "bodily injury" or "property damage" due to construction or demolition work done by you, your "employees" or your subcontractors.

*          *          *

21.   Form **CG 21 86 12 04** states:

**EXCLUSION – EXTERIOR INSULATION AND FINISH SYSTEMS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.** This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of, caused by, or attributable to, whether in whole or in part, the following:

**1.** The design, manufacture, construction, fabrication, preparation, distribution and sale, installation, application, maintenance or repair, including remodeling, service, correction or replacement, of any "exterior insulation and finish system" or any part thereof, or any substantially similar system or any part thereof, including the application or use of conditioners, primers, accessories, flashings, coatings, caulking or sealants in connection with such a system; or

**2.** "Your product" or "your work" with respect to any exterior component, fixture or feature of any structure if an "exterior insulation and finish system", or any substantially similar system, is used on the part of that structure containing that component, fixture or feature.

**B.** The following definition is added to the **Definitions** Section: "Exterior insulation and finish system" means a non-load bearing exterior cladding or finish system, and all component parts therein, used on any part of any structure, and consisting of:

**1.** A rigid or semi-rigid insulation board made of expanded polystyrene and other materials;

**2.** The adhesive and/or mechanical fasteners used to attach the insulation board to the substrate;

**3.** A reinforced or unreinforced base coat;

11

4. A finish coat providing surface texture to which color may be added; and

5. Any flashing, caulking or sealant

\*      \*      \*

22. Form **AE 01 33 01 14** of the Policy states the following:

**Roofing Operation Specific Exclusion Endorsement**

**COMMERCIAL GENERAL LIABILITY COVERAGE PART PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART COMMERCIAL UMBRELLA COVERAGE PART**

This insurance does not apply to bodily injury, property damage, personal injury or advertising injury arising out of or resulting from any **Roofing Operations.**

**"Roofing Operations"** is defined herein as any work involving, in whole or in part, the repair, removal, replacement and/or recovering of an existing roof, or any part or section thereof.

\*      \*      \*

23. Furthermore, form **CG 20 33 04 13** reads as follows:

**ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – AUTOMATIC STATUS WHEN REQUIRED IN CONSTRUCTION AGREEMENT WITH YOU**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. **Section II – Who Is An Insured** is amended to include as an additional insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

1. Your acts or omissions; or

2. The acts or omissions of those acting on your behalf;

12

in the performance of your ongoing operations for the additional insured.

However, the insurance afforded to such additional insured:

1. Only applies to the extent permitted by law; and

2. Will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

A person's or organization's status as an additional insured under this endorsement ends when your operations for that additional insured are completed.

**B.** With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:

This insurance does not apply to:

1. "Bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of, or the failure to render, any professional architectural, engineering or surveying services, including:

   **a.** The preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

   **b.** Supervisory, inspection, architectural or engineering activities.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage", or the offense which caused the "personal and advertising injury", involved the rendering of or the failure to render any professional architectural, engineering or surveying services.

\*        \*        \*

24. Moreover, Policy form **AE 01 49 11 15** states:

**ADDITIONAL INSURED – OWNERS, LESSEES, OR CONTRACTORS – COMPLETED OPERATIONS – AUTOMATIC STATUS WHEN REQUIRED IN A WRITTEN CONTRACT WITH YOU**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A. Section II – Who is An Insured** is amended to include as an additional insured any person or organization when you and such person or organization have agreed in a "written contract" that such person or organization be added as an additional insured on your policy.  Such person or organization is an additional insured only with respect to liability for "bodily injury," "property damage" or "personal and advertising injury" caused, in whole or in part, by "your work" performed for that additional insured and included in the "products-completed operations hazard".

However, the insurance afforded to such additional insured:

**1.** Only applies to the extent permitted by law; and

**2.** Will not be broader than that which you are required by the "written contract" to provide for such additional insured.

**B.** With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:

This insurance does not apply to:

**1.** "Bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of, or the failure to render, any professional architectural, engineering or surveying services, including:

    **a.** The preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

    **b.** Supervisory, inspection, architectural or engineering activities.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by any insured, if the "occurrence" which caused the "bodily injury" or "property damage", or the offense which caused the "personal and advertising injury", involved the rendering of or the failure to render any professional architectural, engineering or surveying services.

