# EXHIBIT A

Case 1:22-cv-01472-KAM-RK   Document 1-1   Filed 03/16/22   Page 2 of 22 PageID #: 21

## VERIFICATION

STATE OF NEW YORK )
                 )ss:
COUNTY OF NASSAU )

VANESSA L. KLEEMAN, being duly sworn, deposes and says:

I am the Managing Member of DAVS PARTNERS LLC, a limited
liability company and one of the defendants herein; I have read
the foregoing Answer in this action and know the contents
thereof; the same is true to my knowledge, except as to the
matters therein stated to be alleged on information and belief,
and as to those matters I believe it to be true.  This
verification is made by me because the above party is a limited
liability company and I am the managing member.

Sworn to before me this
16th day of October, 2019.

_Kavita Ramkissoon_

KAVITA RAMKISSOON
NOTARY PUBLIC-STATE OF NEW YORK
No. 01RA6308230
Qualified In Queens County
My Commission Expires 07-21 2022

12

# Department of State
## Division of Corporations

## Entity Information

| Return to Results | Return to Search |
|---|---|

**Entity Details** ⌃

**ENTITY NAME:** DAVS PARTNERS LLC

**FOREIGN LEGAL NAME:**

**ENTITY TYPE:** DOMESTIC LIMITED LIABILITY COMPANY

**SECTIONOF LAW:** 203 LLC - LIMITED LIABILITY COMPANY LAW

**DATE OF INITIAL DOS FILING:** 12/04/2018

**EFFECTIVE DATE INITIAL FILING:** 12/04/2018

**FOREIGN FORMATION DATE:**

**COUNTY:** SUFFOLK

**JURISDICTION:** NEW YORK, UNITED STATES

**DOS ID:** 5453184

**FICTITIOUS NAME:**

**DURATION DATE/LATEST DATE OF DISSOLUTION:**

**ENTITY STATUS:** ACTIVE

**REASON FOR STATUS:**

**INACTIVE DATE:**

**STATEMENT STATUS:** PAST DUE DATE

**NEXT STATEMENT DUE DATE:** 12/31/2020

**NFP CATEGORY:**

ENTITY DISPLAY    NAME HISTORY    FILING HISTORY    MERGER HISTORY    ASSUMED NAME HISTORY

Service of Process Name and Address

**Name:** VANESSA L. KLEEMAN

**Address:** 177 MAPLE DR, ST. JAMES, NY, UNITED STATES, 11780

Chief Executive Officer's Name and Address

**Name:**

**Address:**

Principal Executive Office Address

**Address:**

Registered Agent Name and Address

**Name:**

**Address:**

Entity Primary Location Name and Address

**Name:**

**Address:**

Farmcorpflag

**Is The Entity A Farm Corporation:** NO

Stock Information

| Share Value | Number Of Shares | Value Per Share |
| --- | --- | --- |



| **NYC DEPARTMENT OF FINANCE**<br>**OFFICE OF THE CITY REGISTER**<br>This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument.The information on this page will control for indexing purposes in the event of any conflict with the rest of the document. | |
|---|---|
| | 2019031400214003001EA058 |

| **RECORDING AND ENDORSEMENT COVER PAGE** | | **PAGE 1 OF 16** |
|---|---|---|
| Document ID: **2019031400214003** | Document Date: 03-07-2019 | Preparation Date: 03-15-2019 |
| Document Type:  ASSIGNMENT OF LEASES AND RENTS | | |
| Document Page Count: 15 | | |

| **PRESENTER:** | **RETURN TO:** |
|---|---|
| LANDSTAR TITLE AGENCY, INC. // PICK UP NIMA<br>55 CHERRY LANE<br>TITLE #LT67412<br>CARLE PLACE, NY 11514<br>516-987-2801<br>NIMA@METRORECORDS.NYC | VITO A GIANNOLA ESQ<br>GIANNOLA & ASSOCIATES PC<br>3000 MARCUS AVENUE, STE 1W6<br>LAKE SUCCESS, NY 11042 |

**PROPERTY DATA**

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| QUEENS | 11093 | 8 | Entire Lot | 217-14 HEMPSTEAD AVENUE |
| Property Type: | COMMERCIAL REAL ESTATE | | | |

**CROSS REFERENCE DATA**

Document ID:     2019031400214002

**PARTIES**

| **ASSIGNOR:** | **ASSIGNEE:** |
|---|---|
| DAVS PARTNERS LLC<br>217-14 HEMPSTEAD AVENUE<br>QUEENS VILLAGE, NY 11429 | SB ONE BANK<br>18 RAILROAD AVENUE<br>ROCHELLE PARK, NJ 07662 |

