UNITED STATED DISTRIC COURT
FOR THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
FALLS LAKE NATIONAL INSURANCE COMPANY,

                    Plaintiff,

-against-

KALNITECH CONSTRUCTION CORP.,
DAVS PARTNERS LLC, STALIN RODRIGO
REYES ESPINOZA and ASK ELECTRICAL
CONTRACTING CORP.,

                    Defendants.
------------------------------------------------------------------------X

Case No.: 1:22-cv-1473 (KAM)(PK)

**ANSWER TO AMENDED COMPLAINT**

Defendant, ASK ELECTRICAL CONTRACTING CORP. ("ASK"), by its attorneys, MILBER MAKRIS PLOUSADIS & SEIDEN, LLP, as and for its Answer to the Amended Amended Complaint for Declaratory Relief dated June 23, 2022, alleges the following upon information and belief:

## THE PARTIES

1.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the Amended Complaint for Declaratory Relief.

2.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the Amended Complaint for Declaratory Relief.

3.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Amended Complaint for Declaratory Relief.

4.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Amended Complaint for Declaratory Relief.

5.      Denies each and every allegation contained in paragraph "5" of the Amended Complaint for Declaratory Relief, except admits that ASK is a corporation organized and existing

under and by virtue of the laws of the State of New York with its principal place of business located at 217-14 Hempstead Avenue, Queens Village, NY 11429.

## JURISDICTION AND VENUE

6. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Amended Complaint for Declaratory Relief, and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

7. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Amended Complaint for Declaratory Relief, and respectfully refers to the Summons and Complaint in the action captioned *Stalin Rodrigo Reyes Espinoza v. Davs Partners LLC and Kalnitech Construction Company,* pending in Supreme Court of the State of New York, Kings County, bearing Index No. 515197/2019 (the "First Underlying Action"), for its true and accurate allegations, and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

8. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Amended Complaint for Declaratory Relief, and respectfully refers to the Summons and Complaint in the action captioned *Stalin Rodrigo Reyes Espinoza v. Ask Electrical Contracting Corp.,* pending in Supreme Court of the State of New York, Kings County, bearing Index No. 514760/2022 (the "Second Underlying Action"), for its true and accurate allegations, and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

9. Paragraph "9" of the Amended Complaint for Declaratory Relief asserts no allegation for which an answer is required, but to the extent it does, ASK denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph

"9" of the Amended Complaint for Declaratory Relief, and respectfully refers to the Summonses and Complaints in the First Underlying Action and the Second Underlying Action (collectively referred to as "Underlying Actions") for their true and accurate allegations.

10. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Amended Complaint for Declaratory Relief, and respectfully refers to the Summons and Complaint in the Underlying Actions for their true and accurate allegations, and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

11. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Amended Complaint for Declaratory Relief, and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

12. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Amended Complaint for Declaratory Relief, and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

## THE UNDERLYING ACTIONS

13. Denies each and every allegation contained in paragraph "13" of the Amended Complaint for Declaratory Relief, and respectfully refers to the Summonses and Complaints in the Underlying Actions for their true and accurate allegations.

14. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Amended Complaint for Declaratory Relief.

## **REQUEST FOR DECLARATORY JUDGMENT UPHOLDING DISCLAIMERS**

15. As and for a response to the allegations contained in paragraph "15" of the Amended Complaint for Declaratory Relief, Defendants ASK repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "14" of the Amended Complaint for Declaratory Relief with the same force and effect as if fully set forth at length herein.

16. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Amended Complaint for Declaratory Relief, and respectfully refers to the policy of insurance issued by FLNIC to Kalnitech bearing policy No. SKP 2004493, for the policy period of January 3, 2019 to January 3, 2020 (the "Policy"), for its terms, conditions, limitations and exclusions to coverage.

17. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Amended Complaint for Declaratory Relief, and respectfully refers to the Policy for its for its terms, conditions, limitations and exclusions to coverage.

18. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Amended Complaint for Declaratory Relief, and respectfully refers to the Policy for its for its terms, conditions, limitations and exclusions to coverage.

19. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Amended Complaint for Declaratory Relief, and respectfully refers to the Policy for its for its terms, conditions, limitations and exclusions to coverage.

20. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Amended Complaint for Declaratory Relief, and respectfully refers to the Policy for its for its terms, conditions, limitations and exclusions to coverage.

21. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Amended Complaint for Declaratory Relief, and respectfully refers to the Policy for its for its terms, conditions, limitations and exclusions to coverage.

22. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Amended Complaint for Declaratory Relief, and respectfully refers to the Policy for its for its terms, conditions, limitations and exclusions to coverage.

23. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Amended Complaint for Declaratory Relief, and respectfully refers to the Policy for its for its terms, conditions, limitations and exclusions to coverage.

24. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Amended Complaint for Declaratory Relief, and respectfully refers to the Policy for its for its terms, conditions, limitations and exclusions to coverage.

25. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Amended Complaint for Declaratory Relief,

and respectfully refers to the Policy for its for its terms, conditions, limitations and exclusions to coverage.

      26.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Amended Complaint for Declaratory Relief, and respectfully refers to the Policy for its for its terms, conditions, limitations and exclusions to coverage.

      27.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Amended Complaint for Declaratory Relief, and respectfully refers to the Policy for its for its terms, conditions, limitations and exclusions to coverage.

      28.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Amended Complaint for Declaratory Relief, and respectfully refers to the Policy for its for its terms, conditions, limitations and exclusions to coverage.

      29.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Amended Complaint for Declaratory Relief, and respectfully refers to the Policy for its for its terms, conditions, limitations and exclusions to coverage.

      30.     Denies each and every allegation contained in paragraph "30" of the Amended Complaint for Declaratory Relief, and respectfully refers to the Policy for its for its terms, conditions, limitations and exclusions to coverage.

31. Denies each and every allegation contained in paragraph "31" of the Amended Complaint for Declaratory Relief, and respectfully refers to the Policy for its for its terms, conditions, limitations and exclusions to coverage.

32. Denies each and every allegation contained in paragraph "32" of the Amended Complaint for Declaratory Relief, and respectfully refers to the Policy for its for its terms, conditions, limitations and exclusions to coverage.

33. Denies each and every allegation contained in paragraph "33" of the Amended Complaint for Declaratory Relief, and respectfully refers to the Policy for its for its terms, conditions, limitations and exclusions to coverage.

34. Denies each and every allegation contained in paragraph "34" of the Amended Complaint for Declaratory Relief, and respectfully refers to the Policy for its for its terms, conditions, limitations and exclusions to coverage.

35. Denies each and every allegation contained in paragraph "35" of the Amended Complaint for Declaratory Relief, and respectfully refers to the Policy for its for its terms, conditions, limitations and exclusions to coverage.

36. Denies each and every allegation contained in paragraph "36" of the Amended Complaint for Declaratory Relief, and respectfully refers to the Policy for its for its terms, conditions, limitations and exclusions to coverage.

37. Denies each and every allegation contained in paragraph "37" of the Amended Complaint for Declaratory Relief, and respectfully refers to the Policy for its for its terms, conditions, limitations and exclusions to coverage.

38. Denies each and every allegation contained in paragraph "38" of the Amended Complaint for Declaratory Relief, and respectfully refers to the Policy for its for its terms, conditions, limitations and exclusions to coverage.

39. Denies each and every allegation contained in paragraph "39" of the Amended Complaint for Declaratory Relief, and respectfully refers to the Policy for its for its terms, conditions, limitations and exclusions to coverage.

40. Denies each and every allegation contained in paragraph "40" of the Amended Complaint for Declaratory Relief, and respectfully refers to the Policy for its for its terms, conditions, limitations and exclusions to coverage.

41. Denies each and every allegation contained in paragraph "41" of the Amended Complaint for Declaratory Relief, respectfully refers to the Policy for its for its terms, conditions, limitations and exclusions to coverage, and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

42. Denies each and every allegation contained in paragraph "42" of the Amended Complaint for Declaratory Relief, respectfully refers to the Policy for its for its terms, conditions, limitations and exclusions to coverage, and and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

43. Denies each and every allegation contained in paragraph "43" of the Amended Complaint for Declaratory Relief, respectfully refers to the Policy for its for its terms, conditions, limitations and exclusions to coverage, and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

44. Denies each and every allegation contained in paragraph "44" of the Amended Complaint for Declaratory Relief, respectfully refers to the Policy for its for its terms, conditions,

limitations and exclusions to coverage, and and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

