**JONATHAN A. DACHS, ESQ./**
**SHAYNE, DACHS**
61 Broadway, Suite 2220
New York, New York 10006
(212) 201-0793
Cell: (917) 703-3990
jdachs@shaynedachs.com

December 20, 2022

The Honorable Peggy Kuo
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Falls Lake National Insurance Company v. Kalnitech Construction Corp.,
      DAVS Partners LLC, Stalin Rodrigo Reyes Espinoza, and ASK Electrical
      Contracting Corp.
      Case No. CIV 1:22-cv-01473-KAM-PK

Dear Honorable Judge Kuo:

The undersigned has been retained to represent the Defendant, Stalin
Rodrigo Reyes Espinoza ("Espinoza"), in the above-referenced insurance
Declaratory Judgment action. As Your Honor may already be aware, Mr. Espinoza
is not an insured nor a party to whom a duty to defend or indemnify may be found
on the part of an insurance company, but, rather, the injured party/Plaintiff in the
underlying actions entitled *Espinoza v. Kalnitech Construction Corp., et al.*,
Supreme Court, Kings County Index No. 515197/2019, and *Espinoza v. ASK
Electrical Contracting Corp.*, Supreme Court, Kings County Index No.
514767/2022. As such, he is essentially a nominal party to this action, whose
presence is motivated by the desire that the ultimate determination of this

-2-

insurance coverage dispute will be binding upon him (and all other parties to the Underlying Action[s]).

Counsel for the Plaintiff herein, Steven Verveniotis, Esq., of Miranda Slone Sklarin. Verveniotis LLP, has previously graciously consented to allow Mr. Espinoza to file/submit an otherwise untimely Answer to the Complaint in this matter, and not to proceed with the entry of a default against Espinoza. Accordingly, I am in the process of drafting such Answer, as well as Espinoza's initial automatic discovery pursuant to FRCP Rule 26.

I respectfully request the Court's permission/leave to file the aforementioned documents, and to extend the deadline for Espinoza to do so within the next two weeks from the date of this letter, i.e., no later than January 3, 2023.

Given Mr. Espinoza's status and posture in this matter, as described above, it is highly unlikely that he is or will be in possession of significant pertinent information and/or discoverable documents, other than as to the proceedings in the underlying action[s], which are largely matters of public record under the New York State Courts Electronic Filing System ("NYSCEF"), and, thus, already available to the parties. Mr. Espinoza's appearance may, however, prove beneficial to the extent that settlement discussions relative to his underlying actions may become pertinent or useful in attempting to resolve the instant action. I do not believe that any party will be prejudiced by or have cause to object to Espinoza's formal entry into this case. We will do everything in our power to avoid any unnecessary delay in this action attributable to Espinoza's formal appearance, if Your Honor grants the requested leave/permission.

I thank Your Honor for your consideration of this request. If Your Honor would prefer that I file an executed Stipulation granting Mr. Esposito an extension of his time to answer the Amended Complaint, which you can, if so inclined, "So Order," or if you require a more formal motion to be made for the requested relief, please so advise me and I will be certain to do so.

If you have any questions or concerns regarding this matter, please do not

-3-

hesitate to contact me.

Respectfully submitted,

Jonathan A. Dachs  (JD3687)

cc.: All counsel of record (via ECF)