UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
FALLS LAKE NATIONAL INSURANCE
COMPANY,

|  |  |
|---|---|
| Plaintiff, | **ANSWER TO AMENDED COMPLAINT FOR DECLARATORY JUDGMENT** |
| -against- | Case No. 1:22 - cv -01473 (KAM)(PKP) |

KALNITECH CONSTRUCTION CORP.,
DAVS PARTNERS LLC, STALIN RODRIGO
REYES ESPINOZA and ASL ELECTRICAL
CONTRACTING CORP.,

Defendants.

--------------------------------------------------------------------X

The Defendant, STALIN RODRIGO REYES ESPINOZA, by his attorney, JONATHAN
A. DACHS, ESQ., of the firm of JONATHAN A. DACHS, ESQ./ SHAYNE, DACHS, answering
the "Amended Complaint" of the Plaintiff herein, sets forth and alleges upon information and
belief as follows:

## THE PARTIES

FIRST: Denies knowledge or information sufficient to form a belief as to the truth of each
and every allegation contained in paragraph of the Amended Complaint marked "1."

SECOND: Denies knowledge or information sufficient to form a belief as to the truth of
each and every allegation contained in paragraph of the Amended Complaint marked "2."

THIRD: Denies knowledge or information sufficient to form a belief as to the truth of each
and every allegation contained in paragraph of the Amended Complaint marked "3."

FOURTH:   Admits each and every allegation contained in paragraph of the Amended Complaint marked "4."

FIFTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph of the Amended Complaint marked "5."

## JURISDICTION AND VENUE

SIXTH:  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph of the Amended Complaint marked "6," and refers questions of law to the Court.

SEVENTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph of the Amended Complaint marked "7," refers to the Summons and Verified Complaint in the action captioned *Stalin Rodrigo Reyes Espinoza v. DAVS Partners LLC and Kalnitech Contruction Company*, pending in Supreme Court, Kings County, bearing Index No. 515197/2019 (the "First Underlying Action") for its true and accurate allegations, and refers questions of law to the Court.

EIGHTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph of the Amended Complaint marked "8," refers to the Summons and Verified Complaint in the action captioned *Stalin Rodrigo Reyes Espinoza v. ASK Electrical Contracting Corp.*, pending in Supreme Court, Kings County, bearing Index No. 514760/2022 (the "Second Underlying Action") for its true and accurate allegations, and refers questions of law to the Court.

NINTH: Paragraph "9" of the Amended Complaint is a statement of the alleged nature of the action, to which no answer is required.

TENTH:  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph of the Amended Complaint marked "10," refers to the Summons and Verified Complaint in the First and Second Underlying Actions (motion to consolidate pending) for their true and accurate allegations, and refers questions of law to the Court.

ELEVENTH:  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation and legal conclusion contained in paragraph of the Amended Complaint marked "11," and refers questions of law to the Court.

TWELFTH:  Paragraph "12" of the Amended Complaint is a statement of the alleged nature of the action, to which no response is required. To the extent that any Answer is deemed required, the Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of each and every allegation and legal conclusion contained in paragraph of the Amended Complaint marked "12," and refers questions of law to the Court.


## THE UNDERLYING ACTIONS

THIRTEENTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph of the Amended Complaint marked "13," and refers to the Summonses and Complaints in the two Underlying Actions for their true and accurate allegations.

FOURTEENTH:  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph of the Amended Complaint marked "14,"

and refers to the Summonses and Complaints in the two Underlying Actions for their true and accurate allegations.

## REQUEST FOR DECLARATORY JUDGMENT UPHOLDING DISCLAIMERS

FIFTEENTH:   Repeats, reiterates and realleges each and every response contained in paragraphs of the Amended Complaint marked "1" to "14" with the same force and effect as though fully set forth herein at length.

SIXTEENTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph of the Amended Complaint marked "16," and refers to the original or certified copy of the subject insurance policy for the contents, forms, terms and conditions thereof.

## FACTUAL BACKGROUND

SEVENTEENTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph of the Amended Complaint marked "17," and refers to the original or certified copy of the subject insurance policy for the contents, forms and conditions thereof.

EIGHTEENTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph of the Amended Complaint marked "18," and refers to the original or certified copy of the subject insurance policy for the contents, forms, terms and conditions thereof.

NINETEENTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph of the Amended Complaint marked "19," and refers to the original or certified copy of the subject insurance policy for the contents, forms, terms and conditions thereof.

TWENTIETH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph of the Amended Complaint marked "20," and refers to the original or certified copy of the subject insurance policy for the contents, forms , terms and conditions thereof.

TWENTY-FIRST: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph of the Amended Complaint marked "21," and refers to the original or certified copy of the subject insurance policy for the contents, forms , terms and conditions thereof.

TWENTY-SECOND: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph of the Amended Complaint marked "22," and refers to the original or certified copy of the subject insurance policy for the contents, forms, terms and conditions thereof.

TWENTY-THIRD: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph of the Amended Complaint marked "23," and refers to the original or certified copy of the subject insurance policy for the contents, forms , terms and conditions thereof.

TWENTY-FOURTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph of the Amended Complaint marked

"24," and refers to the original or certified copy of the subject insurance policy for the contents, forms, terms and conditions thereof.

TWENTY-FIFTH:  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph of the Amended Complaint marked "25," and refers to the original or certified copy of the subject insurance policy for the contents, forms, terms and conditions thereof.

TWENTY-SIXTH:  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph of the Amended Complaint marked "26," and refers to the original or certified copy of the subject insurance policy for the contents, forms, terms and conditions thereof.

TWENTY-SEVENTH:  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph of the Amended Complaint marked "27," and refers to the original or certified copy of the subject insurance policy for the contents, forms, terms and conditions thereof.

TWENTY-EIGHTH:  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph of the Amended Complaint marked "28," and refers to the original or certified copy of the subject insurance policy for the contents, forms, terms and conditions thereof.

TWENTY-NINTH:  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph of the Amended Complaint marked "29," and refers to the original or certified copy of the subject insurance policy for the contents, forms, terms and conditions thereof.

THIRTIETH:  Denies each and every allegation contained in paragraph of the Amended Complaint marked "30," refers to the original or certified copy of the subject insurance policy for the contents, forms, terms and conditions thereof, and refers questions of law to the Court.

THIRTY-FIRST:   Denies each and every allegation contained in paragraph of the Amended Complaint marked "31," refers to the original or certified copy of the subject insurance policy for the contents, forms, terms and conditions thereof, and refers questions of law to the Court.

THIRTY-SECOND:   Denies each and every allegation contained in paragraph of the Amended Complaint marked "32," refers to the original or certified copy of the subject insurance policy for the contents, forms, terms and conditions thereof, and refers questions of law to the Court.

THIRTY-THIRD:   Denies each and every allegation contained in paragraph of the Amended Complaint marked "33," refers to the original or certified copy of the subject insurance policy for the contents, forms, terms and conditions thereof, and refers questions of law to the Court.

THIRTY-FOURTH:   Denies each and every allegation contained in paragraph of the Amended Complaint marked "34," refers to the original or certified copy of the subject insurance policy for the contents, forms, terms and conditions thereof, and refers questions of law to the Court.

THIRTY-FIFTH:   Denies each and every allegation contained in paragraph of the Amended Complaint marked "35," refers to the original or certified copy of the subject insurance

policy for the contents, forms, terms and conditions thereof, and refers questions of law to the Court.

THIRTY-SIXTH:   Denies each and every allegation contained in paragraph of the Amended Complaint marked "36," refers to the original or certified copy of the subject insurance policy for the contents, forms, terms and conditions thereof, and refers questions of law to the Court.

THIRTY-SEVENTH:  Denies each and every allegation contained in paragraph of the Amended Complaint marked "37," refers to the original or certified copy of the subject insurance policy for the contents, forms, terms and conditions thereof, and refers questions of law to the Court.

THIRTY-EIGHTH:   Denies each and every allegation contained in paragraph of the Amended Complaint marked "38," refers to the original or certified copy of the subject insurance policy for the contents, forms, terms and conditions thereof, and refers questions of law to the Court.

