

# MIRANDA SLONE SKLARIN VERVENIOTIS LLP

---

| | | |
|---|---|---|
| MICHAEL A. MIRANDA* <br> STEVEN VERVENIOTIS <br> ONDINE SLONE <br> RICHARD S. SKLARIN° <br> MAURIZIO SAVOIARDO <br> ANDREW B. KAUFMAN± <br> LAWRENCE S. WASSERMAN* <br> _____ <br><br> *ALSO ADMITTED IN NEW JERSEY <br> ±ALSO ADMITTED IN DISTRICT OF COLUMBIA <br> ° RESIDENT IN WESTCHESTER | THE ESPOSITO BUILDING <br> 240 MINEOLA BOULEVARD <br> MINEOLA, NY 11501 <br> TEL   (516) 741-7676 <br> FAX   (516) 741-9060 <br><br> WWW.MSSSV.COM <br><br> BRANCH OFFICES: <br> WESTCHESTER, NY <br> NEW YORK, NY <br> WOODBRIDGE, NJ | SENIOR COUNSEL <br> LOUISE FASANO <br> ABRAHAM WARMBRAND <br> LAURA ALTO <br> GABRIELLA CAMPIGLIA <br> _____ <br> ASSOCIATES <br> RICHARD B. EPSTEIN <br> CHRISTOPHER J. LAMPERT* <br> BRANDON H. DORMAN <br> MICHAEL R. SEIDON <br> ANDRÉ S. HAYNES <br> JOSHUA A. SCERBO° |

WRITER'S E-MAIL:
  sverveniotis@msssv.com

WRITER'S DIRECT DIAL:
  516-741-8488

May 30, 2023

Judge Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Courtroom 6C South
Brooklyn, New York 11201

      Re:    Falls Lake Nat'l Ins. Co. v. Kalnitech Constr. Corp. et. al.
            Docket No:   1:22-cv-01473-KAM-PK
            Our File No:   19-208

Dear Judge Matsumoto,

      I represent the plaintiff, Falls Lake National Insurance Company ("Falls Lake"), in this action, and I write today, pursuant to Magistrate Judge Kuo's March 14, 2023 Order to file a request for a pre-motion conference by May 30, 2023. The parties have completed discovery, and we submit that the case is ripe for a ruling as a matter of law. A copy of Falls Lake's Rule 56.1 Statement is annexed hereto.

      This case concerns denial of coverage by Falls Lake and a request for a declaratory judgement that it has no duty to defend or indemnify any party in this action under the terms of the Falls Lake Policy issued to Kalnitech Construction Company ("Kalnitech") as to the accident and claims asserted in both the underlying action captioned <u>Stalin Rodrigo Reyes Espinoza v. Davs Partners LLC and Kalnitech Construction Company</u>, filed in the Supreme Court of the State of New York, County of Kings under Index Number 515197/2019 (the "First Action") and the lawsuit entitled <u>Stalin Rodrigo Reyes Espinoza v. Ask Electrical Contracting Corp.</u>, filed in the Supreme Court of the State of New York, County of Kings County under Index Number

**MIRANDA SLONE SKLARIN VERVENIOTIS LLP**

---

**LETTER TO JUDGE MATSUMOTO, FALLS LAKE V. KALNITECH ET. AL., CIV NO: 1:22-CV-01473**
**MAY 30, 2023**
**PAGE 2 OF 3**

514760/2022 ("The Second Action"), (both lawsuits are collectively referred hereto as the "Espinoza Actions" and "Underlying Actions"), for which Falls Lake has denied coverage but is affording a defense to Kalnitech subject to the determination of a Court of Competent jurisdiction as to the rights and obligation of the plaintiff under the policy of insurance issued to Kalnitech. Both lawsuits arise from the same incident in which Stalin Rodrigo Reyes Espinoza ("Espinoza") was allegedly injured on June 28, 2019 while working at 217-14 Hempstead Avenue, Queens, NY 11429 (the "premises") as an employee of Jim Associates Corp. Relief is sought in this action as to both actions in the Amended Complaint as Falls Lake has denied coverage as to all claims arising from the accident involving Espinoza.

