UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
FALLS LAKE NATIONAL INSURANCE     CIV: 22-cv-1473 (KAM) (PK)
COMPANY,

                                      Plaintiff,    **L.R. 56.1 STATEMENT OF**
                                                          **MATERIAL FACTS**

          -against-

KALNITECH CONSTRUCTION CORP.,
DAVS PARTNERS LLC, STALIN RODRIGO
REYES ESPINOZA and ASK ELECTRICAL
CONTRACTING CORP.,

                                        Defendants,
-----------------------------------------------------------------X

Plaintiff, Falls Lake National Insurance Company ("Falls Lake"), by and through its attorneys, MIRANDA SLONE SKLARIN VERVENIOTIS LLP, as and for its statement of material facts, pursuant to L.R. 56a.1. states that there is no material issue of fact with respect to the following:

1.    Falls Lake issued policy number SKP 2004493 10 to Kalnitech Construction Corp. ("Kalnitech") for the policy period of January 3, 2019 to January 3, 2020. See attached hereto as **Exhibit "A"** a redacted copy of the Policy issued by Falls Lake to Kalnitech.

2.    On March 11, 2019, General Contractor, ASK Electrical Corp. ("Ask") entered into a "Short Form Prime Contract Between Owner & Contractor" ("Prime Contract") with Owner, DAVS Partners LLC ("DAVS") for the project known as 217-14 Hempstead Avenue, Queens Village, NY 11429. See attached hereto as **Exhibit "B"** a copy of the Prime Contract that was included in Exhibit A of DAVS' and Ask's Supplemental Response to Plaintiff's First Set of Requests for Documents and Other Disclosure, which is also attached hereto.

3. The Prime Contract was for the following work: complete renovation and buildout. (Ex. B).

4. The Prime Contract, in Section 14, entitled Insurance Requirements, contained the following provision:

> The owner and their agents are to be named as an additional insured on a primary and non-contributory basis to the Contractor's Commercial General Liability and Umbrella policies using appropriate ISO forms that include Broad Form Contractual Liability, Premises Operations Liability, Contractual Liability, Advertising and Personal Injury Liability and Products/Completed Operations Liability, or by using a company specific endorsement that provides equivalent protection. Subcontractor's Commercial General Liability and Umbrella policies will not have any 3rd Part Action Over Exclusions or Employee Injury Exclusions. (Ex. B).

5. On March 12, 2019, General Contractor, Ask, entered into an agreement with Kalnitech ("Kalnitech Master Subcontract"). See attached hereto as **Exhibit "C"** a copy of the Kalnitech Master Subcontract that was included in Exhibit A of DAVS' and Ask's Supplemental Response to Plaintiff's First Set of Requests for Documents and Other Disclosure, which is also attached hereto.

6. The Kalnitech Master Subcontract Agreement, in Section 2, entitled Subcontractor's Work, contained the following provision:

> With respect to the Work covered by this Subcontract and any individual Work Order, and except as expressly modified herein, Subcontractor shall have all rights which Contractor has under the Contract Documents, and Subcontractor shall assume all obligations, risks and responsibilities which Contractor has assumed towards the Owner and third parties as applicable in the Contract Documents, and Subcontractor shall be bound to Contractor in the same manner and to the same extent that Contractor is bound to the Owner or said third parties. In case of a conflict between this Subcontract Agreement and the Contract Documents as incorporated herein, pursuant to each Work Order, the terms of the Work Order Shall prevail. (Ex. C).

7. The Kalnitech Master Subcontract Agreement, in Section 4, entitled Subcontractor's Insurance, contained the following provision:

> 6. Subcontractors General Liability policy shall be endorsed to include Blanket Additional Insured Endorsements CG2033 7/04 and CG2037 7/04 or acceptable equivalent forms. Subcontractor is required to include as additional insureds: the Owner, the Contractor and any other additional insured in the Owner/Contractor Agreement for ongoing work and completed operations; the additional insured coverage is on a primary and non-contributory basis. The Contractor's policy is excess of the Subcontractor's Insurance and the Contractor's insurance shall not be called upon to contribute to the Subcontractor's Insurance. (Ex. C).

8. Espinoza's discovery responses in this action prove that Stalin Rodrigo Reyes Espinoza ("Espinoza") was employed by Jim Associates Corp. and that the claims in the Underlying Actions arise from that contract. See attached hereto as **Exhibit "D"** a copy of Espinoza's Response to Plaintiff's First Set of Requests and Other Disclosure and a copy Espinoza's Additional Disclosure.

