# EXHIBIT E

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
FALLS LAKE NATIONAL INSURANCE COMPANY,

                        Plaintiff,

-against-

KALNITECH CONSTRUCTION CORP.,
DAVS PARTNERS LLC, STALIN RODRIGO
REYES ESPINOZA and ASK ELECTRICAL
CONTRACTING CORP.,

                        Defendants.
---------------------------------------------------------------X

CIV: 1:22-cv-01473
KAM-PK

**DAVS PARTNERS LLC and ASK ELECTRICAL CONTRACTING CORP's SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR DOCUMENTS AND OTHER DISCLOSURE**

Defendants, DAVS PARTNERS LLC and ASK ELECTRICAL CONTRACTING CORP. (hereinafter referred to as "Responding Defendants"), by their attorneys, MILBER MAKRIS PLOUSADIS & SEIDEN, LLP, hereby provide a Supplemental Response to Plaintiff, FALLS LAKE NATIONAL INSURANCE COMPANY's ("FALLS LAKE"), First Set of Requests for Documents and Other Disclosure dated September 22, 2022, as follows:

## GENERAL OBJECTIONS

1. Responding Defendants submit these objections and responses and will make the production of information and documents described herein without conceding the relevancy or materiality of the subject matter of any demands, and without prejudice to the right to object to all further discovery or the admissibility of any additional proof on the subject matter of any documents at trial. In addition, if any privileged document or information is or has been inadvertently produced, Responding Defendants reserve the right to withdraw that document(s) or information from production and/or seek a protective order from the Court.

2. Responding Defendants general and specific objections shall apply to these demands and all later discovery demands.

3. Responding Defendants General Objections shall be deemed continuing throughout their responses to specific demands that follow, even when not further referred to in said responses.

4. Responding Defendants object to these demands in their entirety to the extent they call for the production of documents containing:

(a) information that embodies or discloses confidential communications between Defendants and their attorneys and therefore is exempt from discovery under the attorney-client privilege;

(b) information that represents the work product of attorneys for Defendants or that otherwise reflects the mental impressions, conclusions, opinions or legal theories of those attorneys or their agents and therefore is exempt from discovery under the work product privilege or immunity;

(c) information that has been compiled in anticipation of litigation by or on behalf of Defendants or their attorneys and therefore is exempt from discovery under the trial preparation privilege or immunity;

(d) information that is confidential, commercial, financial and/or proprietary, which documents and information, to the extent relevant to this action, should only be produced if made subject to the protective order preserving the confidentiality of same; and

(e) information protected from disclosure by any other privilege recognized by law.

5. Responding Defendants object to these demands in their entirety to the extent they call for production of documents not relevant to the subject matter of the pending action and not reasonably calculated to lead to the discovery of admissible evidence.

6. Responding Defendants object to those demands for production that are duplicative or cumulative and as to which information may be obtained from another source that is more convenient, less burdensome and less expensive.

7. Responding Defendants object to these demands for production, and any portion thereof, that are overly broad, unduly burdensome or oppressive, vague or ambiguous, or that do not specify with reasonable particularity the documents and information sought to be produced.

8. Responding Defendants object to each definition, instruction and specific demand to the extent it seeks to impose requirements beyond those imposed by Federal Rules of Civil Procedure ("Fed. R. Civ. P.") or the Local Rules of this Court.

9. Responding Defendants object to these demands to the extent they call for non-discoverable matters.

10. Responding Defendants object to these demands to the extent they seek documents or information that is publicly available, already within the parties' possession or equally accessible to the parties.

11. Neither an indication that documents or information will be produced nor an objection to a particular demand or portion thereof indicates that documents or information responsive to any particular request actually exist.

12. Responding Defendants object to these demands to the extent they seek information and documents after the date of the alleged occurrence on the grounds that such demands are overly broad, unduly burdensome and oppressive, and not calculated to lead to the discovery of admissible evidence.

