# EXHIBIT G

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
FALLS LAKE NATIONAL INSURANCE COMPANY,

                           Plaintiff,

       -against-

KALNITECH CONSTRUCTION CORP.,
DAVS PARTNERS LLC, STALIN RODRIGO
REYES ESPINOZA and ASK ELECTRICAL
CONTRACTING CORP.,

                        Defendants.
-------------------------------------------------------------------X

CIV: 1:22-cv-01473
KAM-PK

**DAVS PARTNERS LLC
and ASK ELECTRICAL
CONTRACTING CORP's
RESPONSE TO
PLAINTIFF'S FIRST SET
OF REQUESTS FOR
DOCUMENTS AND
OTHER DISCLOSURE**

Defendants, DAVS PARTNERS LLC and ASK ELECTRICAL CONTRACTING CORP. (hereinafter referred to as "Responding Defendants"), by their attorneys, MILBER MAKRIS PLOUSADIS & SEIDEN, LLP, hereby respond to Plaintiff, FALLS LAKE NATIONAL INSURANCE COMPANY's ("FALLS LAKE"), First Set of Requests for Documents and Other Disclosure dated September 22, 2022, as follows:

## GENERAL OBJECTIONS

1.      Responding Defendants submit these objections and responses and will make the production of information and documents described herein without conceding the relevancy or materiality of the subject matter of any demands, and without prejudice to the right to object to all further discovery or the admissibility of any additional proof on the subject matter of any documents at trial. In addition, if any privileged document or information is or has been inadvertently produced, Responding Defendants reserve the right to withdraw that document(s) or information from production and/or seek a protective order from the Court.

2.      Responding Defendants general and specific objections shall apply to these demands and all later discovery demands.

3.     Responding Defendants General Objections shall be deemed continuing throughout their responses to specific demands that follow, even when not further referred to in said responses.

4.     Responding Defendants object to these demands in their entirety to the extent they call for the production of documents containing:

(a)     information that embodies or discloses confidential communications between Defendants and their attorneys and therefore is exempt from discovery under the attorney-client privilege;

(b)     information that represents the work product of attorneys for Defendants or that otherwise reflects the mental impressions, conclusions, opinions or legal theories of those attorneys or their agents and therefore is exempt from discovery under the work product privilege or immunity;

(c)     information that has been compiled in anticipation of litigation by or on behalf of Defendants or their attorneys and therefore is exempt from discovery under the trial preparation privilege or immunity;

(d)     information that is confidential, commercial, financial and/or proprietary, which documents and information, to the extent relevant to this action, should only be produced if made subject to the protective order preserving the confidentiality of same; and

(e)     information protected from disclosure by any other privilege recognized by law.

5.     Responding Defendants object to these demands in their entirety to the extent they call for production of documents not relevant to the subject matter of the pending action and not reasonably calculated to lead to the discovery of admissible evidence.

6.      Responding Defendants object to those demands for production that are duplicative or cumulative and as to which information may be obtained from another source that is more convenient, less burdensome and less expensive.

7.      Responding Defendants object to these demands for production, and any portion thereof, that are overly broad, unduly burdensome or oppressive, vague or ambiguous, or that do not specify with reasonable particularity the documents and information sought to be produced.

8.      Responding Defendants object to each definition, instruction and specific demand to the extent it seeks to impose requirements beyond those imposed by Federal Rules of Civil Procedure ("Fed. R. Civ. P.") or the Local Rules of this Court.

9.      Responding Defendants object to these demands to the extent they call for non-discoverable matters.

10.     Responding Defendants object to these demands to the extent they seek documents or information that is publicly available, already within the parties' possession or equally accessible to the parties.

11.     Neither an indication that documents or information will be produced nor an objection to a particular demand or portion thereof indicates that documents or information responsive to any particular request actually exist.

12.     Responding Defendants object to these demands to the extent they seek information and documents after the date of the alleged occurrence on the grounds that such demands are overly broad, unduly burdensome and oppressive, and not calculated to lead to the discovery of admissible evidence.

13.     Responding Defendants reserve the right to supplement this response and/or the document production should additional documents or information subject to these demands be discovered.

14.     Responding Defendants object to these demands on the grounds they lack specificity and particularity in regard to time reference, dates, years or months. Defendants have provided documents to the extent available and in the possession thereof.

