UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
FALLS LAKE NATIONAL INSURANCE COMPANY,

                             Plaintiff,

        -against-

KALNITECH CONSTRUCTION CORP.,
DAVS PARTNERS LLC, STALIN RODRIGO
REYES ESPINOZA and ASK ELECTRICAL
CONTRACTING CORP.,

                             Defendants.
-------------------------------------------------------------------X

Case No. 1:22-cv-1473 (KAM)(PK)

**DEFENDANTS DAVS PARTNERS and ASK ELECTRICAL CONTRACTING CORP.'S RESPONSE TO PLAINTIFF'S L.R. 56.1 STATEMENT OF MATERIAL FACTS**

SARAH M. ZIOLKOWSKI, declares as follows, pursuant to 28 U.S.C. §1746:

I am a member of the law firm of Milber Makris Plousadis & Seiden, LLP attorneys of record for the Defendants DAVS PARTNERS LLC and ASK ELECTRICAL CONTRACTING CORP. (hereinafter referred to as "DAVS" and "ASK," respectively and collectively as the "Responding Defendants") and as such am thoroughly conversant with the facts and circumstances herein based upon the contents of the file maintained by this office.

In accordance with Rule 56.1 of the Local Court Rules for the United States District Court, Eastern District of New York, the Responding Defendants submits their Response to Plaintiff, FALLS LAKE NATIONAL INSURANCE COMPANY's ("FALLS LAKE") Rule 56.1 Statement of Material Facts:

### RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS

1.    "Falls Lake issued policy number SKP 2004493 10 to Kalnitech Construction Corp. ("Kalnitech") for the policy period of January 3, 2019 to January 3, 2020. See attached hereto as

1

Exhibit "A" a redacted copy of the Policy issued by Falls Lake to Kalnitech."

**RESPONSE:** Admitted.

       2.       "On March 11, 2019, General Contractor, ASK Electrical Corp. ("Ask") entered into a "Short Form Prime Contract Between Owner & Contractor" ("Prime Contract") with Owner, DAVS Partners LLC ("DAVS") for the project known as 217-14 Hempstead Avenue, Queens Village, NY 11429. See attached hereto as Exhibit "B" a copy of the Prime Contract that was included in Exhibit A of DAVS' and Ask's Supplemental Response to Plaintiff's First Set of Requests for Documents and Other Disclosure, which is also attached hereto."

**RESPONSE:** Admitted. A copy of the "Short Form Prime Contract Between Owner & Contractor" is annexed hereto as **Exhibit "1,"** as same was not annexed to Plaintiff's L.R. 56.1 Statement.

       3.       "The Prime Contract was for the following work: complete renovation and buildout. (Ex. B)."

**RESPONSE**: Admitted and respectfully refers to the Prime Contract for its complete terms and conditions. *See* Exhibit "1."

       4.       "The Prime Contract, in Section 14, entitled Insurance Requirements, contained the following provision:

> The owner and their agents are to be named as an additional insured on a primary and non-contributory basis to the Contractor's Commercial General Liability and Umbrella policies using appropriate ISO forms that include Broad Form Contractual Liability, Premises Operations Liability, Contractual Liability, Advertising and Personal Injury Liability and Products/Completed Operations Liability, or by using a company specific endorsement that provides equivalent protection. Subcontractor's Commercial General Liability and Umbrella policies will not have any 3rd Part Action Over Exclusions or Employee Injury Exclusions. (Ex. B)."

**RESPONSE:** Admitted and respectfully refers to the Prime Contract for its complete terms and conditions. *See* Exhibit "1".

5. "On March 12, 2019, General Contractor, Ask, entered into an agreement with Kalnitech ("Kalnitech Master Subcontract"). See attached hereto as Exhibit "C" a copy of the Kalnitech Master Subcontract that was included in Exhibit A of DAVS' and Ask's Supplemental Response to Plaintiff's First Set of Requests for Documents and Other Disclosure, which is also attached hereto."

