

31-19 Newtown Avenue
Seventh Floor
Astoria, NY 11102

Tel: 718 746-3440
Direct: 718 269-2242
Direct Fax: 718 744-9753

sbiegacz@saccofillas.com
www.saccofillas.com

Tonino Sacco*
Elias N. Fillas
Luigi Brandimarte*

Joseph Badalov
James R. Baez*
Alexander Berger*
Boris Bernstein*
Eric S. Cantor
Joanne Ciaramella
David A. Craven
Alex Diaz
Kurt A. Doiran
Zachary S. Kaplan
Ronald. B Groman
Michelle Jablonski
James Y. Kim
Joseph Katz
Elliot L. Lewis
Patricia R. Lynch
Albert R. Matuza, Jr.
Russel T. McHugh
Lamont K. Rodgers
Richard E. Schirmer
Morris J. Schlaf
David E. Silverman
Cindy S. Simms
Michael A. Simon
U. William Sung
Michael S. Warycha
Dana M. Whitfield
James A. Wolff
* Also admitted in New Jersey

Bayside Office:

42-40 Bell Boulevard
Suite 301
Bayside, NY 11361

June 23, 2023

VIA ECF
Judge Kiyo A. Matsumoto
United States District Court, Eastern District of New York
225 Cadman Plaza East
Courtroom 6C
South Brooklyn, New York 11201

Re:   **Falls Lake National Insurance Co. v. Kalnitech Constr. Corp. et. al.**
      **Docket No: 1:22-cv-01473-KAM-PK**
      **Our File #:      28464-22**

Hon. Judge Matsumoto:

This office represents defendant KALNITECH CONSTRUCTION CORP. ("Kalnitech") in the above-referenced action, and respectfully submits this letter in response to Plaintiff Falls Lake National Insurance Co.'s ("Falls Lake") letter requesting leave to file a motion for summary judgment in this action.

In this declaratory judgment action, Plaintiff seeks a declaration that it is relieved of its obligations to provide Kalnitech, as insured, with insurance coverage under Falls Lake Policy number SKP 2004493 10 (the "Policy"). Specifically, Plaintiff seeks a full disclaimer of coverage, including its duty to defend Kalnitech as insured in *Stalin Rodrigo Reyes Espinoza v. Davs Partners LLC and Kalnitech Construction Company*, filed in the Supreme Court of the State of New York, County of Kings, Index No. 515197/2019 (the "First Action"). Plaintiff also seeks a declaration that defendants ASK Electrical Contracting Corp. and DAVS Partners LLC (the "ASK Defendants") are not additional insureds under the Policy.



31-19 Newtown Avenue
Seventh Floor
Astoria, NY 11102

Kalnitech concurs with that portion of the ASK Defendants' Letter Response dated June 22, 2023, which includes the following:

"It is well settled law in the State of New York that an insurer's duty to defend is broader than the duty to indemnify and an "insurer will be called upon to provide a defense whenever the allegations of the complaint suggest a reasonable possibility of coverage." *Regal Const. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 15 N.Y.3d 34 (2010). "If complaint contains any facts or allegations which bring the claim even potentially within the protection purchased, the insurer is obligated to defend. This standard applies equally to additional insureds and named insured[s].' *Id*. To be relieved of its duty to defend on the basis of a policy exclusion, "the insurer bears the heavy burden of demonstrating that the allegations of the complaint cast the pleadings wholly within that exclusion, that the exclusion is subject to no other reasonable interpretation, and that there is no possible factual or legal basis upon which the insurer may eventually be held obligated to indemnify the insured under any policy provision." *Frontier Insulation Contractors, Inc. v. Merchants Mut. Ins. Co.*, 91 N.Y.2d 169 (1997)."

The allegations in the First Action triggered Plaintiff's duty, as insurer, to defend Kalnitech. It is clear that Plaintiff agreed it owed Kalnitech such duty under the Policy, as Plaintiff has admitted in the Complaint in this action that it did in fact provide Kalnitech with defense counsel in the First Action and continues to provide defense counsel to Kalnitech to this day, per the complaint filed in this action.

Kalnitech further concurs with that portion of The Ask Defendants' Letter Response dated June 22, 2023, which asserts:

"[T]he endorsement to the Falls Lake Policy that Plaintiff seeks to rely upon in asking this Court to declare that it has no duty to defend its insured or to



31-19 Newtown Avenue
Seventh Floor
Astoria, NY 11102

provide the Responding Defendants with additional insured coverage, is ambiguous and must be construed in favor of the insured(s). In *Hastings Dev., LLC v. Evanston Ins. Co.*, 701 F. App'x 40 (2d Cir. 2017), the Second Circuit examined a similarly worded. endorsement and held that the "ambiguity requires us to construe the policy language in favor of the insured." *Id.* at 44.

Finally, Plaintiff has failed to establish that it timely denied coverage to Kalnitech or to the [ASK] Defendants based upon the foregoing exclusion, as required by Insurance Law §3420(d). An insurer's failure to comply with the notice provisions of Insurance Law §3420(d) estops a carrier from later relying upon said exclusion. *See e.g, ROMCO Structural Sys. Corp. v. AXIS Ins. Co.*, 596 F. Supp. 3d 464 (E.D.N.Y. 2022)."

Kalnitech's response to Falls Lake's Rule 56.1 Statement has been filed concurrently with this letter.  It is respectfully submitted that based on the foregoing, Plaintiff's Rule 56.1 Statement and Kalnitech's Response thereto, Plaintiff has failed to prove its entitlement to Summary Judgment in this action and therefore Plaintiff's request for leave to file a Summary Judgment Motion should be denied in its entirety.

        Respectfully,
        SACCO & FILLAS, LLP
        /s/ Morris Schlaf
        By: Morris Schlaf, Esq.