```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------X
FALLS LAKE NATIONAL INSURANCE COMPANY,          Case No. 1:22-cv-1473
                                                (KAM)(PK)
                        Plaintiff,
                                                **DEFENDANT KALNITECH
                                                CONSTRUCTION CORP.'S
            -against-                           RESPONSE TO
                                                PLAINTIFF'S L.R. 56.1
KALNITECH CONSTRUCTION CORP.                    STATEMENT OF
DAVS PARTNERS LLC, STALIN RODRIGO               MATERIAL FACTS**
REYES ESPINOZA and ASK ELECTRICAL
CONTRACTING CORP.,

                        Defendants.
-----------------------------------------------X
```

In accordance with local Civil Rule 56.1(b), Defendant KALNITECH CONSTRUCTION CORP. (hereinafter referred to as "KALNITECH" or "Defendant"), by its attorneys, SACCO & FILLAS, LLP, submits the following response to Plaintiff FALLS LAKE NATIONAL INSURANCE COMPANY's ("FALLS LAKE") Rule 56.1 Statement of Material Facts dated May 30, 2023:

### RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS

1.  Falls Lake issued policy number SKP 2004493 10 to Kalnitech Construction Corp. ("Kalnitech") for the policy period of January 3, 2019 to January 3, 2020. See attached hereto as Exhibit "A" a redacted copy of the Policy issued by Falls Lake to Kalnitech.

    **RESPONSE:** Admitted.

2.  On March 11, 2019, General Contractor, ASK Electrical Corp. ("Ask") entered into a "Short Form Prime Contract Between Owner & Contractor" ("Prime Contract") with Owner, DAVS Partners LLC ("DAVS") for the project known as 217-14 Hempstead Avenue, Queens

1

Village, NY 11429. See attached hereto as **Exhibit "B"** a copy of the Prime Contract that was included in Exhibit A of DAVS' and Ask's Supplemental Response to Plaintiff's First Set of Requests for Documents and Other Disclosure, which is also attached hereto.

RESPONSE: Denied. Exhibit "B" to Plaintiff's L.R. 56.1 Statement of Material Facts does not include a copy of said Short Form Prime Contract Between Owner & Contractor (the "Prime Contract") dated March 11, 2019. Instead, Exhibit "B" to Plaintiff's L.R. 56.1 Statement of Material Facts contains a copy of the Master Subcontract between KALNITECH and Ask dated March 12, 2019, which is identical to Exhibit "C" to Plaintiff's L.R. 56.1 Statement of Material Facts

3. The Prime Contract was for the following work: complete renovation and buildout. (Ex. B).

RESPONSE: Denied, as the Prime Contract referred to is not attached as Exhibit "B" to Plaintiff's L.R. 56.1 Statement of Material Facts. Instead, Exhibit "B" to Plaintiff's L.R. 56.1 Statement of Material Facts contains a copy of the Master Subcontract between KALNITECH and Ask dated March 12, 2019, which is identical to Exhibit "C" to Plaintiff's L.R. 56.1 Statement of Material Facts.

4. The Prime Contract, in Section 14, entitled Insurance Requirements, contained the following provision:

> The owner and their agents are to be named as an additional insured on a primary and non-contributory basis to the Contractor's Commercial General Liability and Umbrella policies using appropriate ISO forms that include Broad Form Contractual Liability, Premises Operations Liability, Contractual Liability, Advertising and Personal Injury Liability and Products/Completed Operations Liability, or by using a company specific endorsement that provides equivalent protection. Subcontractor's Commercial General Liability and Umbrella policies will not have any 3rd Part Action Over Exclusions or Employee Injury Exclusions. (Ex. B).

RESPONSE: Denied, as the Prime Contract referred to is not attached as Exhibit "B" to

Plaintiff's L.R. 56.1 Statement of Material Facts. Instead, Exhibit "B" to Plaintiff's L.R. 56.1 Statement of Material Facts contains a copy of the Master Subcontract between KALNITECH and Ask dated March 12, 2019, which is identical to Exhibit "C" to Plaintiff's L.R. 56.1 Statement of Material Facts.

5. On March 12, 2019, General Contractor, Ask, entered into an agreement with Kalnitech ("Kalnitech Master Subcontract"). See attached hereto as **Exhibit "C"** a copy of the Kalnitech Master Subcontract that was included in Exhibit A of DAVS' and Ask's Supplemental Response to Plaintiff's First Set of Requests for Documents and Other Disclosure, which is also attached hereto.

