

# MIRANDA SLONE SKLARIN VERVENIOTIS LLP

MICHAEL A. MIRANDA*
STEVEN VERVENIOTIS
ONDINE SLONE
RICHARD S. SKLARIN°
MAURIZIO SAVOIARDO
ANDREW B. KAUFMAN±
LAWRENCE S. WASSERMAN*

———

*ALSO ADMITTED IN NEW JERSEY
□ALSO ADMITTED IN FLORIDA
±ALSO ADMITTED IN DISTRICT OF COLUMBIA
° RESIDENT IN WESTCHESTER

THE ESPOSITO BUILDING
240 MINEOLA BOULEVARD
MINEOLA, NY 11501
TEL. (516) 741-7676
FAX (516) 741-9060

WWW.MSSSV.COM

BRANCH OFFICES:
WESTCHESTER, NY
NEW YORK, NY
WOODBRIDGE, NJ

SENIOR COUNSEL
LOUISE FASANO
ABRAHAM WARMBRAND
LAURA ALTO
GABRIELLA CAMPIGLIA

———

ASSOCIATES
RICHARD B. EPSTEIN
CHRISTOPHER J. LAMPERT*
BRANDON H. DORMAN
ANDRÉ S. HAYNES
JOSHUA A. SCERBO°
WALDER THAME-TURNER°

WRITER'S E-MAIL:
sverveniotis@msssv.com

WRITER'S DIRECT DIAL:
516-741-8488

November 1, 2023

Judge Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Courtroom 6C South
Brooklyn, New York 11201

      Re:    Falls Lake Nat'l Ins. Co. v. Kalnitech Constr. Corp. et. al.
            Docket No:    1:22-cv-01473-KAM-PK
            Our File No:   19-208

Dear Judge Matsumoto,

      I represent the plaintiff, Falls Lake National Insurance Company ("Falls Lake"), and I write, pursuant to Your Honor's Order of July 14, 2023, which granted leave to renew plaintiff's request for a pre-motion conference for a motion for summary judgment by November 1, 2023, to renew the prior request. Plaintiff submits that the case is ripe for a ruling as a matter of law in that the parties have completed discovery and the facts that are dispositive as to the insurance coverage issues are not in dispute. A copy of Falls Lake's revised Rule 56.1 Statement with exhibits is annexed hereto, and hard copies of same are being sent to chambers. The parties also are working on a joint deposition transcript appendix, and our proposed designation of deposition transcripts is referenced in the revised Rule 56.1 Statement submitted with this letter.

      This case concerns the denial of coverage by Falls Lake and a request for a declaratory judgement that it has no duty to defend or indemnify any party in this action under the terms of the policy issued by Falls Lake to Kalnitech Construction Company ("Kalnitech") as to the accident and claims asserted in both the underlying action captioned <u>Stalin Rodrigo Reyes Espinoza v. Davs Partners LLC and Kalnitech Construction Company</u>, filed in the Supreme

**MIRANDA SLONE SKLARIN VERVENIOTIS LLP**

---

**1:22-CV-01473-KAM-PK - LETTER TO JUDGE MATSUMOTO FOR PRE-MOTION CONFERENCE**
**NOVEMBER 1, 2023**
**PAGE 2 OF 3**

Court of the State of New York, County of Kings under Index Number 515197/2019 (the "First Action") and the lawsuit entitled <u>Stalin Rodrigo Reyes Espinoza v. Ask Electrical Contracting Corp.</u>, filed in the Supreme Court of the State of New York, County of Kings County under Index Number 514760/2022 ("The Second Action"), (both lawsuits are collectively referred hereto as the "Espinoza Actions" and "Underlying Actions"). Falls Lake has denied coverage but is affording a defense to Kalnitech subject to the determination of a court of competent jurisdiction as to the rights and obligation of the plaintiff under the policy of insurance issued to Kalnitech. Both lawsuits arise from the same incident in which Stalin Rodrigo Reyes Espinoza ("Espinoza") was allegedly injured on June 28, 2019, while working at 217-14 Hempstead Avenue, Queens, NY 11429 (the "premises") as an employee of Jim Associates Corp. Relief is sought in this action in that the policy issued by Falls Lake, by operation of the "Exclusion of Injury to Employees, Contractors and Employees of Contractors" endorsement removes from coverage claims that arise from injuries to employees of contractors working for any insured and the claims in the Espinoza Actions assert such claims, barred from coverage.

