SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------------------------X
STALIN RODRIGO REYES ESPINOZA,

              Plaintiff,

  -against-

DAVS PARTNERS LLC and KALNITECH
CONSTRUCTION COMPANY,

             Defendants.
----------------------------------------------------------X

Index No.: 515197/2019

**VERIFIED ANSWER TO THE VERIFIED COMPLAINT, AFFIRMATIVE DEFENSES AND CROSS-CLAIMS**

      Defendant Kalnitech Construction Corp. i/p/a Kalnitech Construction Company ("Kalnitech Construction"), by and through its attorneys, The Law Offices of Michael Swimmer, as and for its Verified Answer to plaintiff Stalin Rodrigo Reyes Espinoza's ("plaintiff") Verified Complaint, states as follows:

      1.      Kalnitech Construction denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs "1", "3", "4", "5", "6" and "7" of the Verified Complaint.

      2.      Kalnitech Construction denies the truth of the allegations set forth in Paragraph "2" of the Verified Complaint.

      3.      Kalnitech Construction denies the truth of the allegations set forth in Paragraphs "8", "9", "10" and "11" of the Verified Complaint, except to admit that it is a domestic business corporation organized and existing under the laws of the State of New York.

### ANSWER TO FIRST CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF

4. By way of response to Paragraph "12" of the Verified Complaint, Kalnitech Construction repeats and realleges the allegations set forth in Paragraphs 1 through 3 above as if fully set forth herein.

5. Kalnitech Construction denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs "13", "14", "15", "16", "17", "18", "19", "20", "21", "24", "25", "28" of the Verified Complaint.

6. Kalnitech Construction denies the truth of the allegations set forth in Paragraphs "22" and "23" of the Verified Complaint. By way of further response to those paragraphs, Kalnitech Construction states that its contract was not with defendant DAVS Partners, LLC ("DAVS Partners").

7. Kalnitech Construction denies the truth of the allegations set forth in Paragraphs "26", "27", "29", "30", "31", "32", "33", "34" and "35 of the Verified Complaint. By way of further response to those paragraphs, Kalnitech Construction states that it was already off the job site by the date of the alleged accident.

### ANSWER TO SECOND CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF

8. By way of response to Paragraph "36" of the Verified Complaint, Kalnitech Construction repeats and realleges the allegations set forth in Paragraphs 1 through 7 above as if fully set forth herein.

9. Kalnitech Construction denies the truth of the allegations set forth in Paragraphs "37", "38", "39", "40", "41", "42", "43", "45", "46", "47", "48" and "49" of the Verified Complaint.

10. Kalnitech Construction denies the truth of the allegations set forth in Paragraphs "44", "50", "51", "53", "54", "55", "56", "57", "58" and "59" of the Verified Complaint, except to admit that it was hired to perform certain construction work and that the work was completed before the date of the alleged accident. By way of further response to the allegations set forth in said paragraphs, Kalnitech Construction respectfully refers all questions of law to the Court.

11. Kalnitech Construction denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs "49" and "52" of the Verified Complaint.

### ANSWER TO THIRD CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF

12. By way of response to Paragraph "60" of the Verified Complaint, Kalnitech Construction repeats and realleges the allegations set forth in Paragraphs 1 through 11 above as if fully set forth herein.

13. Kalnitech Construction denies the truth of the allegations set forth in Paragraphs "61", "62", "63", "64", "65", "66" and "67" of the Verified Complaint, and respectfully refers all questions of law to the Court.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

14. Upon information and belief, Kalnitech Construction has no liability to the plaintiff by reason of the plaintiff having undertaken conduct such as to assume the risk of injury.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

15. Upon information and belief, any damage or damages sustained by the plaintiff herein were not caused by wrongdoing on the part of Kalnitech Construction, its servants, agents or employees, but were caused, in whole or in part, by the wrongdoing of the plaintiff and that such conduct requires diminution of any award, verdict or judgment that the plaintiff may recover against Kalnitech Construction.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

16. Pursuant to CPLR 4545(c), any award to the plaintiff for economic loss shall be reduced by the amount of economic loss received by collateral sources.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

17. Plaintiff has failed to take necessary measures to mitigate the damages complained of herein.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

18. If Kalnitech Construction is found liable for the occurrence and damages as alleged in the Verified Complaint or any part thereof, the share of liability of Kalnitech Construction is fifty percent or less of the total liability assigned to all persons liable, and consequently, pursuant to Section 1601 of the CPLR, Kalnitech Construction's liability, if any, for non-economic loss shall not

exceed Kalnitech Construction's equitable share as determined in accordance with the relative culpability to the total liability for the plaintiff's alleged non-economic loss.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

19. Plaintiff's recovery is limited by Section 15-108 of the General Obligations Law.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

20. Plaintiff's recovery must be reduced as a result of the plaintiff's comparative negligence.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

21. Any dangerous condition referred to in the Verified Complaint alleged to have caused the plaintiff's injuries constituted an open, obvious and notorious situation of which the plaintiff was or should have been aware.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

