SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------------X
STALIN RODRIGO REYES ESPINOZA           Index No.: 514760/2022
                    Plaintiff,

                                           **RESPONSE TO**
                                           **COMBINED DEMANDS**

      -against-

ASK ELECTRICAL CONTRACTING CORP.,
                    Defendants.
---------------------------------------------------------------------X

**PLEASE TAKE NOTICE**, that defendant ASK ELECTRICAL CONTRACTING CORP. by their attorneys, the LAW OFFICES OF KEVIN P. WESTERMAN, as and for their response to the Notice for Discovery & Inspection dated October 21, 2022, sets forth the following upon information and belief:

## GENERAL OBJECTIONS

1. Demand seeks information that is privileged from discovery by virtue of the attorney-client and attorney work product privileges.

2. Demand seeks irrelevant information and/or information that is not likely to lead to discovery of relevant information.

3. Demand is overly broad and unduly burdensome.

4. Demand contains terms or phrases which are vague, ambiguous and/or undefined.

5. Demand fails to identify the information or category of information that is sought with reasonable particularity.

6. Demand seeks information which was previously provided, and/or can easily be obtained by deposition.

7. Demand requests information outside the scope of Rule 33.3.

8. These General Objections are continuing and are incorporated by reference in each and every response set forth below.

9. By providing the information below, Defendant does not in any way waive or intend to waive but rather intends to preserve and is preserving (a) all objections to competency, relevance, materially and admissibility of the responses or the subject matter thereof; (b) all

objections as to vagueness, ambiguity, or undue burdensome; (c) all rights to objects on any ground to the use of any of said responses or the subject matter thereof, in any subsequent proceedings, including the trial of this or any other actions; and (d) all rights to objects on any ground to any request for further responses to these or any other discovery requests involving or relating to the subject matter of these Interrogatories.

10. Defendants' responses are based upon information and documents presently known to Defendants and Defendants reserve the right to present at trial additional information discovered subsequently.

11. Defendants further object on the grounds that the pleading is vague and confusing as it is labelled a demand to LASER but asks that NATIONAL GRID and RESIDENTIAL provide said information.

## **RESPONSE TO DEMANDS**

1.  Annexed hereto as Exhibit A is a copy of the lease agreement for the aforementioned premises and agreement dated March 11, 2019.

2.  Attached hereto as Exhibit B is the subcontract agreement with KALNITECH CONSTRUCTION CORP.

3.  Attached hereto as Exhibit C are copies of the subcontract and invoices between ASK to JIM ASSOCIATES.

4.  ASK is not in possession of any additional contracts, work orders or invoices with reference to the situs of the alleged incident.

5.  ASK is not in possession of the identity of the trades working on June 28, 2019 and 60 days prior thereto other than those referenced above.

6.  See response 4.

7.  See Exhibits B and C.

8.  ASK is not in possession of any accident or incident reports.

9.  ASK is not in possession of any accident or incident reports. See also response above.

10. ASK is not in possession of progress records, daily reports and/or logs.

11. ASK is not in possession of any project meeting minutes.

12. ASK is not in possession of any safety meeting minutes.

13. ASK is not in possession of any site safety meeting minutes.

14. ASK is not in possession of general contractor's superintendent's and personnel logs.

15. ASK is not in possession of any blueprints and drawings.

16. ASK is currently not in possession of any video surveillance of plaintiff.

17. ASK is not in possession of any progress photos.

18. Attached hereto as Exhibit D are two (2) photographs in defendant's possession.

19. ASK is not in possession of any and all statements, whether written, oral, or otherwise of plaintiff.

20. ASK is not in possession of witnesses to the accident of, and/or all notice witnesses to said accident and/or all witnesses to said accident and/or all witnesses to the prior existing condition that caused the accident other than the parties and those listed in any accident/incident reports.

21. – 23. ASK has not yet retained an expert(s) expected to testify at the trial in this matter. If and when an expert is retained, disclosure will be made pursuant to the CPLR.

24.-26. Defendant Ask Electric maintained primary insurance coverage through Harleysville Insurance Company under Policy Number SPP00000027415U limits of $1,000,000. Ask Electric also maintained excess/umbrella coverage with Harleysville Worcester Insurance Company under policy number CMB00000027416U with limits of $5,000,000. Attached hereto as Exhibit E are copies of the aforementioned insurance policies in effect at the time of the alleged incident.

27. See attached policies at Exhibit E.

28. ASK objects to this demand as it is vague, overbroad, palpably improper and will not lead to discoverable information. Answering further, see Exhibit E.

29. ASK objects to this demand as the information demanded is vague, overbroad, palpably improper and not likely to lead to discoverable information. See Exhibit E.

30. ASK is not aware of any additional lawsuits that would "erode" the policies attached hereto.

31. ASK objects to this demand as the amount of attorneys' fees, if any, is vague, overbroad, palpably improper and privileged. Answering further, ASK is not in possession of the requested information.

32. ASK is not aware of any additional contracts other than those provided responsive to this demand.

**PLEASE TAKE FURTHER NOTICE**, that the defendant, ASK ELECTRICAL CONTRACTING reserves the right to update, amend and/or supplement the above responses, up until and including the time of trial, should further information or materials become available, in which event all parties will be promptly advised.

Dated: Garden City, New York
       June 14, 2023

Yours, etc.,

By_____
GEORGIA S. ALIKAKOS, ESQ.
LAW OFFICE OF KEVIN P. WESTERMAN
Attorneys for Defendant-
ASK ELECTRICAL CONTRACTING CORP.,
990 Stewart Avenue Suite 400
Garden City, New York 11530
Georgia.alikakos@nationwide.com
(516) 493-4501
(866) 909-6658 Fax

TO: GORAYEB & ASSOCIATES, P.C.
    Attorney for Plaintiff
    100 William Street, Suite 1900

FILED: KINGS COUNTY CLERK 06/14/2023 03:12 PM
NYSCEF DOC. NO. 12

Case 1:22-cv-01473-KAM-PK   Document 64-14   Filed 11/01/23   Page 5 of 6 PageID #: 1669
INDEX NO. 514760/2022
RECEIVED NYSCEF: 06/14/2023

New York, New York, 1900
New York, New York, 10038

THE KALNITECH AND JIM ASSOCIATES SUBCONTRACTS HAVE BEEN PROVIDED HERETO AS EXHIBIT M AND P.