# MMP&S

## MILBER MAKRIS PLOUSADIS & SEIDEN, LLP
### ATTORNEYS AT LAW
1000 Woodbury Road        Suite 402        Woodbury, NY 11797
Telephone: 516.712.4000        Fax: 516.712.4013
HTTP://WWW.MILBERMAKRIS.COM

December 1, 2023

*VIA NYED – ECF*
*AND FEDERAL EXPRESS*
*(Tracking No.  8149 5139 5789)*

Judge Kiyo A. Matsumoto
United States District Court, Eastern District of New York
225 Cadman Plaza East
Courtroom 6C
South Brooklyn, New York 11201

> Re:  *Falls Lake National Insurance Co. v. Kalnitech Constr. Corp. et. al.*
> Docket No:    1:22-cv-01473-KAM-PK
> Our File No:   10CVR-22715

Dear Hon. Judge Matsumoto:

Defendants ASK Electrical Contracting Corp. and DAVS Partners LLC ("ASK" and "DAVS," individually, and the "Responding Defendants" collectively) respectfully submit this letter in response to Plaintiff's November 1, 2023 letter requesting leave to file a motion for summary judgment in this coverage action and in compliance with Your Honor's November 2, 2023 Order directing the submission of same. This letter is accompanied by the Responding Defendants' Response to Plaintiff's Rule 56.1 Statement.

As set forth previously, in this action, Plaintiff, Falls Lake National Insurance Company, seeks to be relieved of its obligation to provide its insured, Defendant Kalnitech Construction Corp. ("Kalnitech"), with coverage in the two underlying actions commenced by Stalin Rodrigo Reyes Espinoza ("Espinoza") in the Supreme Court of the State of New York, County of Kings for injuries he allegedly sustained on June 28, 2019 in the course of his employment at a project located at 217-14 Hempstead Avenue, Queens, New York. Plaintiff also seeks to obtain a declaration that the Responding Defendants are not entitled to additional insured coverage purely on the basis of an exclusion within the policy of insurance issued by Plaintiff to Kalnitech (the "Falls Lake Policy"). In so doing, Plaintiff relies on a litany of extrinsic evidence to support its tenuous argument that the "Exclusion of Injury to Employees, Contractors and Employees of Contractors" endorsement applies so as to preclude such coverage.

However, it is well settled law in the State of New York that an insurer's duty to defend is broader than the duty to indemnify and an "insurer will be called upon to provide a defense whenever the allegations of the complaint suggest a reasonable possibility of coverage." *Regal Const. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 15 N.Y.3d 34 (2010). "If complaint contains any facts or allegations which bring the claim even potentially within the protection purchased, the insurer is obligated to defend. This standard applies equally to additional insureds and named insured[s]." *Id*. To be relieved of its duty to defend on the basis of a policy exclusion, "the insurer bears the heavy burden of demonstrating that the allegations of the complaint cast the pleadings wholly within that exclusion, that the exclusion is subject to no other reasonable interpretation, and that there is no possible factual or legal basis upon which the insurer may eventually be held obligated to indemnify the insured under any policy provision." *Frontier Insulation Contractors, Inc. v. Merchants Mut. Ins. Co.*, 91 N.Y.2d 169 (1997).

Here, the allegations in the underlying actions commenced by Espinoza trigger a duty to defend the Responding Defendants as it is alleged that Kalnitech's negligence caused or contributed to Espinoza's accident. The Falls Lake Policy includes a CG 2033 endorsement ("Additional Insured-Owners, Lessees or Contractors- Automatic Status When Required in Construction Agreement With You"), which provides, in relevant part**:**

> Section II- Who Is An Insured is amended to include as an additional insured any person or organization from whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:
>
> 1.   Your act or omissions; or
> 2.   The acts or omissions of those acting on your behalf;
>
> in the performance of your ongoing operations for the additional insured.

In support of Plaintiff's request for a pre-motion conference, Plaintiff asks this Court to look beyond the allegations in the Complaints to the Underlying Actions and consider extrinsic evidence that it contends supports its coverage position. However, it is submitted that such a request is frowned upon as New York State's highest Court has pointed out that "the courts of this State have refused to permit insurers to look beyond the complaint's allegations to avoid their obligation to defend." *Fitzpatrick v. Am. Honda Motor Co.*, 78 N.Y.2d 61 (1991).

Additionally, the Responding Defendants maintain that the endorsement to the Falls Lake Policy that Plaintiff seeks to rely upon in asking this Court to declare that it has no duty to defend its insured or to provide the Responding Defendants with additional insured coverage, is ambiguous and must be construed in favor of the insured(s). In *Hastings Dev., LLC v. Evanston Ins. Co.*, 701 F. App'x 40 (2d Cir. 2017), the Second Circuit examined a similarly worded

endorsement and held that the "ambiguity requires us to construe the policy language in favor of the insured." *Id.* at 44.

Finally, Plaintiff has failed to establish that it timely denied coverage to Kalnitech or to the Responding Defendants based upon the foregoing exclusion, as required by Insurance Law §3420(d). An insurer's failure to comply with the notice provisions of Insurance Law §3420(d) estops a carrier from later relying upon said exclusion. *See e.g, ROMCO Structural Sys. Corp. v. AXIS Ins. Co.*, 596 F. Supp. 3d 464 (E.D.N.Y. 2022).

For the foregoing reasons, it is respectfully submitted that the Plaintiff's request for leave to file a motion for summary judgment be denied in its entirety.

Respectfully submitted,

Lynsay A. Dyszler
Direct Dial: (516) 870-1151
ldyszler@milbermakris.com

LAS/lm

cc:     *All parties via NYED – ECF*