SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------X
STALIN RODRIGO REYES ESPINOZA,                Index No. 515197/2019

                        Plaintiff,            **VERIFIED ANSWER WITH
                                              AFFIRMATIVE DEFENSES
        -against-                             AND CROSS-CLAIMS**

DAVS PARTNERS LLC and KALNITECH
CONSTRUCTION COMPANY,

                        Defendants.
-------------------------------------------X

Defendant, DAVS PARTNERS LLC, by its attorneys, RICHMAN & LEVINE, P.C., answering Plaintiff's Verified Complaint, respectfully alleges as follows:

1. Defendant, DAVS PARTNERS LLC, denies upon lack of knowledge and information sufficient enough to form a belief as to each and every allegation contained in paragraph "1" of Plaintiff's Verified Complaint.

2. Defendant, DAVS PARTNERS LLC, denies each and every allegation contained in paragraph "2" of Plaintiff's Verified Complaint.

3. Defendant, DAVS PARTNERS LLC, denies each and every allegation contained in paragraph "3" of Plaintiff's Verified Complaint.

4. Defendant, DAVS PARTNERS LLC, denies each and every allegation contained in paragraph "4" of Plaintiff's Verified Complaint.

1

5. Defendant, DAVS PARTNERS LLC, admits each and every allegation contained in paragraph "5" of Plaintiff's Verified Complaint.

6. Defendant, DAVS PARTNERS LLC, denies each and every allegation contained in paragraph "6" of Plaintiff's Verified Complaint.

7. Defendant, DAVS PARTNERS LLC, admits each and every allegation contained in paragraph "7" of Plaintiff's Verified Complaint.

8. Defendant, DAVS PARTNERS LLC, denies each and every allegation contained in paragraphs "8", "9", "10" and "11" of Plaintiff's Verified Complaint

## AS TO THE FIRST CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF STALIN RODRIGO REYES ESPINOZA

9. Defendant, DAVS PARTNERS LLC, repeats and realleges the responses set forth hereinabove.

10. Defendant, DAVS PARTNERS LLC, admits each and every allegation contained in paragraphs "13" and "14" of Plaintiff's Verified Complaint.

11. Defendant, DAVS PARTNERS LLC, denies upon lack of knowledge and information sufficient enough to form a belief as to each and every allegation contained in paragraphs "15", "16" and "17" of Plaintiff's Verified Complaint.

12. Defendant, DAVS PARTNERS LLC, denies each and every allegation contained in paragraphs "18", "19", "20", "21" and

"22" of Plaintiff's Verified Complaint.

13. Defendant, DAVS PARTNERS LLC, admits each and every allegation contained in paragraph "23" of Plaintiff's Verified Complaint.

14. Defendant, DAVS PARTNERS LLC, denies each and every allegation contained in paragraphs "24", "25", "26" and "27" of Plaintiff's Verified Complaint.

15. Defendant, DAVS PARTNERS LLC, denies upon lack of knowledge and information sufficient enough to form a belief as to each and every allegation contained in paragraph "28" of Plaintiff's Verified Complaint.

16. Defendant, DAVS PARTNERS LLC, denies each and every allegation contained in paragraphs "29", "30", "31", "32", "33", "34" and "35" of Plaintiff's Verified Complaint.

**AS TO THE SECOND CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF STALIN RODRIGO REYES ESPINOZA**

17. Defendant, DAVS PARTNERS LLC, repeats and realleges the responses set forth hereinabove.

18. Defendant, DAVS PARTNERS LLC, denies each and every allegation contained in paragraphs "37", "38", "39", "40", "41", "42" and "43" of Plaintiff's Verified Complaint.

19. Defendant, DAVS PARTNERS LLC, admits each and every allegation contained in paragraph "44" of Plaintiff's Verified Complaint.

20. Defendant, DAVS PARTNERS LLC, denies upon lack of

knowledge and information sufficient enough to form a belief as to each and every allegation contained in paragraph "45" of Plaintiff's Verified Complaint.

21. Defendant, DAVS PARTNERS LLC, denies each and every allegation contained in paragraphs "46" and "47" of Plaintiff's Verified Complaint.

22. Defendant, DAVS PARTNERS LLC, denies upon lack of knowledge and information sufficient enough to form a belief as to each and every allegation contained in paragraphs "48" and "49" of Plaintiff's Verified Complaint.

