UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

FALLS LAKE NATIONAL INSURANCE
COMPANY,

                      Plaintiff,

        -against-

KALNITECH CONSTRUCTION CORP.,
DAVS PARTNERS LLC, STALIN RODRIGO
REYES ESPINOZA, and ASK ELECTRICAL
CONTRACTING CORP.,

                      Defendants.
-----------------------------------------------------------------X

Case No.1:22-cv-01473-KAM-PK

**DEFENDANT       ESPINOZA'S
RESPONSE   TO   PLAINTIFF'S
FIRST   OF   REQUESTS
AND OTHER DISCLOSURE**

Defendant, STALIN RODRIGO REYES ESPINOZA ("ESPINOZA"), by his

attorney, JONATHAN A. DACHS, ESQ. / SHAYNE, DACHS, as and for his response to

the "First Set of Requests for Documents and Other Disclosure," by Plaintiff, sets forth

as follows:

<u>**Reservation of Rights**</u>

The responses provided herein are provided subject to Defendant's right to

object to the admission into evidence of any and all of the responses on the grounds of

that they, or any of them, are immaterial and seek information not reasonably calculated

to lead to discovery of admissible evidence or otherwise inadmissible. Defendant

reserves the right to object on any grounds to the use of any response or document in

any subsequent proceeding or in the trial of this or any other action.

By its responses to Plaintiff's Demands, Defendant does not intend to waive, but explicitly reserves all rights and privileges, including, but not limited to, their attorney-client and work product privileges.

Defendant responds to the Demands without prejudice to Defendant's right to amend, modify, and/or supplement its responses as it becomes aware of additional information. Defendant reserves its right to rely on any facts, documents or other evidence, which may hereafter develop or come to its attention.

**General Objections**

1.    Defendant objects to the Demands (including each Demand therein) to the extent that they seek information protected from disclosure by the attorney-client privilege, the work product doctrine, CPLR § 3101 (d) (2), or any other applicable privilege, protection or immunity.  To the extent any such information is inadvertently produced in response to the Demands, the production of such information shall not constitute a waiver of Defendant's right to assert the applicability of any privilege, protection or immunity to the information.

2.    Defendant objects to the Demands (including each Demand therein) to the extent that they seek information that is confidential or sensitive in nature. Defendant will not provide this information until a suitable confidential agreement is in place.

3.    Defendant objects to the Demands (including each Demand therein) to the extent that they seek to require Defendant to provide information that is not relevant, material or necessary to the prosecution or defense of this action, or otherwise lies beyond the scope of discovery permitted by the CPLR and relevant case law.

2

4.      Defendant objects to the Demands (including each Demand therein) to the extent that they seek to impose upon Defendant obligations greater than or different from those required by Article 31 of the CPLR, the local rules of the New York State Supreme Court, or any other applicable rule or local rule.

5.      Defendant objects to the Demands (including each Demand therein) to the extent that they seek information properly obtained through other means of disclosure, and on the ground that they are duplicative of other on-going disclosure in this action, including, but not limited to, disclosure of documents and scheduled and/or anticipated depositions.

6.      Defendant's decision to respond notwithstanding the objectionable nature of a Demand does not constitute an agreement by Defendant that the Demand is relevant, that the response thereto is admissible inn evidence in connection with this action, or that requests for similar information will be treated inn a similar manner.

7.      The responses contained herein are based on information and documents presently known and available to and located by Defendants and/or his counsel. Disclosure in this action is continuing. For these reasons, Defendant reserves the right to supplement and/or modify these responses.

8.      All specific objections hereinafter set forth shall be deemed to incorporate the general objections set forth above.

## General Response

Defendant's responses to Plaintiff's Requests are made without waiver of: (i) any objections as to competency, relevancy, materiality, privilege, or the admissibility of

3

each response, including documents produced and the subject matter thereof, in any further proceedings in this lawsuit; (ii) the right to object to the use of any document provided pursuant to this response, or the subject matter thereof, on any ground in any further proceedings herein; and (iii) the right, at any time, to revise, correct, further supplement, or clarify any of these responses.

