UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
FALLS LAKE NATIONAL INSURANCE            CIV: 22-cv-1473 (KAM) (PK)
COMPANY,

                           Plaintiff,            **L.R. 56.1 STATEMENT OF**
     -against-                                       **MATERIAL FACTS IN REPLY**
                                                     **AND SUPPLEMENT TO 56.1**

KALNITECH CONSTRUCTION CORP.,
DAVS PARTNERS LLC, STALIN RODRIGO
REYES ESPINOZA and ASK ELECTRICAL
CONTRACTING CORP.,

                           Defendants.
------------------------------------------------------------------X

       Plaintiff, Falls Lake National Insurance Company ("Falls Lake"), by and through its attorneys, MIRANDA SLONE SKLARIN VERVENIOTIS LLP, as and for its statement of material facts, pursuant to L.R. 56a.1., in Reply to the statement of facts of Kalnitech Construction Corp., Davs Partners LLC, and Ask Electrical Contracting Corp., state the following:

## ASK AND DAVS STATEMENT OF ADDITIONAL MATERIAL FACTS

1.    The Falls Lake Policy included a "Primary and Noncontributory-Other Insurance Condition," which provides in relevant part:

> The following is added to the Other Insurance Condition and supersedes any provision to the contrary:
> PRIMARY AND NONCONTRIBUTORY INSURANCE
> This insurance is primary to and will not seek contribution from any other insurance available to an additional insured under your policy provided that:
>     (1) The additional insured is a Named Insured under such other insurance; and
>     (2) You have agreed in writing in a contract or agreement that this insurance would be primary and would not seek contribution from any other insurance available to the additional insured.

   See Exhibit "K", p. 28 of 64.

**RESPONSE:** Admitted that such provision exists in the Policy, but we refer the Court to the disclaimer of coverage, Policy of insurance, and Falls Lake's 56.1 Statement which shows that no party is entitled to coverage under the Policy as to the claims at issue.

1

2. Pursuant to said provision, the Fall Lake Policy is primary to any other coverage available to the Responding Defendants and the Falls Lake Policy will not seek any contribution from such other coverage. Id.

**RESPONSE:** Deny. The provision for primary coverage does not apply when a party is not entitled to coverage and Falls Lake has shown that the Responding Defendants are not entitled to coverage as detailed in its 56.1 Statement. Furthermore, Ask and Davs have failed to prove the Falls Lake Policy covers them or is primary to any other coverage, and they have not asserted any counterclaims as to primary coverage and contribution nor have they produced copies of their policies of insurance in this action which is necessary to determine priority of coverage, and thus, such claims are improper at this stage in the lawsuit.

3. In the Amended Complaint, Falls Lake alleges the following in Paragraph 30:

To the extent the claims at issue in the Espinoza Actions pertain to "bodily injury" of an "employee" of an insured arising out of or in the course of employment by any insured or performing duties related to the conduct an [sic] any insured's business or contract, subcontractor, or employee of a contractor or subcontractor, FLNIC has properly denied coverage as to the Espinoza Actions as excluded from coverage under the Policy by operation of "EXCLUSION OF INJURY TO EMPLOYERS, CONTRACTORS AND EMPLOYEES OF CONTRACTORS" Endorsement listed on Form SN 0006 0713.

See, Exhibit "K," ¶ 30.

**RESPONSE:** Admitted, and we refer the Court to Falls Lake's 56.1 statement which demonstrates that such provision bars coverage to all defendants.

## KALNITECH'S STATEMENT OF ADDITIONAL MATERIAL FACTS

1. The Policy contained the following endorsement language found on form CG 01 63 07 11:

   **NEW YORK CHANGES – COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

   This endorsement modifies the insurance provided under the following:

   COMMERCIAL GENERAL LIABILITY COVERAGE PART

   **A.** Paragraph **1. Insuring Agreement** of Section **I – Coverage A Bodily Injury And Property Damage Liability** is replaced by the following:

   **1. Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages even if the allegations of the "suit" are groundless, false or fraudulent.

   Exhibit G to Plaintiff's L.R. 56.1 Statement of Material Facts at p. 23.

   **RESPONSE**: Admitted that the Policy contains this provision and we refer the Court to Falls Lake's 56.1 Statement which demonstrates that there is no coverage for any of the defendants pursuant to the Policy's provisions. Furthermore, the defendant only produced an excerpt of the provision, and the provision reads fully as follows:

   **NEW YORK CHANGES – COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

   This endorsement modifies the insurance provided under the following:

   COMMERCIAL GENERAL LIABILITY COVERAGE PART

3

**A.** Paragraph **1. Insuring Agreement** of Section **I – Coverage A Bodily Injury And Property Damage Liability** is replaced by the following:

**2. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages even if the allegations of the "suit" are groundless, false or fraudulent. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

> (1) The amount we will pay for damages is limited as described in Section **III –** Limits of Insurance; and
>
> (2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B.**

**b.** This insurance applies to "bodily injury" and "property damage" only if:

> (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>
> (2) The "bodily injury" or "property damage" occurs during the policy period; and
>
> (3) Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or

4

"property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. Of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

(1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

(2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

**e.** Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury

Dated: Mineola, New York
　　　　December 15, 2023

MIRANDA SLONE SKLARIN VERVENIOTIS LLP
**Attorneys for Plaintiff FALLS LAKE NAT. INS. CO.**

**s/Steven Verveniotis**

_____

Steven Verveniotis, Esq.
240 Mineola Boulevard
Mineola, New York 11501
P (516) 741-7676
F (516) 741-9060
Our File No.: 19-208