UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
FALLS LAKE NATIONAL INSURANCE　　　　　CIV: 22-cv-1473 (KAM) (PK)
COMPANY,

　　　　　　　　　　　　　　　Plaintiff,　　**JOHNSON AFFIDAVIT**
　　　　　　　-against-　　　　　　　　　　**IN SUPPORT OF**
　　　　　　　　　　　　　　　　　　　　　**FALLS LAKE'S MOTION FOR**
KALNITECH CONSTRUCTION CORP.,　　　　　**SUMMARY JUDGMENT**
DAVS PARTNERS LLC, STALIN RODRIGO
REYES ESPINOZA and ASK ELECTRICAL
CONTRACTING CORP.,

　　　　　　　　　　　　　　　Defendants,

------------------------------------------------------------------X
**State of New Jersey**　　　)
　　　　　　　　　　　　　　ss
**County of Camden**　　　　)

**DAVID J. JOHNSON**, being duly sworn, deposes and says:

　　　　1.　　I am employed by plaintiff American European Insurance Group, Inc., which includes insurance company Falls Lake National Insurance Company ("Falls Lake"), which is the plaintiff in this action, as a Senior Claims examiner, and in that capacity, I handle claims and review coverage under policies issued by Falls Lake, including maintaining the files as to same created by or on behalf of the insurer.

　　　　2.　　In my capacity as a Senior Claims examiner handling claims and coverage analysis under policies issued by Falls Lake, I oversee and am responsible for the handling of this insurance coverage matter concerning the claims arising out of alleged accident involving Stalin Rodrigo Reyes Espinoza ("Espinoza") in the course of his employment on June 28, 2019 while working at 217-14 Hempstead Avenue, Queens, NY 11429 as an employee of a contractor, and the lawsuits captioned Stalin Rodrigo Reyes Espinoza v. Davs Partners LLC and Kalnitech Construction Company, filed in the Supreme Court of the State of New York, County of Kings under Index

1

Number 515197/2019 (the "First Action") as to which Falls Lake denied coverage but is affording a defense to Kalnitech Construction Company subject to the determination of a Court of Competent jurisdiction as to the rights and obligation of the plaintiff under the policy of insurance issued to Kalnitech, as well as the underlying lawsuit entitled <u>Stalin Rodrigo Reyes Espinoza v. Ask Electrical Contracting Corp.</u>, filed in the Supreme Court of the State of New York, County of Kings County under Index Number 514760/2022 ("The Second Action") as to which Falls Lake also denied coverage.  (Both lawsuits and all claims that may be asserted as arising from the accident claimed by Espinoza are collectively referred to herein as the "Espinoza Actions.")

3. I submit this affidavit in support of the motion for summary judgment of plaintiff, Falls Lake, seeking a declaring that the claims presented in the Espinoza Actions are removed from coverage by several exclusions in the policy numbered SKP 2004493 10 issued by Falls Lake to Kalnitech Construction Corp. ("Kalnitech") (hereinafter referred to as the "Policy") as detailed in the Amended Complaint herein, and therefore the insurer has properly denied coverage and has no duty to defend or indemnify any party or pay any judgments or settlement as to the claims asserted in the Espinoza Actions or any claim arising from the accident alleged therein.

4. I am fully familiar with the facts and circumstances set forth in this affidavit and the exhibits attached hereto and submitted on this motion as to the claims in the Espinoza Actions and the grounds for denial of coverage under the Policy based upon the business records maintained by Falls Lake, which business records are the exhibits submitted by plaintiff on this motion as business records created for business purposes and maintained by Falls Lake for business purposes.

