State of New York - Department of State
Division of Corporations

Party Served:
KALNITECH CONSTRUCTION CORP.

Plaintiff/Petitioner:
ESPINOZA,
STALIN RODRIGO REYES

KALNITECH CONSTRUCTION CORP.
204-19 23RD AVENUE
BAYSIDE, NY 11360

Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of State on 07/25/2019 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW. This copy is being transmitted pursuant to such statute to the address provided for such purpose.

Very truly yours,
Division of Corporations

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------X
STALIN RODRIGO REYES ESPINOZA,

                           Plaintiff,

-against-

DAVS PARTNERS LLC AND KALNITECH
CONSTRUCTION COMPANY,

                         Defendants.
---------------------------------------------------------------X

**SUMMONS**
Index No.:

The basis of venue is:
**Plaintiff's Residence**

Plaintiff designates Kings
County as the place of trial.

Plaintiff resides:
151 Avenue O, Apt 3B,
Brooklyn, NY 11204

**To the above named Defendants:**

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorney within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

DATED:     New York, New York
             July 11, 2019

Yours, etc.

_____
CHRISTOPHER J. GORAYEB
GORAYEB & ASSOCIATES, P.C.
Attorney for Plaintiff
STALIN RODRIGO REYES ESPINOZA
100 William Street, Suite 1900
New York, New York 10038
(212) 267-9222/A10589 - LL/AP

[Stamp: SERVED BY SERVICO SINCE 1924 WWW.SERVICO.COM SPECIALISTS IN ALL LEGAL PAPERS]

**DEFENDANT'S ADDRESSES:**
DAVS PARTNERS LLC, 217-14 Hempstead Avenue, Queens Village, NY 11429.
KALNITECH CONSTRUCTION COMPANY, 204-19 23rd Road Avenue, Bayside, NY 11360.

Law Offices
GORAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
NEW YORK, NEW YORK 10038

FILED: KINGS COUNTY CLERK 07/12/2019 09:21 AM
NYSCEF DOC. NO. 1
INDEX NO. 515197/2019
RECEIVED NYSCEF: 07/12/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------X
STALIN RODRIGO REYES ESPINOZA,

           Plaintiff,

-against-

DAVS PARTNERS LLC AND KALNITECH
CONSTRUCTION COMPANY,

           Defendant.
---------------------------------------------------------------X

**VERIFIED COMPLAINT**

Index No.:

Plaintiff, **STALIN RODRIGO REYES ESPINOZA**, by his attorney, **GORAYEB & ASSOCIATES, P.C.**, complaining of the defendants, respectfully alleges, upon information and belief, as follows:

1. That at all times hereinafter mentioned and prior thereto and on, or prior to June 28, 2019, plaintiff was and still is a resident of the State of New York, County of Kings.

2. That this action falls within one or more of the exemptions set forth in CPLR §1602.

3. That at all times hereinafter mentioned, the defendant, **DAVS PARTNERS LLC** (hereinafter "**DAVS**"), was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

4. That at all times hereinafter mentioned, **DAVS**, was and still is a partnership organized and existing under and by virtue of the Laws of the State of New York.

5. That at all times hereinafter mentioned, and upon information and belief, **DAVS**, was and still is a domestic limited liability company organized and existing under and by virtue of the laws of the State of New York.

6. That at all times hereinafter mentioned and upon information and belief, **DAVS**,

Law Offices
GORAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
NEW YORK, NEW YORK 10038

FILED: KINGS COUNTY CLERK 07/12/2019 09:21 AM
NYSCEF DOC. NO. 1
INDEX NO. 515197/2019
RECEIVED NYSCEF: 07/12/2019

was and still is a foreign limited liability company authorized to do business under and by virtue of the laws of the State of New York.

7. That at all times hereinafter mentioned, and upon information and belief, **DAVS**, maintained a principal place of business in Queens County, City and State of New York with its principal place of business at 217-14 Hempstead Avenue, Queens Village, NY 11429.

8. That at all times hereinafter mentioned, the defendant, **KALNITECH CONSTRUCTION COMPANY**, (hereinafter "**KALNITECH**"), was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

9. That at all times hereinafter mentioned, **KALNITECH**, was and still is a foreign corporation authorized to do business under and by virtue of the Laws of the State of New York.

