UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
FALLS LAKE NATIONAL INSURANCE                    CIV: 22-cv-1473 (KAM) (PK)
COMPANY,

                                        Plaintiff,

                -against-

KALNITECH CONSTRUCTION CORP.,
DAVS PARTNERS LLC, STALIN RODRIGO
REYES ESPINOZA and ASK ELECTRICAL
CONTRACTING CORP.,

                                        Defendants,
----------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF FALLS LAKE NATIONAL
INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT**


MIRANDA SLONE SKLARIN
VERVENIOTIS LLP
Attorneys for Plaintiff
240 Mineola Boulevard
Mineola, New York 11501
(516) 741-7676


Of Counsel:
Steven Verveniotis

## TABLE OF CONTENTS

Contents

TABLE OF CONTENTS ......................................................................................................... i

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

STATEMENT OF FACTS ...................................................................................................... 2

LEGAL ARGUMENT ............................................................................................................ 6

POINT I
LEGAL STANDARD FOR SUMMARY JUDGMENT MOTIONS ........................................... 6

POINT II
DAVS IS NOT AN ADDITIONAL INSURED UNDER THE POLICY ..................................... 7

POINT III
THE POLICY DOES NOT COVER THE ESPINOZA ACTIONS ........................................... 10

CONCLUSION ...................................................................................................................... 18

## TABLE OF AUTHORITIES

Cases

AB Green Gansevoort, LLC v. Peter Scalamandre & Sons, Inc.,
    102 A.D.3d 425 (1st Dept. 2013) .................................................................. 10

ACC Construction Corporation v. Merchants Mutual Insurance Company,
    200 A.D.3d 551 (1st Dept. 2021) .................................................................. 10

Acorn Ponds, Inc. v. Hartford Ins. Co.,
    105 A.D.2d 723 (2d Dep't 1984) .................................................................. 12

Allstate Ins. Co. v. Mugavero,
    79 N.Y.2d 153 (1992) .................................................................................. 18

Anderson v. Liberty Lobby, Inc.,
    477 U.S. 242 (1986) ................................................................................. 6, 7

Atlantic Cas. Ins. Co. v. Torres Custom Framing Corp.,
    2015 WL 6738880 (E.D.N.Y. 2015) ............................................................ 19

Bassuk Bros., Inc. v. Utica First Ins. Co.,
    1 A.D.3d 470 (2d Dep't 2003) ...................................................................... 12

Bayport Const. Corp. v. BHS Ins. Agency,
    117 A.D.3d 660 (2d Dep't 2014) .................................................................. 14

Breed v. Ins. Co. N.A.,
    46 N.Y.2d 351 (1978) .................................................................................. 11

Campoverde v. Fabian Builders, LLC,
    83 A.D.3d 986 (2d Dept. 2011) .............................................................. 15, 18

Carriage Development, Inc. v. U.S. Underwriters Ins. Co.,
    4 A.D.3d 305 (1st Dept. 2004) ..................................................................... 13

Celotex Corp. v. Catrett,
    477 U.S. 317 (1986) ...................................................................................... 7

Cincinnati Insurance Company v. Harleysville Insurance Company,
    709 Fed. Appx. 71 (2d Cir. 2017) ................................................................... 8

Compoverde v. Favian Builders, LLC,
    83 A.D.3d 986 (2d Dept. 2011) .................................................................... 13

D'Amico v. City of New York,
    132 F.3d 145 (2d Cir. 1998) ........................................................................... 7

Dynatec Contracting, Inc. v. Burlington Insurance Company,
    184 A.D.3d 475 (1st Dept. 2020) ........................................................... 9

Ethelberth v. Choice Sec. Co.,
    91 F. Supp. 3d 339 (E.D.N.Y. 2015)....................................................... 7

Franco Belli Plumbing & Heating and Sons, Inc. v. Liberty Mut. Ins. Co.,
    2012 WL 2830247 (E.D.N.Y. 2012)....................................................... 16

Gilbane Building Co./TDX Construction Corp. v. St. Paul Fire and Marine Insurance Company,
    31 N.Y.3d 131 (2018) .............................................................. 8, 9, 10

Goldberger v. Paul Revere Life Ins. Co.,
    165 F.3d 180 (2d Cir. 1999)................................................................. 11

Guachichulca v. Laszlo N. Tauber & Associates, LLC,
    37 A.D.3d 760 (1st Dept. 2007) ........................................................... 12

Howard & Norman Baker, Ltd. v. Am. Safety Cas. Ins. Co.,
    75 A.D.3d 533 (2d Dep't 2010) ....................................................... 13, 14

Johnson v. Travelers Ins. Co.,
    269 N.Y. 401 (1936) .......................................................................... 11

Kahn v. Allstate Ins. Co.,
    17 A.D.3d  408 (2d Dept. 2005)............................................................ 16

