UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
FALLS LAKE NATIONAL INSURANCE                    CIV: 22-cv-1473 (KAM) (PK)
COMPANY,

                               Plaintiff,     **DECLARATION OF**
                                                                             **STEVEN VERVENIOTIS**

      -against-

KALNITECH CONSTRUCTION CORP.,
DAVS PARTNERS LLC, STALIN RODRIGO
REYES ESPINOZA and ASK ELECTRICAL
CONTRACTING CORP.,

                               Defendants,
-------------------------------------------------------------------X

      STEVEN VERVENIOTIS, an attorney duly admitted to practice before this Court, declares the following:

1.  I am a member of the law firm MIRANDA SLONE SKLARIN VERVENIOTIS LLP, attorneys for the plaintiff, Falls Lake National Insurance Company ("Falls Lake"), in the above-captioned action, and as such, I am fully familiar with the facts and circumstances surrounding this matter.

1.  I submit this Declaration, the attached exhibits, and the accompanying Statement of Material Facts pursuant to Local Civil Rule 56.1 of the Eastern District of New York, in support of Falls Lake's motion for summary judgment, pursuant to Fed. R. Civ. P. 56 and the Court's individual rules, for a declaration that the policy issued by Falls Lake numbered SKP 2004493 10 (the "Policy") to Kalnitech Construction Corp. ("Kalnitech") (Exhibit "G") afford no coverage for the accident asserted by Stalin Rodrigo Reyes Espinoza ("Espinoza") and claims alleged in the lawsuit captioned <u>Stalin Rodrigo Reyes Espinoza v. Davs Partners LLC and Kalnitech Construction Company</u>, filed in the Supreme Court of the State of New York, Kings County under Index Number 515197/2019 (the "First Action") (Exhibit "A") or the lawsuit captioned <u>Stalin Rodrigo</u>

1

<u>Reyes Espinoza v. Ask Electrical Contracting Corp.</u>, filed in the Supreme Court of the State of New York, Kings County under Index Number 514760/2022 ("The Second Action")( Exhibit "D".)

    2.    I, on behalf of Falls Lake, issued the first disclaimer of coverage by letter dated September 3, 2019, submitted with these moving papers as Ex. H.  The letter was later forwarded to Mr. Kleeman at another address after the letter was returned to us.  Ex. I.

    3.    I, on behalf of Falls Lake, also filed this declaratory judgment action against Espinoza, Kalnitech, and DAVS, on March 16, 2022, for a ruling as to the applicability of the "Exclusion – Injury To Employees, Contractors and Employees of Contractors" and other provisions of the Policy as baring coverage for the claims in the First Action.  The Court is directed to docket item 001 for the initial Complaint which was later amended.

    4.    Subsequently, I discovered in the state court database that Espinoza had commenced The Second Action (Ex. D.) which asserted claims against Ask Electrical Contracting Corp., ("Ask") for the same accident.

    5.    Then, I, on behalf of Falls Lake, issue a disclaimer letter dated June 20, 2022, to Ask, denying coverage to The Second Action and reiterating Falls Lake's position that coverage is not afforded to any party as to the claims in both lawsuits commenced against Espinoza. Ex. J.

    6.    Thereafter, I amended the pleadings in the declaratory judgment action to include Ask as a party to the lawsuit. Ex. K.

    7.    In discovery that followed in this declaratory judgment action, the parties exchanged discovery, including contracts and depositions form the underlying action, and agreed to abide by the facts as to Espinoza's claims and the claims of others as set forth in the two Espinoza Actions.

8. During the course of discovery in the declaratory judgment action, counsel for Ask and Davs produced a copy of the March 11, 2019 Short Form Prime Contract Between Owner (DAVS) and Contractor (Ask); the March 12, 2019 Master Subcontract Agreement between Ask and Kalnitech; the July 15, 2019 "Master Subcontract Agreement" between Ask and Jim Associates; and a certificate of insurance for the insured Jim Associates held by Ask; and invoices and proposals for Jim.  Ex.  L, M, N, O, P, R.

9. The March 11, 2019 Short Form Prime Contract required Ask to indemnify and provide additional insured coverage for DAVS.  Ex. L.

10. The March 12, 2019 Master Subcontract Agreement between Ask and Kalnitech required Kalnitech to indemnify and provide additional insured coverage for both Ask and DAVS. Ex. M.

11. Furthermore, Espinoza and representatives on behalf of Kalnitech, Ask, and DAVS each testified in the Espinoza Actions, and confirmed that Espinoza was an employee of Jim which was hired by and paid by Ask, Kalnitech was hired by Ask, and that Ask and/or Kalnitech were the general contractors.  Ex. 1 – 4; Ex. 1 p. 32, 44, 46, 76, 103 – 105, 127, 129, 130, 146, 148; Ex. 2 p. 19, 27, 28,32, 34, 41, 49, 60; Ex. 3 p.58, Ex. 4 p. 102; Ex. 5 p. 15, 20.

12. Moreover, during the course of the declaratory judgment action, Ask also commenced a third-party action in The Second Action, on June 16, 2023, against Jim Associates for contractual indemnification and additional insured coverage.  (Ex. F p. 7, 8 – 9, 39 – 48). DAVS and Kalnitech had already asserted crossclaims against each other for contractual and common law indemnification, contribution, and/or insurance coverage in the First Action. Ex. B p. 8 – 10; Ex. C p. 10 – 12.

13. Ask later asserted crossclaims for indemnification and contribution against DAVS

3

and Kalnitech.  Ex. E.

14. It was clear from the contract documents produced in both the Espinoza Action and contracts and documents produced by Ask, Espinoza, and DAVS during discovery in this declaratory judgment action that Espinoza's injuries were sustained in the course of his employment with any insured, either Kalnitech or Ask, pursuant to the terms of the Policy, and therefore the Falls Lake Policy's "Exclusion – Injury to Employees, Contractors and Employees of Contractors" bars coverage as to the claims asserted in the Espinoza Action.  (See accompanying Johnson Affidavit.)

15. Accordingly, Falls Lake seeks a declaration that the policy does not afford coverage for the claims asserted in the Espinoza Actions and therefore that the insurer has no obligation to defend and/or indemnify Kalnitech, Ask, DAVS or any other party as a claimant or as an insured to the claims asserted in the Espinoza Action based on the clear and explicit provisions of the Policy.

Dated:  February 12, 2024

        s/Steven Verveniotis

        Steven Verveniotis