**C.** With respect to the insurance afforded to these additional insureds, the following is added to **Section III – Limits of Insurance:**

The most we will pay on behalf of the additional insured is the amount of insurance.

14

    **1.** Required by the "written contract" you have entered into with the additional insured; or

    **2.** Available under the applicable Limits of Insurance shown in the Declarations;

    This endorsement shall not increase the applicable Limits of Insurance shown in the Declarations.

**D.** The following is added to **4. Other Insurance**, part of **SECTION IV – COMMERICAL GENERAL LIABILITY CONDITIONS:**

If the "written contract" specifically requires that this insurance apply on a primary basis or a primary non-contributory basis, this insurance is primary to such additional insured.

**E.** As respects this endorsement only, The following Definition is added to **SECTION V – DEFINITIONS**

A "written contract" means that part of any written contract under which you are required to include a person or organizations as an additional insured, provided that the "bodily injury", "property damage", or "personal and advertising injury" occurs:

1. After the signing and execution of the written contract by you;

2. While that part of the written contract is in effect; and

3. Before the end of the policy period.

*     *     *

**REQUEST FOR A DECLARATORY JUDGMENT**

25.    The Plaintiff repeats and re-alleges each and every allegation contained in this complaint numbered 1 through 24 as if fully set forth at length herein.

26.    To the extent that the claims at issued in the Espinoza Action pertain to "bodily injury" of an "employee" of an insured arising out of or in the course of employment by any insured or performing duties related to the conduct an any insured's business or a contract, subcontractor, or employee of a contractor or subcontractor, FLNIC has properly denied coverage as to the

15

Espinoza Action as excluded from coverage under the Policy by operation of the " **EXCLUSION OF INJURY TO EMPLOYEES, CONTRACTORS AND EMPLOYEES OF CONTRACTORS**" Endorsement listed on Form **SN 0006 0713**.

27.    To the extent that the claims at issue in the Espinoza Action pertain to "bodily injury" that incurs an obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or similar law, FLNIC has properly denied coverage as to the Espinoza Action as excluded from coverage under the Policy by operation of the "**WORKERS' COMPENSATION AND SIMILAR LAWS**" Exclusion listed on Form **CG 00 01 04 13**.

28.    To the extent the claims in the Espinoza Action pertain to "bodily injury" arising from engineering, architectural or surveying services as well as supervisory or inspection activities, FLNIC has properly denied coverage as to the Espinoza Action as excluded from coverage under the Policy by operation of the "**EXCLUSION – CONTRACTORS – PROFESSIONAL LIABILITY**" Endorsement, listed on Form **CG 22 79 04 13**.

29.    In addition, to the extent the claims in Espinoza Action pertain to "bodily injury" arising from the use of solvents or other flammable liquids in connection with floor finishing or refinishing, cabinet finishing or refinishing, or sanding of any other surface on which solvents or other flammable liquids have been applied, FLNIC has properly denied coverage as to the Espinoza Action as excluded from coverage under the Policy by operation of the Endorsement entitled "**EXCLUSION – DESIGNATED WORK – SANDING AND SOLVENTS**," listed on Form **AE 01 34 06 14**.

30.    Also, to the extent the claims in Espinoza Action pertain to "bodily injury" arising out of ongoing operations or operations included with the "products-completed operations hazard," where a consolidated (wrap-up) insurance program had been provided by the prime

contractor/project manager or owner of the construction, FLNIC has properly denied coverage as to the Espinoza Action as excluded from coverage under the Policy by operation of the Endorsement entitled "**EXCLUSION – DESIGNATED OPERATIONS COVERED BY A CONSOLIDATED (WRAP-UP) INSURANCE PROGRAM**" listed on Form **CG 21 31 05 09**.

31.     Furthermore, to the extent the claims in Espinoza Action pertain to "bodily injury" arising out of inspection, supervision, quality control, architectural or engineering activities done by or for you on a project on which you serve as construction manager, FLNIC has properly denied coverage as to the Espinoza Action as excluded from coverage under the Policy by operation of the Endorsement entitled "**EXCLUSION – CONSTRUCTION MANAGEMENT ERRORS AND OMISSIONS**" listed on Form **CG 22 34 04 13**.