**FEES AND TAXES**

| Mortgage : | | | Filing Fee: | | |
|---|---|---|---|---|---|
| Mortgage Amount: | $ | 682,500.00 | | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | | |
| Exemption: | | 255 | | $ | 0.00 |
| TAXES:   County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | | |
| City (Additional): | $ | 0.00 | | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | **RECORDED OR FILED IN THE OFFICE** | | |
| TASF: | $ | 0.00 | **OF THE CITY REGISTER OF THE** | | |
| MTA: | $ | 0.00 | **CITY OF NEW YORK** | | |
| NYCTA: | $ | 0.00 | Recorded/Filed          03-18-2019 14:47 | | |
| Additional MRT: | $ | 0.00 | City Register File No.(CRFN): | | |
| TOTAL: | $ | 0.00 | **2019000087571** | | |
| Recording Fee: | $ | 112.00 | | | |
| Affidavit Fee: | $ | 8.00 | *City Register Official Signature* | | |

L767412

## ASSIGNMENT OF LEASES AND RENTS

Made By:            **DAVS PARTNERS LLC**
as Assignor

To:                  **SB ONE BANK**, as Assignee

Dated:            March 7, 2019


County:          Queens
Block:           11093
Lot:              8

Street Address:     217-14 Hempstead Avenue, Queens Village, New York 11429

### RECORD AND RETURN TO:

**Vito Giannola, Esq.**
**Giannola & Associates P.C.**
**3000 Marcus Avenue, Suite 1W6**
**Lake Success, New York 11042**

## ASSIGNMENT OF LEASES AND RENTS

ASSIGNMENT OF LEASES AND RENTS (this "Agreement") made  between **DAVS PARTNERS LLC,** a New York Limited Liability Company, having an office at 217-14 Hempstead Avenue, Queens Village, New York 11429 (the "Assignor"), in favor of **SB ONE BANK,** having an office at 18 Railroad Avenue, Rochelle Park, New Jersey 07662 ("Assignee").

### W I T N E SS E T H:

WHEREAS, for the purpose of additionally securing the payment of the indebtedness evidenced by a mortgage note of even date herewith, in the principal sum of **SIX HUNDRED EIGHTY TWO THOUSAND FIVE HUNDRED ($682,500.00) DOLLARS,** made by the Assignor payable to the order of the Assignee, including any extensions, amendments, modifications, restatements, supplements and renewals thereof (collectively the "Note"), as well as the payment, observance, performance and discharge of all obligations, covenants, conditions and warranties contained in the Mortgage, Security Agreement and Assignment of Leases and Rents and any other agreement of even date herewith, securing the payment of or otherwise dealing with the Note, including any modifications, extensions, consolidations, increases, supplements, spreaders and restatements thereof (collectively, the "Mortgage"), executed by the Assignor in favor of the Assignee, covering the land, together with the buildings and improvements thereon (hereinafter collectively called the "Premises"), situated in the County of Queens and State of New York and more particularly described therein and in **Schedule "A"** annexed hereto and made a part hereof;

### THE ASSIGNOR DOES HEREBY AGREE AS FOLLOWS:

FOR VALUE RECEIVED, the Assignor does hereby SELL, ASSIGN, TRANSFER, SET OVER and DELIVER unto the Assignee, and its successors and assigns all of the Assignor's right, title and interest in and to all leases and tenancies (including concessions) of the Premises or any part thereof, whether written or oral, heretofore or hereafter made or agreed to by any party, and all extensions, renewals, replacements and guaranties thereof including, without limitation, subleases of any leases and tenancies following attornment (all of said leases and tenancies, together with all extension, renewals, replacements and guaranties thereof, are hereafter collectively referred to as the "Leases"),

TOGETHER with the immediate and continuing right to collect and receive all of the rents, income, receipts, revenues, issues and profits now due or which may become due or to with the Assignor may now or shall hereafter (including the period of redemption, if any) become entitled or may demand or claim, arising or issuing from and out of the Leases or from or out of the Premises or any part thereof, including but not by way of limitation: minimum rents, additional rents, percentage rents, parking maintenance, tax and insurance contributions, deficiency rents and liquidated damages following default, the premium payable by any tenant upon the exercise of a cancellation privilege originally provided in any Lease, and all proceeds

1

payable under any policy of insurance covering loss of rent resulting from untenantability caused by destruction or damage to the Premises together with any and all rights and claims of any kind which the Assignor may have against any tenant under the Leases or any subtenants or occupants of the Premises (all such monies, rights and claims in this Paragraph described being hereinafter called "Rents"), EXCEPTING THEREFROM, any sums which by the express provisions of any Lease are payable directly to any governmental authority or to any other person, firm or Company other than the landlord under any Lease;

SUBJECT, HOWEVER, to a revocable license hereby granted by the Assignee to the Assignor, but limited as hereinafter provided, to collect and receive all of the Rents.