45. Denies each and every allegation contained in paragraph "45" of the Amended Complaint for Declaratory Relief, respectfully refers to the Policy for its for its terms, conditions, limitations and exclusions to coverage, and and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

46. Denies each and every allegation contained in paragraph "46" of the Amended Complaint for Declaratory Relief, respectfully refers to the Policy for its for its terms, conditions, limitations and exclusions to coverage, and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

47. Denies each and every allegation contained in paragraph "47" of the Amended Complaint for Declaratory Relief, respectfully refers all questions of law to this Honorable Court for its ultimate determination, and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

48. Denies each and every allegation contained in paragraph "48" of the Amended Complaint for Declaratory Relief, and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

49. Paragraph "49" of the Amended Complaint for Declaratory Relief asserts no allegation for which an answer is required, but to the extent it does, ASK denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the Amended Complaint for Declaratory Relief, and respectfully refers to the Summonses and Complaints in the Underlying Actions for their true and accurate allegations.

50. Denies each and every allegation contained in paragraph "50" of the Amended Complaint for Declaratory Relief, and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

51. The allegations set forth within the Amended Complaint for Declaratory Relief fail to state a cause of action against the undersigned Defendant upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

52. The allegations and/or causes of action asserted against the undersigned Defendant in the Amended Complaint for Declaratory Relief are barred in whole or in part by documentary evidence.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

53. The causes of action stated in the Amended Complaint for Declaratory Relief herein did not accrue, nor did any part thereof accrue, within the applicable time period prior to the commencement of this action so that the action is barred by operation of the Statute of Limitations.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

54. The instant action against the undersigned Defendant must be dismissed as a prior action is pending between the parties in which the Plaintiff has asserted the same causes of action against the undersigned Defendant as those asserted herein.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

55. The Plaintiff has failed to join and include in this action all identifiable and indispensable parties without whom, in equity and fairness, this action should not proceed.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

56. To the extent that the Amended Complaint for Declaratory Relief seeks a declaratory judgment in connection with the Underlying Actions, said request would be premature insofar as the facts necessary to determine obligations of the parties will be decided in the Underlying Actions.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

57. Plaintiff does not have standing to bring a claim against ASK.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

58. Plaintiff is not entitled to the relief requested.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

59. ASK may have additional defenses that cannot be articulated because they do not have all the documents or information bearing on insurance coverage issues. Because ASK cannot now assert all issues and defenses, ASK reserves the right to reevaluate, reassess and replead affirmative defenses to the extent additional issues arise.

WHEREFORE, Defendant, ASK ELECTRICAL CONTRACTING CORP., demands judgment:

(A) Dismissing the Amended Complaint for Declaratory Relief with prejudice in its entirety;

(B) Awarding ASK ELECTRICAL CONTRACTING CORP. the costs and disbursements of this action; and

(C) Awarding such other and further relief as this Court may deem just and proper.

Dated: Woodbury, New York
July 29, 2022

                                                MILBER MAKRIS PLOUSADIS
                                                  & SEIDEN, LLP

By: _____
LYNSAY A. DYSZLER (LS0573)
Attorneys for Defendant
ASK ELECTRICAL CONTRACTING CORP.
1000 Woodbury Road, Suite 402
Woodbury, New York 11797
(516) 712-4000
File No.: 532-22715
ldyszler@milbermakris.com

TO: Steven Verveniotis, Esq.
MIRANDA SLONE SKLARIN
  VERVENIOTIS
Attorneys for Plaintiff
FALLS LAKE NATIONAL INSURANCE COMPANY
240 Mineola Boulevard
The Esposito Building
Mineola, NY 11501
(516) 741-7676
File No.: 19-208

Morris J. Schlaf, Esq.
Luigi Brandimarte, Esq.
SACCO & FILLAS LLP
Attorney for Defendant
KALNITECH CONSTRUCTION CORP.
31-19 Newtown Avenue, 7th Floor
Astoria, NY 11102
(718) 269-2226
mschlaf@saccofillas.com
lbrandimarte@saccofillas.com

Keith H. Richman, Esq.
Ira W. Seligman, Esq.
RICHMAN & LEVINE, P.C.
Attorneys for Defendant
DAVS Partners, LLC
666 Old Country Road, Suite 101
Garden City, NY 11530
(516) 228-9444
krichman@richmanlevine.com
iseligman@richmanlevine.com

**In Default:**
STALIN RODRIGO REYES ESPINOZA

| Civil Action Case No. 1:22-cv-1473 (KAM)(PK) | Year | RJI No. | Hon. |

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

FALLS LAKE NATIONAL INSURANCE COMPANY,

                              Plaintiff,

        -against-

KALNITECH CONSTRUCTION CORP.,
DAVS PARTNERS LLC, STALIN RODRIGO
REYES ESPINOZA and ASK ELECTRICAL
CONTRACTING CORP.,

                              Defendants.