THIRTY-NINTH: Denies each and every allegation contained in paragraph of the Amended Complaint marked "39," refers to the original or certified copy of the subject insurance policy for the contents, forms, terms and conditions thereof, and refers questions of law to the Court.

FORTIETH: Denies each and every allegation contained in paragraph of the Amended Complaint marked "40," refers to the original or certified copy of the subject insurance policy for the contents, forms, terms and conditions thereof, and refers questions of law to the Court.

FORTY-FIRST:  Denies each and every allegation contained in paragraph of the Amended Complaint marked "41," refers to the original or certified copy of the subject insurance policy for the contents, forms, terms and conditions thereof, and refers questions of law to the Court.

FORTY-SECOND:  Denies each and every allegation contained in paragraph of the Amended Complaint marked "42," refers to the original or certified copy of the subject insurance policy for the contents, forms, terms and conditions thereof, and refers questions of law to the Court.

FORTY-THIRD:  Denies each and every allegation contained in paragraph of the Complaint marked "43," refers to the original or certified copy of the subject insurance policy for the contents, forms, terms and conditions thereof, and refers questions of law to the Court.

FORTY-FOURTH:  Denies each and every allegation contained in paragraph of the Amended Complaint marked "44," refers to the original or certified copy of the subject insurance policy for the contents, forms, terms and conditions thereof, and refers questions of law to the Court.

FORTY-FIFTH:  Denies each and every allegation contained in paragraph of the Amended Complaint marked "45," refers to the original or certified copy of the subject insurance policy for the contents, forms, terms and conditions thereof, and refers questions of law to the Court.

FORTY-SIXTH:  Denies each and every allegation contained in paragraph of the Amended Complaint marked "46," refers to the original or certified copy of the subject insurance policy for the contents, forms, terms and conditions thereof, and refers questions of law to the Court.

FORTY-SEVENTH:  Denies each and every allegation contained in paragraph of the Amended Complaint marked "47," refers to the original or certified copy of the subject insurance

policy for the contents, forms, terms and conditions thereof, and refers questions of law to the Court.

FORTY-EIGHTH:    Denies each and every allegation contained in paragraph of the Complaint marked "48," and refers questions of law to the Court.

FORTY-NINTH: Paragraph "49" of the Amended Complaint is a statement of the alleged nature of the action, to which no response is required. To the extent that any Answer is deemed required, the Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of each and every allegation and legal conclusion contained in paragraph of the Amended Complaint marked "49," and refers questions of law to the Court

FIFTIETH: Denies each and every allegation contained in paragraph of the Complaint marked "50," and refers questions of law to the Court.

## AS AND FOR A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE ON BEHALF OF THIS ANSWERING DEFENDANT.

FIFTY-FIRST: Plaintiff's Complaint fails to state a cause of action upon which relief can or should be granted.

## AS AND FOR A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE ON BEHALF OF THIS ANSWERING DEFENDANT.

FIFTY-SECOND: The underlying claims against Plaintiff's insured(s) are covered under Plaintiff's policy.

**AS AND FOR A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE ON BEHALF OF THIS ANSWERING DEFENDANT.**

FIFTY-THIRD: The Exclusion(s) relied upon by Plaintiff in support of its disclaimer/denial of coverage is/are not applicable.

**AS AND FOR A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE ON BEHALF OF THIS ANSWERING DEFENDANT.**

FIFTY-FOURTH: Plaintiff has waived its right and/or is estopped to deny coverage or disclaim liability by reason of its failure to give timely and/or proper written notice of its intention to do so, in violation of Insurance Law §3420(d)(2)

**AS AND FOR A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE ON BEHALF OF THIS ANSWERING DEFENDANT.**

FIFTY-FIFTH: Plaintiff's cause of action are barred by its failure to comply with applicable insurance laws, rules and regulations.

**AS AND FOR A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE ON BEHALF OF THIS ANSWERING DEFENDANT.**

FIFTY-SIXTH: Plaintiff's interpretation and application of the terms of its policy are illogical, incorrect, and against well-recognized principles of insurance policy construction and interpretation under New York law.

**AS AND FOR A SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE ON BEHALF OF THIS ANSWERING DEFENDANT**

FIFTY-SEVENTH: Plaintiff's policy is, in several respects, ambiguous, and, as such, must be construed against Plaintiff and in favor of a finding of coverage for the insured Defendants.