A ruling is warranted as a matter of law in this insurance declaratory judgment action based upon the documentary evidence produced during discovery in this case, including the relevant contracts and subcontract agreements, as well as discovery and depositions form the Underlying Actions. The Falls Lake Policy bars coverage for injury to a worker injured performing work for any insured, which is what is alleged in the state court cases, and coverage has been denied to all parties in the Espinoza Actions pursuant to the relevant policy provisions. In particular, the Policy's "Exclusion of Injury to Employees, Contractors and Employees of Contractors" endorsement applies to bar coverage to all insureds, including additional insureds, as to an injury to any worker.

As detailed in the accompanying 56.1 statement, the relevant evidence produced by the parties to this action and the underlying action, who were involved in the construction work at issue, DAVS Partners LLC ("DAVS"), Ask Electrical Contracting Corp. ("Ask"), and Kalnitech, starts with the contracts and subcontracts as to the work that Espinoza references in the Espinoza Action. On March 11, 2019, Ask ("Contractor") and DAVS ("Owner") entered into a "Short Form Prime Contract Between Owner & Contractor") as to the work done at the premises. The Prime Contract required Ask to indemnify and name DAVS and their agents as an additional insured on its insurance policies. On March 12, 2019, Ask and Kalnitech entered into a "Master Subcontract Agreement" as to work done at the premises. The agreement required Kalnitech to indemnify and name as additional insureds on its insurance policies Ask, the owner (DAVS) and all parties required under the Owner/Contractor Agreement. Ask and Jim Associate's Corp, also entered into a "Master Subcontract Agreement" which contained the same indemnity and additional insured requirements. In addition, the parties to this action have produced email communications between Jim Associates Corp. and David Kleeman, the principal of both Ask and DAVS, and Jim Associates Corp. and Kalnitech, which contain a June 26, 2019 invoice from Jim Associates Corp. for the work done at the premises as well as a May 27, 2019 and a June 12, 2019 proposal from Jim Associates Corp., also reflected in Jim Associates' response to subpoena in the Underlying Actions, as well as depositions in the state court cases.

The evidence set forth in the accompanying 56.1 statement clear proves that Espinoza, in the Underlying Action, claims an accident and injury while working on the relevant construction project at the premises owned by DAVS as to which Ask acted as a general contractor. Kalnitech

**MIRANDA SLONE SKLARIN VERVENIOTIS LLP**

---

**LETTER TO JUDGE MATSUMOTO, FALLS LAKE V. KALNITECH ET. AL., CIV NO: 1:22-CV-01473**
**MAY 30, 2023**
**PAGE 3 OF 3**

contracted to provide additional insured coverage for DAVS and Ask. Espinoza's employer, Jim Associates, performed work at that project and Espinoza claims, in the state court cases, to have been injured while performing work as an employee of Jim Associates at that project. Since the Policy's "Exclusion of Injury to Employees, Contractors and Employees of Contractors" endorsement bars coverage to all insureds, including additional insureds, as to an injury to any worker, Falls Lake has properly denied coverage to all and is entitled to a declaration that it has no obligation to defend or indemnify any party as to claims in the Underlying Actions.

On that basis, Falls Lake requests a pre-motion conference so that it may move for summary judgment for a declaration that it has no obligation to defend and indemnify the parties as the claims asserted in or that may arise from the Espinoza Action.

Falls Lake proposes the following briefing schedule which has bene circulated to counsel today, but no response provided yet:

- The parties may move for summary judgment by July 7, 2023;
- Opposition and/or cross-motions shall be filed by August 4, 2023; and,
- Opposition and/or reply shall be filed by August 18, 2023.
-

Respectfully submitted,

**MIRANDA SLONE SKLARIN VERVENIOTIS LLP**


s/Steven Verveniotis


Steven Verveniotis


cc: All counsel of record by ECF


Enc.: Rule 56.1 Statement and exhibits