9. Jim Associates Corp. contracted with Ask to perform work at 217-14 Hempstead Avenue, Queens Village, NY 11429, as referenced here as the "Jim Associates Master Subcontract Agreement". See attached hereto as **Exhibit "E"** a copy of the Jim Associates Master Subcontract Agreement that was included in Exhibit A of DAVS' and Ask's Supplemental Response to Plaintiff's First Set of Requests for Documents and Other Disclosure, which is also attached hereto.

10. The Jim Associates Master Subcontract Agreement provides the following provision in Section 4:

> 6. Subcontractors General Liability policy shall be endorsed to include Blanket Additional Insured Endorsements CG2033 7/04 and CG2037 7/04 or acceptable equivalent forms. Subcontractor is required to include as additional insureds: the Owner, the Contractor and any other additional insured in the Owner/Contractor Agreement for ongoing work and completed operations; the additional insured coverage is on a primary and non-contributory basis. The Contractor's policy is excess of the Subcontractor's Insurance and the Contractor's insurance shall not be called upon to contribute to the Subcontractor's Insurance. (Ex. E).

11. It is a matter of documentary evidence that Jim Associates performed that work in that Jim Associates submitted several invoices and/or proposals to Ask and Gus, the principal of

Kalnitech, for work at 217-14 Hempstead Avenue, Queens Village, NY 11429, dated May 27, 2019, June 12, 2019, June 26, 2019, July 18, 2019, and September 3, 2019. See attached hereto as **Exhibit "F"** and **Exhibit "G"**, respectively, a copy of Jim Associate's documents produced via subpoena, and a copy of Jim Associate's documents that were produced as Exhibit B of DAVS' and Ask's initial Response to Plaintiff's First Set of Requests for Documents and Other Disclosure, which is also attached hereto.

12. The claim in the Underlying Actions is that on June 28, 2019, Espinoza allegedly sustained injuries while working at 217-14 Hempstead Avenue, Queens Village, NY 11429 during the course of his employment with Jim Associates. A copy of the complaint from the First Action filed by Espinoza is attached hereto as **Exhibit "H"**.

13. Espinoza commenced the lawsuit captioned <u>Stalin Rodrigo Reyes Espinoza v. Davs Partners LLC and Kalnitech Construction Company</u>, filed in the Supreme Court of the State of New York, County of Kings under Index Number 515197/2019 (the "First Action"). (Ex. H).

14. Espinoza later commenced the lawsuit captioned <u>Stalin Rodrigo Reyes Espinoza v. Ask Electrical Contracting Corp.</u>, filed in the Supreme Court of the State of New York, County of Kings County under Index Number 514760/2022 ("The Second Action"). A copy of the complaint from the Second Action filed by Espinoza is attached hereto as **Exhibit "I"**.

15. Falls Lake denied coverage to Kalnitech and all parties as to the claims from the Espinoza accident as asserted in both the First and Section Action by letters dated September 3, 2019, September 16, 2019, and June 20, 2022 (attached hereto collectively as **Exhibit "J"**) and amended the complaint in this action for relief as to all parties as to the both of the Underlying Actions. A copy of the amended complaint is attached hereto as **Exhibit "K"**.

4

16. During the course of the litigation, Falls Lake learned that plaintiff was employed by Jim Associates and, Falls Lake was also provided the Prime Contract, Master Subcontract, and several documents pertaining to Jim Associates and its employment relationship with Ask. (Exs. B – G).

17. During the course of the litigation, Kalnitech has produced in response to the plaintiff's discovery demands, deposition transcript(s) of Dwayne Hudson on behalf of Davs, Espinoza and Kostas Stoupakis, attached hereto as **Exhibit "L", "M",** and **"N"**.

18. Such documents prove that Ask and Davs are additional insureds on the Falls Lake Policy. (Exs. A – G).

19. Such documents prove that Espinoza was an employee of a contractor of any insured on the Falls Lake Policy. (Exs. A – G).

20. Accordingly, the information provided made it clear that the Falls Lake policy's "Exclusion – Injury to Employees, Contractors and Employees of Contractors" endorsement barred coverage to all claims pertaining to Espinoza's alleged injury. (Ex. A).

Dated: Mineola, New York
May 30, 2023

> MIRANDA SLONE
> SKLARIN VERVENIOTIS LLP
> **Attorneys for Plaintiff**
> **FALLS LAKE NATIONAL**
> **INSURANCE COMPANY**
>
> **s/Steven Verveniotis**
> _____
> Steven Verveniotis, Esq.
> 240 Mineola Boulevard
> Mineola, New York 11501
> P (516) 741-7676
> F (516) 741-9060
> Our File No.: 19-208