13. Responding Defendants reserve the right to supplement this response and/or the document production should additional documents or information subject to these demands be discovered.

14. Responding Defendants object to these demands on the grounds they lack specificity and particularity in regard to time reference, dates, years or months. Defendants have provided documents to the extent available and in the possession thereof.

15. Responding Defendants object to the Instructions and Definitions set forth in Plaintiff's Production of Documents Demands to the extent that they impose obligations beyond those permitted by the Fed. R. Civ. P. or the Local Rules of this Court.

16. Responding Defendants object to Plaintiff's Production of Documents Demands to the extent that they seek information protected from disclosure by the attorney-client privilege, the attorney work product doctrine or other applicable privileges.

17. Responding Defendants object to Plaintiff's Production of Document Demands to the extent that they seek information for a period of time that is overbroad.

18. Responding Defendants object to Plaintiff's Production of Documents Demands to the extent that they are vague, unclear, imprecise and/or lacking particularity.

19. Responding Defendants object to Plaintiff's Production of Documents Demands to the extent that they require the identification of documents and/or investigation of information not within the present possession, custody or control of Defendants.

20. Responding Defendants object to the Demands to the extent that they seek information and/or documents without proper limit as to its subject matter or temporal scope and are outside the relevant timeframe in this action.

## DOCUMENTS REQUESTED

2.  Copies of all contracts, subcontracts, agreements, checks, receipts, bills, invoices, bank statements, and any other documents and materials by, between, or involving any party in the Espinoza Action as to the work at issue in the Espinoza Action.

Responding Defendants object to this demand as being overly broad, unduly burdensome and vague. Responding Defendants further object as the demand is unlimited in scope and time. Subject to and without waiving the foregoing or General Objections, annexed hereto as **Exhibit "A"** are documents responsive to this demand.

**PLEASE TAKE NOTICE**, that Defendants DAVS PARTNERS LLC and ASK ELECTRICAL CONTRACTING CORP. reserves the right to amend and/or supplement the aforementioned responses with additional information and/or documents, of which it does not have present knowledge, pursuant to the Federal Rules of Civil Procedure and/or up until the time of trial.

Dated: Woodbury, New York
April 10, 2023

                                                MILBER MAKRIS PLOUSADIS
                                                & SEIDEN, LLP.
                                        BY: _____
                                              LYNSAY A. DYSZLER (LS0573)
                                              Attorneys for Defendants
                                              DAVS PARTNERS LLC and
                                              ASK ELECTRICAL
                                              CONTRACTING CORP.
                                              1000 Woodbury Road, Suite 402
                                              Woodbury, New York 11797
                                              (516) 712-4000
                                              File No.: 532-22715
                                              ldyszler@milbermakris.com

TO: <u>**VIA EMAIL**</u>
Steven Verveniotis, Esq.
MIRANDA SLONE SKLARIN VERVENIOTIS
Attorneys for Plaintiff
FALLS LAKE NATIONAL INSURANCE COMPANY
240 Mineola Boulevard
The Esposito Building
Mineola, NY 11501
(516) 741-7676
File No.: 19-208
sverveniotis@msssv.com

Morris J. Schlaf, Esq.
Luigi Brandimarte, Esq.
SACCO & FILLAS LLP
Attorney for Defendant
KALNITECH CONSTRUCTION CORP.
31-19 Newtown Avenue, 7th Floor
Astoria, NY 11102
(718) 269-2226
mschlaf@saccofillas.com
lbrandimarte@saccofillas.com

Jonathan A. Dachs, Esq.
SHAYNE, DACHS, SAUER & DACHS, LLP
Attorneys for Defendant
STALIN RODRIGO REYES ESPINOZA
61 Broadway, Suite 2220
New York, NY 10006
(212) 201-0793
jdachs@shaynedachs.com

# EXHIBIT "A"

# EXHIBIT "A"



# A.S.K Electrical Contracting Corp

## MASTER SUBCONTRACT AGREEMENT

This Master Subcontract Agreement ("Subcontract"), made this 15th July 2019 by and between **ASK Electrical Contracting Corp.** (hereinafter "Contractor"), with an office and principal place of business at **26-50 BQE West, Unit 2 Woodside NY 11377** and _____ (hereinafter "Subcontractor") with an office and principal place of business at _____ (hereinafter collectively "Parties").