15.     Responding Defendants object to the Instructions and Definitions set forth in Plaintiff's Production of Documents Demands to the extent that they impose obligations beyond those permitted by the Fed. R. Civ. P. or the Local Rules of this Court.

16.     Responding Defendants object to Plaintiff's Production of Documents Demands to the extent that they seek information protected from disclosure by the attorney-client privilege, the attorney work product doctrine or other applicable privileges.

17.     Responding Defendants object to Plaintiff's Production of Document Demands to the extent that they seek information for a period of time that is overbroad.

18.     Responding Defendants object to Plaintiff's Production of Documents Demands to the extent that they are vague, unclear, imprecise and/or lacking particularity.

19.     Responding Defendants object to Plaintiff's Production of Documents Demands to the extent that they require the identification of documents and/or investigation of information not within the present possession, custody or control of Defendants.

20.     Responding Defendants object to the Demands to the extent that they seek information and/or documents without proper limit as to its subject matter or temporal scope and are outside the relevant timeframe in this action.

## <u>DOCUMENTS REQUESTED</u>

**1.      Copies of all discovery exchanged in the Espinoza Action, including but not limited to any bill of particulars, interrogatories, notices to admit, combined discovery demands, demands for document production, and deposition transcripts.**

Responding Defendants object to the demand for "all discovery exchanged in the Espinoza Action" as said demand is overly broad, unduly burdensome, irrelevant to the within action and not reasonably calculated to lead to the discovery of admissible evidence. Responding Defendants further object to this demand as the documents requested are already in possession of Plaintiff FALLS LAKE, who controls the defense of its insured, KALNITECH CONSTRUCTION CORP. ("KALNITECH"), in the Underlying Action, and upon information and belief, many of the documents requested are accessible on the New York State Court's e-filing website. Without waiving the foregoing or General Objections, some documents responsive to this demand are annexed hereto as **Exhibit "A."**

**2.      Copies of all contracts, subcontracts, agreements, checks, receipts, bills, invoices, bank statements, and any other documents and materials by, between, or involving any party in the Espinoza Action as to the work at issue in the Espinoza Action.**

Responding Defendants object to this demand as being overly broad, unduly burdensome and vague. Responding Defendants further object as the demand is unlimited in scope and time. Subject to and without waiving the foregoing or General Objections, annexed hereto as **Exhibit "B"** are documents responsive to this demand.

**3.      Copies of any and all W-2 forms issued to Stalin Rodrigo Reyes Espinoza in effect on the date of the occurrence alleged in the Espinoza Action.**

In addition to the General Objections set forth above, Responding Defendants object to this demand as it is more appropriately directed to Stalin Rodrigo Reyes Espinoza. Without waiving the foregoing objections or the General Objections, Responding Defendants are not in possession of any W-2 forms issued to Stalin Rodrigo Reyes Espinoza in effect on the date of the occurrence alleged in the Espinoza Action.

**4.     Copies of any and all 1099 forms issued to Stalin Rodrigo Reyes Espinoza in effect on the date of the occurrence alleged in the Espinoza Action.**

In addition to the General Objections set forth above, Responding Defendants object to this demand as it is more appropriately directed to Stalin Rodrigo Reyes Espinoza. Without waiving the foregoing objections or the General Objections, Responding Defendants are not in possession of any and all 1099 forms issued to Stalin Rodrigo Reyes Espinoza in effect on the date of the occurrence alleged in the Espinoza Action.

**5.     Copies of any and all documents, including but not limited to all claim petitions, answers, petitioners' examining reports, respondents' examining reports, report of all treating doctors and bills, discovery demands, discovery responses, deposition transcripts, hearing transcripts, motions, orders, correspondence, claims files, and any other materials with respect to any workers' compensation action and/or claim relevant to Stalin Rodrigo Reyes Espinoza and the accident asserted in the Espinoza Action.**

Responding Defendants object to this demand as overly broad and unduly burdensome. Responding Defendants further object to this demand as the documents requested are likely already in the possession of Plaintiff FALLS LAKE, who controls the defense of its insured, KALNITECH, in the Underlying Action. Without waiving the foregoing objections or the General

Objections, Responding Defendants are not in possession of any documents responsive to this demand.