**RESPONSE:** Admitted and respectfully refers to the Kalnitech Master Subcontract for its complete terms and conditions.

6. "The Kalnitech Master Subcontract Agreement, in Section 2, entitled Subcontractor's Work, contained the following provision:

> With respect to the Work covered by this Subcontract and any individual Work Order, and except as expressly modified herein, Subcontractor shall have all rights which Contractor has under the Contract Documents, and Subcontractor shall assume all obligations, risks and responsibilities which Contractor has assumed towards the Owner and third parties as applicable in the Contract Documents, and Subcontractor shall be bound to Contractor in the same manner and to the same extent that Contractor is bound to the Owner or said third parties. In case of a conflict between this Subcontract Agreement and the Contract Documents as incorporated herein, pursuant to each Work Order, the terms of the Work Order Shall prevail. (Ex. C)."

**RESPONSE:** Admitted and respectfully refers to the Kalnitech Master Subcontract for its complete terms and conditions.

7. "The Kalnitech Master Subcontract Agreement, in Section 4, entitled Subcontractor's Insurance, contained the following provision:

> Subcontractors General Liability policy shall be endorsed to include Blanket Additional Insured Endorsements CG2033 7/04 and CG2037 7/04 or acceptable equivalent forms. Subcontractor is required to include as additional insureds: the Owner, the Contractor and any other additional insured in the Owner/Contractor

3

> Agreement for ongoing work and completed operations; the additional insured coverage is on a primary and non-contributory basis. The Contractor's policy is excess of the Subcontractor's Insurance and the Contractor's insurance shall not be called upon to contribute to the Subcontractor's Insurance. (Ex. C)."

**RESPONSE:** Admitted and respectfully refers to the Kalnitech Master Subcontract for its complete terms and conditions.

8. "Espinoza's discovery responses in this action prove that Stalin Rodrigo Reyes Espinoza ("Espinoza") was employed by Jim Associates Corp. and that the claims in the Underlying Actions arise from that contract. See attached hereto as Exhibit "D" a copy of Espinoza's Response to Plaintiff's First Set of Requests and Other Disclosure and a copy Espinoza's Additional Disclosure."

**RESPONSE:** Admit only that annexed to Espinoza's discovery response is a "Notice of Decision" rendered by the State of New York's Workers' Compensation Board, dated November 4, 2019, and refer to said document for the information contained in same. *See* Exhibit "D" to Plaintiff's Rule 56.1.

9. "Jim Associates Corp. contracted with Ask to perform work at 217-14 Hempstead Avenue, Queens Village, NY 11429, as referenced here as the "Jim Associates Master Subcontract Agreement". See attached hereto as Exhibit "E" a copy of the Jim Associates Master Subcontract Agreement that was included in Exhibit A of DAVS' and Ask's Supplemental Response to Plaintiff's First Set of Requests for Documents and Other Disclosure, which is also attached hereto."

**RESPONSE:** Admits that Jim Associates executed the "Jim Associates Master Subcontract," but that the copy annexed to Plaintiff's L.R. 56.1 Statement was not executed by Ask. The Responding Defendants otherwise refer to the "Jim Associates Master Subcontract" for its complete terms and conditions.

10. "The Jim Associates Master Subcontract Agreement provides the following provision in Section 4:

> 6. Subcontractors General Liability policy shall be endorsed to include Blanket Additional Insured Endorsements CG2033 7/04 and CG2037 7/04 or acceptable equivalent forms. Subcontractor is required to include as additional insureds: the Owner, the Contractor and any other additional insured in the Owner/Contractor Agreement for ongoing work and completed operations; the additional insured coverage is on a primary and non-contributory basis. The Contractor's policy is excess of the Subcontractor's Insurance and the Contractor's insurance shall not be called upon to contribute to the Subcontractor's Insurance. (Ex. E)."