**RESPONSE:** Admitted.

6. The Kalnitech Master Subcontract Agreement, in Section 2, entitled Subcontractor's Work, contained the following provision:

> With respect to the Work covered by this Subcontract and any individual Work Order, and except as expressly modified herein, Subcontractor shall have all rights which Contractor has under the Contract Documents, and Subcontractor shall assume all obligations, risks and responsibilities which Contractor has assumed towards the Owner and third parties as applicable in the Contract Documents, and Subcontractor shall be bound to Contractor in the same manner and to the same extent that Contractor is bound to the Owner or said third parties. In case of a conflict between this Subcontract Agreement and the Contract Documents as incorporated herein, pursuant to each Work Order, the terms of the Work Order Shall prevail. (Ex. C).

**RESPONSE:** Admitted.

7. The Kalnitech Master Subcontract Agreement, in Section 4, entitled Subcontractor's Insurance, contained the following provision:

> Subcontractors General Liability policy shall be endorsed to include

3

>Blanket Additional Insured Endorsements CG2033 7/04 and CG2037 7/04 or acceptable equivalent forms. Subcontractor is required to include as additional insureds: the Owner, the Contractor and any other additional insured in the Owner/Contractor Agreement for ongoing work and completed operations; the additional insured coverage is on a primary and non-contributory basis. The Contractor's policy is excess of the Subcontractor's Insurance and the Contractor's insurance shall not be called upon to contribute to the Subcontractor's Insurance. (Ex. C).

**RESPONSE:** Admitted.

8. Espinoza's discovery responses in this action prove that Stalin Rodrigo Reyes Espinoza ("Espinoza") was employed by Jim Associates Corp. and that the claims in the Underlying Actions arise from that contract. See attached hereto as **Exhibit "D"** a copy of Espinoza's Response to Plaintiff's First Set of Requests and Other Disclosure and a copy Espinoza's Additional Disclosure.

**RESPONSE:** Admitted.

9. Jim Associates Corp. contracted with Ask to perform work at 217-14 Hempstead Avenue, Queens Village, NY 11429, as referenced here as the "Jim Associates Master Subcontract Agreement". See attached hereto as **Exhibit "E"** a copy of the Jim Associates Master Subcontract Agreement that was included in Exhibit A of DAVS' and Ask's Supplemental Response to Plaintiff's First Set of Requests for Documents and Other Disclosure, which is also attached hereto.

**RESPONSE:** Admitted.

10. The Jim Associates Master Subcontract Agreement provides the following provision in Section 4:

>6. Subcontractors General Liability policy shall be endorsed to include Blanket Additional Insured Endorsements CG2033 7/04 and

>CG2037 7/04 or acceptable equivalent forms. Subcontractor is required to include as additional insureds: the Owner, the Contractor and any other additional insured in the Owner/Contractor Agreement for ongoing work and completed operations; the additional insured coverage is on a primary and non-contributory basis. The Contractor's policy is excess of the Subcontractor's Insurance and the Contractor's insurance shall not be called upon to contribute to the Subcontractor's Insurance. (Ex. E).

**RESPONSE:** Admitted.

11. It is a matter of documentary evidence that Jim Associates performed that work in that Jim Associates submitted several invoices and/or proposals to Ask and Gus, the principal of Kalnitech, for work at 217-14 Hempstead Avenue, Queens Village, NY 11429, dated May 27, 2019, June 12, 2019, June 26, 2019, July 18, 2019, and September 3, 2019. See attached hereto as Exhibit "F" and Exhibit "G", respectively, a copy of Jim Associate's documents produced via subpoena, and a copy of Jim Associate's documents that were produced as Exhibit B of DAVS' and Ask's initial Response to Plaintiff's First Set of Requests for Documents and Other Disclosure, which is also attached hereto.

**RESPONSE**: Admits that invoices dated June 26, 2019 and September 3, 2019 have been exchanged in discovery, as evidenced by Exhibits "F" and "G" to Plaintiff's L.R. 56.1 Statement of Material Facts, but denies that same evidences "that work" was performed. KALNITECH further denies that any invoices were submitted to KALNITECH and that the proposals purportedly submitted to KALNITECH on May 27, 2019 and June 12, 2019 are merely proposals and not evidence of work performed. Furthermore, such Proposals include "Client Signature" in the signature line and did not require KALNITECH's signature.

As evidenced by Exhibit B included in Exhibit "G" of Plaintiff's L.R. 56.1 Statement of Material Facts, the May 27, 2019 proposal was forwarded by electronic mail from KALNITECH to Ask on May 29, 2019. *Id.*

As evidenced by Exhibit B included in Exhibit "G" of Plaintiff's L.R. 56.1 Statement of Material Facts, the June 12, 2019 proposal names the customer as "Gus", but there is no evidence that such proposal was ever submitted to KALNITECH. *Id.*

As evidenced by Exhibit "F" of Plaintiff's L.R. 56.1 Statement of Material Facts, the Proposal dated July 18, 2019 was submitted to Ask, not KALNITECH. *Id.*

12. The claim in the Underlying Actions is that on June 28, 2019, Espinoza allegedly sustained injuries while working at 217-14 Hempstead Avenue, Queens Village, NY 11429 during the course of his employment with Jim Associates. A copy of the complaint from the First Action filed by Espinoza is attached hereto as **Exhibit "H"**.