Falls Lake submits that a ruling is now warranted as a matter of law based upon the documentary evidence produced during discovery in this case, including the relevant contracts and subcontract agreements, as well as discovery and depositions from the Underlying Actions as to the basis for the claims asserted in said proceedings. The language of the Falls Lake policy is not disputed, and the evidence from the state court cases also is a matter of record and proves that the policy's "Exclusion of Injury to Employees, Contractors and Employees of Contractors" endorsement applies to bar coverage to all insureds, including additional insureds, as to all claims in the Espinoza Actions arising from an injury to Espinoza as a worker.

As detailed in the accompanying 56.1 statement, the relevant evidence produced by the parties to this action and the underlying actions, as to who was involved in the construction work at issue, which was DAVS Partners LLC ("DAVS"), Ask Electrical Contracting Corp. ("Ask"), Kalnitech, and Jim Associates Corp., starts with the contracts and subcontracts as to the work that Espinoza references in the Espinoza Actions. On March 11, 2019, Ask ("Contractor") and DAVS ("Owner") entered into a "Short Form Prime Contract Between Owner & Contractor" as to the work performed at the premises (referred herein as the "Prime Contract"). The Prime Contract required Ask to indemnify and name DAVS and their agents as an additional insured on its insurance policies. On March 12, 2019, Ask and Kalnitech entered into a "Master Subcontract Agreement" as to work performed at the premises. The Master Subcontract Agreement required Kalnitech to indemnify and name as additional insureds on its insurance policies Ask, the owner (DAVS) and all parties required under the Owner/Contractor Agreement with respect to claims that arise from the work of Kalnitech at the premises. Ask and Jim Associate's Corp, also entered into a "Master Subcontract Agreement" which contained similar indemnity and additional insured requirements. Further, the parties to this action have produced email communications between Jim Associates Corp., and David Kleeman, the principal of both Ask and DAVS, as well as communications between Jim Associates Corp. and Kalnitech, which contain a June 26, 2019 invoice from Jim Associates Corp. for the work performed at the premises as well as a May 27,

**MIRANDA SLONE SKLARIN VERVENIOTIS LLP**

---

**1:22-CV-01473-KAM-PK - LETTER TO JUDGE MATSUMOTO FOR PRE-MOTION CONFERENCE**
**NOVEMBER 1, 2023**
**PAGE 3 OF 3**

2019 and a June 12, 2019 proposal from Jim Associates Corp., also reflected in Jim Associates' response to subpoena in the Underlying Actions, as well as depositions in the state court cases.

Given those contracts and relationships of the parties, the evidence set forth in the accompanying 56.1 statement proves that the claims that arise from same are barred from coverage under the Falls Lake policy. First of all, Espinoza, in the Underlying Action, claims that he was injured in an accident while working as an employee of Jim Associates on the relevant construction project at the premises. Espinoza has asserted claims against DAVS, Ask, and Kalnitech as responsible for his accident/injuries on the basis that Jim Associates was a contractor working for DAVS, Ask, and Kalnitech. Those parties, DAVS, Ask, and Kalnitech, also have asserted claims against each other for contribution and indemnification such that if they are held liable to Espinoza, they each will seek recovery from the others as to the liability to Espinoza. Those are the claims presented for coverage under the Falls Lake policy, both as to claims against Kalnitech, as the insured, as well as DAVS and Ask, as purported additional insureds. Regardless of the validity of the claims, none is covered under the Falls Lake policy.

Since the Policy's "Exclusion of Injury to Employees, Contractors and Employees of Contractors" endorsement bars coverage to all insureds, including additional insureds, as to all claims, including claims for contractual contribution and indemnification, arising from an injury to any worker of a contractor working for any insured, Falls Lake has properly denied coverage to all and is entitled to a declaration that it has no obligation to defend or indemnify any party as to claims in the Underlying Actions. On that basis, Falls Lake requests a pre-motion conference so that it may move for summary judgment for a declaration that it has no obligation to defend and indemnify the parties as the claims asserted in or that may arise from the Espinoza Actions.

Falls Lake proposes the following briefing schedule which has been circulated to counsel, but no response provided yet by defendants:

- Plaintiff shall move for summary judgment by December 22, 2023;
- Defendants shall file opposition and/or cross-motions by January 22, 2024;
- Plaintiff will file reply on the motion and opposition on the cross-motion by February 21, 2024; and
- Defendants will file reply on the cross-motions by March 21, 2024.

Respectfully submitted,
**MIRANDA SLONE SKLARIN VERVENIOTIS LLP**
s/Steven Verveniotis
Steven Verveniotis

cc: All counsel of record by ECF

Enc.: Rule 56.1 Statement and exhibits