22. Any defect referred to in the Verified Complaint alleged to have caused the plaintiff's injuries was trivial.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

23. Plaintiff's Verified Complaint must be dismissed as the result of having failed to name a necessary and indispensable party.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

24. If the plaintiff sustained any damages as alleged in the Verified Complaint, such damages resulted from intervening and/or superseding causes over which Kalnitech Construction had no control.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

25. If damages are recoverable against Kalnitech Construction, the amount of such damages shall be diminished by the amount of the funds which the plaintiff has received or shall receive from collateral sources.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

26. The within action brought by the plaintiff against Kalnitech Construction is frivolous in nature and as a result, Kalnitech Construction is entitled to recover costs and attorney's fees pursuant to CPLR § 8303-a.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

27. Kalnitech Construction was not properly served in this action in accordance with the CPLR and/or BCL and, thus, jurisdiction is lacking.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

28. The negligent acts complained of in the Verified Complaint were committed by third parties over which Kalnitech Construction had no control or right of control.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

29. Plaintiff's claims are or may be precluded, in whole or in part, by applicable statutes of limitations.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

30. The Verified Complaint fails to set forth a cause of action upon which relief may be granted.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

31. Pursuant to CPLR § 1412, any damages sustained by the plaintiff were caused by the culpable conduct of the plaintiff, including contributory

negligence and/or assumption of the risk, and not by the culpable conduct or negligence of Kalnitech Construction.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

32. Plaintiff did not suffer a serious injury as defined by Section 5102 of the Insurance Law of the State of New York, and therefore, has not suffered economic loss greater than basic economic loss as defined in that section of the Insurance Law.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

33. Any violation of Sections 200, 240 and/or 241 of the New York Labor Law, which is expressly denied, did not proximately cause the plaintiff's injuries.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

34. Plaintiff has no right of recovery against Kalnitech Construction because sufficient safety equipment was made available to the plaintiff but he failed to use it.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

35. Plaintiff has no right of recovery against Kalnitech Construction because the plaintiff ignored instructions he was given regarding the work being performed and the proper use of equipment.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

36. Plaintiff was not a lawful employee or worker entitled to the protections of Sections 200, 240 and/or 241 of the New York Labor Law.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

37. Plaintiff's claims are barred by New York's Workers' Compensation Law.

**WHEREFORE**, Kalnitech Construction demands judgment dismissing the Verified Complaint herein with costs, or alternatively, if the pleading shall not be dismissed, that the amount of damages otherwise recoverable against Kalnitech Construction be diminished in proportion to the culpable conduct attributable to the plaintiff and that of any other defendants.

### DENIAL OF ALL CROSSCLAIMS

1. Kalnitech Construction, by way of response to all cross-claims asserted against it by the other defendants in this action, or which shall be asserted against it, denies each and every allegation contained therein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE
### TO CROSS-CLAIMS

1. Defendant has no right of recovery against Kalnitech Construction because its cross-claims fail to set forth causes of action upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE
### TO CROSS-CLAIMS

2. Defendant has no right to contractual indemnification from Kalnitech Construction because such claims are barred by General Obligations Law §§ 5-322, *et seq.*

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE
### TO CROSS-CLAIMS

3. Defendant has no right of recovery against Kalnitech Construction because the plaintiff did not suffer a "grave injury."

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE
### TO CROSS-CLAIMS

4. Defendant has no right of recovery against Kalnitech Construction because there was no contract in effect at the time of the accident which required contractual indemnification or the purchase of additional insured coverage.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE
### TO CROSS-CLAIMS

5. To the extent Kalnitech Construction had a contractual obligation to purchase additional insured coverage for the benefit of the defendant, which obligation is expressly denied, such coverage was not available for purchase at the time and place and in the form required.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE
### TO CROSS-CLAIMS

6. If Kalnitech Construction is found liable for the occurrence and damages as alleged in the Verified Complaint or any part thereof, its share of liability is fifty percent or less of the total liability assigned to all persons liable, and consequently, pursuant to Section 1601 of the CPLR, Kalnitech Construction's liability, if any, for non-economic loss shall not exceed its equitable share as determined in accordance with the relative culpability to the total liability for the plaintiff's alleged non-economic loss.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE TO CROSS-CLAIMS

7. Any amount defendant may be entitled to from Kalnitech Construction by way of contract, indemnification or additional insured coverage, is secondary and excess to amounts due and owing from defendant's other contractors and/or its own insurers.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE TO CROSS-CLAIMS

8. All affirmative defenses asserted in response to plaintiff's claims herein are hereby incorporated by reference and are also asserted against defendant's cross-claims.

**WHEREFORE**, Kalnitech Construction demands judgment dismissing all cross-claims asserted against it in this action with costs, or alternatively, if such pleading shall not be dismissed, that the amount of damages otherwise recoverable against Kalnitech Construction be diminished in proportion to the culpable conduct attributable to the plaintiff, and that of any other defendants, including, but not limited to, co-defendant.