23. Defendant, DAVS PARTNERS LLC, denies each and every allegation contained in paragraphs "50", "51", "52", "53", "54", "55", "56", "57", "58" and "59" of Plaintiff's Verified Complaint.

### AS TO THE THIRD CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF STALIN RODRIGO REYES ESPINOZA

24. Defendant, DAVS PARTNERS LLC, repeats and realleges the responses set forth hereinabove.

25. Defendant, DAVS PARTNERS LLC, denies upon lack of knowledge and information sufficient enough to form a belief as to each and every allegation contained in paragraphs "61" and "62" of Plaintiff's Verified Complaint.

26. Defendant, DAVS PARTNERS LLC, denies each and every allegation contained in paragraph "63" of Plaintiff's Verified Complaint.

4

27. Defendant, DAVS PARTNERS LLC, denies upon lack of knowledge and information sufficient enough to form a belief as to each and every allegation contained in paragraphs "64 and "65" of Plaintiff's Verified Complaint.

28. Defendant, DAVS PARTNERS LLC, denies each and every allegation contained in paragraphs "66" and "67" of Plaintiff's Verified Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

29. That Plaintiff's Verified Complaint fails to state a cause of action upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

30. That there are no damages due and/or owing from Defendant DAVS PARTNERS LLC, to Plaintiff.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

31. That damages suffered by Plaintiff, if any, are barred, in whole or in part, by the doctrines of set-off and/or recoupment.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

32. That Plaintiff has failed to mitigate its damages, if any.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

32. That there is no liability and/or duty owed by Defendant, DAVS PARTNERS LLC, to Plaintiff.

5

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

33. That at all times relevant hereto, Plaintiff was not employed by Defendant DAVS PARTNERS LLC, and did not perform any work on behalf of or in concert with the Defendant DAVS PARTNERS LLC.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

34. That if Plaintiff sustained damages as alleged in the Verified Complaint, then same were sustained in whole or in part by reason of culpable conduct and negligence on the part of Plaintiff. Defendant, DAVS PARTNERS LLC, pleads said culpable conduct and negligence of Plaintiff in diminution of any damages which may be found in this action.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

35. That Defendant, DAVS PARTNERS LLC, claims the benefit of each and every provision of CPLR 4545 including but not limited to any credit or effort by reason of any replacement or indemnification of costs or expenses from any collateral source.

### AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

36. If Defendants are found liable, then such liability is less than or equal to 50% of the total liability of all persons whom may be found liable; and therefore, Defendant, DAVS PARTNERS LLC, liability, if any, shall be limited to its equitable share pursuant to CPLR Article 16.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

37. To the extent applicable, Plaintiff has not sustained a

serious injury as defined by Section 5102 of the Insurance Law of the State of New York, and therefore, has not suffered economic loss greater than basic economic loss as defined in Section 5102 of the Insurance Law of the State of New York.

**AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE**

38. That all risks, hazards and dangers, if any, were open, obvious and apparent, natural and inherent and known or should have been known by Plaintiff, and that he participated in the activity in question and assumed the risks attendant to same.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

39. That the alleged injuries and damages sustained by Plaintiff were caused by the culpable conduct of others for whose acts and omissions the Defendant, DAVS PARTNERS LLC, bears no responsibility.

**AS AND FOR AN THIRTEENTH AFFIRMATIVE DEFENSE**

40. That there is no privity of contract between Plaintiff and Defendant DAVS PARTNERS LLC.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

41. That Defendant, DAVS PARTNERS LLC, did not have any actual or constructive notice of any defect that allegedly contributed to the accident alleged in the Verified Complaint.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

42. That the violation of Sections 200, 240 and/or 241 of the New York Labor Law, if any, did not proximately cause Plaintiff's alleged injuries.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

43. That sufficient safety equipment existed at the site of the alleged injury, however, Plaintiff failed to utilize same.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

44. That Plaintiff was not a lawful employee or worker entitled to the protections of Sections 200, 240 and/or 241 of the New York Labor Law.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

45. That Plaintiff's injuries/damages, if any, were caused by acts of third persons, entities or conditions over whom Defendant, DAVS PARTNERS LLC, had no control and/or duty to control.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

46. That Plaintiff's injuries/damages, if any, were the result of an independent, intervening cause for which Defendant, DAVS PARTNERS LLC, may not be held liable.