## **Respponses**

1.      See "Defendant Espinoza's Required Disclosures Pursuant to F.R.C.P. Rule 26(a)(1)," section (ii) thereof, for a list of documents exchanged in the two Underlying Espinoza Actions pending in State Court, copies of which will be provided upon request, if not already provided.

2.      Defendant does not possess copies of contracts, subcontracts, agreements, checks, receipts, bills, invoices, bank statements, and any other documents and materials, by, between or involving any party in the Espinoza Actions as to the work at issue in the Espinoza Actions, other than those which already have been produced by other parties in the Underlying Actions or this Action. See "Defendant Espinoza's Required Disclosures Pursuant to F.R.C.P. Rule 26(a)(1)," section (ii) thereof, for a list of documents exchanged in the two Underlying Espinoza Actions pending in State Court, copies of which will be provided upon request, if not already provided -- especially Defendant DAVS Partners LLC's Response to Combined Demands, dated January 3, 2022.

3.      Defendant objects to the production of copies of any and all W-2 forms

4

Issued to Stalin Rodrigo Reyes Espinoza in effect on the date of the occurrence alleged in the Espinoza Actions on the ground that such documents are irrelevant and immaterial to the issues involved in this Action, especially given the fact that there is no dispute as to the identity of Mr. Espinoza's employer on the date of the accident, and on the ground that the information sought is privileged and confidential.

4.      Defendant objects to the production of copies of any and all 1099 Forms issued to Stalin Rodrigo Reyes Espinoza in effect on the date of the occurrence alleged in the Espinoza Actions on the ground that such documents are irrelevant and immaterial to the issues involved in this Action, especially given the fact that there is no dispute as to the identity of Mr. Espinoza's employer on the date of the accident, Jim Associates, Corp., and on the ground that the information sought is privileged and confidential.

5.      Defendant objects to the production of copies of any and all documents including but not limited to all claim petitions, answers, petitioners' examining reports, respondents' examining reports, reports of all treating doctors and bills, discovery demands, discovery responses, deposition transcripts, hearing transcripts, motions, orders, correspondence, claims files, and any other material with respect to any workers' compensation action and/or claim relevant to Stalin Rodrigo Reyes Espinoza and the accident asserted in the Espinoza Actions on the grounds that such documents are irrelevant and immaterial and the Request is vague and overbroad. See Response No. 4, above. Notwithstanding such objections, see "Defendant Espinoza's Required Disclosures Pursuant to F.R.C.P. Rule 26(a)(1)," section (ii) thereof, for a list of

documents exchanged in the two Underlying Espinoza Actions pending in State Court, copies of which will be provided upon request, if not already in Plaintiff's possession.

6.      Defendant is not in possession of any of the items requested in Request No. 6, which appears to be addressed to his employer. Moreover, Defendant objects to this Request for documents pertaining to his employment, as they are irrelevant and immaterial in this Action. See Response Nos. 4 and 5, above. Notwithstanding the foregoing, see "Defendant Espinoza's Required Disclosures Pursuant to F.R.C.P. Rule 26(a)(1)," section (ii) thereof, for a list of documents exchanged in the two Underlying Espinoza Actions pending in State Court, copies of which will be provided upon request, if not already in Plaintiff's possession.

7.      Defendant objects to Request No. 7 on the ground that it seeks documents and information that is/are irrelevant and immaterial to the issues in this Action, and it is vague and overbroad, as there is no genuine issue as to Defendant's work at the time of his accident. In addition, Defendant objects to this Request on the ground that it seeks material that is protected from disclosure by the attorney-client and attorney work product privileges.   Notwithstanding the foregoing, see "Defendant Espinoza's Required Disclosures Pursuant to F.R.C.P. Rule 26(a)(1)," section (ii) thereof, for a list of documents exchanged in the two Underlying Espinoza Actions pending in State Court, copies of which will be provided upon request, if not already in Plaintiff's possession.

8.      Defendant objects to Request No. 8 on the ground that it seeks documents and information that is/are irrelevant and immaterial to the issues in this Action, and it is vague and overbroad, as there is no genuine issue as to Defendant's

6

employment and/or work at the time of his accident. In addition, Defendant objects to this Request on the ground that it seeks material that is protected from disclosure by the attorney-client and attorney work product privileges. Notwithstanding the foregoing, see "Defendant Espinoza's Required Disclosures Pursuant to F.R.C.P. Rule 26(a)(1)," section (ii) thereof, for a list of documents exchanged in the two Underlying Espinoza Actions pending in State Court, copies of which will be provided upon request, if not already in Plaintiff's possession. Reference is also made to the documents already produced by the other parties to this Action.