5. Coverage was denied as to the two lawsuits that constitute the Espinoza Actions under the Policy because the Espinoza Actions allege claims that pertain to bodily injury to an

2

employee of a contractor working for an insured, arising out of and in the course employment by an insured or performing duties related to the conduct of an insured's business, and such claims are removed form coverage under the subject policy by operation of an endorsement entitled "Exclusion – Injury To Employees, Contractors and Employees of Contractors" found in Policy, as detailed herein in the accompanying moving papers, including plaintiff's Memorandum of Law. In particular, while the parties dispute in the Espinoza Actions and in this action as to which contractor Kalnitech or Ask Electrical Contracting Corp. ("Ask") hired Espinoza's employer, Jim Associates, Corp., as a subcontractor, the exclusion applies to bar coverage regardless of whether Jim Associates was working for Kalnitech or Ask in that both are deemed insureds under the Policy, and the exclusion applies as to an employe of any contractor working for any insured, as detailed herein. As to the property owner, DAVS Partners LLC ("DAVS"), it is not an insured under the Policy and therefore entitled to no coverage for itself or as to its claims against Kalnitech or Ask which hare barred from coverage under the Policy by operation of the endorsement entitled "Exclusion – Injury To Employees, Contractors and Employees of Contractors" as detailed in these motion papers.

6.       Thus, plaintiff's motion for summary judgment must be granted as against all defendants in this action, declaring that on the basis of the endorsement entitled "Exclusion – Injury To Employees, Contractors and Employees of Contractors" and there is no coverage under the Policy to any parties as to the claims asserted in the Espinoza Actions. While plaintiff has asserted other grounds for denial of coverage as well, same are not waived herein by moving for summary judgment only on the basis of the one endorsement of the Policy.

## THE FALLS LAKE POLICY

7.       The Policy issued by Falls Lake to Kalnitech was in effect for the period from

January 3, 2019 to January 3, 2020.  A copy of the Policy is annexed to the moving papers as **Exhibit "G"**.

    8.    The Policy contains the following injury to endorsement, found on form SN 0006 0713, that applies as to all worker and contractors working for any insured:

> **EXCLUSION OF INJURY TO EMPLOYEES, CONTRACTORS AND EMPLOYEES OF CONTRACTORS**
>
> This endorsement modifies insurance provided under the following:
>
> **COMMERCIAL GENERAL LIABILITY COVERAGE PART**
>
> Exclusion 2.e Employers Liability is deleted and replaced by the following:
>
> 2.e    Employer's Liability
>
> This insurance does not apply to:
>
> (1) "Bodily injury" to any "employee" of any insured arising out of or in the course of:
>
>     a.    Employment by any insured; or
>     b.    Performing duties related to the conduct of any insured's business;
>
> (2) "Bodily injury" to any contractor or any "employee" of any contractor arising out of or in the course of the contractor or its employee performing services of any kind or nature whatsoever;
>
> (3) Any alleged obligation of any insured to indemnify or contribute with another because of damages arising out of such "bodily injury" to an insured's employee or any contractor or any contractor's employee;
>
> (4) "Bodily injury" sustained by the spouse, child, parent, brother or sister of any "employee" of any insured, or of a contractor, or any "employee" of any contractor as a consequence of any injury to any person as set forth in paragraph (1) and (2) of this endorsement.
>
> This exclusion applies to all claims and suits by any person or organization for damages because of such "bodily injury," including damages for care and loss of services.

4

As used herein the definition of "employee" includes a "leased worker" and a "temporary worker."

This exclusion replaces the exclusion relating to "bodily injury to employees and relatives of "employees" contained in the Exclusions Section of the policy to which this endorsement is attached and the definition of "employee" in said policy.

All other terms and conditions remain unchanged.

\*   \*   \*

See Exhibit G submitted with these motion papers.

    9.    In addition to Kalnitech, a party qualifies as an additional insured under the Policy by operation of several endorsements, one of which is endorsement found on form CG 20 33 04 13, which reads:

\*   \*   \*

**ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – AUTOMATIC STATUS WHEN REQUIRED IN CONSTRUCTION AGREEMENT WITH YOU**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.**      **Section II – Who Is An Insured** is amended to include as an additional insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

1. Your acts or omissions; or
2. The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured.

5

However, the insurance afforded to such additional insured:

1. Only applies to the extent permitted by law; and
2. Will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

A person's or organization's status as an additional insured under this endorsement ends when your operations for that additional insured are completed.

**B.** With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:

This insurance does not apply to:

1. "Bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of, or the failure to render, any professional architectural, engineering or surveying services, including:

    a. The preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or
    b. Supervisory, inspection, architectural or engineering activities.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage", or the offense which caused the "personal and advertising injury", involved the rendering of or the failure to render any professional architectural, engineering or surveying services.

\*   \*   \*

See Exhibit G submitted with these motion papers.