10. That at all times hereinafter mentioned, **KALNITECH**, was and still is a partnership organized and existing under and by virtue of the Laws of the State of New York.

11. That at all times hereinafter mentioned, and upon information and belief, **KALNITECH**, maintained a principal place of business in Queens County, City and State of New York with its principal place of business at 204-19 23rd Road Avenue, Bayside, NY 11360.

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF STALIN RODRIGO REYES ESPINOZA

12. Plaintiff, **STALIN RODRIGO REYES ESPINOZA**, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "11" together with the same force and effect as though same were more fully set forth at length herein.

13. That on June 28, 2019, **DAVS**, owned the property located 217-14 Hempstead

Law Offices
GORAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
NEW YORK, NEW YORK 10038

FILED: KINGS COUNTY CLERK 07/12/2019 09:21 AM
NYSCEF DOC. NO. 1
INDEX NO. 515197/2019
RECEIVED NYSCEF: 07/12/2019

Avenue, Queens, NY 11429.

14. That on June 28, 2019, **DAVS**, owned a building or structure located at 217-14 Hempstead Avenue, Queens, NY 11429.

15. That on June 28, 2019, **DAVS** operated a building or structure located at 217-14 Hempstead Avenue, Queens, NY 11429.

16. That on June 28, 2019, **DAVS**, maintained a building or structure located at 217-14 Hempstead Avenue, Queens, NY 11429.

17. That on June 28, 2019, **DAVS**, controlled and managed a building and structure located at 217-14 Hempstead Avenue, Queens, NY 11429.

18. That on or prior to June 28, 2019, **DAVS**, was hired and/or retained to act as the general contractor and/or construction manager for the construction, renovation, demolition, repair and/or alteration of premises located at 217-14 Hempstead Avenue, Queens, NY 11429.

19. That on or prior to June 28, 2019, **DAVS**, entered into an agreement and contract by which **DAVS** was to provide certain work, labor, services and material as the general contractor and or construction manager with respect to certain construction work, labor and services concerning the construction of the premises located at 217-14 Hempstead Avenue, Queens, NY 11429.

20. That on or prior to June 28, 2019, **DAVS** entered into an agreement and contract by which **DAVS** was to provide certain work, labor, services and material with respect to certain construction work, labor and services concerning the construction of the premises located at 217-14 Hempstead Avenue, Queens, NY 11429.

21. That on or prior to June 28, 2019, **DAVS** retained a contractor to perform construction, renovation, demolition, painting, repair and/or alteration of 217-14 Hempstead Avenue, Queens, NY 11429.

22. That on or prior to June 28, 2019, **DAVS** retained **KALNITECH** to provide work,

Law Offices
GORAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
NEW YORK, NEW YORK 10038

FILED: KINGS COUNTY CLERK 07/12/2019 09:21 AM
NYSCEF DOC. NO. 1
INDEX NO. 515197/2019
RECEIVED NYSCEF: 07/12/2019

labor and/or services at the premises located at 217-14 Hempstead Avenue, Queens, NY 11429.

23. That at all times hereinafter mentioned, and on, or prior to June 28, 2019, **KALNITECH** was hired and/or retained pursuant to a written contract and/or agreement.

24. That on or prior to June 28, 2019, **DAVS** retained **JIM ASSOCIATES CORP.**, to provide work, labor and/or services at the premises located at 217-14 Hempstead Avenue, Queens, NY 11429.

25. That at all times hereinafter mentioned, and on, or prior to June 28, 2019, **JIM ASSOCIATES CORP.**, was hired and/or retained pursuant to a written contract and/or agreement.

26. That on or prior to June 28, 2019, the Defendant, its agents, servants and/or employees were engaged in performing construction work, labor and/or services upon the premises located at 217-14 Hempstead Avenue, Queens, NY 11429.

27. That on June 28, 2019, construction, renovation, demolition, painting, repair and/or alterations were being performed at 217-14 Hempstead Avenue, Queens, NY 11429.