Locascio v. Mut. of Omaha Ins. Co.,
    198 A.D.2d 403 (2d Dep't 1993) .......................................................... 11

McLee v. Chrysler Corp.,
    109 F.3d 130 (2d Cir. 1997)................................................................... 6

Moleon v. Kreisler Borg Floman Genetral Const. Co., Inc.,
    304 A.D.2d 337 (1st Dept 2003) .......................................................... 12

Monteleone v. Crow Const. Co.,
    242 A.D.2d 135 (1st Dept 1998) .......................................................... 12

Mount Vernon Fire Ins. Co. v. Creative Housing Ltd.,
    88 N.Y.2d 347 (1996) ........................................................................ 11

State Farm Fire & Cas. Co. v. Joseph M.,
    106 A.D.3d 806 (2d Dept. 2013)........................................................... 16

Superior Contracting & Restoration, Inc. v. U.S. Liability Ins. Co.,
    2008 WL 170690 (E.D.N.Y. 2008) ................................................... 17, 18

Travelers Insurance Company v. Harleysville Insurance Company of New York,
2023 WL 7621992 (E.D.N.Y. 2023) ................................................................. 16

Tsesarskaya v. City of New York,
843 F. Supp. 2d 446 (S.D.N.Y. 2012) .............................................................. 6

Turner Construction Company v. Endurance American Specialty Insurance Company,
161 A.D.3d 439 (1st Dept. 2018) ...................................................................... 9

U.S. Underwriters Ins. Co. v. 614 Const. Corp.,
142 F.Supp.2d 491 (S.D.N.Y. 2001) ................................................................ 14

Utica First Ins. Co. v. Santagata,
66 A.D.3d 876 (2d Dept 2009) .......................................................................... 11

Statutes

Fed. R. Civ. P. 56(a) ................................................................................................. 6

## PRELIMINARY STATEMENT

Plaintiff, Falls Lake National Insurance Company ("Falls Lake"), respectfully submits this memorandum of law in support of its motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56, seeking a declaration that the policy of insurance issued by Falls Lake to Kalnitech Construction Company ("Kalnitech") afford no coverage for the accident and claims asserted in the action captioned Stalin Rodrigo Reyes Espinoza v. Davs Partners LLC and Kalnitech Construction Company, filed in the Supreme Court of the State of New York, County of Kings under Index Number 515197/2019 (the "First Action") and the action entitled Stalin Rodrigo Reyes Espinoza v. Ask Electrical Contracting Corp., filed in the Supreme Court of the State of New York, County of Kings County under Index Number 514760/2022 ("The Second Action") by operation of several provisions in the policy. Falls Lake has denied coverage as to both lawsuits (collectively referred hereto as the "Espinoza Actions" and "Underlying Action"), but Falls Lake is affording a defense to Kalnitech subject to the determination of this Court in this declaratory judgment action as to defense and indemnification obligations under the policy. This motion seeks a declaration as to certain provisions without waiving the other grounds asserted.

Falls Lake seeks relief based upon the clear and unambiguous language of the subject policy which precludes coverage not only for the bodily injury alleged in the Underlying Action but also the indemnification and contribution sought in the Espinoza Actions. As detailed herein, it is a matter of documentary evidence that the "Exclusion of Injury to Employees, Contractors and Employees of Contractors" applies in that Stalin Rodrigo Reyes Espinoza ("Espinoza") has sued all on the basis that he was injured in the course of his employment with Jim Associates, a subcontractor of either Kalnitech or Ask Electrical Contracting Corp. ("Ask"), performing work at 217-14 Hempstead Avenue, Queens, NY 11429 (the "premises"). The contracts prove that Ask hired Jim Associates but either way, the exclusion removes all claims based upon such accident from coverage.

1

## STATEMENT OF FACTS

The material facts and evidence supporting Falls Lake's motion for summary judgment are set forth in Falls Lake's Rule 56.1 Statement of Material Facts as well as the accompanying affidavit of David Johnson and Declaration of Steven Verveniotis, with exhibits.  Briefly stated, this is a declaratory judgment action in which Falls Lake seeks a declaration that policy numbered SKP 200449310 issued by Falls Lake to Kalnitech for the policy period of January 3, 2019 to January 3, 2020 (the "Policy") precludes coverage to claims asserted in the Espinoza Actions such that Falls Lake has no obligation to defend or indemnify Kalnitech or any other defendant in the Underlying Action.  Ex. G.  Accordingly, Falls Lake seeks a declaration as to defense and indemnification of all with respect to the Underlying Action.  The following is a brief summary of the relevant facts.

There is no dispute that the Policy issued to Kalnitech includes certain provisions and exclusions.  Ex. G.  Based upon those provisions, the insurer has denied coverage and submits this motion for a declaration as a matter of law based upon the documentary evidence as to the claims in the Espinoza Actions and the Policy.   This motion will address only certain grounds for denial of coverage as to which a summary adjudication is sought without waiving the other grounds asserted as additional basis for the denial of coverage for the claims in the Espinoza Actions.