32.     To the extent that the claims at issue in the Espinoza Action pertain to "bodily injury" arising out of, caused by, or attributed to, in whole or in part, an "exterior insulation and finish system" or a substantially similar system, FLNIC has properly denied coverage as to the Espinoza Action as excluded from coverage under the Policy by operation of the "**EXCLUSION – EXTERIOR INSULATION AND FINISH SYSTEMS**" Endorsement, listed above, Form **CG 21 86 12 04**.

33.     To the extent that the claims at issue in the Espinoza Action pertain to "bodily injury" arising out of or resulting from "Roofing Operations," FLNIC has properly denied coverage as to the Espinoza Action as excluded from coverage under the Policy by operation of the "**ROOFING OPERATION SPECIFIC EXCLUSION ENDORSEMENT**" Endorsement, listed above, Form **AE 01 33 01 14**.

34.     FLNIC has properly denied coverage as to the Espinoza Action to the extent no liability was assumed in a contract and to the extent same pertain to liability for damages pertaining

to "bodily injury" assumed in a contract or agreement that is not an "insured contract" by operation of the "**CONTRACTUAL LIABILITY**" Exclusion listed on Form **CG 00 01 04 13** of the Policy.

35.    To the extent that the claims asserted in the Espinoza Action are not caused, in whole or in part, by Kalnitech's acts or omissions, or the acts or omissions of those acting on Kalnitech's behalf, and to the extent that such claims arise out of professional architectural, engineering, or surveying services, such claims are not covered by operation of Endorsement **CG 20 33 04 13** and there is no additional insured coverage for any party to this action as to such claims.  Moreover, to the extent that no written contract or agreement exists requiring Kalnitech to add any party as an additional insured to the Policy, such claims are not covered by operation of Endorsement **CG 20 33 04 13** and there is no additional insured coverage for any party to this action as to such claims.

36.    To the extent that the claims asserted in the Espinoza Action are not caused, in whole or in part, by "your [Kalnitech's] work" performed for an additional insured and included in the "products-completed operations hazard", and to the extent such claims arise out of professional architectural, engineering, or surveying services, such claims are not covered by operation of Endorsement **AE 01 49 11 15** and there is no additional insured coverage for any party to this action as to such claims.  Moreover, to the extent that no written contract or agreement exists requiring Kalnitech to add any party as an additional insured to the Policy, such claims are not covered by operation of Endorsement **AE 01 49 11 15** and there is no additional insured coverage for any party to this action as to such claims.

37.    The exclusions, endorsements, and provisions of the Policy noted above apply to bar coverage for all of the claims asserted or which may be asserted in the Espinoza Action and apply as to the claims by and against all parties in the Espinoza Action.

38.    FLNIC has timely and properly disclaimed coverage under the Policy to all parties in the Espinoza Action as to the claims asserted in the Espinoza Action and is affording a defense to Kalnitech subject to the right to litigate the issues presented under the Policy.

39.    FLNIC seeks declaratory relief from this Court as to defense and indemnity of any and all claims asserted or which may be asserted in the Espinoza Action.

40.    By reason of the foregoing, FLNIC is entitled to a declaration that it has no obligation for defense or indemnity as to any party regarding the claims asserted or which may be asserted in the Espinoza Action.

**WHEREFORE**, Falls Lake National Insurance Company demands judgment declaring that it has no duty to defend or indemnify any party or pay any judgment or settlement as to the claims asserted or which may be asserted by or against any party in the Espinoza Action, together with the costs, disbursement and attorneys' fees for this action, and such other relief as the Court may deem just, proper and equitable.

Dated:      Mineola, New York
            March 16, 2022

                              **MIRANDA SLONE**
                              **SKLARIN VERVENIOTIS**
                              *Attorneys for Plaintiff*
                              FALLS LAKE NATIONAL
                              INSURANCE COMPANY

                     By:_____

                              Steven Verveniotis
                              240 Mineola Boulevard
                              The Esposito Building
                              Mineola, New York 11501
                              (516) 741-7676
                              Oure File: 19-208