TO HAVE AND TO HOLD the same unto the Assignee, its successors and assigns forever, or for such shorter period as hereinafter may be indicted.

THE ASSIGNOR DOES HEREBY FURTHER COVENANT
AND AGREE AS FOLLOWS:

1.      Representations and Warranties Concerning Leases

The Assignor represents and warrants:

(a)      that the Assignor is the owner in fee simple absolute of the Premises and has good title as landlord to the Leases hereby assigned and good right to assign the same, and that no other person, firm or Company has any right, title or interest as landlord therein;

(b)      that all Leases are valid and unmodified except as indicated herein and in full force and effect;

(c)      that the Assignor has not previously sold, assigned, transferred, mortgaged or pledged the Rents from the Premises, whether now due or hereafter to become due;

(d)      that any of the Rents due and issuing from the Premises or from any part thereof for any period subsequent to the date hereof have not been collected and that payment of any of same has not otherwise been anticipated, waived, released, discounted, set off or otherwise discharged or compromised except for rental concessions not exceeding one (1) month in connection with any Lease or otherwise as approved by the Assignee;

(e)      that the Assignor has not received any funds or deposits from any tenant for which credit has not already been made on account of aocrued rents;

(f)      that none of the Leases contains an option to purchase all or any part of the Premises; and

(g)      that neither Assignor nor any tenant under any existing Lease is in default in any material respect of any of the terms thereof.

2

2.   <u>Assignor'(s) Covenants As to Leases and Rents</u>

The Assignor covenants and agrees, as follows, to:

(a)   observe, perform and discharge, duly and punctually, all and singular, the obligations, terms, covenants, conditions of the existing Leases and of all future Leases affecting the Premises, on the part of the Assignor to be observed, performed and discharged, so as not to permit, with respect to any Lease, a tenant thereunder to cancel or terminate any Lease or to offset against Rents, and to give prompt notice to the Assignee of any failure on the part of the Assignor to observe, perform and discharge same;

(b)   promptly deliver to the Assignee a copy of (i) all notices of default which the Assignor sends to any tenant under any Lease; (ii) all notices of the commencement of summary proceedings which the Assignor brings against any tenant under any Lease; and (iii) all notices of default which any tenant under any Lease sends to the Assignor;

(c)   notify and direct in writing each and every present or future tenant or occupant of the Premises or of any part thereof that any security deposit or other deposits heretofore delivered to the Assignor have been retained by the Assignor or assigned and delivered to the Assignee as the case may be;

(d)   enforce or secure the performance of each and every obligation, term, covenant, condition and agreement in the Leases by any tenant thereunder to be performed; and

(e)   appear in and defend any action or proceeding arising under, occurring out of, or in any manner connected with the Leases or the obligations, duties or liabilities of the Assignor and any tenant thereunder and, upon request by the Assignee, will do so in the name and on behalf of the Assignee but at the expense of the Assignor, and to pay all reasonable costs and expenses of the Assignee, including, without limitation, reasonable attorney's fees and disbursements generally, and at trial and appellate level, in any action or proceeding in which the Assignee may appear; and

(f)   deliver to the Assignee a copy of each Lease promptly after execution thereof by Assignor and the tenant thereunder, together with all guaranties and other documents upon its request, a certificate of estoppel of any tenant under any Lease.

3.   <u>Assignor's Covenants as to Performance</u>

The Assignor covenants and agrees not to, without first obtaining the prior written consent of the Assignee in each instance:

(a)   receive or collect any Rents from any present or future tenant of the Premises or any part thereof for a period of more than one (1) month in advance, other than the security deposited in connection with the Leases, nor pledge, transfer, mortgage or otherwise encumber or assign future payments of the Rents;

3

(b)     waive, excuse, condone, discount, set off, compromise, cancel, terminate, or in any manner release or discharge any tenants under any Lease, of and from any obligations, covenants, conditions and agreements by said tenant to be kept, observed and performed, including the obligation to pay the Rents thereunder, in the manner and at the place and time specified therein (reference is made to Section 291-f of the Real Property Law of the State of New York to establish for the Assignee the rights and benefits provided therein);