## ASK ELECTRICAL CONTRACTING CORP.'S ANSWER TO AMENDED COMPLAINT

MILBER MAKRIS PLOUSADIS & SEIDEN, LLP
ATTORNEYS AT LAW
*Attorneys for Defendant ASK ELECTRICAL CONTRACTING CORP.*
*Office and Post Office Address, Telephone*
1000 Woodbury Road, Suite 402
WOODBURY, NEW YORK 11797
(516) 712-4000
File No. 532-22715

To

Signature (Rule 130-1.1-a)

…………………………………………………….
Print name beneath

Attorney(s) for

Service of a copy of the within                             is hereby admitted.

Dated,                                            …………………………………………………..
                                      Attorney(s) for

Please take notice

☐ <u>NOTICE OF ENTRY</u>

that the within is a (*certified*) true copy of a
duly entered in the office of the clerk of the within named court on

☐ <u>NOTICE OF SETTLEMENT</u>

that an order                  of which the within is a true copy will be presented for settlement to the
HON.                       one of the judges of the within named court, at
Dated,

                                              Yours, etc.
                           MILBER MAKRIS PLOUSADIS & SEIDEN, LLP
                                 ATTORNEYS AT LAW
To                               *Office and Post Office Address*
                                1000 Woodbury Road, Suite 402
Attorney(s) for                      WOODBURY, NEW YORK 11797

UNITED STATED DISTRIC COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
FALLS LAKE NATIONAL INSURANCE COMPANY,

                              Plaintiff,

        -against-

KALNITECH CONSTRUCTION CORP.,
DAVS PARTNERS LLC, STALIN RODRIGO
REYES ESPINOZA and ASK ELECTRICAL
CONTRACTING CORP.,

                              Defendants.
-------------------------------------------------------------------------------X

Case No.: 1:22-cv-1473 (KAM)(PK)

## CERTIFICATE OF SERVICE

STATE OF NEW YORK    )
                              ) ss.:
COUNTY OF NASSAU    )

      LYNSAY A. DYSZLER, the attorney of record for Defendant, ASK ELECTRICAL CONTRACTING CORP., hereby certifies that on the date shown below, one copy of the foregoing ***ANSWER TO AMENDED COMPLAINT*** was caused to be served by ***ECF*** upon:

Steven Verveniotis, Esq.
MIRANDA SLONE SKLARIN
  VERVENIOTIS
Attorneys for Plaintiff
FALLS LAKE NATIONAL INSURANCE
COMPANY
240 Mineola Boulevard
The Esposito Building
Mineola, NY 11501
(516) 741-7676
File No.: 19-208
sverveniotis@msssv.com

Morris J. Schlaf, Esq.
Luigi Brandimarte, Esq.
SACCO & FILLAS LLP
Attorney for Defendant
KALNITECH CONSTRUCTION CORP.
31-19 Newtown Avenue, 7th Floor
Astoria, NY 11102
(718) 269-2226
mschlaf@saccofillas.com
lbrandimarte@saccofillas.com

Keith H. Richman, Esq.
Ira W. Seligman, Esq.
RICHMAN & LEVINE, P.C.
Attorneys for Defendant
DAVS Partners, LLC
666 Old Country Road, Suite 101
Garden City, NY 11530
(516) 228-9444
krichman@richmanlevine.com
iseligman@richmanlevine.com

Dated: Woodbury, New York
July 29, 2022

                MILBER MAKRIS PLOUSADIS & SEIDEN, LLP

By: *[signature]*
LYNSAY A. DYSZLER (LS0573)
Attorneys for Defendant
ASK ELECTRICAL CONTRACTING CORP.
1000 Woodbury Road, Suite 402
Woodbury, New York 11797
(516) 712-4000
File No.: 532-22715
ldyszler@milbermakris.com