**AS AND FOR AN EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE ON BEHALF OF THIS ANSWERING DEFENDANT.**

FIFTY-EIGHTH:   Plaintiff continued in the defense of the underlying action with full knowledge of the information upon which it now seeks to disclaim or deny coverage, to the prejudice of the Defendants, and Plaintiff is, therefore, estopped from denying coverage or from disclaiming liability at this time.

**AS AND FOR A NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE ON BEHALF OF THIS ANSWERING DEFENDANT.**

FIFTY-NINTH:  Plaintiff's continued defense of the action without notifying its insured that it had a right to select independent counsel of his choosing at Plaintiff's expense constituted a deceptive business practice, and Plaintiff should, therefore, be estopped from disclaiming or denying its duty to indemnify.

**AS AND FOR A TENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE ON BEHALF OF THIS ANSWERING DEFENDANT.**

SIXTIETH:  Defendant reserves his right to assert any and all additional defenses that may have been omitted from this Answer in the event that additional information becomes available to him though discovery and/or further investigation.

WHEREFORE, Defendant, STALIN RODRIGO REYES ESPINOZA, respectfully requests a Judgment:

(a) Denying Plaintiff's request for a judgment in its favor declaring that Plaintiff has no duty to defend or indemnify any party or pay any judgment or settlement as to the claims asserted by or against any party in the Underlying Espinoza Actions;

(b) Declaring that Plaintiff owes a duty to defend its insured(s) under its subject insurance policy and to pay (indemnify) all sums that its insured(s) are legally obligated to pay as damages to Defendant, STALIN RODRIGO REYES ESPINOZA, because of/resulting from the bodily injuries alleged in the Underlying Actions;

(c) Together with such other and further relief as to this Court may deem just and proper.

Dated: New York, New York
       December 27, 2022

        Yours, etc.

        JONATHAN A. DACHS, ESQ./
        SHAYNE, DACHS

BY:   /s/ Jonathan A. Dachs
        JONATHAN A. DACHS
          (JD3687)

        Jdachs@shaynedachs.com
        Attorney for Defendant ESPINOZA
        61 Broadway, Suite 2220

13

New York, New York 10006
Office: 212 201-0793
Cell: 917 703-3990

Pursuant to Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this Answer: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support, or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the Answer otherwise complies with the requirements of Rule 11.

/s/ Jonathan A. Dachs
JONATHAN A. DACHS, ESQ. (JD3687)

December 27, 2022

TO: MIRANDA SLONE SKLARIN VERVENIOTIS LLP
Attorneys for Plaintiff, Falls Lake National Insurance Company
240 Mineola Blvd.
Mineola, New York 11501
Attention: Steven Verveniotis, Esq.

SACCO & FILLAS LLP
Attorneys for Defendant Kalnitech Construction Corp.
31-19 Newtown Avenue, 7th Floor
Astoria, New York 11102
Attention: Luigi Brandimarte, Esq.
Morris J. Schlaf, Esq.

14

MILBER MAKRIS PLOUSADIS & SEIDEN, LLP
Attorneys for Defendant DAVS Partners LLC and ASK Electrical Contracting Corp.
1000 Woodbury Road, SSuite 402
Woodbury, New York 11797
Attention: Lynsay A. Dyszler, Esq..

## CERTIFICATE OF SERVICE

I, JONATHAN A. DACHS, ESQ., an attorney of the State of New York duly admitted to practice law before the United States District Court for the Eastern District of New York, hereby affirm and certify that on December 27, 2022, I caused a true and accurate copy of the foregoing document, entitled "Answer to Complaint for Declaratory Judgment" to be filed with the Clerk of the Court using the Court's CM/ECF system, which will automatically send electronic notice of same to all counsel of record.

Dated: December 27, 2022

/s/ Jonathan A. Dachs
JONATHAN A. DACHS (JD3687)
JONATHAN A. DACHS, ESQ./ SHAYNE, DACHS

Attorney for Defendant ESPINOZA.
61 Broadway, Suite 2220
New York, New York 10006
(212) 201-0793