### WITNESSETH:

**WHEREAS**, Contractor contemplates that from time to time it will enter into prime construction contracts with various clients ("Owner") for the performance of certain construction services with respect to certain projects (each 'Project"); and

**WHEREAS**, Contractor desires to enter into a master subcontract agreement with Subcontractor whereby Contractor at its discretion may from time to time contract with Subcontractor, and Subcontractor desires to perform said work at the prices and upon the terms and conditions hereinafter expressed;

**NOW, THEREFORE**, in consideration of the mutual agreements herein expressed, the Parties contract, covenant and agree as follows:

### 1. Scope of the Subcontract

The Contractor and Subcontractor agree that this Subcontract is a non-exclusive master agreement and that the Contractor may from time to time authorize the Subcontractor to perform certain construction services ("Work") for the Contractor pursuant to this Agreement but only upon the execution by Contractor and Subcontractor of a work order ("Work Order") in a form attached hereto as **Exhibit A**. This Subcontract does not require either the Contractor or Subcontractor to issue, or accept any particular Work Order; however, if fully executed, each Work Order shall be governed by the terms and conditions of the Subcontract, as it may be amended by mutual agreement, and whether or not the Work Order specifically refers to it.

### 2. Subcontractor's Work

Subcontractor shall perform all work and shall furnish all supervision, labor, materials, plant, hoisting, scaffolding, tools, equipment, supplies and all other things necessary for the construction and completion of the work described in each individual Work Order, including work incidental thereto and reasonably inferable therefrom, in strict accordance and full compliance with the terms of this Subcontract, and to the satisfaction of Contractor and the Owner (hereinafter "Work").

With respect to the Work covered by this Subcontract and any individual Work Order, and except as expressly modified herein, Subcontractor shall have all rights which Contractor has under the Contract Documents, and Subcontractor shall assume all obligations, risks and responsibilities which Contractor has assumed towards the Owner, and third parties as applicable, in the Contract Documents, and Subcontractor shall be bound to Contractor in the same manner and to the same extent that Contractor is bound to the Owner or said third parties. In case of a conflict between this Subcontract Agreement and the Contract Documents as incorporated herein, pursuant to each Work Order, the terms of the Work Order shall prevail.

### 3. Payment

Contractor shall pay Subcontractor for performance of the Work, subject to additions and deductions by written change order, a liquidated sum which shall be calculated and agreed by the Parties in each individual Work Order.

### 4. Subcontractor's Insurance

<u>Comprehensive General Liability</u> insurance, with limits, unless noted otherwise below, of at least One Million Dollars ($1,000,000) each occurrence in respect of bodily injury and property damage, subject to Two Million Dollars ($2,000,000) in the aggregate, per job, including coverage for all of the following:

1. Broad Form Property Damage including all XCU hazards, where applicable.
2. Independent Contractors
3. Blanket Contractual Liability, including indemnification of **ASK Electrical Contracting Corp** and their directors, officers, employees, agents and representatives, and all parties as required under the **Owner/Contractor** agreement.
4. Products and Completed Operations liability, with minimum limits of Two Million Dollars ($2,000,000) in the aggregate.
5. "Occurrence" form Bodily Injury and Property Damage.