**6.      Copies of any employee files, check receipts, employee logs, payroll records, and any other document and/or record pertaining to Stalin Rodrigo Reyes Espinoza's employment at the time of the occurrence alleged in the Espinoza Action, as well as one year prior to the loss at issue.**

Responding Defendants object to this demand as overly broad and unduly burdensome. Without waiving the foregoing objections or the General Objections, Responding Defendants are not in possession of any documents responsive to this demand.

**7.      Copies of any and all communications between Stalin Rodrigo Reyes Espinoza, his agents, servants, and/or representatives and any of the defendants to this lawsuit, their servants, agents, and/or representatives relevant to the work at issue in the Espinoza Action, the investigation of the Espinoza Action, and the claims asserted in the Underlying Action.**

Responding Defendants object to this demand as overly broad and unduly burdensome. Without waiving the foregoing objections or the General Objections, Responding Defendants are not in possession of any documents responsive to this demand.

**8.      Copies of any and all communications between any of the defendants to this lawsuit, its agents, servants, and/or representatives and Jim Associates Corp., their servants, agents, and/or representatives relevant to the work at issue in the Espinoza Action, the investigation of the Espinoza Action, and the claims asserted in the Underlying Action.**

Responding Defendants object to the demand as being overly broad, unduly burdensome and vague. Subject to and without waiving the foregoing or General Objections, any documents responsive to this demand have already been produced in Exhibit "B."

**9.**      **Copies of any and all accident reports, incident reports, or any other report or complaint made in response to the incident alleged in the Espinoza Action.**

Responding Defendants object to this demand as the documents requested are likely already in possession of Plaintiff FALLS LAKE, who controls the defense of its insured, KALNITECH, in the Underlying Action. Without waiving the foregoing objections or the General Objections, Responding Defendants are not in possession of any documents responsive to this demand.

**10.**      **Copies of any work logs and sign in sheets or books for the date of the occurrence alleged in the Espinoza Action and 2 months prior to the occurrence alleged in the Espinoza Action.**

Responding Defendants object to this demand as overly broad and unduly burdensome. Without waiving the foregoing objections or the General Objections, Responding Defendants are not in possession of any documents responsive to this demand.

**11.**      **The names and addresses of any witnesses to the incident alleged in the Espinoza Action and/or individuals working on June 28, 2019 at 217-14 Hempstead Avenue, Queens, NY 11429.**

Responding Defendants object to this demand as the documents requested are likely already in possession of Plaintiff FALLS LAKE, who controls the defense of its insured, KALNITECH, in the Underlying Action. Without waiving the foregoing objections or the General Objections, Responding Defendants are aware that Dwayne Hudson, a prior employee of ASK, was present at the time of the subject accident. Mr. Hudson's last known address is 4423 Seton Avenue, Bronx, New York 10466.

**PLEASE TAKE NOTICE**, that Defendants DAVS PARTNERS LLC and ASK ELECTRICAL CONTRACTING CORP. reserves the right to amend and/or supplement the aforementioned responses with additional information and/or documents, of which it does not have present knowledge, pursuant to the Federal Rules of Civil Procedure and/or up until the time of trial.

Dated:   Woodbury, New York
             October 28, 2022

                                        MILBER MAKRIS PLOUSADIS
                                        & SEIDEN, LLP

                            BY:   _____
                                        LYNSAY A. DYSZLER (LS0573)
                                        Attorneys for Defendants
                                        DAVS PARTNERS LLC and
                                        ASK ELECTRICAL
                                        CONTRACTING CORP.
                                        1000 Woodbury Road, Suite 402
                                        Woodbury, New York 11797
                                        (516) 712-4000
                                        File No.:  532-22715
                                        ldyszler@milbermakris.com


              **VIA EMAIL**
TO:      Steven Verveniotis, Esq.
           MIRANDA SLONE SKLARIN VERVENIOTIS
           Attorneys for Plaintiff
           FALLS LAKE NATIONAL INSURANCE COMPANY
           240 Mineola Boulevard
           The Esposito Building
           Mineola, NY 11501
           (516) 741-7676
           File No.: 19-208
           sverveniotis@msssv.com

Morris J. Schlaf, Esq.
Luigi Brandimarte, Esq.
SACCO & FILLAS LLP
Attorney for Defendant
KALNITECH CONSTRUCTION CORP.
31-19 Newtown Avenue, 7th Floor
Astoria, NY 11102
(718) 269-2226
mschlaf@saccofillas.com
lbrandimarte@saccofillas.com