**RESPONSE:** Admits that Jim Associates executed the "Jim Associates Master Subcontract," but that the copy annexed to Plaintiff's L.R. 56.1 Statement was not executed by Ask. The Responding Defendants otherwise refer to the "Jim Associates Master Subcontract" for its complete terms and conditions.

11. "It is a matter of documentary evidence that Jim Associates performed that work in that Jim Associates submitted several invoices and/or proposals to Ask and Gus, the principal of Kalnitech, for work at 217-14 Hempstead Avenue, Queens Village, NY 11429, dated May 27, 2019, June 12, 2019, June 26, 2019, July 18, 2019, and September 3, 2019. See attached hereto as Exhibit "F" and Exhibit "G", respectively, a copy of Jim Associate's documents produced via subpoena, and a copy of Jim Associate's documents that were produced as Exhibit B of DAVS' and Ask's initial Response to Plaintiff's First Set of Requests for Documents and Other Disclosure, which is also attached hereto."

**RESPONSE**: Admit that invoices dated June 26, 2019 and September 3, 2019 have been exchanged in discovery, as evidenced by Exhibits "F" and "G" to Plaintiff's L.R. 56.1 Statement of Material Facts, but denies that same evidences "that work" and denies that the May 27, 2019, June 12, 2019 and July 18, 2019 documents are "invoices," as same are identified as "proposal[s]." *Id.*

12. "The claim in the Underlying Actions is that on June 28, 2019, Espinoza allegedly sustained injuries while working at 217-14 Hempstead Avenue, Queens Village, NY 11429 during the course of his employment with Jim Associates. A copy of the complaint from the First Action filed by Espinoza is attached hereto as Exhibit "H"."

**RESPONSE:** Denies that the Complaint in the action of *Stalin Rodrigo Reyes Espinoza v. Davs Partners LLC and Kalnitech Construction Company*, filed in the Supreme Court of the State of New York, County of Kings under Index Number 515197/2019 (the "First Action"), alleges that Espinoza was injured during the course of his employment with Jim Associates (see Exhibit H to at ¶¶55-59), but admits that said injury is alleged to have occurred at the premises located at 217-14 Hempstead Avenue, Queens, New York. *See generally,* Exhibit "H." The Responding Defendants also deny that the Complaint in the action of *Stalin Rodrigo Reyes Espinoza v Ask Electrical Contracting Corp.,* filed in the Supreme Court of the State of New York, County of Kings County under Index Number 514760/2022 (the "Second Action"), alleges that Espinoza was injured during the course of his employment with Jim Associates (see Exhibit "I" to at ¶¶25-29), but admits that said injury is alleged to have occurred at the premises located at 217-14 Hempstead Avenue, Queens, New York. *See generally,* Exhibit "I."

13. "Espinoza commenced the lawsuit captioned Stalin Rodrigo Reyes Espinoza v. Davs Partners LLC and Kalnitech Construction Company, filed in the Supreme Court of the State of New York, County of Kings under Index Number 515197/2019 (the "First Action"). (Ex. H)."

**RESPONSE**: Admitted.

14. "Espinoza later commenced the lawsuit captioned Stalin Rodrigo Reyes Espinoza v. Ask Electrical Contracting Corp., filed in the Supreme Court of the State of New York, County of Kings

County under Index Number 514760/2022 ("The Second Action"). A copy of the complaint from the Second Action filed by Espinoza is attached hereto as Exhibit "I"."

**RESPONSE:** Admitted.

16. "Falls Lake denied coverage to Kalnitech and all parties as to the claims from the Espinoza accident as asserted in both the First and Section Action by letters dated September 3, 2019, September 16, 2019, and June 20, 2022 (attached hereto collectively as Exhibit "J") and amended the complaint in this action for relief as to all parties as to the both of the Underlying Actions. A copy of the amended complaint is attached hereto as Exhibit "K"."