**RESPONSE:** Admits that it is alleged in the Underlying Actions, *Stalin Rodrigo Reyes Espinoza v. Davs Partners LLC and Kalnitech Construction Company*, filed in the Supreme Court of the State of New York, County of Kings, Index No. 515197/2019 (the "First Action") and *Stalin Rodrigo Reyes Espinoza v. Ask Electrical Contracting Corp.,* filed in the Supreme Court of the State of New York, County of Kings County, Index No. 514760/2022 (the "Second Action"), that Espinoza sustained an injury at the premises located at 217-14 Hempstead Avenue, Queens, New York, but denies that it is alleged in the Underlying Actions that such injury was sustained during the course of Espinoza's employment with Jim Associates. *See* Exhibits "G" and "H" of Plaintiff's L.R. 56.1 Statement of Material Facts.

13. Espinoza commenced the lawsuit captioned Stalin Rodrigo Reyes Espinoza v. Davs Partners LLC and Kalnitech Construction Company, filed in the Supreme Court of the State of New York, County of Kings under Index Number 515197/2019 (the "First Action"). (Ex. H).

**RESPONSE**: Admitted.

6

14. Espinoza later commenced the lawsuit captioned Stalin Rodrigo Reyes Espinoza v. Ask Electrical Contracting Corp., filed in the Supreme Court of the State of New York, County of Kings County under Index Number 514760/2022 ("The Second Action"). A copy of the complaint from the Second Action filed by Espinoza is attached hereto as **Exhibit "I"**.

**RESPONSE:** Admitted.

15. Falls Lake denied coverage to Kalnitech and all parties as to the claims from the Espinoza accident as asserted in both the First and Section Action by letters dated September 3, 2019, September 16, 2019, and June 20, 2022 (attached hereto collectively as Exhibit "J") and amended the complaint in this action for relief as to all parties as to the both of the Underlying Actions. A copy of the amended complaint is attached hereto as **Exhibit "K"**.

**RESPONSE:** Admitted.

16. During the course of the litigation, Falls Lake learned that plaintiff was employed by Jim Associates and, Falls Lake was also provided the Prime Contract, Master Subcontract, and several documents pertaining to Jim Associates and its employment relationship with Ask. (Exs. B – G).

**RESPONSE:** Can neither admit nor deny the accuracy and validity of Plaintiff's statement as the assertions contained therein are not supported by Affidavit from Plaintiff or by the documentary evidence appended to Plaintiff's L.R. 56.1 Statement of Material Facts as Exhibits "B" through "G".

17. During the course of the litigation, Kalnitech has produced in response to the plaintiff's discovery demands, deposition transcript(s) of Dwayne Hudson on behalf of Davs, Espinoza and Kostas Stoupakis, attached hereto as Exhibit "L", "M", and "N".

**RESPONSE:** Admitted

18. Such documents prove that Ask and Davs are additional insureds on the Falls Lake Policy. (Ex. A-G).

**RESPONSE:** Admits only that the document annexed to Plaintiff's Statement of Material Facts as Exhibit C establishes that ASK is an additional insured under the Falls Lake Policy, and denies that Exhibits A, B, D, E, F and G establish same.

Denies that such documents prove that DAVS is an additional insured on the Falls Lake Policy. None of the referenced exhibits contain evidence of same.

19. Such documents prove that Espinoza was an employee of a contractor of any insured on the Falls Lake Policy. (Ex. A-G).

**RESPONSE:** Denied.

20. Accordingly, the information provided made it clear that the Falls Lake policy's "Exclusion – Injury to Employees, Contractors and Employees of Contractors" endorsement barred coverage to all claims pertaining to Espinoza's alleged injury. (Ex. A).

**RESPONSE**: Denied, as Falls Lake has failed to prove that Espinoza was an employee of any insured under the Falls Lake Policy. Furthermore, the allegations set forth by Espinoza in the Underlying Actions give rise to Falls Lake's duty to provide KALNITECH with a defense under the Falls Lake Policy.

Dated: Astoria, New York
June 23, 2023

                                BY: /s/ Morris J. Schlaf
                                Morris Schlaf, Esq.
                                **SACCO & FILLAS, LLP**
                                *Attorneys for Defendant Kalnitech Construction Corp.*
                                31-19 Newtown Avenue
                                Astoria, NY 11102,
                                (718) 269-2226
                                File No.: 28464-22