### CROSSCLAIMS AGAINST CO-DEFENDANTS

Defendant Kalnitech Construction Corp. i/p/a Kalnitech Construction Company ("Kalnitech Construction"), as and for its cross-claims against defendants, hereby allege as follows:

### AS AND FOR A FIRST CROSS-CLAIM

1. If the plaintiff was caused to sustain damages at the time and place set forth in his Verified Complaint through any carelessness, recklessness and/or negligence other than the plaintiff's own, such damages were sustained in whole

or in part by reason of the carelessness, recklessness and negligence and/or negligent acts of omission or commission of the defendants, their agents, servants and/or employees.

2. Further, if plaintiff should obtain a judgment recoverable against Kalnitech Construction, then the defendants shall be liable to Kalnitech Construction on the basis of apportionment of responsibility for the alleged occurrence and Kalnitech Construction is entitled to contribution and indemnification for any judgment over and against the defendants for all or part of any verdict or judgment plaintiff may recover in such amounts as the Court or a jury may direct.

## AS AND FOR A SECOND CROSS-CLAIM

3. Kalnitech Construction repeats and realleges the allegations set forth in its First Cross-claim above as if fully set forth herein.

4. If plaintiff should obtain a judgment recoverable against Kalnitech Construction, the defendants shall have an obligation to contractually indemnify and provide insurance for Kalnitech Construction to pay said judgment.

5. The defendants' insurance shall be primary and non-contributory and must pay and fully exhaust before Kalnitech Construction shall have any obligation to pay any judgment.

6. To the extent such insurance was not purchased, the defendants shall have breached the terms of applicable written agreements.

**WHEREFORE,** Kalnitech Construction demands Judgment on all of its Cross-claims set forth above, together with attorney's fees, costs of suit, pre- and

post-judgment interest, and any other relief this Court shall deem to be appropriate.

Dated: New York, New York
November 4, 2019

         THE LAW OFFICES OF MICHAEL SWIMMER

         By: _____

         Robert M. Brigantic, Esq.
         Attorneys for Defendant
         *Kalnitech Construction Corp. i/p/a Kalnitech Construction Company*
         605 Third Avenue, 9th Floor
         New York, New York 10158
         Tel: (646) 218-2803
         Fax: (212) 355-0162

TO:

Christopher J. Gorayeb, Esq.
**GORAYEB & ASSOCIATES, P.C.**
100 William Street, Suite 1900
New York, New York 10038
(212) 267-9222
*Attorneys for Plaintiff Stalin Rodrigo Reyes Espinoza*

Keith H. Richman, Esq.
**BRICHMAN & LEVINE, P.C.**
666 Old Country Road, Suite 101
Garden City, NY 11530
(516) 228-9444
*Attorneys for Defendant DAVS Partners, LLC*

## VERIFICATION

STATE OF NEW YORK  )
                                    ) ss.:
COUNTY OF NEW YORK  )

      **ROBERT M. BRIGANTIC**, an attorney admitted to practice law in the courts of the State of New York, affirms as follows:

      1.    That the undersigned is counsel to the Law Offices of Michael Swimmer, attorneys of record for defendant Kalnitech Construction Corp. i/p/a Kalnitech Construction Company in the within action; that the undersigned has read the foregoing document and knows the contents thereof; that the same are true to affirmant's own knowledge, except as to matters therein stated to be alleged on information and belief; and as to those matters affirmant believes them to be true.

      2.    The reason this verification is made by deponent and not by defendant is because defendant does not reside or maintain an office in the County where your affirmant's office is located.

      3.    The grounds of affirmant's belief as to all matters not stated to be upon affirmant's own knowledge are investigative material contained in affirmant's file.

      The undersigned affirms that the foregoing statements are true under penalty of perjury.

DATED:  New York, New York
             November 4, 2019

                                                        ROBERT M. BRIGANTIC

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------X
STALIN RODRIGO REYES ESPINOZA,

     Plaintiff,

 -against-

DAVS PARTNERS LLC and KALNITECH
CONSTRUCTION COMPANY,

     Defendants.
------------------------------------------------------------------X

Index No.: 515197/2019

---

**VERIFIED ANSWER TO THE VERIFIED COMPLAINT, AFFIRMATIVE DEFENSES AND CROSS-CLAIMS**

---

Robert M. Brigantic, Esq.
THE LAW OFFICES OF MICHAEL SWIMMER
605 3rd Avenue, 9th Floor
New York, New York 10158
(646) 218-2803
Fax: (212) 355-0162
*Attorneys for Defendant
Kalnitech Construction Corp. i/p/a
Kalnitech Construction Company*

**TO:**

Christopher J. Gorayeb, Esq.
**GORAYEB & ASSOCIATES, P.C.**
100 William Street, Suite 1900
New York, New York 10038
(212) 267-9222
*Attorneys for Plaintiff Stalin Rodrigo Reyes Espinoza*

Keith H. Richman, Esq.
**BRICHMAN & LEVINE, P.C.**
666 Old Country Road, Suite 101
Garden City, NY 11530
(516) 228-9444
*Attorneys for Defendant DAVS Partners, LLC*