### AS AND FOR AN TWENTIETH AFFIRMATIVE DEFENSE

47. That Plaintiff's claims are barred by the New York Worker's Compensation Law.

### AS AND FOR A FIRST CROSS-CLAIM

48. Defendant, DAVS PARTNERS LLC, repeats and realleges the denials and admissions set forth hereinabove.

49. That if Plaintiff was caused to sustain injuries and/or damages at the time and place and in the manner set forth in Plaintiff's Verified Complaint through any carelessness,

recklessness, negligence and/or other culpable conduct, other than Plaintiff's own carelessness, recklessness negligence and/or other culpable conduct, and if it is found that the answering Defendant is liable to Plaintiff herein, all of which is specifically denied, then said injuries and damages were caused and sustained by reason of the sole active and primary carelessness, recklessness, negligence, other culpable conduct and/or acts of omissions or commissions of Co-Defendants KALNITECH CONSTRUCTION COMPANY, or their agents, representatives, employees, or assigns. and if any verdict or judgment is recovered herein by Plaintiff against the Defendant, DAVS PARTNERS LLC, then Defendant, DAVS PARTNERS LLC, is entitled to contractual or common law indemnification, or indemnification implied in law, from cO-Defendants KALNITECH CONSTRUCTION COMPANY.

### AS AND FOR A SECOND CROSS-CLAIM

50. Defendant, DAVS PARTNERS LLC, repeats and realleges the denials and admissions set forth hereinabove.

51. That if Plaintiff was caused to sustain injuries and/or damages at the time and place and in the manner set forth in Plaintiff's Verified Complaint through any carelessness, recklessness, negligence and/or other culpable conduct, other than Plaintiff's own carelessness, recklessness negligence and/or other culpable conduct, and if it is found that Defendant, DAVS PARTNERS LLC, is liable to

9

Plaintiff herein, all of which is specifically denied, then on the basis of apportionment of responsibility and/or contractual responsibility, the answering Defendant, DAVS PARTNERS LLC, is entitled to contribution from and judgment against Defendant KALNITECH CONSTRUCTION COMPANY, in an amount equal to their respective liability.

WHEREFORE Defendant DAVS PARTNERS LLC, demands judgment as follows:

a) Dismissing Plaintiff's Complaint against Defendant DAVS PARTNERS LLC together with the costs, disbursements, and attorneys' fees incurred herein;

b) In the event that Defendant, DAVS PARTNERS LLC, is found liable to Plaintiff, then judgment should be entered against the Defendant KALNITECH CONSTRUCTION COMPANY;

c) and for such other and further relief as this Court deems just and proper.

Dated: October 16, 2019
Garden City, NY

RICHMAN & LEVINE, P.C.

By: _____
Keith H. Richman, Esq.
Attorneys for Defendant
DAVS PARTNERS LLC
666 Old Country Road
Suite 101
Garden City, NY 11530
(516) 228-9444
(516) 228-9514 (Fax)

TO: Christopher J. Gorayeb, Esq.
    Gorayeb & Associates, P.C.
    Attorney for Plaintiff
    100 William Street, Suite 1900
    New York, NY 10038
    212-267-9222
    File No. A10589-LLAP

    KALNITECH CONSTRUCTION COMPANY
    Defendant
    204-19 23rd Road Avenue
    Bayside, New York 11360

## VERIFICATION

STATE OF NEW YORK )
                  )ss:
COUNTY OF NASSAU  )

VANESSA L. KLEEMAN, being duly sworn, deposes and says:

I am the Managing Member of DAVS PARTNERS LLC, a limited liability company and one of the defendants herein; I have read the foregoing Answer in this action and know the contents thereof; the same is true to my knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true. This verification is made by me because the above party is a limited liability company and I am the managing member.

_Vanessa Kleeman_ (signature)

Sworn to before me this
16th day of October, 2019.

_Kavita Ramkissoon_ (signature)

KAVITA RAMKISSOON
NOTARY PUBLIC-STATE OF NEW YORK
No. 01RA6308230
Qualified In Queens County
My Commission Expires 07-21 2022

## ATTORNEY CERTIFICATION

I, KEITH H. RICHMAN, ESQ., attorney for defendant DAVS PARTNERS LLC, HEREBY CERTIFY, pursuant to 22 NYCRR 130-1.1-a, to the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the within answer and the contentions therein are not frivolous, as that term is defined in Part 130.

Dated: October 16, 2019

_____
Keith H. Richman