9.    Upon information and belief, the documents identified in this Request have already been exchanged in this Action.

10.    Defendant objects to Request No. 10 on the ground that it seeks documents that are irrelevant and immaterial to the issues in this Action. In addition, Defendant objects to this Request on the ground that it is overbroad and seeks material that is protected from disclosure by the attorney-client and attorney work product privileges. Notwithstanding the foregoing, see "Defendant Espinoza's Required Disclosures Pursuant to F.R.C.P. Rule 26(a)(1)," section (ii) thereof, for a list of documents exchanged in the two Underlying Espinoza Actions pending in State Court, copies of which will be provided upon request, if not already in Plaintiff's possession. Reference is also made to the documents already produced by the other parties to this Action.

11.    Upon information and belief, the only identified eyewitness to the accident that is the subject of the Underlying Actions is Dwayne Hudson, an employee of Defendant DAVS Partners, LLC.

7

**PLEASE TAKE NOTICE** that Defendant ESPINOZA reserves the right to supplement and/or amend these responses up until the time of trial.

Dated: New York, New York
      February 14, 2023

                        Yours, etc.,

                        JONATHAN A. DACHS, ESQ. /
                        SHAYNE, DACHS

                        By: _____
                            Jonathan A. Dachs (JD3687)
                        Attorneys for Defendant ESPINOZA
                        New York, New York 10006
                        (212) 201-0793
                        Cell: 917 703-3990
                        Jdachs@shaynedachs.com

TO:

Steven Verveniotis, Esq.
Miranda Slone Sklarin Verveniotis LLP
Attorneys for Plaintiff, Falls Lake National Ins. Co.
240 Mineola Blvd.
The Esposito Building
Mineola, New York 11501
(516) 741-7676
sverveniotis@msssv.com

Morris J. Schlaf, Esq.
Luigi Brandimarte, Esq.
Sacco & Fillas LLP
Attorneys for Defendant Kalnitech Construction Corp.

31-19 Newtown Avenue, 7th Floor
Astoria, New York 11102
(718) 746-3440
mschlaf@saccofillas.com
lbrandimarte@saccofillas.com


Lyndsey A. Dyszler, Esq.
Milber Makris Plousadis & Seiden, LLP
Attorneys for Defendants DAVS Partners LLC and ASK Electrical Contracting Co.
1000 Woodbury Road, Suite 402
Woodbury, New York 11797
(516) 712-4000
ldyszler@milbermakris.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
FALLS LAKE NATIONAL INSURANCE
COMPANY,

                                        Plaintiff,              Case No.1:22-cv-01473-KAM-PK

                    -against-

                                                            **ADDITIONAL DISCLOSURE BY
                                                            STALIN RODRIGO REYES
                                                            ESPINOZA**

KALNITECH CONSTRUCTION CORP.,
DAVS CONSTRUCTION CORP. LLC,
STALIN RODRIGO REYES ESPINOZA,
and ASK ELECTRICAL CONTRACTING
CORP.,

                                        Defendants.
----------------------------------------------------------------X

Defendant, STALIN RODRIGO REYES ESPINOZA ("ESPINOZA"), by his

attorney, JONATHAN A. DACHS, ESQ. / SHAYNE, DACHS, as and for his additional

disclosure in this matter, sets forth as follows:

Annexed hereto is a copy of a Notice of Decision of the State of New York –
Workers' Compensation Board in regard to Stalin Rodrigo Reyes Espinoza, WCB Case
No. G258 0210, dated 11/4/2019, in which Mr. Espinoza's Employer is listed as Jim
Associates Corp.

**PLEASE TAKE NOTICE** that Defendant ESPINOZA reserves the right to

supplement and/or amend these responses up until the time of trial.