10. Another additional insured endorsement found on form AE 01 49 11 15 of the Policy also provides:

\*   \*   \*

6

**ADDITIONAL INSURED – OWNERS, LESSEES, OR CONTRACTORS – COMPLETED OPERATIONS – AUTOMATIC STATUS WHEN REQUIRED IN A WRITTEN CONTRACT WITH YOU**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. **Section II – Who is An Insured** is amended to include as an additional insured any person or organization when you and such person or organization have agreed in a "written contract" that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury," "property damage" or "personal and advertising injury" caused, in whole or in part, by "your work" performed for that additional insured and included in the "products-completed operations hazard".

However, the insurance afforded to such additional insured:

1. Only applies to the extent permitted by law; and
2. Will not be broader than that which you are required by the "written contract" to provide for such additional insured.

B. With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:

This insurance does not apply to:

1. "Bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of, or the failure to render, any professional architectural, engineering or surveying services, including:

    a. The preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

    b. Supervisory, inspection, architectural or engineering activities.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by any insured, if the "occurrence" which caused the "bodily injury" or "property damage", or the offense which caused the "personal and advertising

7

injury", involved the rendering of or the failure to render any professional architectural, engineering or surveying services.

C. With respect to the insurance afforded to these additional insureds, the following is added to **Section III – Limits of Insurance:**

The most we will pay on behalf of the additional insured is the amount of insurance.

1. Required by the "written contract" you have entered into with the additional insured; or
2. Available under the applicable Limits of Insurance shown in the Declarations;

This endorsement shall not increase the applicable Limits of Insurance shown in the Declarations.

D. The following is added to **4. Other Insurance**, part of **SECTION IV – COMMERICAL GENERAL LIABILITY CONDITIONS:**

If the "written contract" specifically requires that this insurance apply on a primary basis or a primary and non-contributory basis, this insurance is primary to such additional insured.

E. As respects this endorsement only, The following Definition is added to **SECTION V – DEFINITIONS**

A "written contract" means that part of any written contract under which you are required to include a person or organizations as an additional insured, provided that the "bodily injury", "property damage", or "personal and advertising injury" occurs:

1. After the signing and execution of the written contract by you;

2. While that part of the written contract is in effect; and

3. Before the end of the policy period.

\*   \*   \*

See Exhibit G submitted with these motion papers.

### THE TWO ESPINOZA ACTIONS AND THE TWO DENIALS OF COVERAGE

11. The first notice received by Falls Lake as to Espinoza's accident and claims was on

8

August 9, 2019, which was when the insurer received notice of the First Action, which asserted claims only against Davs, as owner, and Kalnitech, as the sole contractor at the site. In the Complaint in the First Action, Espinoza alleged that he sustained injuries from an accident on June 28, 2019 while performing work at 217-14 Hempstead Ave., Queens, NY 11429 and identified Jim Associates Corp., as his employer, a subcontractor at that location.

12. Falls Lake, before taking a coverage position, requested of its insured's representative, Kosta "Gus" Stoupakis, copies of all contracts as to the work performed at 217-14 Hempstead Ave., Queens, NY 11429, including with subcontractors, but the insured failed to provide any contracts to the insurer.

13. Based upon the information set forth in the First Action, Falls Lake on the basis that Espinoza was claiming that he was working for a subcontractor hired by Kalnitech, and therefore the endorsement entitled "Exclusion – Injury To Employees, Contractors and Employees of Contractors" applied to remove all claims form that accident form coverage under the Policy. Falls Lake, through coverage counsel, issued a letter dated September 3, 2019, which denied coverage to Kalnitech but agreed to afford Kalnitech a defense in the First Action reserving its right to file a declaratory judgment action as to the claims asserted in or arising from the Espinoza Actions. The letter denied coverage to all parties named in that lawsuit. A copy of the September 3, 2019 letter is **Exhibit "H"** submitted with these motion papers.

14. As the First Action proceeded, plaintiff on or about July of 2021 provided a bill of particulars which not only confirmed the identity of his employer as Jim Associates but also clarified that the accident at issue involved failure to provide proper equipment and safety measures to the sub-contractor performing work at the construction site. See **Ex. O,** p. 20, submitted with these motion papers.