28. That on June 28, 2019, plaintiff was engaged in the performance of construction, renovation, demolition, painting, repair and/or alterations at said premises.

29. That the Defendant, its agents, servants and/or employees had the duty to provide the Plaintiff with a safe place to work.

30. That the Defendant, its agents, servants and/or employees had the non-delegable duty to see that the work site was kept reasonably safe and free of dangers and hazards to those workers lawfully thereat.

31. That on June 28, 2019, while plaintiff **STALIN RODRIGO REYES ESPINOZA**,

Law Offices
GORAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
NEW YORK, NEW YORK 10038

was lawfully and carefully working on a ladder at said premises, he was caused to fall from said ladder by reason of the negligence of the defendant, its agents, servants and/or employees in the ownership, operation, direction, supervision, possession, control, construction, repair, rehabilitation and/or alteration of the said premises sustaining the injuries hereinafter alleged.

32. That the defendant, its agents, servants and/or employees were negligent, reckless and careless in the ownership, operation, repair, control, possession, supervision, direction, construction, inspection, management, renovation, rehabilitation and/or alteration of the said premises in that they failed to provide the plaintiff with a safe place to work; failed to provide the plaintiff with a hazard-free work place; failed to provide the plaintiff with proper and safe elevated working surfaces, scaffolds and ladders, so fixed, secured and/or maintained and braced so as to prevent the plaintiff from falling from same; failed to provide the plaintiff with proper and approved safety devices so placed, fixed and/or secured so as to afford proper protection to the plaintiff working thereat; violated the applicable provisions of the Labor Law of the State of New York, the Industrial Code of the State of New York and the provisions of the Occupational Safety & Health Administration as they pertain to construction; failed to inspect the work areas on the date of the accident and prior thereto to see that the elevated working surfaces, scaffolds and ladders were safe; and, failed to provide the plaintiff with any safety devices to prevent plaintiff from falling from said elevated working surfaces, scaffolds and ladders.

33. That the defendant, its agents, servants and/or employees had actual and/or constructive notice of the dangerous and defective conditions existing upon the work site.

34. That the accident and the injuries resulting therefrom were caused solely and wholly by reason of the negligence of the defendant, its agents, servants and/or

Law Offices
GORAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
NEW YORK, NEW YORK 10038

FILED: KINGS COUNTY CLERK 07/12/2019 09:21 AM
NYSCEF DOC. NO. 1
INDEX NO. 515197/2019
RECEIVED NYSCEF: 07/12/2019

employees without any fault, want of care or culpable conduct on the part of the plaintiff contributing thereto.

35. That by reason of the foregoing, the plaintiff has been rendered sick, sore, lame maimed and disabled and so remains. That he has been unable to attend to his usual vocation and activities and that he has been obliged to expend and will expend in the future, sums of money for medical aid and attention, all to his damage in an amount that exceeds the jurisdictional limits of all lower courts.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFF STALIN RODRIGO REYES ESPINOZA

36. Plaintiff, **STALIN RODRIGO REYES ESPINOZA**, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "35" together with the same force and effect as though same were more fully set forth at length herein.

37. That on June 28, 2019, **KALNITECH,** owned the property located 217-14 Hempstead Avenue, Queens, NY 11429.

38. That on June 28, 2019, **KALNITECH,** owned a building or structure located at 217-14 Hempstead Avenue, Queens, NY 11429.

39. That on June 28, 2019, **KALNITECH** operated a building or structure located at 217-14 Hempstead Avenue, Queens, NY 11429.

40. That on June 28, 2019, **KALNITECH,** maintained a building or structure located at 217-14 Hempstead Avenue, Queens, NY 11429.

41. That on June 28, 2019, **KALNITECH,** controlled and managed a building and structure located at 217-14 Hempstead Avenue, Queens, NY 11429.

42. That on or prior to June 28, 2019, **KALNITECH,** was hired and/or retained to act as the general contractor and/or construction manager for the construction, renovation, demolition, repair and/or alteration of premises located at 217-14

Law Offices
GORAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
NEW YORK, NEW YORK 10038

FILED: KINGS COUNTY CLERK 07/12/2019 09:21 AM
NYSCEF DOC. NO. 1
INDEX NO. 515197/2019
RECEIVED NYSCEF: 07/12/2019

Hempstead Avenue, Queens, NY 11429.