While there is a dispute in the Underlying Action as to which contractor, Kalnitech or Ask, hired/contracted with Espinoza's employer, Jim Associates, the evidence as to the claims presented proves that either one or the other did so (seems that it was Ask) and that Espinoza was allegedly injured during the course of his work.  Ex. N – R.   There is no dispute that what Espinoza claims is that he had an accident and was injured on June 28, 2019 while working at the premises as an employee of Jim Associates.  Ex. A p. 7 ¶¶ 25, 26, 31; Ex. O p. 5 ¶ 4, p. 20 ¶ 11; Ex 3 p. 58, Ex. 4 p. 102, Ex. 2 p. 41.   While parties may dispute how the accident occurred (or whether it occurred

at all) or that Espinoza was actually injured and which was to blame, all of the claims presented for coverage under the Policy concern Espinoza's alleged work-place accident.

There also is no dispute that Espinoza commenced two lawsuits as to the same accident. He filed the First Action (Ex. A) in 2019, and he filed the Second Action (Ex. D) in 2022. Moreover, the two lawsuits asserted claims against different parties for the same accident/injuries.

Further, Falls Lake was provided notice of only one of those two lawsuits. Falls Lake was told of the claims in the First Action but not the Second Action. Falls Lake found out about the Second Action on its own (through counsel) and denied coverage as to those claims as well.

Since the two actions are now consolidated and involve the same accident as to which essentially all of the defendants assert crossclaims for contribution and indemnification against all others, the claims are treated in unison on this motion. Falls Lake has denied coverage as to both matters and seeks a ruling here that claims are removed from coverage under the Policy by operation of the same provisions set forth in this motion regardless of which contractor sub-contracted with Espinoza's employer, Jim Associates, for the work that Espinoza claims he was performing when he allegedly had a work-place accident and was injured.

Falls Lake denied coverage as to the First Action when that was presented for coverage under the Policy. Ex. H, I. Then, when Falls Lake later learned of the Second Action, Falls Lake denied coverage as to that matter and amended the Complaint in this declaratory judgment action to include Ask as a party, seeking a declaration as to all, including Ask. Ex. J, K.

The evidence before the Court clearly details the claims at issue for application of the Policy provisions as a matter of law. In the First Action, Espinoza alleged that DAVS and/or Kalnitech hired Jim Associates pursuant to a written contract. Ex. A p. 6 ¶ 24, p. 9 ¶ 46. DAVS answered and admitted that it hired Kalnitech pursuant to written contract. Ex. B p. 3 ¶ 13, 19.

3

Both Kalnitech and DAVS each answered and asserted crossclaims for contractual and common law indemnification, contribution, and/or additional insured coverage. Ex. B p. 8 – 10; Ex. C p. 10 – 12. Espinoza later commenced the Second Action, alleging that Ask hired both Kalnitech and Jim Associates pursuant to written contract. Ex. D p. 4 ¶ 17, 18. Ask answered and reserved its right to assert crossclaims as to which it did assert crossclaims for indemnification and contribution against DAVS and Kalnitech upon an order of consolidation. Ex. E. Ask also subsequently commenced a third-party action against Jim Associates for contractual indemnification and additional insured coverage pursuant to its July 15, 2019 subcontract agreement with Jim Associates. Ex. F p. 7, 8 – 9, 39 – 48.

During the course of the litigation in the First Action and discovery in the declaratory judgment action, it was confirmed that Espinoza was an employee of Jim Associates. Ex. O p. 5 ¶ 4, p. 20 ¶ 11; Ex 3 p. 58, Ex. 4 p. 102, Ex. 2 p. 41. In addition, the March 11, 2019 Short Form Prime Contract Between Owner (DAVS) and Contractor (Ask), the March 12, 2019 Master Subcontract Agreement between Ask and Kalnitech, and several documents, such as invoices, the Jim Associates subcontract with Ask, a proposal, certificate of insurance, and work order form between Ask and Jim Associates were produced that prove the contractual connections. Ex. L – R. These documents contain provisions that would entitled Ask to additional insured coverage on the basis that Kalnitech contracted with Ask to perform work at the premises but the applicable exclusion apply as to all insureds, even additional insureds, to remove all claims from coverage under the Policy.

The "Short Form Prime Contract Between Owner & Contractor" required Ask to purchase insurance which named DAVS and its agents as an additional insured. Section 14 of the agreement stated as follows:

> The owner and their agents are to be named as an additional insured on a primary and non-contributory basis to the Contractor's Commercial General Liability and Umbrella policies using appropriate ISO forms that include Broad Form Contractual Liability, Premises Operations Liability, Contractual Liability, Advertising and Personal Injury Liability and Products/Completed Operations Liability, or by using a company specific endorsement that provides equivalent protection. Subcontractor's Commercial General Liability and Umbrella policies will not have any 3rd Part Action Over Exclusions or Employee Injury Exclusions.