(c)     cancel, terminate or consent to any surrender of any Lease, except as may be provided in the Lease, or commence an action of ejectment or any summary proceedings for dispossession of the tenant under any Lease, or exercise any right of recapture provided in any Lease;

(d)     execute or permit to exist any Lease of all or any portion of the Premises except for occupancy by the lessee under and pursuant to a written lease in form and substance satisfactory to the Assignee and with a lessee satisfactory to the Assignee;

(e)     relocate any tenant of a Lease within the Premises, nor consent to any modification of the express purposes for which such space has been leased, nor consent to any subletting of all or any portion of the Premises or any part thereof, or to an assignment of any Lease by any tenant thereunder or to any assignment or further subletting of any sublease, except as may be provided in the Lease; or

(f)     modify, amend, extend or renew any lease or all or any portion of the Premises or permit the lessee under any Lease to assign the tenancy thereunder unless such lessee has such right to extend, renew or the right of assignment under its lease without the necessity of obtaining Mortgagor's consent thereto (reference is made to Section 291-f of the Real Property Law of the State of New York to establish for the Assignee the rights and benefits provided therein);

(g)     consent or agree to accept a subordination of any Lease to any mortgage or other encumbrance (other than the Mortgage) now or hereafter affecting the Premises.

Notwithstanding the above, as long as Borrower is not in default of any of the terms of the Note and/or Mortgage or this Agreement, Borrower may act in a commercially reasonable manner in managing the premises with respect to the obligations and requirements set forth in sub paragraph a,b,c,d,e, and f.

4.     Default Deemed Default Under Note and Mortgage

In the event any representation or warranty herein of the Assignor shall be found to be untrue or the Assignor shall be in default in the observance or performance of any obligation, term, covenant or condition herein, then, in each such instance, the same shall constitute and be deemed to be a default under the Note and Mortgage thereby entitling the Assignee to declare all sums evidenced and secured thereby and hereby immediately due and

payable and to exercise any and all of the rights and remedies provided thereunder and hereunder as well as by law.

5.    License to Collect Rents

So long as there shall not exist any default, by the Assignor, in the payment of any indebtedness secured hereby or in the observance and performance of any obligation, term, covenant or condition, beyond the expiration of any applicable grace and notice periods, or warranty, under the Note, the Mortgage, this Assignment or under any security agreement or loan agreement of even date herewith to or with the Assignee, the Assignor shall have the right under a license granted hereby (but limited as provided in the following paragraph) to collect, but not for any period greater than one (1) month in advance, as aforesaid, all of the Rents, arising from or out of the Leases or any renewals or extensions thereof, or from or out of the Premises or any part thereof, and the Assignor shall receive the Rents, and shall hold same, as well as the right and license to receive same, as a trust fund to be applied, and the Assignor hereby covenants to so apply the same, first to the payment of any sums the non-payment of which might result in the imposition of criminal penalties or criminal liability upon the Assignor, second to the payment of taxes and other charges in connection with the Premises before penalty or interest are due therein, third to the cost of such insurance and of such maintenance and repairs as is required by the terms of the Mortgage, fourth to satisfaction of all obligations under the Leases, and fifth to the payment of interest and principal becoming due pursuant to the Note and Mortgage before using any part of the same for any other purposes.

6.    Assignee's Rights to Collect Rents

Upon or at any time after default by the Assignor, beyond the expiration of any applicable grace and notice periods, in the payment of any indebtedness secured hereby or in the observance and performance of any obligation, term, covenant, condition or warranty, beyond the expiration of any applicable grace and notice periods, under the Note, the Mortgage, this Assignment or under any security agreement or loan agreement of even date herewith (as same may hereafter be modified, extended or supplemented) to or with the Assignee, all Rents collected or received by Assignor shall be accepted and held by the Assignee in trust and shall not be commingled with the funds and property of the Assignor, but shall be promptly paid over to the Assignee and the Assignee, at its option, shall have the complete right, power and authority hereunder then or thereafter to exercise and enforce any or all of the following rights and remedies:

(a)    to terminate the license granted to the Assignor to collect as aforesaid the Rents and then and thereafter, without taking possession, in the Assignee's own name, to demand, collect, receive, sue for, attach and levy the Rents, to give proper receipts, and releases therefore, and after deducting all reasonably necessary and proper costs and expenses of operation and collection, as determined by the Assignee, including, without limitation, reasonable attorney's fees and disbursement generally, and at trial and appellate level, to apply the net proceeds thereof, together with any funds of the Assignor deposited with the Assignee upon any indebtedness secured hereby and by the Mortgage and in such order as the Assignee may determine;