# A.S.K Electrical Contracting Corp

6. **Subcontractors'** General Liability policy shall be endorsed to include Blanket Additional Insured Endorsements CG2033 7/04 and CG2037 7/04 or acceptable equivalent forms. Subcontractor is required to include as additional insureds: the **Owner**, the **Contractor** and any other additional insured in the **Owner/Contractor** Agreement for ongoing work and completed operations; the additional insured coverage is on a primary and non-contributory basis; the **Contractor's** policy is excess of the **Subcontractor's** insurance; and the **Contractor's** insurance shall not be called upon to contribute to the **Subcontractor's** insurance.
7. Waiver of Subrogation applies for this contract.
8. There will be no exclusion, limitation or sublimit for Action Over/Third Party Action-over claims for New York operations. **The certificate of insurance must specifically state "there is no exclusion, limitation or sublimit for Action/Over, Third Party Action-over claims".*
9. If applicable, there will be no exclusion, limitation or sublimit for height work. **The certificate of insurance must state, "there is no exclusion, limitation or sublimit for height work."**
10. There will be no exclusion, limitation or sublimit for coverage on **Subcontractor's** independent contractors.

11. To the fullest extent permitted by law, the Subcontractor agrees to indemnify, defend and hold harmless the Contractor and the Owner and the parties listed at the end of this paragraph as additional indemnitees, if any, their officers, directors, agents, employees and partners (hereafter collectively "Indemnitees") from any and all claims, suits, damages, liabilities, professional fees, including attorneys' fees, costs, court costs, expenses and disbursements related to death, personal injuries or property damage (including loss of use thereof) brought or assumed against any of the Indemnitees by any person or firm, arising out of or in connection with or as a result of or consequence of the performance of the Work of the Subcontractor under this agreement, as well as any additional work, extra work or add-on work, whether or not caused in whole or in part by the Subcontractor including any subcontractors thereof and their employees. The parties expressly agree that this indemnification agreement contemplates 1) full indemnity in the event of liability imposed against the Indemnitees without negligence and solely by reason of statute, operation of law or otherwise; and 2) partial indemnity in the event of any actual negligence on the part of the Indemnitees either causing or contributing to the underlying claim in which case, indemnification will be limited to any liability imposed over and above that percentage attributable to actual fault whether by statute, by operation of law, or otherwise. Where partial indemnity is provided under this agreement, costs, professional fees, attorneys' fees, expenses, disbursements, etc. shall be indemnified on a pro rata basis. Indemnification under this paragraph shall operate whether or not Subcontractor has placed and maintained the insurance specified under paragraph hereof. Attorneys' fees, court costs, expenses and disbursements shall be defined to include those fees, costs, etc. incurred in defending the underlying claim and those fees, costs, etc. incurred in connection with the enforcement of this indemnity agreement.

In any and all claims against **Contractor** or any of its agents or employees by any employee of **Subcontractor**, any sub-subcontractor of **Subcontractor**, anyone directly or indirectly employed by any of them or anyone for whose acts any of them may be liable, the indemnification obligation under Paragraph 1 shall not be limited in any way by any limitation on the amount or type of damages, compensation or benefits payable by or for the **Subcontractor** or any sub-contractor of **Subcontractor** under Worker's or Workmen's Compensation acts, Disability Benefits acts or other employee benefit acts.

Workers' Compensation and Employers' Liability

1. Statutory Workers' Compensation, including occupational disease, in accordance with the laws of NJ, NY, FL & LA and/or all applicable laws.
2. Employers' Legal Liability with minimum limits of $1,000,000 (each accident) / $1,000,000 (disease – policy limit) / $1,000,000 (disease – each
   employee).

Comprehensive Automobile Liability insurance with coverage for "any auto", including all owned, hired and non-owned autos, and with a combined single limit of One Million Dollars ($1,000,000).

Umbrella Coverage to include Asbestos Abatement Liability (If Applicable), Comprehensive General Liability, Comprehensive Automobile Liability, and Workers' Compensation/Employers' Liability coverage, with limits of at least Five Million Dollars ($1,000,000) combined single limit for bodily injury and property damage with a per project aggregate. Coverage for Additional Insureds must be primary and non-contributory and include completed operations.