**No Appearance to Date:**
STALIN RODRIGO REYES ESPINOZA

| Civil Action Case No. 1:22-cv-1473 (KAM)(PK) | Year | RJI No. | Hon. |

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

FALLS LAKE NATIONAL INSURANCE COMPANY,

                         Plaintiff,

        -against-

KALNITECH CONSTRUCTION CORP.,
DAVS PARTNERS LLC, STALIN RODRIGO
REYES ESPINOZA and ASK ELECTRICAL
CONTRACTING CORP.,

                       Defendants.

**DAVS PARTNERS LLC and ASK ELECTRICAL CONTRACTING CORP's RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR DOCUMENTS AND OTHER DISCLOSURE**

MILBER MAKRIS PLOUSADIS & SEIDEN, LLP
ATTORNEYS AT LAW
*Attorneys for Defendant ASK ELECTRICAL CONTRACTING CORP.*
*Office and Post Office Address, Telephone*
1000 Woodbury Road, Suite 402
WOODBURY, NEW YORK 11797
(516) 712-4000
File No. 532-22715

| To | Signature (Rule 130-1.1-a) |

.…………………………………………………….
Print name beneath

Attorney(s) for

Service of a copy of the within                              is hereby admitted.

Dated,                                 .……………………………………………..
                        Attorney(s) for

Please take notice
☐ NOTICE OF ENTRY
that the within is a (*certified*) true copy of a
duly entered in the office of the clerk of the within named court on
☐ NOTICE OF SETTLEMENT
that an order                of which the within is a true copy will be presented for settlement to the
HON.                one of the judges of the within named court, at
Dated,

Yours, etc.
MILBER MAKRIS PLOUSADIS & SEIDEN, LLP
ATTORNEYS AT LAW
To                        *Office and Post Office Address*
                        1000 Woodbury Road, Suite 402
Attorney(s) for                WOODBURY, NEW YORK 11797

# EXHIBIT "B"

# EXHIBIT "B"





**From:** Gus Stoupakis <gus@kalnitech.com>
**Sent:** Wednesday, May 29, 2019 9:14 AM
**To:** David Kleeman <dkleeman@askelectric.com>
**Cc:** Gus Stoupakis-Kalnitech <gus@kalnitech.com>
**Subject:** Fwd: 217-14 hemstead av Proposal

FYI.

Gus Stoupakis
Kalnitech CC

Sent from my iPhone

Begin forwarded message:

> **From:** JORGE IVAN MOSCOSO <jimassociatescorp@gmail.com>
> **Date:** May 28, 2019 at 10:23:38 AM EDT
> **To:** Gus Stoupakis <Gus@kalnitech.com>
> **Subject: 217-14 hemstead av Proposal**

**From:** JORGE IVAN MOSCOSO <jimassociatescorp@gmail.com>
**Sent:** Wednesday, June 26, 2019 6:29 PM
**To:** David Kleeman <dkleeman@askelectric.com>
**Subject:** Invoice

Good afternoon here is the proposal as requested
and invoice attached with this email. For 1st payment


--
Regards,

Jorge Moscoso - President

JIM ASSOCIATES CORP.
21-57 42TH STREET
ASTORIA, NY 11105
Tel:646-296-7757
jimassociatescorp@gmail.com

2



# INVOICE

JIM ASSOCIATES CORP.
21-57 42TH STREET BSMNT
ASTORIA,NY 11105
jimassociatescorp@gmail.com

| | |
|---|---|
| DATE: | **June 26, 2019** |
| PREPARED BY: | Moscoso Jorge |
| CONTRACT / P.O. # | |

| | |
|---|---|
| **CUSTOMER:** | |
| **PROJECT NAME:** | |
| **ADDRESS:** | 217-14 Hemstead Av<br>Jamaica NY11429 |
| **CONTACT:** | |

*Jim Associates Corp. proposes to provide all necessary labor, materials, tools, and equipment to complete
the renovation at above referenced project as per site survey and/or specifications for the following prices:*

| Description | Amount |
|---|---|
| **TOTAL** | $        32,256.00 |
| 1ST PAYMENT -PER CONTRACT | $        (12,000.00) |
| SUBTOTAL | $        20,256.00 |
| | |
| | |
| | $        20,256.00 |

We hereby accept the conditions of this proposal: You are authorized to commence work.