**RESPONSE:** Admitted and refer to the September 3, 2019, September 16, 2019, and June 20, 2022 letters issued by counsel for Falls Lake for their true and accurate content, and to the Amened Complaint filed in this action, dated June 23, 2022 for its true and accurate allegations. *See generally,* Exhibits "J" and "K."

16. "During the course of the litigation, Falls Lake learned that plaintiff was employed by Jim Associates and, Falls Lake was also provided the Prime Contract, Master Subcontract, and several documents pertaining to Jim Associates and its employment relationship with Ask. (Exs. B – G)."

**RESPONSE:** Can neither admit nor deny said statement as same is not supported by an Affidavit from Falls Lake establishing when said entity was made aware of the information contained in said paragraph.

17. "During the course of the litigation, Kalnitech has produced in response to the plaintiff's discovery demands, deposition transcript(s) of Dwayne Hudson on behalf of Davs, Espinoza and Kostas Stoupakis, attached hereto as Exhibit "L", "M", and "N"."

7

**RESPONSE:** Admit only that Kalnitech has produced the deposition transcripts of Dwayne Hudson on behalf of Davs, Espinoza and Kostas Stoupakis. *See* Exhibits "L", "M", and "N".

18. "Such documents prove that Ask and Davs are additional insureds on the Falls Lake Policy. (Ex. A-G)."

**RESPONSE:** Admit that the documents annexed to Plaintiff's Statement of Material Facts as Exhibits A through G establish that ASK and DAVS are additional insureds under the Falls Lake Policy.

19. "Such documents prove that Espinoza was an employee of a contractor of any insured on the Falls Lake Policy. (Ex. A-G)."

**RESPONSE:** Deny as the foregoing statement is ambiguous in that the term "employee" is undefined, since Courts in New York have held that the term "employee" has different definitions depending upon the statutory provision being examined. *See e.g. See Baker v. Muraski*, 61 A.D.3d 1373 (4th Dep't 2009)(wherein court held that the term "employee" as used in the Labor Law differs in definition from that found in the Workers Compensation Law).

20. "Accordingly, the information provided made it clear that the Falls Lake policy's "Exclusion – Injury to Employees, Contractors and Employees of Contractors" endorsement barred coverage to all claims pertaining to Espinoza's alleged injury. (Ex. A)."

**RESPONSE**: Deny. The duty to defend is broader than the duty to indemnify and arises only from a review of the allegations in the Complaints to the Underlying Actions. Here, the allegations in the Complaints to the Underlying Actions triggers a duty to provide the Responding Defendants with a defense under the Falls Lake Policy. *See,* Exhibits "H" and "I." FALLS LAKE's reliance on extrinsic evidence is impermissible. Moreover, said exclusion is vague and ambiguous and Plaintiff

8

should not allowed to rely upon same in denying coverage to Kalnitech and/or the Responding Defendants.

## THE RESPONDING DEFENDANTS' STATEMENT OF ADDITIONAL MATERIAL FACTS

1. The Falls Lake Policy included a "Primary and Noncontributory-Other Insurance Condition," which provides in relevant part:

> The following is added to the Other Insurance Condition and supersedes any provision to the contrary:
> PRIMARY AND NONCONTRIBUTORY INSURANCE
> This insurance is primary to and will not seek contribution from any other insurance available to an additional insured under your policy provided that:
> (1) The additional insured is a Named Insured under such other insurance; and
> (2) You have agreed in writing in a contract or agreement that this insurance would be primary and would not seek contribution from any other insurance available to the additional insured.

*See* Exhibit "A."

2. Pursuant to said provision, the Fall Lake Policy is primary to any other coverage available to the Responding Defendants and the Falls Lake Policy will not seek any contribution from such other coverage. *Id.*

Dated: Woodbury, New York
       June 22, 2023

                                                  SARAH M. ZIOLKOWSKI    (SZ1220)