Dated: New York, New York
       March 6, 2023

Yours, etc.,

JONATHAN A. DACHS, ESQ. /
SHAYNE, DACHS

By: _____
    Jonathan A. Dachs (JD3687)
Attorneys for Defendant ESPINOZA
New York, New York 10006
(O):212) 201-0793
Cell: 917 703-3990


TO:

Steven Verveniotis, Esq.
Miranda Slone Sklarin Verveniotis LLP
Attorneys for Plaintiff, Falls Lake National Ins. Co.
240 Mineola Blvd.
The Esposito Building
Mineola, New York 11501
(516) 741-7676
sverveniotis@msssv.com
Bdorman@msssv.com


Morris J. Schlaf, Esq.
Luigi Brandimarte, Esq.
Sacco & Fillas LLP
Attorneys for Defendant Kalnitech Construction Corp.
31-19 Newtown Avenue, 7th Floor
Astoria, New York 11102
(718) 746-3440
mschlaf@saccofillas.com
lbrandimarte@saccofillas.com
sbiegacz@saccofillas.com


Lyndsey A. Dyszler, Esq.
Milber Makris Plousadis & Seiden, LLP
Attorneys for Defendants DAVS and ASK
1000 Woodbury Road, Suite 402
Woodbury, New York 11797
(516) 712-4000
ldyszler@milbermakris.com

2

24376010



Clarissa M. Rodriguez
Chair

**STATE OF NEW YORK**
**WORKERS' COMPENSATION BOARD**
PO BOX 5205
BINGHAMTON, NY  13902-5205
*www.web.ny.gov*

(877) 632-4996

## State of New York - Workers' Compensation Board

## In regard to Stalin Reyes-Espinoza, WCB Case #G258 0210

### NOTICE OF DECISION

*keep for your records*

At the Workers' Compensation hearing held on 10/30/2019 involving the claim of Stalin Reyes-Espinoza at the Brooklyn hearing location, Judge Bernard Twomey made the following decision, findings and directions:

AWARD : The employer or insurance carrier is directed to pay the following awards, <u>less payments already made</u> by the employer or carrier, for the periods indicated below, unless employer or carrier files an application within 30 days after the date on which the decision was duly filed and served.

| | for disability over a period of | | at rate | |
| weeks | from | to | per week | the sum of |
|---|---|---|---|---|
| 0 | 6/29/2019 | 7/9/2019 | $0.00 | $0.00 |
| - No medical evidence. | | | | |
| 8.6 | 7/9/2019 | 9/6/2019 | $480.00 | $4,128.00 |
| - Temporary total disability. | | | | |
| 7.8 | 9/6/2019 | 10/31/2019 | $400.00 | $3,120.00 |
| - Tentative rate. | | | | |

Carrier to continue payments at $400.00 tentative rate.

FEES:

As lien on above award payable by separate check by carrier TO CLAIMANT'S REPRESENTATIVE OR ATTORNEY:

| Sum of | To |
|---|---|
| $650.00 | Fogelgaren, Forman |

DECISION:  The claimant Stalin Reyes-Espinoza had a work related injury involving nasal fracture, back and right wrist. The claimant's average weekly wage for the year worked before this work related injury or

*** *Continued on next page* ***

| | | | |
|---|---|---|---|
| Claimant - | Stalin Reyes-Espinoza | Employer - | Jim Associates Corp |
| Social Security No. - | | Carrier - | State Insurance Fund |
| WCB Case No. - | G258 0210 | Carrier ID No. - | W204002 |
| Date of Accident - | 06/28/2019 | Carrier Case No. - | 72134075-373 |
| District Office - | NYC | Date of Filing of this Decision– | 11/04/2019 |

ATENCION:

Puede llamar a la oficina de la Junta de Compensacion Obrera, en su area correspondiente, cuyo numero de telefono aparece al principio de la pagina y pida informacion acerca de su reclamacion(caso).

EC-23 (4/98)
FILE COPY

Page 1 of 2

24376010

occupational disease is $720.00 per payroll without prejudice.  No further action is planned by the Board at this time.

Information about Payment of Awards

Payment of an award of compensation must be issued within 10 days, except where the carrier has filed an application to the board for a modification, rescission or review of the award.  If payment is not timely, the Board imposes a penalty equal to 20% of the unpaid compensation (WCL § 25[3][f]). That penalty is payable to the claimant.