9

15. I later authorized coverage counsel to commence this declaratory judgment action which was filed on March 16, 2022 against Kalnitech, Davs, and Espinoza for a ruling as to the applicability of the "Exclusion – Injury To Employees, Contractors and Employees of Contractors" and other provisions of the Policy as baring coverage for the claims in the First Action. See **Exhibit "K"** submitted with these motion papers.

16. Then, on or about June 2022, when plaintiff's counsel, on his own, found out about the other separate action filed by Espinoza against Ask only, the Second Action, where plaintiff asserted different facts, that the pleading in this declaratory judgment action was amended to address that separate lawsuit and add Ask as a party as to the claims asserted against it and potential claims that it might assert against Kalnitech, all barred from coverage under the Policy. See **Exhibit "K"** submitted with these motion papers.

17. Prior to that, counsel for plaintiff (also acting as coverage counsel) was authorized to issue on behalf of Falls Lake a separate additional disclaimer as to the Secord Action. See **Exhibit "J"** June 20, 2022 letter submitted with these motion papers.

18. Discovery in this action and in the two Espinoza Actions then yielded the contracts, work records and deposition testimony that proves that the endorsement entitled "Exclusion – Injury To Employees, Contractors and Employees of Contractors" applies to bar coverage for all claims asserted in the two Espinoza Actions.

19. To start with, there is a contract dated March 11, 2019 and called the "Short Form Prime Contract Between Owner (DAVS) and Contractor (Ask)" (see **Exhibit "L"**) and another contract dated March 12, 2019 called the "Master Subcontract Agreement between Ask and Kalnitech" (see **Exhibit "M,"**) as well as several the Jim Associates Master Subcontract Agreement between Jim Associates and Ask, invoices, a proposal, certificate of insurance, and

work order form between Ask and Jim Associates, **Exhibit "P – R"**, submitted with these motion papers, all appearing to indicate that Jim Associates was working for Ask.

20. In the Espinoza Actions, however, there is a dispute as to whether Jim Associates was working for Ask or for Kalnitech. Indeed, Ask's foreman, Mr. Hudson was deposed in the Espinoza Actions, and he testified that Kalnitech was the general contractor at the premises and therefore hired all of the subcontractors, including Jim Associates. See **Ex. M**, 5 p. 20, submitted with these motion papers. In addition, on September 9, 2022, Ask filed an answer and asserted affirmative as well as referenced reservation of rights for crossclaims against others not in that lawsuit attached hereto as **Exhibit "E"** submitted with these motion papers. Indeed, most recently, a third-party action was filed in the Second Action, by Ask, on June 16, 2023, against Jim Associates, and a copy of the third-party complaint in the Second Action is submitted as **Exhibit "F"** with these motion papers. (In that third-party complaint in the Second Action, Ask asserts claims for contractual indemnification and additional insured coverage pursuant to the July 15, 2019 Jim Associates Master Subcontract Agreement.)

21. Kalnitech, on the other hand, denies being the general contractor and denies hiring Jim Associates, arguing that Ask hired Jim Associates. A copy of Kalnitech's Answer in the First Action is attached hereto as **Exhibit "C"** submitted with these motion papers.

22. The depositions in the Espinoza Actions attached as numbered exhibits on this motion, also show the dispute relevant only to the claims in the liability case but dispositive evidence proving the validity of Falls Lake's disclaimer either way and entitling plaintiff to summary judgment in this action. The evidence is that either Gus from Kalnitech was the general contractor and/or Ask was the general contractor for the work performed at the premises, including the work claimed to have been performed by Espinoza at the time of his accident/injuries. See at

**Appendix Exhibit "5"** a copy of Dwayne Hudson's, on behalf of Davs, deposition transcript. (**Ex. 5** p. 15, 20); (**Ex. 1** p. 32, 44, 46, 76); (**Ex. 2** p. 19) submitted with these motion papers. Kalnitech and Ask each hired subcontractors for the project. (**Ex. 1** p. 103 – 105, 129) (**Ex. 2** p.27, 28, 49). Kalnitech and its subcontractors performed demo work, concrete work, painting, waterproofing, and roof patch work. (**Ex. 2.** p. 28) Ask hired subcontractors to perform plumbing, mechanical, HVAC, electrical, roofing, and fence work. (**Ex. 1** p. 103 – 105, 129); (**Ex. 2** p. 32). Jim Associates was hired to perform interior finishing work. (Ex. 1 p. 107); (Ex. 2 p. 33). Ask paid Jim Associates for the work performed at the premises. (Ex. 1 p. 107 – 108). Yet, the claim is that all work performed at the premises was scheduled and supervised by Gus and Kalnitech. (Ex. 1 p 127, 130, 146, 148).