43. That on or prior to June 28, 2019, **KALNITECH,** entered into an agreement and contract by which **KALNITECH** was to provide certain work, labor, services and material as the general contractor and or construction manager with respect to certain construction work, labor and services concerning the construction of the premises located at 217-14 Hempstead Avenue, Queens, NY 11429.

44. That on or prior to June 28, 2019, **KALNITECH** entered into an agreement and contract by which **KALNITECH** was to provide certain work, labor, services and material with respect to certain construction work, labor and services concerning the construction of the premises located at 217-14 Hempstead Avenue, Queens, NY 11429.

45. That on or prior to June 28, 2019, **KALNITECH** retained a contractor to perform construction, renovation, demolition, painting, repair and/or alteration of 217-14 Hempstead Avenue, Queens, NY 11429.

46. That on or prior to June 28, 2019, **KALNITECH** retained **DAVS** to provide work, labor and/or services at the premises located at 217-14 Hempstead Avenue, Queens, NY 11429.

47. That at all times hereinafter mentioned, and on, or prior to June 28, 2019, **DAVS** was hired and/or retained pursuant to a written contract and/or agreement.

48. That on or prior to June 28, 2019, **KALNITECH** retained **JIM ASSOCIATES CORP.,** to provide work, labor and/or services at the premises located at 217-14 Hempstead Avenue, Queens, NY 11429.

49. That at all times hereinafter mentioned, and on, or prior to June 28, 2019, **JIM ASSOCIATES CORP.,** was hired and/or retained pursuant to a written contract and/or agreement.

50. That on or prior to June 28, 2019, the Defendant, its agents, servants and/or

Law Offices
GORAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
NEW YORK, NEW YORK 10038

FILED: KINGS COUNTY CLERK 07/12/2019 09:21 AM
NYSCEF DOC. NO. 1
INDEX NO. 515197/2019
RECEIVED NYSCEF: 07/12/2019

employees were engaged in performing construction work, labor and/or services upon the premises located at 217-14 Hempstead Avenue, Queens, NY 11429.

51. That on June 28, 2019, construction, renovation, demolition, painting, repair and/or alterations were being performed at 217-14 Hempstead Avenue, Queens, NY 11429.

52. That on June 28, 2019, plaintiff was engaged in the performance of construction, renovation, demolition, painting, repair and/or alterations at said premises.

53. That the Defendant, its agents, servants and/or employees had the duty to provide the Plaintiff with a safe place to work.

54. That the Defendant, its agents, servants and/or employees had the non-delegable duty to see that the work site was kept reasonably safe and free of dangers and hazards to those workers lawfully thereat.

55. That on June 28, 2019, while plaintiff **STALIN RODRIGO REYES ESPINOZA**, was lawfully and carefully working on a ladder at said premises, he was caused to fall from said ladder by reason of the negligence of the defendant, its agents, servants and/or employees in the ownership, operation, direction, supervision, possession, control, construction, repair, rehabilitation and/or alteration of the said premises sustaining the injuries hereinafter alleged.

56. That the defendant, its agents, servants and/or employees were negligent, reckless and careless in the ownership, operation, repair, control, possession, supervision, direction, construction, inspection, management, renovation, rehabilitation and/or alteration of the said premises in that they failed to provide the plaintiff with a safe place to work; failed to provide the plaintiff with a hazard-free work place; failed to provide the plaintiff with proper and safe elevated working surfaces, scaffolds and ladders, so fixed, secured and/or maintained

Law Offices
GORAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
NEW YORK, NEW YORK 10038

FILED: KINGS COUNTY CLERK 07/12/2019 09:21 AM
NYSCEF DOC. NO. 1
INDEX NO. 515197/2019
RECEIVED NYSCEF: 07/12/2019

and braced so as to prevent the plaintiff from falling from same; failed to provide the plaintiff with proper and approved safety devices so placed, fixed and/or secured so as to afford proper protection to the plaintiff working thereat; violated the applicable provisions of the Labor Law of the State of New York, the Industrial Code of the State of New York and the provisions of the Occupational Safety & Health Administration as they pertain to construction; failed to inspect the work areas on the date of the accident and prior thereto to see that the elevated working surfaces, scaffolds and ladders were safe; and, failed to provide the plaintiff with any safety devices to prevent plaintiff from falling from said elevated working surfaces, scaffolds and ladders.