Ex. L p. 5.

The March 12, 2019 Master Subcontract Agreement required Kalnitech to purchase insurance which named Ask and DAVS as additional insureds. Section 4 of the agreement stated as follows:

> 6. Subcontractors General Liability policy shall be endorsed to include Blanket Additional Insured Endorsements CG2033 7/04 and CG2037 7/04 or acceptable equivalent forms. Subcontractor is required to include as additional insureds: the Owner, the Contractor and any other additional insured in the Owner/Contractor Agreement for ongoing work and completed operations; the additional insured coverage is on a primary and non-contributory basis. The Contractor's policy is excess of the Subcontractor's Insurance and the Contractor's insurance shall not be called upon to contribute to the Subcontractor's Insurance.

Ex. M p. 9.

Thus, pursuant to the clear and explicit terms of the Policy, Prime Contract, and Master Subcontract agreement, Ask qualified as additional insureds under the Policy as it contracted directly with Kalnitech and the allegations in the Espinoza Actions were that Espinoza's injuries arose from Kalnitech's negligence in its acts or omissions and/or its completed operations. Ex. A, L, M.

The exclusion applies to bar coverage to all, including additional insureds, in that Espinoza was an employee of Jim Associates, a contractor retained by Ask, an insured under the Policy. The Policy's "Exclusion – Injury to Employees, Contractors and Employees of Contractors" endorsement bars coverage as to all claims asserted against any insured arising from injury to an employee of any contractor working for any insured. Ex. O p. 5 ¶ 4, p. 20 ¶ 11; Ex 3 p. 58, Ex. 4

5

p. 102, Ex. 2 p. 41.  The application of the exclusions under the Policy are further proven by testimony of Espinoza, representatives on behalf of Kalnitech, Ask, and DAVS which testified in the Underlying Action and confirmed that Espinoza was an employee of Jim which was hired by and paid by Ask, that Kalnitech was hired by Ask, and that Ask and/or Kalnitech were the general contractors.  Ex. 1 – 4; Ex. 1 p. 32, 44, 46, 76, 103 – 105, 127, 129, 130, 146, 148; Ex. 2 p. 19, 27, 28,32, 34, 41, 49, 60; Ex. 3 p.58, Ex. 4 p. 102; Ex. 5 p. 15, 20.

All claims arising from an accident during that work are barred from coverage under the Policy. Therefore, Falls Lake is entitled to summary judgment declaring that it has no obligation to defend or indemnify any parts as to the claims asserted in the Underlying Action, and that Falls Lake owes neither defense nor indemnity to any party, including Kalnitech, Ask and DAVS.

## LEGAL ARGUMENT

## POINT I

## LEGAL STANDARD FOR SUMMARY JUDGMENT MOTIONS

Summary judgment is appropriate if the parties' submissions, including deposition transcripts, affidavits, or other documentation, show that there is "no genuine dispute as to any material fact," and that the movant is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  The movant has the "burden of showing the absence of any genuine dispute as to a material fact." McLee v. Chrysler Corp., 109 F.3d 130, 134 (2d Cir. 1997); Tsesarskaya v. City of New York, 843 F. Supp. 2d 446, 453-54 (S.D.N.Y. 2012) ("While disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment[,] [f]actual disputes that are irrelevant or unnecessary will not be counted." (quoting Anderson, 477 U.S. at 248)).

"Once the moving party has met this burden, the party opposing summary judgment must identify specific facts and affirmative evidence that contradict those offered by the moving party to demonstrate that there is a genuine issue for trial." Ethelberth v. Choice Sec. Co., 91 F. Supp. 3d 339, 349 (E.D.N.Y. 2015) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The non-moving party "may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful." D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998).

In this case, the undisputed material facts support summary judgment here in favor of Falls Lake, declaring that it is not obligated to defend and indemnify Kalnitech or any other party as to the claims asserted in the Underlying Action, and that Falls Lake may withdraw from its defense of Kalnitech. The evidence is a matter of record as to the proceedings in the Underlying Action and contracts, invoices, and proposals between the parties. Accordingly, as Espinoza was allegedly injured as an employee of any contractor of any insured of Falls Lake in the course of his employment related to any insured's business, the Policy bars coverage as to the claims at issue. Furthermore, as the parties seek coverage for indemnity and/or contribution due to the bodily injury of an insured's employee, any contractor, or any contractor's employee, the Policy bars coverage as to the claims at issue. Thus, Falls Lake is entitled to summary judgment.