5

(b)     to declare all sums secured hereby and by the Mortgage immediately due and payable and, at its option, exercise all of the rights and remedies contained in the Note and Mortgage; and

(c)     without regard to the adequacy of the security, with or without any action or proceeding, through any person or by agent, or by a receiver to be appointed by a court of competent jurisdiction and irrespective of the Assignor's possession, then or thereafter to enter upon, take possession of, manage and operate the Premises or any part thereof, make, modify, enforce, cancel or accept surrender of any Lease now in effect or hereafter in effect on the Premises or any part thereof; remove and evict any tenant and otherwise do any act or incur any costs or expense as the Assignee shall deem proper to protect the security hereof, as fully and to the same extent as the Assignor could do if in possession, and in such event to apply the Rents collected as hereinabove provided.

7.     No Mortgagee In Possession

The acceptance by the Assignee of this Assignment, with all of the rights, powers, privileges and authority so created, shall not, prior to entry upon and taking of possession of the Premises by the Assignee, be deemed or construed to constitute the Assignee a mortgagee in possession nor at any time or any event obligate the Assignee to appear in or defend any action or proceeding relating to the Leases or to the Premises, or to take any action hereunder, or to expend any money or incur any expenses or perform or discharge any obligation, duty or liability under the Leases, or to assume any obligation or responsibility for any security deposits or other deposits delivered to the Assignor by any tenant thereunder and not assigned and delivered to the Assignee.

8.     No Liability of Assignee

The Assignee, solely by virtue of this Assignment, shall not be liable nor shall it otherwise be obligated to perform or discharge any term, covenant, provision or condition to be liable for any representation or warranty set forth in any of the Leases on the part of the Assignor to be kept, observed, performed or given, as may be the case, nor shall it (i) operate to place any obligation or liability for the control, care, management or repair of the Premises upon the Assignee, (ii) operate to make the Assignee responsible or liable for any waste committed on the Premises by any tenant or other person or entity, nor (iii) shall it operate to make the Assignee liable in any way for any injury or damage to any person, entity or property sustained in or about the Premises.

9.     No Waiver of Default

The collection of the Rents and application as provided above in this Mortgage and/or the entry upon and taking possession of the Premises shall not cure or waive any default or waive, modify or affect any notice of default under the Note and Mortgage or invalidate any act done pursuant to such notice, and the enforcement of such right or remedy by the Assignee, once exercised, shall continue for so long as the Assignee shall elect, notwithstanding that the

6

collection and application aforesaid of the Rents may have cured for the time being the original default. If the Assignee shall thereafter elect to discontinue the exercise of any such right or remedy, the same or any other right or remedy hereunder may be reasserted at any time and from time to time following any substantial default.

10.   Appointment of Assignee at Attorney-In-Fact

In the event of any default under the Note and/or Mortgage or this Agreement, the Assignor does hereby constitute and appoint the Assignee its true and lawful attorney, coupled with an interest of the Assignor and in the name, place and stead of the Assignor;

(a)   to demand, sue for, attach, levy, recover and receive any premium or penalty payable upon the exercise, by any tenant under any Lease, or a privilege of cancellation originally provided in the Lease, and to give proper receipts, and releases therefore and, after deducting expenses of collection, to apply the net proceeds as a credit upon any portion, as selected by the Assignee, of the indebtedness secured hereby and by the Mortgage, notwithstanding the fact that the amount owing thereunder may not then be due and payable or that the indebtedness is otherwise adequately secured, and the Assignor does hereby authorize and direct any such tenant to deliver such payment to the Assignee in accordance with the foregoing, and does hereby ratify and confirm, as between the Assignee and the Assignor, all whatsoever that its said attorney, the Assignee herein, shall do or cause to be done by virtue of the powers granted hereby, and

(b)   to subject and subordinate at any time and from time to time, any Lease, to the lien of the Mortgage or any other Mortgage or deed of trust on the Premises, or to request or require such subordination, where such reservation, option or authority was reserved under any Lease, to the Assignor, or in any case, where the Assignor otherwise would have the right, power or privilege so to do.

The Assignor does hereby warrant that the Assignor has not, at any time prior to the date hereof, exercised any such rights as set forth above in this Paragraph 10 and covenants not to exercise any such right so long as any part of the indebtedness secured hereby and by the Mortgage shall remain unpaid.

The appointment of the Assignee as the Attorney-In-Fact for the Assignor as provided above in this Paragraph is to be irrevocable and continuing and the rights, powers and privileges set forth above shall be exclusive in the Assignee, its successors and assigns so long as any part of the indebtedness secured hereby and by the Mortgage shall remain unpaid.