# A.S.K Electrical Contracting Corp

Contractor's Tools and Equipment – **Subcontractor** is solely responsible for safeguarding and protecting any and all of their tools, equipment, staging or property and materials of any kind. The **Subcontractor** shall secure, pay for, and maintain Property Insurance necessary for protection against loss of owned, borrowed or rented capital equipment or tools, including any tools owned by employees, and any tools, equipment, staging, towers and forms owned, borrowed or rented by the **Subcontractor**. The requirement to secure and maintain such insurance is solely for the benefit of the **Subcontractor**. Failure of the **Subcontractor** to secure such insurance or maintain adequate levels of coverage shall not obligate the **Owner or Contractor** or their agents and employees or any other additional insured as required in the **Owner/Contractor** Agreement for any losses. **Subcontractor** waives all rights of subrogation against the owner or contractor or their agents and employees or any other additional insured as required in the **Owner/Contractor** Agreement for any losses.

Waiver of Claim/Waiver of Subrogation: **Subcontractor** waives its right to recover from **Contractor, Owner** and all parties that **Subcontractor** is required to name as additional insureds on its policies for all claims required to be covered by the insurance policies under this agreement. All insurance required under this agreement shall also include a waiver of subrogation by the insurer in favor of all parties that **Subcontractor** is required to name as additional insureds.

Certificates of insurance shall, without liability on the part of the Owner and/or **Contractor** for premiums therefor, include Additional Insured endorsements for ongoing operations and completed operations of the **Subcontractor**, as required by written contract, to include the **Contractor, Owner** and all parties required by the **Owner/Contractor Agreement**. Any contractor using General Liability policies issued by an insurer on the list of carriers in **Exhibit B** will be required to produce a copy of their General Liability policy for review and approval prior to beginning any work. The certificate must follow the format of the sample certificate in **Exhibit C**. Exhibit D lists carriers providing acceptable General Liability policies for operations in NY with exceptions regarding their acceptability for certain work.

No Waiver of Insurance Requirements: It is expressly agreed between **Contractor** and **Subcontractor** that any failure on the part of **Contractor** to require or verify complete and timely performance of its obligations under the insurance requirements by **Subcontractor** shall not constitute a waiver of any right of **Contractor** to require compliance by **Subcontractor** with the Insurance requirements, and/or to seek damages resulting from **Subcontractor's** failure to comply.

5. **Time of Performance**

Subcontractor will commence Work when directed by Contractor and will proceed with the Work in a prompt and diligent manner in accordance with the Project Schedule attached to the individual Work Order, as such Schedule may be amended from time to time by Contractor. TIME IS OF THE ESSENCE. Subcontractor shall be entitled to additional compensation for compliance with Schedule amendments only to the extent, if any, that Contractor receives reimbursement from the Owner.

6. **Safety**

The Contractor makes no representation with respect to the physical conditions or safety of any Project Site. The Subcontractor shall, at its own expense, preserve and protect from injury its employees engaged in the performance of the Work and all property and persons which may be affected by its operations in performing the Work. The prevention of accidents to workers engaged in the Work and others affected by the Work is the responsibility of the Subcontractor and Subcontractor shall comply with all federal, state, labor and local laws, regulations and codes concerning safety as shall be applicable to the Work and to the safety standards established by Contractor during the progress of the Work. Subcontractor shall indemnify, defend and hold harmless Contractor, Owner and their respective officers, directors, agents and employees from any costs, expenses or liability (including attorneys' fees, fines or penalties) arising out of the Subcontractor's failure to comply with the aforesaid laws, regulations and codes.

7. **Clean-up**

Subcontractor shall clean up the areas used by Subcontractor for its Work on a daily basis and remove from each Project site, or to a specified location on the Project site as directed by Contractor, and in a manner that will not impede either the progress of the Project or of other trades, all rubbish, waste material, excess material and debris resulting from the Work.