X _____          _____
       Client Signature                                          Date

**All payments are to be made payable to Jim Associates Corp.**        Page 1 of 2

<u>**GENERAL CONDITIONS**</u>

**1.** All material is guaranteed to be as specified. **2.** All work to be completed in a workman-like manner according to plans & specifications submitted, per standard practices. **3**.Any  work ordered or alterations or deviation from plans or specifications will be an extra cost billed at a minimum time and material rate of eighty five dollars ($85.00) per hour. **4.** All agreements are contingent upon strikes, accidents or delays beyond our control. **5.** Delays resulting from third party coordination will be billed accordingly to the client.**6.** Expediting , professional fees, phasing, fieldtesting, shopdrawings, union labor are not included unless otherwise noted. **7.** An hourly professional fee for management and coordination plus 18% will be assed to the client for sub/contractors and/or suppliers hired by the client outside this contract. **8.** Payment  is due upon completion of work and nonpayment will result in a breech of contract. **9.** Permits are the responsibility of the owner unless otherwise noted. **10**.The maximum interest  rate allowed by law shall be applied to bills deemed over due.**11.** Owner is required to maintain an Owner Controllerd Insurance Program which includes General Liability, Polution Liability and Workers Compensation, one million dollar per occurance and two million dollar aggregate coverage minimum,  and  to carry all required insurances to perform and file project. **12.** This contractor assumes no responsiblity to perform any work or to furnish any labor, supervision or materials not specifically included in this proposal. **13.** Owner is required to provide unhindered usage of electricity, water and elevator transportation. **14.** All work is to be performed on regular time 8am - 4pm Monday through Friday. Purchaser, for and on behalf of the owner of the building where the work is to be performed (if owner is different than purchaser) and for and on behalf of its and their bonding company, insurance company, agents, representatives and any other persons or parties who may be obligated to make payment or by whom payment may be made for the work covered by this agreement, hereby specifically waives and releases its and their right to withhold any monies due to contractor for the work performed, or any other person and materials furnished, by reason of any cliam which they, or any of them, or any person or party whatsoever, may have against them or against the contractor by reason of any damages or injuries sustained. **15.** Contractor shall in no event be liable for any damages  or injury to person or property resulting from existing conditions, weather, or unkown conditions. **16** Sales Tax is not included in the quoted price but will be added  to the final bill for completed work unless a proper certificate of capital improvement is filed with the contractor. **17.** The Owner is required to hire at its own expense a 3rd party photographer to document existing conditions of areas that will be accessed by contractor pre mobilization and submit to contractor with a 3rd party notarized dated affidavit of pictures ortherwise contractor assumes no liablity for any damage claims. **18.**  Warranties and Guarantees for new work are to be specified  above in the description and/or scope of work.

  **We hereby accept the conditions of this contract and proposal: We authorize the contractor to commence work.**

X _____          _____          _____
      Client Signature                                                              Name                      Date

X _____          _____          _____
      JIM ASSOCIATES CORP.                                            Name                      Date

# Jim Associates Corp. All Rights Reserved.



# PROPOSAL

JIM ASSOCIATES CORP.
21-57 42TH STREET BSMNT
ASTORIA,NY 11105
jimassociatescorp@gmail.com

| | |
|---|---|
| DATE: | **May 27, 2019** |
| PREPARED BY: | Moscoso Jorge |
| CONTRACT / P.O. # | |

| | |
|---|---|
| **CUSTOMER:** | Gus |
| **PROJECT NAME:** | |
| **ADDRESS:** | 217-14 Hemstead Ave<br>Jamaica ,NY 11429 |
| **CONTACT:** | |