Payment of installments of compensation must be issued within 25 days of becoming due, or else the carrier shall pay an additional amount of 20% of the compensation then due, plus $300, to the claimant, unless the Board excuses the late payment upon an application by the carrier.  WCL § 25(1)(e).

| | | | |
|---|---|---|---|
| Claimant - | Stalin Reyes-Espinoza | Employer - | Jim Associates Corp |
| Social Security No. - | | Carrier - | State Insurance Fund |
| WCB Case No. - | G258 0210 | Carrier ID No. - | W204002 |
| Date of Accident - | 06/28/2019 | Carrier Case No. - | 72134075-373 |
| District Office - | NYC | Date of Filing of this Decision– | 11/04/2019 |

ATENCION:

Puede llamar a la oficina de la Junta de Compensacion Obrera, en su area correspondiente, cuyo numero de telefono aparece al principio de la pagina y pida informacion acerca de su reclamacion(caso).

Copies To:          Case #G258 0210

Claimant:         Stalin Reyes-Espinoza

Carrier:          State Insurance Fund

Employer:       Jim Associates Corp

Other:            Fogelgaren, Forman

Please see below for Recipients.

Stalin Reyes-Espinoza
151 Ave O
Apartment 3B
Brooklyn, NY  11204

Jim Associates Corp
2814 Crescent St
Astoria, NY  11102

State Insurance Fund
199 Church St
New York, NY  10007-1100

Fogelgaren, Forman
& Bergman, LLP
100 William Street, Suite 1902
New York, NY  10038

EC-23 (4/98)
FILE COPY

OVER

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------X
STALIN RODRIGO REYES ESPINOZA,

                          Plaintiff,

            -against-

DAVS PARTNERS LLC   AND  KALNITECH
CONSTRUCTION COMPANY,

                     Defendants.
-------------------------------------------------------------X

**VERIFIED BILL
OF PARTICULARS**

Index No.: 515197/19

**TO: KALNITECH CONSTRUCTION COMPANY**

Plaintiff, **STALIN RODRIGO REYES ESPINOZA** by his attorney, **GORAYEB & ASSOCIATES, P.C.,** as and for his Bill of Particulars in response to the demand of Defendants, **KALNITECH CONSTRUCTION COMPANY** alleges as follows:

1.    The accident occurred on June 28, 2019 at approximately 10:30 AM.

2.    The accident occurred at 217-14 Hempstead Avenue, Queens, NY 11429.

3.    Plaintiff **STALIN RODRIGO REYES ESPINOZA**, was lawfully and carefully working on a ladder when he was caused to fall. To the extent other or additional information is requested, plaintiff objects to the demand as being beyond the scope of a proper demand for particulars and as being in the nature of an interrogatory.

4.    The defendants, agents, servants and/or employees were negligent, reckless and careless in the operation, maintenance, control, possession, supervision, direction, construction, inspection, renovation, rehabilitation and/or alteration of the said premises in that they failed to provide plaintiff with a safe place to work; failed to provide the plaintiff with a hazard-free

work place; in failing to provide the plaintiff with a proper, appropriate and safe ladder, elevated working surface and/or scaffold and/or aerial device and other safety devices so fixed, secured and/or maintained and braced so as to prevent and/or break plaintiff's fall from a significant height; in failing to provide the plaintiff with proper and approved safety devices so placed, fixed and/or secured so as to afford proper protection to the plaintiff working thereat and to prevent and/or break his fall; in failing to prevent plaintiff from falling and/or in failing to break plaintiff's fall; in failing to provide the plaintiff with safety belts, safety ropes, safety harnesses, life lines, tail lines, safety nets and/or other safety devices necessary to prevent and/or break plaintiff's fall; in failing to provide a safe, secure, and non-slippery surface for the ladder that plaintiff was using at the time of the accident; in failing to ensure that the ladder was secure against movement by physical and/or mechanical means at the time of the accident; in failing to inspect the work areas on the date of the accident and prior thereto to see that said work area contained proper and approved safety devices; in violating the applicable provisions of the Labor Law of the State of New York, the sections of Rule 23 of the Industrial Code of the State of New York, the provisions of ANSI and the sections of the Occupational Safety & Health Administration as they pertain to ladders, safety devices and construction; in failing to inspect the work areas on the date of the accident and prior thereto to see that said ladder was safe; in failing to provide plaintiff with safety devices to