23. The dispute as to whether Ask hired Jim Associates or Kalnitech hired Jim Associates, however, is irrelevant to the application of the endorsement entitled "Exclusion – Injury To Employees, Contractors and Employees of Contractors" in that Ask qualifies, pursuant to the contract with Kalnitech, for additional insured status under the Policy such that whether Ask hired Jim Associates or Kalnitech hired Jim Associates, the exclusion applies, as long as Jim Associates was working for any insured, and there is no coverage for either under the Policy.

24. Relevant to application of the exclusion either way is the language of the exclusion and the language of the two Additional Insured provisions in the Policy quoted above.

25. By contract dated March 12, 2019, (**Exhibit "M"**), Ask Electrical entered into a Master Subcontract with Kalnitech which on Paragraph 4 required Kalnitech to include coverage for Blanket Contractual Liability including indemnification of ASK Electrical Contracting Corp. and their directors, officers, employees, agents and representatives and all parties as required under the Owner/Contractor agreement. **Ex. M**. p. 9. Paragraph 4 further states that "Subcontractors'

12

General Liability policy shall be endorsed to include Blanket Additional Insured Endorsements CG2033 7/04 and CG 2037 7/04 or acceptable equivalent forms. Subcontractor is required to include as additional insureds: the Owner, the Contractor and any other additional insured in the Owner/Contractor Agreement for ongoing work and completed operations; the additional insured coverage is on a primary and non-contributory basis; the Contractor's policy is excess of the Subcontractor's insurance and the Contractor's insurance shall not be called upon to contribute to the Subcontractor's insurance." **Ex. M**, p. 9, submitted with these motion papers.

26. Thus, Ask qualified as additional insureds under the Policy pursuant to said contract provisions.

27. The "Exclusion – Injury to Employees, Contractors and Employees of Contractors" endorsement, however, bars coverage regardless of which "insured" (Kalnitech or Ask) hired Jim Associates as a subcontractor. (Ex. G p.64).

28. Accordingly, Falls Lake has properly denied coverage as to the claims asserted in the Espinoza Action.

## **FALLS LAKE IS ENTITLED TO A DECLARATION OF NO COVERAGE**

29. The claims asserted in the Espinoza Actions arise from allegations of bodily injury to an employee, temporary worker, or volunteer worker of an insured or of a contractor working for an insured, and therefore coverage was properly denied.

30. The "Exclusion – Injury to Employees, Contractors and Employees of Contractors" endorsement bars coverage to all claims pertaining to Espinoza's alleged injury as an employee of a contractor for any insured in that Espinoza alleges that he was injured in the course of his employment with Jim Associates, a subcontractor retained by either Ask and/or Kalnitech, and the endorsement bars coverage even if Davs and Ask prove the requirements for status as an additional

insured under the Additional Insured endorsements of the Policy, as well as applies to the claims asserted amongst Davs, Ask, and/or Kalnitech for indemnity and contribution because of bodily injury to any contractor or any contractor's employee working for any insured.

31. Thus, Falls Lake has no obligation for indemnification or defense to any party, including Kalnitech or Ask or Davs, as to the claims asserted in the Espinoza Actions based on the clear and explicit provisions of the Policy.

32. Falls Lake, therefore, requests that the Court grant Falls Lake's motion for summary judgment and declare that Falls Lake has no duty to defend or indemnify any party as to the accident or claims asserted in the Espinoza Actions.

_____
DAVID J. JOHNSON

Sworn to before me this
8th day of February, 2024.

_____
NOTARY PUBLIC

PATRICIA L YARABINEE
NOTARY PUBLIC
STATE OF NEW JERSEY
ID # 2097170
MY COMMISSION EXPIRES MAY 09, 2027