57. That the defendant, its agents, servants and/or employees had actual and/or constructive notice of the dangerous and defective conditions existing upon the work site.

58. That the accident and the injuries resulting therefrom were caused solely and wholly by reason of the negligence of the defendant, its agents, servants and/or employees without any fault, want of care or culpable conduct on the part of the plaintiff contributing thereto.

59. That by reason of the foregoing, the plaintiff has been rendered sick, sore, lame maimed and disabled and so remains. That he has been unable to attend to his usual vocation and activities and that he has been obliged to expend and will expend in the future, sums of money for medical aid and attention, all to his damage in an amount that exceeds the jurisdictional limits of all lower courts.

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF STALIN RODRIGO REYES ESPINOZA

60. Plaintiff, **STALIN RODRIGO REYES ESPINOZA**, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "59"

Law Offices
GORAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
NEW YORK, NEW YORK 10038

together with the same force and effect as though same were more fully set forth at length herein.

61. That on June 28, 2019, there existed in full force and effect within the State of New York, Sections 200, 240(1), 240(2), 240(3), and 241(6) of the Labor Law of the State of New York.

62. That defendants had the duty to comply with the provisions of sections 200, 240(1), 240(2), 240(3), and 241(6) of the Labor Law of the State of New York.

63. That said defendants violated Sections 200, 240(1), 240(2), 240(3), and 241(6) of the Labor Law of the State of New York.

64. That on June 28, 2019, there existed Rule 23 of the Industrial Code of the State of New York.

65. That the defendants had the duty to comply with the provisions of Rule 23 of the Industrial Code of the State of New York.

66. That by reason of the negligence of the defendants aforesaid, the defendants violated Rule 23 of the Industrial Code of the State of New York.

67. That by reason of the foregoing, the plaintiff has been rendered sick, sore, lame maimed and disabled and so remains. That he has been unable to attend to his usual vocation and activities and that he has been obliged to expend and will expend in the future, sums of money for medical aid and attention, all to his damage in an amount that exceeds the jurisdictional limits of all lower courts.

**WHEREFORE**, the plaintiff **STALIN RODRIGO REYES ESPINOZA** demands judgment against the defendants in an amount that exceeds the jurisdictional limits of all lower courts on each cause of action, with costs, interest and disbursements.

Dated: New York, New York
July 11, 2019

Law Offices
GORAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
NEW YORK, NEW YORK 10038

Yours, etc.

CHRISTOPHER J. GORAYEB
GORAYEB & ASSOCIATES, P.C.
Attorney for Plaintiff
STALIN RODRIGO REYES ESPINOZA
100 William Street, Suite 1900
New York, New York 10038
(212) 267-9222/File#/A10589 - LLAP

## ATTORNEY'S VERIFICATION

**CHRISTOPHER J. GORAYEB**, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am a member of the law firm of **GORAYEB & ASSOCIATES, P.C.**, attorney of record for plaintiff, I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files. The reason this verification is made by me and not Plaintiff is that Plaintiff does not reside in the county wherein the attorney for the plaintiff maintains its offices.

DATED:   New York, New York
         July 11, 2019

_____
CHRISTOPHER J. GORAYEB

FILED: KINGS COUNTY CLERK 07/12/2019 09:21 AM
NYSCEF DOC. NO. 1

INDEX NO. 515197/2019
RECEIVED NYSCEF: 07/12/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

STALIN RODRIGO REYES ESPINOZA,

    Plaintiff,

Index No.

-against-

DAVS PARTNERS LLC and KALNITECH
CONSTRUCTION COMPANY,

    Defendants.