## POINT II

## DAVS IS NOT AN ADDITIONAL INSURED UNDER THE POLICY

DAVS is not entitled to additional insured coverage from Falls Lake pursuant to the clear and express language of the Policy in that the Falls Lake Policy requires direct privity of contract in order to be entitled to additional insured coverage. Since DAVS cannot satisfy that requirement, it is afforded no coverage. Even if DAVS were an additional insured, however, the same exclusion

applies bar coverage as to all insureds for whom an employee of a contractor performs work and is injured.

Pursuant to the "Additional Insured – Owners, Lessees or Contractors – Completed Operations Automatic Status When Required in a Written Contract With You" endorsement of the Policy, a party is an additional insured when: "any person or organization when you and such person or organization have agreed in a written contract that such person or organization be added as an additional insured on your policy." Ex. G.  Similarly, the "Additional Insured – Owners, Lessees or Contractors – Automatic Status When Required in Construction Agreement With You" endorsement of Policy requires that in an additional insured is: any party for whom you are performing operations when you and such person organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy." Ex. G.  The term "you" refers to the named insured on the policy, Kalnitech, only. Ex. G dec sheet.

Pursuant to New York insurance law, "when determining whether a third party is an additional insured under an insurance policy, a court must ascertain the intention of the parties to the policy, as determined from withing the four corner of the policy itself." Cincinnati Insurance Company v. Harleysville Insurance Company, 709 Fed. Appx. 71 (2d Cir. 2017).  The Court of Appeals in Gilbane Building Co./TDX Construction Corp. v. St. Paul Fire and Marine Insurance Company, 31 N.Y.3d 131 (2018), after reviewing the Policy, determined that the contractual privity language of an additional insured endorsement is clear and unambiguous to bar coverage to a third-party seeking additional insured coverage who is not in privity with the named insured.

In Gilbane, the court barred additional insured coverage to a construction manager as it was not in contractual privity with the insured as to which it sought additional coverage from. DASNY had contracted with both Samson as the general contractor, and with Gilbane as the

construction manager.  DASNY's contract with Samson required it to obtain additional insured coverage for the job and required it to name DASNY and the construction manager as additional insureds.  The additional insured provision of Samson's policy stated that an insured is "any person or organization <u>with whom</u> you have agreed to add as an additional insured by written contract".  The Court's analysis focused on the "with whom" provision and gave deference to the meaning of the provision.  In denying additional insured coverage to Gilbane, the Court determined that an additional insured is only a party who contracted directly with the named insured, and Gilbane did not do so.

New York law has followed the precedent set forth in Gilbane, denying coverage pursuant to the clear and express language of the additional insured endorsement requiring contractual privity.  <u>See ACC Construction Corporation v. Merchants Mutual Insurance Company</u>, 200 A.D.3d 551 (1st Dept. 2021); <u>Dynatec Contracting, Inc. v. Burlington Insurance Company</u>, 184 A.D.3d 475 (1st Dept. 2020); <u>Turner Construction Company v. Endurance American Specialty Insurance Company</u>, 161 A.D.3d 439 (1st Dept. 2018); <u>see also</u> <u>AB Green Gansevoort, LLC v. Peter Scalamandre & Sons, Inc.</u>, 102 A.D.3d 425 (1st Dept. 2013) (denying additional insured coverage where the additional insured endorsement required that "you and such ... organization have agreed in writing in a contract or agreement that such ... organization be added as an additional insured on your policy").

Here, as determined in <u>Gilbane</u> and its progeny, DAVS is not entitled to additional insured coverage as it did not contract with Kalnitech.  The Falls Lake Policy additional insured provisions limit additional insured coverage to a <u>person or organization that contracted with Kalnitech</u>, imposing a direct privity requirement.  DAVS only contracted with Ask.  Ex. L.  Thus, as DAVS never contracted with Kalnitech, it is not entitled to additional insured coverage.

Accordingly, the Court must enforce the Policy, as its terms and provisions are clear and unambiguous.  Therefore, as DAVS never contracted with Kalnitech, it is not entitled to additional insured coverage under the Policy.

Further, as detailed in the next point, even of DAVS were to prove additional insured status, the same exclusion applies as to claims against all insureds.

**POINT III**

**THE POLICY DOES NOT COVER THE ESPINOZA ACTIONS**

The claims asserted in the Espinoza Actions are barred from coverage under the Policy to all parties, including DAVS even if it were to be determined to be an additional insured, pursuant to the clear and explicit language of the Policy.  The "Exclusion of Injury to Employees, Contractors and Employees of Contractors" endorsement bars coverage because the claims at issue pertain to an injury to any employee of any contractor of any insured of Falls Lake performing duties related to any insured's business. Moreover, the "Exclusion of Injury to Employees, Contractors and Employees of Contractors" endorsement bars coverage because the claims at issue seek coverage for indemnity and/or contribution due to the bodily injury of an insured's employee, any contractor, or any contractor's employee.  Thus, the parties are not entitled coverage as it pertains to the claims asserted in the Espinoza Actions.