11.   Indemnification of the Assignee

The Assignor hereby agrees to indemnify and hold the Assignee harmless of and from any and all liability, loss, damage or expense which it may or might incur under or by reason of this Assignment, or for any action taken by the Assignee hereunder except actions taken by the Assignee in accordance with the authority and rights granted to it in Paragraph 10 above (but nothing herein shall limit or impair, as between the Assignee and the Assignor, the

Assignor's ratification and confirmation of the Assignee's action taken pursuant to paragraph 10 above), or by reason or in defense of any and all claims and demands whatsoever which may be asserted against the Assignee arising out of the Leases, including but without limitation thereto, any claim by any tenant of credit for rental paid to and received by the Assignor, but not delivered to the Assignee, for any period under any Lease more than one (1) month in advance of the due date thereof; should the Assignee incur any such liability, loss, damage or expense, the amount thereof, including without limitation, reasonable attorney's fees and disbursements generally, and at trial and appellate level, with interest thereon at the default rate, if any, set forth in the Note and Mortgage shall be payable by the Assignor immediately without demand, and shall be secured hereby and by the Mortgage.

12.   Assignment of Future Leases – Further Assurances

Until the indebtedness secured hereby and by the Mortgage shall have been paid in full, the Assignor does hereby transfer and assign to the Assignee any and all other and future leases upon all or any part of the Premises upon the same terms and conditions as herein contained and this Assignment shall be sufficient to carry out the intent of the foregoing without need for any further instrument or assignment, but notwithstanding the foregoing, the Assignor hereby covenants and agrees to make, execute and deliver unto the Assignee, upon demand, and at any time or times (i) any and all further assignments, (ii) any instrument required by the Assignee to confirm its rights and privileges hereunder and (iii) the Assignor's records, and instruments relating to rentals under any Lease, including but not limited to, rent rolls and books of account relating to rentals under any Lease, that the Assignee may deem to be advisable for carrying out the true purposes and intent of this Agreement (including assignment of the rent under any lease with the United States Government if and to the extent permissible by law, after allowance of the rental claim, ascertainment of the amount due and issuance of the warrant for payment thereof).

13.   No Waiver of Remedies Under this Agreement

The failure of the Assignee to avail itself of any of the terms, covenants and conditions of this Assignment for any period of time or at any time or times shall not be construed or deemed to be a waiver of any such right, and nothing herein contained, nor anything done or omitted to be done by the Assignee pursuant hereto shall be deemed a waiver by the Assignee of any of its rights and remedies under the Note and Mortgage or under the laws of the state in which the Premises are situate.  The right of the Assignee to collect the said indebtedness and to enforce any other security therefore may be exercised by the Assignee, either prior to, simultaneously with, or subsequent to any action taken hereunder.

14.   Rejection of Leases

In the event a tenant under any Lease should be the subject of any proceeding under the Federal Bankruptcy Act (Title 11 U.S.C.) or any other federal, state or local statute which provides for the possible termination or rejection of the Leases assigned hereby, the Assignor covenants and agrees that if any of the Leases is so rejected, no settlement for damages shall be made without prior written consent of the Assignee, and any check in payment of

damages for rejection of any Lease will be made payable both to the Assignor and Assignee. The Assignor hereby assigns any such payment to the Assignee and further covenants and agrees that upon the request of the Assignee, it will duly endorse to the order of the Assignee any check, the proceeds of which will be applied to whatever portion of the indebtedness secured hereby and by the Mortgage which the Assignee may elect.

15.　　No Merger of Estates

So long as any of the indebtedness secured hereby and by the Mortgage shall remain unpaid, unless the Assignee shall otherwise consent in writing, the fee title and the leasehold estate on the Premises as hereinabove described shall not merge, but shall always be kept separate and distinct, notwithstanding the union of said estate either in the Assignor on in any tenant or in a third party by purchase or otherwise.

16.　　Termination of Assignment

Upon payment in full of all of the indebtedness secured hereby and by the Mortgage and of all sums payable hereunder, this Assignment shall become and be void and of no effect, but the affidavit, certificate, letter or statement of any officer of the Assignee showing any part of said indebtedness to remain unpaid shall constitute conclusive evidence of the validity, effectiveness and continuing force of this Assignment, and any person, firm or Company, may and is authorized to rely thereon. A demand on any tenant made by the Assignee for payment of Rents by reason of any default claims by the Assignee shall be sufficient warrant to said tenant to make future payments of Rents to the Assignee without the necessity for further consent by the Assignor.