# A.S.K Electrical Contracting Corp

IN WITNESS WHEREOF, the Parties, by their duly authorized representatives, have hereunto executed this Subcontract, on the day and year first above written.

| | |
|---|---|
| SUBCONTRACTOR: Jim Associates | CONTRACTOR: ASK Electrical Contracting Corp. |
| BY: _[signature]_ | BY: _____ |
| NAME: Jorge Mosucho | NAME: David Kleeman |
| TITLE: President | TITLE: President |
| DATE: 7-15-19 | DATE: _____ |



# A.S.K Electrical Contracting Corp

**EXHIBIT A**
**WORK ORDER FORM**
**NO.**

Date: 07/15/2019

Project: 217-14 Hempstead Av, Queens Village NY 11429

Owner:

Dear :

("Contractor") would like ("Subcontractor") to perform certain construction services for the above identified Project in accordance with the scope of work as set forth below ("Work"). This Work Order is being issued in accordance with that certain Master Subcontract Agreement dated as entered into between Contractor and Subcontractor ("Master Agreement").

The Work must be completed in accordance with the following Project Schedule:

**Compensation:**

The Contractor shall pay the Subcontractor, subject to the terms of this Work Order, the liquidated sum of Dollars ($ ) inclusive of any and all Reimbursable Expenses.

**Scope of Work:**

The following Work is required to be performed pursuant to this Work Order:

**Contract Documents:**

The Contract Documents include the following:

| SUBCONTRACTOR: | CONTRACTOR: ASK Electrical Contracting Corp. |
|---|---|
| BY: Jorge Moscoso | BY: |
| NAME: JM Asociados Co. | NAME: David Kleeman |
| TITLE: President | TITLE: President |
| DATE: 07/15/19 | DATE: 7-15-2019 |

26-50 Brooklyn Queens Expy Unit 2 Woodside, NY 11377
Phone (718) 701-5758  Fax (718) 701-5912
www.askelectric.com



# A.S.K Electrical Contracting Corp

## EXHIBIT B
## CARRIERS PROVIDING QUESTIONNABLE GENERAL LIABILTY COVERAGE

Ace
American European Insurance Group
American Safety
Arch
Aspen Specialty
Atlantic Casualty
Atlantic Mutual
Berkley Specialty
Burlington Insurance Company
Century Surety
Colonial Cooperative
Crum and Forster
Erie
Endurance
Essex Insurance
Masonry)
Evanston Insurance
Everest
Federated
First Mercury
Farm Family
Hartford
Hermitage
Hudson
Investors Insurance Company
James River
Lincoln General
Main Street America Group
Markel
Max Specialty
Merchants Mutual
Mountain Valley Indemnity (Preserver)

Mt Vernon Fire Insurance
National Casualty
National Fire and Marine Insurance Company
National Grange
Nautilus
Northfield
Northland
North Sea
Nova Casualty
PCIC
Penn America Group
RCA
Rutgers Casualty
Safeco
Scottsdale (Iron/Steel, Excavation and

Sirius
TIG
Tokio Marine
Tower
Tudor
Underwriters at Lloyds/Lloyds of London
United National
US Fire
USLI/ US Liability Company
US Underwriters
Utica
Utica First
Valiant
Western Heritage

**NOTE:** Any contractor using questionable General Liability policies by the list of carriers above are required to produce a copy of their General Liability policies for review and approval prior to beginning any work.