*Jim Associates Corp. proposes to provide all necessary labor, materials, tools, and equipment to complete the renovation at above referenced project as per site survey and/or specifications for the following prices:*

| Description | Amount |
|---|---|
| **Scope-** | |
| -Furnish and install 5/8 drywall throughout | |
| -Furnish and install r13 insultion throughout (walls only) | |
| -Furnish and install 6 metal frames with solid wood core doors | |
| **36x82x6 Fire rated hallow door** | |
| 1 double door fire rated hallow door | |
| Entrance door Fire rated hallow door | |
| Bathrooms-  2 small in front | |
| **-Furnish and install subway tiles 4' high on drywalls only** | |
| -Frame out ceilings below hot water heater | |
| -Fill in with concrete floors | |
| -Furnish and install mosaic tile on floor | |
| Finishes provided by others | |
| **President office bathroom** | |
| -Frame out ceiling 10ft high | |
| -Frame 4' wall and install subway tile all the way | |
| -Furnish and install mosaic tile on floor | |
| **Basement-** | |
| -Furnish and install 5/8 drywall on ceilings only | |
| -Furnish and install 3/4 plywood on wall | |
| | |
| -Spakle,sand and prime walls,ceilings throughout | |
| | |
| SUBTOTAL | $        88,737.00 |
| | |
| | |
| | $     88,737.00 |

**We hereby accept the conditions of this proposal: You are authorized to commence work.**

X _____          _____
Client Signature                          Date

**All payments are to be made payable to Jim Associates Corp.**                     Page 1 of 2

<u>**GENERAL CONDITIONS**</u>

**1.** All material is guaranteed to be as specified. **2.** All work to be completed in a workman-like manner according to plans & specifications submitted, per standard practices. **3**.Any  work ordered or alterations or deviation from plans or specifications will be an extra cost billed at a minimum time and material rate of eighty five dollars ($85.00) per hour. **4.** All agreements are contingent upon strikes, accidents or delays beyond our control. **5.** Delays resulting from third party coordination will be billed accordingly to the client.**6.** Expediting , professional fees, phasing, fieldtesting, shopdrawings, union labor are not included unless otherwise noted. **7.** An hourly professional fee for management and coordination plus 18% will be assed to the client for sub/contractors and/or suppliers hired by the client outside this contract. **8.** Payment  is due upon completion of work and nonpayment will result in a breech of contract. **9.** Permits are the responsibility of the owner unless otherwise noted. **10**.The maximum interest  rate allowed by law shall be applied to bills deemed over due.**11.** Owner is required to maintain an Owner Controllerd Insurance Program which includes General Liability, Polution Liability and Workers Compensation, one million dollar per occurance and two million dollar aggregate coverage minimum,  and  to carry all required insurances to perform and file project. **12.** This contractor assumes no responsiblity to perform any work or to furnish any labor, supervision or materials not specifically included in this proposal. **13.** Owner is required to provide unhindered usage of electricity, water and elevator transportation. **14.** All work is to be performed on regular time 8am - 4pm Monday through Friday. Purchaser, for and on behalf of the owner of the building where the work is to be performed (if owner is different than purchaser) and for and on behalf of its and their bonding company, insurance company, agents, representatives and any other persons or parties who may be obligated to make payment or by whom payment may be made for the work covered by this agreement, hereby specifically waives and releases its and their right to withhold any monies due to contractor for the work performed, or any other person and materials furnished, by reason of any cliam which they, or any of them, or any person or party whatsoever, may have against them or against the contractor by reason of any damages or injuries sustained. **15.** Contractor shall in no event be liable for any damages  or injury to person or property resulting from existing conditions, weather, or unkown conditions. **16** Sales Tax is not included in the quoted price but will be added  to the final bill for completed work unless a proper certificate of capital improvement is filed with the contractor. **17.** The Owner is required to hire at its own expense a 3rd party photographer to document existing conditions of areas that will be accessed by contractor pre mobilization and submit to contractor with a 3rd party notarized dated affidavit  of pictures ortherwise contractor assumes no liablity for any damage claims. **18.**  Warranties and Guarantees for new work are to be specified  above in the description and/or scope of work.