Law Offices
GORAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
NEW YORK, NEW YORK 10038

prevent the ladder from slipping out from under plaintiff; in failing to provide the plaintiff with a proper surface upon which to place the ladder; in failing to provide the plaintiff with an even and flat surface upon which to place the ladder; in failing to perform proper inspections of the work site to see and remedy the dangerous and defective conditions existing upon said work site; in failing to inspect the ladder and ensure that it had slip resistant pads on the bottom of both rails/feet; in failing to prevent the use of a defective and unsafe ladder; in failing to warn against the use of the defective and unsafe ladder and in failing to remove it from the premises; defendants were negligent in failing to provide readable instructions and warnings; defendants negligently failed to destroy and remove the ladder from the premises; defendants negligently failed to provide a person to hold the ladder; defendants negligently failed to secure the ladder against movement.

5.      Although notice is not predicate to a finding of liability pursuant to the Labor Law, both actual and constructive notice are claimed.  Plaintiff does not possess the names of the defendants' agents, and/or servants who had actual notice of said dangerous conditions and who were upon the work site on or and prior to the accident therein.   The defendants, however, through their agents, servants and/or employees actually knew and/or directed the creation of the dangerous and defective conditions that caused the accident herein.  Plaintiff does not possess information as to the dates of said actual notice.

6.  Constructive notice is claimed herein in that the said dangerous and defective conditions existed for such an inordinate length of time that the defendants, their agents, servants and/or employees in the exercise of ordinary and reasonable care knew or should have become aware of the existence of said dangerous and defective conditions.

7.  Plaintiff, STALIN RODRIGO REYES ESPINOZA, sustained the following injuries:

   -  EAR PAIN;

   -  NASAL FRACTURE;

   -  POST-TRAUMATIC LOW BACK PAIN;

   -  TRANSITIONAL L5 VERTEBRA;

   -  GRADE 1 ANTEROLISTHESIS OF L4 UPON L5;

   -  LEFT FORAMINAL DISC HERNIATION L5-S1.

   -  CENTRAL POSTERIOR DISC HERNIATION AT L4-L5 WITH CENTRAL AND FORAMINAL NARROWING;

   -  CENTRAL TO RIGHT FORAMINAL DISC HERNIATION AT L3-L4 WITH CENTRAL AND RIGHT FORAMINAL NARROWING;

   -  COMMINUTED RIGHT DISTAL RADIUS WRIST FRACTURE;

   The above injuries are accompanied by severe pain, tenderness, swelling, stiffness, discomfort, distress, weakness, depression, stress, psychological difficulties, restriction of motion and with related injuries, damages, compromise and degeneration of the underlying soft tissues, blood

vessels, bones, nerves, tendons, ligaments and musculature and all of the natural consequences flowing therefrom.

Psychological embarrassment due to the scarring, impairment and deformities causing the plaintiff to make both conscious and subconscious efforts to limit the use and visibility of those areas and impairments.

Plaintiff has and will continue to experience impairment, disruption and difficulty with daily activities, way of life and enjoyment of life including significant impairment of numerous daily activities that plaintiff had previously taken for granted.

Anxiety, tension, difficulty sleeping, personality changes, depression, anhedonia and distress.

Limitations, diminution and/or impairment of functions, activities, vocation, avocation and other activities which plaintiff engaged in prior to this accident.

Aggravation, activation and/or precipitation of any underlying hypertrophic, degenerative, arthritic, circulatory, arterial, venous or systemic condition complained of.

All of the above injuries are permanent in nature and duration, and were caused, precipitated, aggravated and/or exacerbated by the aforementioned occurrence.

As to those conditions if any, that pre-dated the occurrence herein, it will be claimed that this accident hastened and worsened the conditions and precipitated and aggravated the symptoms complained of thereafter.