## SUMMONS AND VERIFIED COMPLAINT

**GORAYEB & ASSOCIATES, P.C.**
Attorneys for Plaintiff
STALIN RODRIGO REYES ESPINOZA
100 William Street, Ste. 1900
New York, New York 10038
(212) 267-9222
FILE NO. A10589 - LL



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------X
STALIN RODRIGO REYES ESPINOZA,

                       Plaintiff,            Index No.: 515197/19

      -against-

DAVS PARTNERS LLC AND KALNITECH
CONSTRUCTION COMPANY,

                     Defendants.
---------------------------------------------------------------X

**NOTICE OF COMMENCEMENT OF ACTION**
**SUBJECT TO MANDATORY ELECTRONIC FIING**

    PLEASE TAKE NOTICE, that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b)(3) of that Section.

    The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic serve of those documents, court documents, and court notices upon counsel and self-represented parties. Counsel and/or parties who do not notify the court of a claimed exemption (see below) as required by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the Consent page in NYSCEF. Failure to do so may result in an inability to receive electronic notice of document filings.

    Exemptions from mandatory e-filing are limited to: 1) attorneys who certify in good faith that they lack the computer equipment and (along with all employees) the requisite knowledge to comply; and 2) self-represented parties who choose not to participate in e-filing. For additional information about electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center at 646-386-3033 or efile@courts.state.ny.us.

DATED:    New York, New York
               July 17, 2019

Law Offices
GORAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
NEW YORK, NEW YORK 10038

Yours, etc.

_____
Christopher J. Gorayeb
GORAYEB & ASSOCIATES, P.C.
Attorney for Plaintiff
STALIN RODRIGO REYES ESPINOZA
100 William Street, Suite 1205
New York, New York 10038
(212) 267-9222/A10589 - LL/AP
cgorayeb@gorayeb.com

DAVS PARTNERS LLC
217-14 Hempstead Avenue
Queens Village, NY 11429

KALNITECH CONSTRUCTION COMPANY
204-19 23rd Road Avenue
Bayside, NY 11360.

Case 1:22-cv-01473-KAM-PK   Document 72-4   Filed 02/12/24   Page 18 of 20 PageID #: 2327




| | |
|---|---|
| **From:** | Mohamed F. Shafi <mshafi@dgainc.com> |
| **Sent:** | Friday, August 9, 2019 5:55 PM |
| **To:** | firstreporting@aeiginsurance.com |
| **Subject:** | FW: Kalnitech Construction SKP2004493 (New Claim) - Summons & Complaint |
| **Attachments:** | Kalniteh Claim.pdf |

Claimant: Stalin Rodrigo Reyes Espinosa
Summons & Complaint

Good day,

Please find attached Summons & Complaint. Kindly process and confirm receipt.

Insured Contact:
Kostas Stuopakis
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

Thank you

Mohamed Shafi
DGA Insurance Services LLC
mshafi@dgainc.com
212-897-6912 x 4278

---

**From:** Ajay Singh
**Sent:** Thursday, August 08, 2019 1:51 PM
**To:** Mohamed F. Shafi
**Subject:** FW: Kalnitech Construction SKP2004493


**From:** MEK Financial Services Corp. [mailto:mk@mekfinancial.com]
**Sent:** Thursday, August 08, 2019 1:47 PM
**To:** Ajay Singh
**Subject:** Kalnitech Construction SKP2004493

Please see attached received by our insured




**Pauline Roditis**

*Broker*

*Administrative Asst*

MEK Financial

1



**o:** 718-932-1851
**f:** 718-764-1223
**e:** pauline@mekfinancial.com

35-01 30th Avenue
Suite 203
Astoria, NY, 11103

www.mekfinancial.com



*"The greatest compliment you can give us is a referral"*

This e-mail message may contain confidential or legally privileged information and is intended only for the use of the intended recipient(s). Any unauthorized disclosure, dissemination, distribution, copying or the taking of any action in reliance on the information herein is prohibited. E-mails are not secure and cannot be guaranteed to be error free as they can be intercepted, amended, or contain viruses. Anyone who communicates with us by e-mail is deemed to have accepted these risks. MEK Financial is not responsible for errors or omissions in this message and denies any responsibility for any damage arising from the use of e-mail. Any opinion and other statement contained in this message and any attachment are solely those of the author and do not necessarily represent those of the company.