Under New York law, "[c]ontracts of insurance, like other contracts, are to be construed according to the sense and meaning of the terms which the parties have used, and if they are clear and unambiguous the terms are to be taken and understood in their plain, ordinary and proper sense." Locascio v. Mut. of Omaha Ins. Co., 198 A.D.2d 403, 404-05 (2d Dept 1993) quoting Johnson v. Travelers Ins. Co., 269 N.Y. 401, 408 (1936); see also Breed v. Ins. Co. N.A., 46 N.Y.2d 351, 355 (1978).  An unambiguous policy provision must be accorded its plain and

ordinary meaning and a court may not disregard the plain meaning of the policy's language in order to find an ambiguity where none exists. Bassuk Bros., Inc. v. Utica First Ins. Co., 1 A.D.3d 470, 471 (2d Dept 2003); Goldberger v. Paul Revere Life Ins. Co., 165 F.3d 180, 182 (2d Cir. 1999).

Moreover, the "provisions in a contract are not ambiguous merely because the parties interpret them differently." Mount Vernon Fire Ins. Co. v. Creative Housing Ltd., 88 N.Y.2d 347, 352 (1996). Courts must read an insurance policy as a whole and should not adopt a construction that negates a policy provision. Acorn Ponds, Inc. v. Hartford Ins. Co., 105 A.D.2d 723, 724 (2d Dept 1984. Courts have found that the endorsement at issue is clear and unambiguous.

It is irrefutable that the "Exclusion – Injury to Employees, Contractors and Employees of Contractors" endorsement at issue bars coverage to all parties, given that the claims at issue involve bodily injury to any employee of any contractor of any insured arising out of or in the course of employment by any insured or performing duties related to the conduct of any insured's business. In considering the applicability of the endorsement, courts have found that an employee exclusion "which excludes coverage in cases of bodily injury to an employee of the insured or an employee of a contractor hired by the insured if it occurs in the course of employment, does not violate public policy." Utica First Ins. Co. v. Santagata, 66 A.D.3d 876, 878 (2d Dept 2009). Moreover, New York courts "have held that employee exclusionary clauses containing the same or similar language are plain and unambiguous." Moleon v. Kreisler Borg Floman Genetral Const. Co., Inc., 304 A.D.2d 337, 340 (1st Dept 2003). Moreover, this exclusion has been repeatedly and consistently upheld in similar circumstances. Guachichulca v. Laszlo N. Tauber & Associates, LLC, 37 A.D.3d 760 (1st Dept. 2007) ("The plain meaning of the exclusion was to relieve [the insurer] of liability when an insured or additional insured was sued or indemnification was

requested for damages arising out of bodily injury to an employee sustained in the course of employment."); Compoverde v. Favian Builders, LLC, 83 A.D.3d 986 (2d Dept. 2011) ("Here, the plain meaning of the employee exclusion invoked by [the insurer] is that the policy does not provide coverage for damages arising out of bodily injury sustained by an employee of any contractor hired by or for any insured in the course of the employee's employment."); Carriage Development, Inc. v. U.S. Underwriters Ins. Co., 4 A.D.3d 305 (1st Dept. 2004) (Where the insurer provided documentation proving the employer of the claimant was a contractor of the insured, "the insurer met its burden of demonstrating that the exclusion applied."); Monteleone v. Crow Const. Co.,242 A.D.2d 135 (1st Dept. 1998) (finding employee exclusion endorsement applied as to claims asserted by subcontractor).

The "Exclusion – Injury to Employees, Contractors and Employees of Contractors" endorsement precludes coverage to insureds and additional insureds in claims for injuries to an employee of a contractor working for an insured as is the case here. For example, in Bayport Const. Corp. v. BHS Ins. Agency, 117 A.D.3d 660 (2d Dept 2014), the Court found that there was no coverage to the insured or any additional insureds for an underlying action involving an employee of the insured who fell while working on a construction project for the insured. The policy at issue in Bayport Const. Corp also contained an employer's liability exclusion which barred coverage for "Bodily injury' to: (1) An 'employee' of any insured arising out of and in the course of: (a) Employment by any insured." *Id.* at 661. The Court held that pursuant to the plain meaning of the exclusion, that "since [the employee], the plaintiff in the underlying action, was an employee of the insured, his injury is not covered by the policy" and that "[m]oreover, contrary to [the insured's] contention, this exclusion also applies to coverage for the additional insureds. *Id.* Since

the employer's liability exclusion was clear and unambiguous, the policy correctly barred coverage when the injured plaintiff was an employee of the insured.