17.　　Modification of Terms of Note and Mortgage

Notwithstanding any variation of the terms of the Note and Mortgage, including increase or decrease in the principal amount thereof or in the rate of interest payable thereunder or any extension of time for payment thereunder or any release of part or parts of any security given therefore, the Leases and the benefits hereby assigned shall continue as additional security in accordance with the terms of this Assignment.

18.　　Additional Security

The Assignee may take security in addition to the security already given the Assignee for the payment of the principal and interest provided to be paid in or by the Note and Mortgage or may release such other security, may release any party primarily or secondarily liable on the Note and Mortgage, may grant or make extensions, renewals, modifications or indulgences with respect to the Note and Mortgage and any replacements thereof, which replacement of the Note and Mortgage may be on the same or on terms different from the present terms of the Note and Mortgage and may apply any other security therefore held by it to the satisfaction of the Note and Mortgage without prejudice to any of its rights hereunder.

9

19.   Assignment to Subsequent Holders

Subject to the provisions of Paragraph 15 above, the Assignee shall have the right to assign the Assignor's right, title and interest in the Leases to any subsequent holder of the Note and Mortgage, and no assignee of the Assignee's interest in the Leases shall be liable to account to the Assignor for the Rents accruing after a default in the Note and Mortgage.

20.   Entire Agreement

This instrument contains the entire agreement of the parties concerning the subject hereof. No variation, change, amendment, modification, abridgement, cancellation or discharge hereof or of any part hereof shall be binding upon the Assignee unless set forth in a document duly executed by the Assignee.

21.   Notices

All notices or other communications required or otherwise given pursuant to this Agreement shall be shall be in writing and shall be deemed to have been properly given (i) upon delivery, if delivered in person, (ii) one (1) Business Day after having been deposited for overnight delivery with any reputable overnight courier service, or (iii) three (3) Business Days after having been deposited in any post office or mail depository regularly maintained by the U.S. Postal Service and sent by registered or certified mail, postage prepaid, return receipt requested, addressed to Assignor or Assignee, as the case may be, at the addresses first above written or addressed as such party may from time to time designate by written notice to the other parties.

Each party may designate a change of address by notice to the other party, given at least fifteen (15) days before such change of address is to become effective.

Any attorney who at the time in question represents any party to this Agreement may give any notice(s) under this Agreement on behalf of such party. Any such notice(s) shall be fully effective as if given by the party that engaged such attorney.

22.   Binding Obligations

The terms, covenants, provisions and conditions herein contained shall bind and inure to the benefit of the heirs, distributes, executors, administrators, successors and assigns of the parties hereto and all tenants, subtenants and assigns of the same, all subsequent owners of the Premises, and all subsequent holders of any Note and Mortgage.

23.   Severability

If any term, covenant, condition or obligation of this Agreement shall be held to be invalid, illegal or unenforceable in any respect, this Assignment shall be construed without such term, covenant, condition or obligation.

10

24.     <u>Third Party Beneficiaries</u>

It is expressly agreed by the Assignor that this Assignment shall not be construed or deemed made for the benefit of any third party or parties.

25.     <u>Construction</u>

If the Assignor consists of more than one person or entity, the obligations and liabilities of each such person or entity hereunder shall be joint and several.  The relative words herein of single or plural number, or masculine or feminine or neuter gender shall be read as if written in the single or plural, or in the male, neuter or feminine gender, as the context and as the case may be.

26.     <u>Governing Law</u>

This Assignment shall be construed in accordance with the laws of the State of New York.

27.     <u>No Joint Venture</u>

Nothing contained herein shall create any joint venture, partnership, agency or trust agreement between the Assignor and the Assignee.

28.     <u>Applicability to Deed of Trust</u>

The term "Note" and "Mortgage" as used in this Assignment shall be deemed to include a Deed of Trust Note and a Deed of Trust if that form of evidence of indebtedness and security is used.

29.     <u>Conflict with the Mortgage</u>

In case of any conflict between the terms of this Assignment and the terms of the Mortgage, the terms of this Assignment shall prevail.

30.     <u>Captions</u>

The title of this document and the captions used herein are inserted only as a matter of convenience and for reference and shall in no way define, limit or describe the scope or intent of the provisions hereof.

11

IN WITNESS WHEREOF, the Assignor has executed this Assignment on the day and year first above written.