---

26-50 Brooklyn Queens Expy Unit 2 Woodside, NY 11377
Phone (718) 701-5758  Fax (718) 701-5912
www.askelectric.com



# A.S.K Electrical Contracting Corp

**EXHBIT C**
**SAMPLE CERTIFICATE OF INSURANCE WORDING**
(SEE ATTACHED)

# A.S.K Electrical Contracting Corp

## EXHIBIT D
## CARRIERS PROVIDING ACCEPTABLE GENERAL LIABILITY POLICIES FOR WORK IN THE STATE OF NEW YORK

- American Empire
- Scottsdale **(Not for Iron/Steel, Excavation and Masonry)**
- Harleysville/Nationwide
- State National
- RLI/Mt Hawley **(Not for Exterior/Height Work)**
- Colony **(Not for Exterior/Height Work)**
- AWAC/Allied World Assurance Company (**Subcontractor Warranty Exclusion** is not acceptable)
- Liberty International
- Catlin
- Houston Casualty

Although the above carriers are currently issuing acceptable policies, **certificates of insurance must state there is no exclusion, sublimit or limitation for action-over/third party action-over claims.** If Subcontractor is performing exterior/height work, the policy must not have an exclusion for exterior/height work, and certificate must clearly state this.

# ACORD® CERTIFICATE OF LIABILITY INSURANCE

DATE (MM/DD/YYYY): 07/15/19

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must have ADDITIONAL INSURED provisions or be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

**PRODUCER**
TRUST TAX & INSURANCE BROKERAGE INC
24-16 Sienway Street
Astoria, NY 11103

**CONTACT NAME:** TRUST TAX & INSURANCE BROKERAGE INC
**PHONE (A/C, No, Ext):** (718)956-2000
**FAX (A/C, No):** 718-956-2097
**E-MAIL ADDRESS:** trust_insurance@live.com

**INSURER(S) AFFORDING COVERAGE** | **NAIC #**
INSURER A: KINGSTONE INSURANCE COMPANY
INSURER B:
INSURER C:
INSURER D:
INSURER E:
INSURER F:

**INSURED**
JIM ASSOCIATES CORP
2157 42ST
BASEMENT
ASTORIA    NY  11105

**COVERAGES**    CERTIFICATE NUMBER:    REVISION NUMBER:

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSD | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| X | COMMERCIAL GENERAL LIABILITY [ ] CLAIMS-MADE [X] OCCUR | | | CP5019035 | 05/12/19 | 05/12/20 | EACH OCCURRENCE | $ 500,000.00 |
| | | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ 100,000.00 |
| | | | | | | | MED EXP (Any one person) | $ 5,000.00 |
| | | | | | | | PERSONAL & ADV INJURY | $ 500,000.00 |
| | GEN'L AGGREGATE LIMIT APPLIES PER: [X] POLICY [ ] PROJECT [ ] LOC [ ] OTHER: | | | | | | GENERAL AGGREGATE | $ 500,000.00 |
| | | | | | | | PRODUCTS - COMP/OP AGG | $ 500,000.00 |
| | | | | | | | | $ |
| | AUTOMOBILE LIABILITY [ ] ANY AUTO [ ] OWNED AUTOS ONLY [ ] SCHEDULED AUTOS [ ] HIRED AUTOS ONLY [ ] NON-OWNED AUTOS ONLY | | | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | | $ |
| | [ ] UMBRELLA LIAB [ ] EXCESS LIAB [ ] OCCUR [ ] CLAIMS-MADE | | | | | | EACH OCCURRENCE | $ |
| | | | | | | | AGGREGATE | $ |
| | DED [ ] RETENTION $ | | | | | | | $ |
| | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? (Mandatory in NH) If yes, describe under DESCRIPTION OF OPERATIONS below | Y/N N/A | | | | | [ ] PER STATUTE [ ] OTHER | |
| | | | | | | | E.L. EACH ACCIDENT | $ |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ |

**DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES** (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)

**CERTIFICATE HOLDER**
ASK ELECTRICAL CONTRACTING CORP
26-50 BQE WEST UNIT 2
WOODSIDE, NY 11377

**CANCELLATION**
SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.

**AUTHORIZED REPRESENTATIVE**

© 1988-2015 ACORD CORPORATION. All rights reserved.

ACORD 25 (2016/03)    The ACORD name and logo are registered marks of ACORD