 **We hereby accept the conditions of this contract and proposal: We authorize the contractor to commence work.**

X _____
Client Signature                          Name               Date

X _____
JIM ASSOCIATES CORP.                  Name               Date

# Jim Associates Corp. All Rights Reserved.



**JIM ASSOCIATES CORP.**
21-57 42TH STREET BSMNT
ASTORIA,NY 11105
jimassociatescorp@gmail.com

# PROPOSAL

| | |
|---|---|
| DATE: | **June 12, 2019** |
| PREPARED BY: | Moscoso Jorge |
| CONTRACT / P.O. # | |

| | |
|---|---|
| CUSTOMER: | Gus |
| PROJECT NAME: | |
| ADDRESS: | 217-14 Hemstead Ave<br>Jamaica ,NY 11429 |
| CONTACT: | |

*Jim Associates Corp. proposes to provide all necessary labor, materials, tools, and equipment to complete the renovation at above referenced project as per site survey and/or specifications for the following prices:*

| Description | Amount |
|---|---|
| **Scope-** | |
| **Bathrooms** | $ 7,700.00 |
| -Furnish and install subway tiles 4' high on drywalls only(Shower bathrrom 10ft ) | |
| -Fill in with concrete floors | |
| -Furnish and install mosaic tile on floors 2in | |
| Finishes provided by others  Installation only toilets,vanity,medecine cabinet,accesories ONLY! | |
| | |
| **Paint -** | $ 18,400.00 |
| -Sand , prime , and paint (Ceilings spray paint dryfall) | |
| walls(Linen white) Base molding,door frame (white semi-gloss) Doors(stain ) | |
| | |
| **Doors-** | $ 2,700.00 |
| Labor only to install doors with hardware ONLY | |
| | |
| **OVERHEAD 12%** | |
| SUBTOTAL | $ 32,256.00 |
| | |
| | |
| | $ 32,256.00 |

**We hereby accept the conditions of this proposal: You are authorized to commence work.**

X _____           _____
      Client Signature                            Date

**All payments are to be made payable to Jim Associates Corp.**                Page 1 of 2

<u>**GENERAL CONDITIONS**</u>

**1.** All material is guaranteed to be as specified. **2.** All work to be completed in a workman-like manner according to plans & specifications submitted, per standard practices. **3**.Any work ordered or alterations or deviation from plans or specifications will be an extra cost billed at a minimum time and material rate of eighty five dollars ($85.00) per hour. **4.** All agreements are contingent upon strikes, accidents or delays beyond our control. **5.** Delays resulting from third party coordination will be billed accordingly to the client.**6.** Expediting , professional fees, phasing, fieldtesting, shopdrawings, union labor are not included unless otherwise noted. **7.** An hourly professional fee for management and coordination plus 18% will be assed to the client for sub/contractors and/or suppliers hired by the client outside this contract. **8.** Payment is due upon completion of work and nonpayment will result in a breech of contract. **9.** Permits are the responsibility of the owner unless otherwise noted. **10**.The maximum interest rate allowed by law shall be applied to bills deemed over due.**11.** Owner is required to maintain an Owner Controllerd Insurance Program which includes General Liability, Polution Liability and Workers Compensation, one million dollar per occurance and two million dollar aggregate coverage minimum, and to carry all required insurances to perform and file project. **12.** This contractor assumes no responsiblity to perform any work or to furnish any labor, supervision or materials not specifically included in this proposal. **13.** Owner is required to provide unhindered usage of electricity, water and elevator transportation. **14.** All work is to be performed on regular time 8am - 4pm Monday through Friday. Purchaser, for and on behalf of the owner of the building where the work is to be performed (if owner is different than purchaser) and for and on behalf of its and their bonding company, insurance company, agents, representatives and any other persons or parties who may be obligated to make payment or by whom payment may be made for the work covered by this agreement, hereby specifically waives and releases its and their right to withhold any monies due to contractor for the work performed, or any other person and materials furnished, by reason of any cliam which they, or any of them, or any person or party whatsoever, may have against them or against the contractor by reason of any damages or injuries sustained. **15.** Contractor shall in no event be liable for any damages or injury to person or property resulting from existing conditions, weather, or unkown conditions. **16** Sales Tax is not included in the quoted price but will be added to the final bill for completed work unless a proper certificate of capital improvement is filed with the contractor. **17.** The Owner is required to hire at its own expense a 3rd party photographer to document existing conditions of areas that will be accessed by contractor pre mobilization and submit to contractor with a 3rd party notarized dated affidavit of pictures ortherwise contractor assumes no liablity for any damage claims. **18.** Warranties and Guarantees for new work are to be specified above in the description and/or scope of work.

**We hereby accept the conditions of this contract and proposal: We authorize the contractor to commence work.**

X _____
      Client Signature                              Name                Date

X _____
      JIM ASSOCIATES CORP.                          Name                Date

# Jim Associates Corp. All Rights Reserved.