Law Offices
GORAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
NEW YORK, NEW YORK 10038

8.      Plaintiff was confined to the emergency room at North Shore University Hospital, 300 Community Dr, Manhasset, NY 11030. Plaintiff has been intermittently confined to bed and/or home since the date of the accident. Plaintiff is unaware of the dates of confinement to bed.

9.      Plaintiff has received medical treatment from the following:

-   NY Ortho, Sports Medicine & Trauma, PC, 160 E 56th Street, 10th Floor, New York, NY 10022;

-   Nelson G. Botwinick, M.D., 170 William Street, 8th Floor, New York, NY 10038;

-   Robert Tornambe, MD, 110 E 66th St, New York, NY 10065.

10.     Plaintiff has been incapacitated from his employment since the day of the accident.

11.     (a) Plaintiff was employed as a laborer.

(b) Plaintiff was employed by Jim Associates Corp., 22-54 37th Street, Astoria, NY 111105.

(c) Plaintiff earned approximately $700.00 a week.

(d) Not applicable.

12.     Plaintiff's special damages are as follows:

a.  Hospitals:  approximately $5,000.00;

b.  Physicians:  approximately $10,000.00 and continuing;

c.  Medical supplies: included in Hospital and Physicians;

d.  Nurses: Included in Hospital and Physicians:

e.  X-rays: Included in Hospital and Physicians:

f.  Lost wages: Plaintiff claims approximately $12,000.00 in past lost earnings exclusive of hourly scale increases and fringe benefits. Plaintiff claims approximately $2,800,000.00 in future lost earnings exclusive of hourly scale increases and fringe benefits.

g.  Other: Plaintiff alleges damage for future medical expense the amount of which will be established by his physicians at the time of trial.

13.  Plaintiff objects to the demand as being beyond the scope of a proper demand for particulars and as being in the nature of an interrogatory.

14.  Defendants violated sections 200, 240(1), 240(2), 240(3) and 241(6) of the Labor Law of the State of New York; defendants violated the following Sections of Rule 23 of the Industrial Code of the State of New York, Sections (and all subsections contained therein) 23-1.5, 23-1.7, 23-1.7(f) *Vertical Passage,* 23-1.15, 23-1.16, 23-1.16(a)(b) 23-1.17, Section 23-1.21 *Ladders and ladderways,* including but not limited to paragraphs 23-1.21(b)(1) and 23-1.21(b)(3)(i), 23-1.21(b)(4)(ii), 23-1.21(b)(4)(iv); 23-1.21(e); defendants failed to provide plaintiff with a safety belt, harness, tail line and lifeline sufficient to prevent, or break plaintiff's fall pursuant to 23-1.16 Safety belts, harnesses, tail lines and lifelines; Defendants failed to provide plaintiff with a life net sufficient to prevent, or break plaintiff's fall pursuant to 23-1.17 Life nets; defendants failed to provide plaintiff with a scaffold pursuant to SUBPART 23-5 SCAFFOLDING instead of the dangerous and defective ladder that was provided; defendants should have provided plaintiff with a "cherry-picker" or aerial basket pursuant to

Law Offices
GORAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
NEW YORK, NEW YORK 10038

23-9.6 Aerial baskets defendants violated 29 CFR 1926 of the Occupational Safety and Health Administration rules as they pertain to construction, including but not limited to Section 1926.1053 Ladders, Section 1926.1053 Ladders (b) Use (2) and (4), Section 1926.1053 Ladders (b) Use (6), Section 1926.1053 Ladders (b) Use (7), Section 1926.1053 Ladders (b) Use (15), Section 1926.1053 Ladders (b) Use (16); Plaintiff should have been provided with a fall protection system to prevent, or break his fall pursuant to 1926.501 Duty to have fall protection and 1926.502 Fall protection systems criteria and practices which were violated by defendants; further, plaintiff should have been provided with a scaffold system pursuant to 1926.451 General requirements and 1926.452 Additional requirements applicable to specific types of scaffolds and ANSI/ASSE A10.8-2001 Safety Requirements for Scaffolding, instead of the dangerous and defective ladder that was provided; defendants should have provided plaintiff with a "cherry-picker" or aerial lift pursuant to 1926.453 Aerial lifts, instead of the dangerous and defective ladder that was provided.  In addition, plaintiff respectfully requests that the Court take judicial notice of all rules, regulations, statutes and/or ordinances violated by the defendants herein.