Similarly, in Howard & Norman Baker, Ltd. v. Am. Safety Cas. Ins. Co., 75 A.D.3d 533 (2d Dept 2010) the plaintiff in the underlying action was employed by the insured and was injured at the insured's premises. The policy issued by Safety Casualty Insurance Company contained an exclusion that was similar to the Bodily Injury Exclusion in the Falls Lake Policy at issue in that it barred coverage for "bodily injury to ... [a]n employee of any insured arising from and in the course of ... [e]mployment by any insured." Id. at 534. Pursuant to the lease agreement at issue in Howard & Norman Baker, Ltd., the insured's landlord was named an additional insured under the policy issued by Safety Casualty. Id. The Court held that there was no coverage to any party – including the additional insured landlord – pursuant to the bodily injury exclusion in the Safety Casualty policy. Id. at 535. The Court was clear that the "any insured" language of the endorsement made it "unmistakably clear that the exclusion is not limited to injuries sustained by [the additional insured's] employees." Id. at 535.

Therefore, as long as the employee who is injured is either an employee of any insured or an employee of a contractor retained by any insured, the "Exclusion of Injury to Employees, Contractors and Employees of Contractors" endorsement bars coverage as to the claims at issue. This principal was clearly articulated in Campoverde v. Fabian Builders, LLC, 83 A.D.3d 986 (2d Dept. 2011). In Campoverde, the insurer denied coverage to the named insured and additional insured for claims arising from a claimant who was injured working for a subcontractor hired by either the named insured or an additional insured. The policy contained an exclusion for bodily injury to any employee of any contractor hired by or for any insured arising out of and in the course of the employee's employment for that contractor. In determining that the injury to employee

endorsement barred coverage to the claims at issue, the court held that the endorsement was clear that it did not matter which entity retained the claimant's employer.  The "any insured" language barred coverage given that claimant's employer was retained by the named insured and/or an additional insured.

In U.S. Underwriters Ins. Co. v. 614 Const. Corp., 142 F.Supp.2d 491 (S.D.N.Y. 2001), the court held that it was indisputable that the injury to employee endorsement barred coverage as to claims relating to the injury of an employee of an additional insured's subcontractor.  626 Emmut, an additional insured on a policy of insurance contracted with claimant's employer A & N Demolition Corp.  Claimant sustained injuries during the course of his employment.  The policy contained an injury to employee endorsement which barred coverage for bodily injury to "any contractor hired or retained by or for any insured or to any employee of such contractor."  Id. at 494.  The court held that claimant's claim was excluded since the alleged injury was sustained in the course of claimant's employment for a contractor of "any insured."

In our case, the Policy's "Exclusion of Injury to Employees, Contractors and Employees of Contractors" endorsement precludes coverage because Espinoza was injured in the course of his employment for a contractor of any insured.  The contract documents – the March 11, 2019 Short Form Prime Contract Between Owner (DAVS) and Contractor (Ask); the March 12, 2019 Master Subcontract Agreement between Ask and Kalnitech; and the invoices and contract between Espinoza's employer, Jim Associates and Ask – make it clear that Espinoza was employed by a contractor of any insured.  Ex. L – R.  Pursuant to the Short Form Prime Contract and Master Subcontract Agreement, Kalnitech was required to name DAVS and Ask as additional insured on the Policy.  Ex. L, M.

14

Pursuant to the endorsements titled "ADDITIONAL INSURED – OWNERS, LESSEES, OR CONTRACTORS – COMPLETED OPERATIONS – AUTOMATIC STATUS WHEN REQUIRED IN A WRITTEN CONTRACT WITH YOU" and "ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – AUTOMATIC STATUS WHEN REQUIRED IN CONSTRUCTION AGREEMENT WITH YOU," there must be a written contract between the insured and party seeking additional insured coverage.  The Ask subcontract agreement with Kalnitech satisfies the written requirement provisions of the Policy's additional insured endorsements. Ex. G.  Relevant to that additional insured coverage is that it is dispositive that the pleadings allege that Ask hired Kalnitech and that Espinoza's injuries arise out of Kalnitech's negligence and its work.  Ex. A, D.  When determining coverage, the court must look at the allegations of the underlying complaint and determine whether the allegations fall within the policy's coverage.  Franco Belli Plumbing & Heating and Sons, Inc. v. Liberty Mut. Ins. Co., 2012 WL 2830247 (E.D.N.Y. 2012); Travelers Insurance Company v. Harleysville Insurance Company of New York, 2023 WL 7621992 (E.D.N.Y. 2023); Kahn v. Allstate Ins. Co., 17 A.D.3d  408 (2d Dept. 2005).  "An insurer can be relieved of its duty to defend only 'if it establishes as a matter of law that there is no possible factual or legal basis on which it might eventually be obligated to indemnify its insured under any policy provision.'"  State Farm Fire & Cas. Co. v. Joseph M., 106 A.D.3d 806 (2d Dept. 2013).  The coverage analysis depends on the facts pleaded, not conclusory assertions such that an insurer may refuse to defend where it can be determined from the factual allegations that there is no basis for recovery.  Allstate Ins. Co. v. Mugavero, 79 N.Y.2d 153 (1992).