**DAVS PARTNERS LLC,** a New York
Limited Liability Company

By: _____
Vanessa L. Kleeman, Managing Member

## ACKNOWLEDGMENT

State of New York, County of Queens:

On the 7th day of March, in the year 2019, before me, the undersigned, personally appeared Vanessa L. Kleeman, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual or the person upon behalf of which the individual or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public, State of New York



KENNETH P WARNER
Notary Public State of New York
Nassau County
Lic. # 02WA6090467
Comm Exp. June 08, 2019

SEAL

12

**Schedule "A"**

13

## SCHEDULE A DESCRIPTION

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Fourth Ward of the Borough and County of Queens, City and State of New York, bounded and described as follows:

BEGINNING at a point on the southerly side of Hempstead Avenue as now vested in the City of New York, distant 26.58 feet southeasterly from the corner formed by the intersection of the southerly side of Hempstead Avenue with the southerly side of 99th Avenue;

RUNNING THENCE southerly along a line forming an interior angle of 64 degrees 48 minutes 24 seconds with the said southerly side of Hempstead Avenue 57.53 feet to a point;

RUNNING THENCE southerly along a line forming an interior angle of 175 degrees 57 minutes 48 seconds with the preceding course a distance of 70.26 feet to a point;

RUNNING THENCE easterly at right angles to the preceding course 24.18 feet;

RUNNING THENCE northerly at right angles to the proceeding course 116.39 feet to the southerly side of Hempstead Avenue;

RUNNING THENCE northwesterly along the southerly side of Hempstead Avenue 22.90 feet to the point or place of BEGINNING.

Said premises to be known as 217-14 Hempstead Avenue, Queens Village, NY  11429 Block 11093 Lot 8.

The policy to be issued under this report will insure the title to such building and improvements erected on the premises which by law constitute real property.

For conveyancing only: Together with all right, title and interest of the party of the first part, of, in and to the land lying in the street in front of and adjoining said premises.

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**



2019031400214003001S6ED9

| SUPPORTING DOCUMENT COVER PAGE | PAGE 1 OF 1 |
|---|---|

**Document ID: 2019031400214003**  Document Date: 03-07-2019  Preparation Date: 03-15-2019
Document Type: ASSIGNMENT OF LEASES AND RENTS

---

**SUPPORTING DOCUMENTS SUBMITTED:**

Page Count

255 MORTGAGE TAX EXEMPT AFFIDAVIT                                            1

**AFFIDAVIT UNDER SECTION 255**
**OF ARTICLE XI OF THE TAX LAW OF THE STATE OF NEW YORK**
**(Assignment of Leases and Rents)**

STATE OF NEW YORK        )
                         )        ss:
COUNTY OF QUEENS         )

    **Vanessa L. Kleeman,** Managing Member of **DAVS PARTNERS LLC,** a New York Limited Liability Company, (referred to herein as the "**Borrower**"), being duly sworn deposes and says:

    ✗ 1.    A Mortgage and Security Agreement in the original principal sum of $682,500.00 was made by the Borrower in favor of SB One Bank ("**Lender**"), dated as of March 7, 2019 and will be recorded immediately prior hereto in the Office of the Clerk of Queens County (the "**Mortgage**"), on which the mortgage tax was paid. The principal sum of $682,500.00 is presently owed on said Mortgage. Said Mortgage encumbers the improved real property known as **217-14 Hempstead Avenue, Queens Village, New York 11429** and which property is more particularly known as County: Queens, Block: 11093, Lot: 8 as shown on the Tax Map of the City of New York, County of Queens, and State of New York (collectively the "**Premises**").    ✗ mtg tax $ 19,110 ᵒᵉ

    2.    The Borrower has executed and delivered to Lender an Assignment of Leases and Rents ("**Assignment**") dated as of March 7, 2019, which Assignment is intended to be recorded in said County Clerk's Office concurrently herewith and which Agreement affects the Premises.

    3.    The Assignment herewith tendered for recording is given for the purpose of further securing the same principal indebtedness as is secured by the Mortgage and said Assignment does not create or secure any new or further indebtedness or obligation other than the principal indebtedness secured by said Mortgage. There have been no releases or re-advances on said Mortgage or under the Assignment herewith offered for recording.

**WHEREFORE,** deponent respectfully requests that the Assignment be declared exempt from taxation pursuant to the provisions of Section 255 of Article 11 of the Tax Law of the State of New York.

                     **DAVS PARTNERS LLC,** a New York Limited
                     Liability Company

                   By: _Vanessa Kleeman_____
                     Vanessa L. Kleeman, Managing Member

Sworn to before me this
7th day of March, 2019
_____
Notary Public

KENNETH P WARNER
Notary Public State of New York
Nassau County
Lic. # 02WA6090467
Comm Exp. June 08, 2019

SEAL