15. Refer to response #14. To the extent other or additional information is requested, plaintiff objects to the demand as being beyond the scope of a proper demand for particulars and as being in the nature of an interrogatory.

16.    Plaintiff objects to the demand as being beyond the scope of a proper demand for particulars and as being in the nature of an interrogatory.

17.    Not applicable.

18.    Refer to response #12f.

19.    Plaintiff does not have a collateral source. Plaintiff has made a claim for worker's compensation benefits with the Workers' Compensation Board, P.O. Box 5205, Binghamton, New York 13902.

20.    Plaintiff has been totally/partially disabled since the time of the accident.

21.    Not applicable.

22.    Plaintiff objects to the demand as being beyond the scope of a proper demand for particulars and as being in the nature of an interrogatory.

Plaintiff reserves the right to amend and/or supplement the foregoing up to and including the time of trial.

DATED:    New York, New York
December 11, 2019

Yours, etc.

_____
CHRISTOPHER J. GORAYEB
GORAYEB & ASSOCIATES, P.C.
Attorney for Plaintiff
STALIN RODRIGO REYES ESPINOZA
100 William Street, Suite 1900
New York, New York 10038
(212) 267-9222/A10589 - LL/AP

LAW OFFICE OF MICHAEL SWIMMER
Attorney for Defendant
KALNITECH CONSTRUCTION COMPANY
605 3rd Avenue, 9th Floor
New York, NY 10158
(646) 218-2818

Law Offices
GORAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
NEW YORK, NEW YORK 10038

RICHMAN & LEVINE, P.C.
Attorneys for Defendant
DAVS PARTNERS LLC
666 Old Country Road
Suite 101
Garden City, NY 11530
(516) 228-9444

**VERIFICATION**

**CHRISTOPHER J. GORAYEB**, affirms under penalty of perjury:

I am a member of the law firm of Gorayeb & Associates, P.C., attorney for the plaintiff in the action within.

I have read the foregoing **BILL OF PARTICULARS** and know the contents thereof; that the same is true to affirmant's own knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters affirmant believes it to be true and the reason that this verification is not made by plaintiff and is made by affirmant is that plaintiff is not presently in the county where the attorney for the plaintiff has its office.

Affirmant further says that the source of affirmant's information and the grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are from investigations made on behalf of said plaintiff.

DATED:   New York, New York
December 11, 2019

_____
CHRISTOPHER J. GORAYEB

Law Offices
GORAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
NEW YORK, NEW YORK 10038

STATE OF NEW YORK

SS.: **AFFIDAVIT OF SERVICE**

COUNTY OF NEW YORK

    I, Andreanellis Paredes being duly sworn, depose and say: I am not a party to the action, am over 18 years of age, and reside in the County of Bronx.

    On December 11, 2019, I served the within **VERIFIED BILL OF PARTICULARS** by

☒    **Service by mail** by depositing a true copy thereof in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth:

LAW OFFICE OF MICHAEL SWIMMER
Attorney for Defendant
KALNITECH CONSTRUCTION COMPANY
605 3rd Avenue,  9th Floor
New York, NY 10158
(646) 218-2818

RICHMAN & LEVINE, P.C.
Attorneys for Defendant
DAVS PARTNERS LLC
666 Old Country Road
Suite 101
Garden City, NY 11530
(516) 228-9444

Andreanellis Paredes

Sworn to before me on
December 11, 2019

Notary Public

BECKSABET SUAREZ
Notary Public - State of New York
No. 01SU6135200
Qualified in Bronx County
My Commission Expires October 17, 2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

STALIN RODRIGO REYES ESPINOZA,

**Index No. 515197/19**

        Plaintiff,

    -against-

DAVS PARTNERS LLC  and KALNITECH
CONSTRUCTION COMPANY,

        Defendants.

---

## VERIFIED BILL OF PARTICULARS

---

**GORAYEB & ASSOCIATES, P.C.**
Attorneys for Plaintiff
STALIN RODRIGO REYES ESPINOZA
100 William Street, Ste. 1900
New York, New York 10038
(212) 267-9222
FILE NO. A10589 - LL