In Travelers Insurance Company, supra, the court determined that based upon the allegations in the complaint and the completed operations endorsement, Travelers' insured was

entitled to defense and indemnity under the policy of insurance issued by Harleysville.  In this case, The City of New York had hired E-J to repair a roadway where an injury occurred, and E-J subcontracted some of its work out to Citywide.  The parties disputed additional insured coverage and whether the underlying claim triggered additional insured coverage under the completed operations endorsement, as Citywide had completed its work.  The court determined that E-J was an additional insured under the policy, entitled to defense and indemnification under the completed operations endorsement, based on the allegations in the pleadings and the fact the complainant fell at a spot where Citywide performed work.

Our case is analogous in that Espinoza has asserted claims against Kalnitech based upon its negligent work, and Ask also has asserted cross-claims against Kalnitech for indemnity and contribution based upon the applicability of the contract between Ask and Kalnitech.  Ex. A, E. This is no different as in Travelers Insurance Company, supra, which found that even if it was true that the named insured may have completed its work, the allegations in the pleadings entitle the purported additional insured to defense and indemnity.  Accordingly, as Ask satisfied the requirements of both additional insured endorsements, Ask is an additional insured under the Policy.

Further, given that Ask contracted with Espinoza's employer, Jim Associates,  Ex. P, this case is no different than Campoverde and U.S. Underwriters Ins., both supra.  Here, as in both cases, Espinoza's alleged injury was sustained in the course of his employment for a contractor of any insured.  Moreover, even if the court were to determine that DAVS was an additional insured, Espinoza's alleged injury would still be sustained in the course of his employment for a contractor of any insured. Thus, coverage is barred under the Policy to all parties.

The Court should in particular that the Policy's "Exclusion of Injury to Employees, Contractors and Employees of Contractors" endorsement precludes coverage as to "any alleged obligation of any insured to indemnify or contribute with another because of damage arising out of such bodily injury to an insured's employee or any contractor or any contractor's employee." Ex. G. This provision of the endorsement is clear and unambiguous and applies here as a matter of settled law. Superior Contracting & Restoration, Inc. v. U.S. Liability Ins. Co. 2008 WL 170690 (E.D.N.Y. 2008); Atlantic Cas. Ins. Co. v. Torres Custom Framing Corp., 2015 WL 6738880 (E.D.N.Y. 2015). It applies to all claims by DAVS and Ask against Kalnitech.

In Superior Contracting & Restoration, Inc., the court held that this provision of the injury to employee endorsement unambiguously excluded coverage for any claim for indemnification or contribution with another for injury to an employee. Id. at *3. In this case, an employee of an insured contractor was injured, and the property owner and manager pursued the insured contractor for indemnification and contribution. The court determined that since the property and manager seek indemnification and/or contribution from the insured for an injury to an employee, the employee exclusion precluded coverage.

Here, as in Superior Contracting & Restoration, Inc., supra, there is no coverage for Ask, DAVS, Kalnitech or any party as to the claims at issued because the endorsement unambiguously excludes coverage for any claim for indemnification or contribution with another for injury to an employee. Ask, DAVS, and Kalnitech have each asserted crossclaims against each other for indemnity and contribution under the Policy. Ex. B, C, E. As discussed above, Espinoza, an employee of Jim Associates, claiming to have been injured in the course of his employment for a sub-contractor of any insured has sued Ask, DAVS, and Kalnitech on that basis, and Ask and DAVS have sued Kalnitech as to the claims asserted against them. Accordingly, as the parties to

17

the Espinoza Actions are seeking indemnification and/or contribution from the insured for an injury to an employee, the exclusion precludes coverage under the Policy for those claims as well.

Therefore, it is a matter of documentary evidence that all claims arising from Espinoza's claimed accident are barred from coverage by the Endorsement entitled "Exclusion of Injury to Employees, Contractors and Employees of Contractors."  Accordingly, Falls Lake's denial of coverage has been proven valid and the insurer does not owe defense or indemnity to anyone, including Kalnitech, as to the claims asserted in the Underlying Action.

## CONCLUSION

WHEREFORE, for all the foregoing reasons stated, Falls Lake is entitled to a declaration: (1) that the Falls Lake Policy does not cover the claims asserted in the Underlying Action, and the insurer has no duty to defend or indemnify any party in this action as to the accident and claims asserted in the Espinoza Actions and may withdraw from its defense of Kalnitech; and (2) granting such other and further relief as the Court deems just and proper.

Dated: Mineola, New York
February 12, 2024

MIRANDA SLONE SKLARIN VERVENIOTIS LLP
Attorneys for Plaintiff
FALLS LAKE NATIONAL INS., CO.

s/Steven Verveniotis
_____
Steven Verveniotis
240 Mineola Boulevard
Mineola, New York 11501
(516) 741-7676
File No.: 19-208

18