Case 1:22-cv-01473-KAM-PK   Document 74-8   Filed 04/19/24   Page 1 of 18 PageID #: 2884

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-----------------------------------------------------------------------X

STALIN RODRIGO REYES ESPINOZA

                            Plaintiff,

    -a760/2gainst-

ASK ELECTRICAL CONTRACTING CORP.,
                    Defendants.

-----------------------------------------------------------------------X

Index No.: 514760/2022

**VERIFIED ANSWER
WITH CROSS-CLAIMS**

Defendant ASK ELECTRICAL CONTRACTING CORP., by its attorneys, the LAW OFFICES OF KEVIN P. WESTERMAN, as and for their Verified Answer to the Plaintiff's Verified Complaint, respectfully alleges upon information and belief as follows:

1.      Denies knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained within the paragraph numbered, "1" of plaintiff's Verified Complaint.

2.      Denies each and every allegation contained within the paragraph numbered "2" of plaintiff's Verified Complaint and refers all questions of law to the Trial Court for its determination.

3.      Admits each and every contained within the paragraph numbered as "3" of plaintiff's Verified Complaint.

4.      Denies each and every allegation contained within the paragraph numbered "4" of plaintiff's Verified Complaint.

5.      Denies knowledge or information thereof sufficient to form a belief as to the truthof the allegations contained within the paragraph numbered, "5" of plaintiff's Verified Complaint.

Case 1:22-cv-01473-KAM-PK   Document 74-8   Filed 04/19/24   Page 2 of 18 PageID #: 2885

## ANSWERING FOR THE FIRST CAUSE OF ACTION

6.      In response to paragraph "6", the defendant repeats and reiterates each and every response to the allegations contained in paragraphs "1" through "5" of the Verified Complaint with the same force and effect as if set forth herein at length.

7.      Denies each and every allegation contained within the paragraph numbered "7" of plaintiff's Verified Complaint.

8.      Denies each and every allegation contained within the paragraph numbered "8" of plaintiff's Verified Complaint.

9.      Denies each and every allegation contained within the paragraph numbered "9" of the Complaint on the grounds that the allegation is vague as to the term "operated" and does not allow this answering defendant to plead otherwise.

10.     Denies each and every allegation contained within the paragraph numbered "10" of the Complaint on the grounds that the allegation is vague as to the term "maintained" and does not allow this answering defendant to plead otherwise.

11.     Denies each and every allegation contained within the paragraph numbered "11" of the Complaint on the grounds that the allegation is vague as to the terms "controlled and managed" and does not allow this answering defendant to plead otherwise.

12.     Denies each and every allegation contained within the paragraph numbered "12" of plaintiff's Verified Complaint.

13.     Denies each and every allegation contained within the paragraph numbered "13" of plaintiff's Verified Complaint.

14.     Denies each and every allegation contained within the paragraph numbered "14" of plaintiff's Verified Complaint.

2

Case 1:22-cv-01473-KAM-PK   Document 74-8   Filed 04/19/24   Page 3 of 18 PageID #: 2886

15.     Denies each and every allegation contained within the paragraph numbered "15" of the Complaint on the grounds that the allegation is vague and does not allow this answering defendant to plead otherwise.

16.     Denies each and every allegation contained within the paragraph numbered "16" of plaintiff's Verified Complaint.

17.     Denies knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained within the paragraph numbered, "17" of plaintiff's Verified Complaint.

18.     Denies knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained within the paragraph numbered, "18" of plaintiff's Verified Complaint.

19.     Neither admit nor deny allegation contained within the paragraph numbered "19" but refers all questions of law to the Trial Court for its determination.

20.     Denies each and every allegation contained within the paragraph numbered "20" of plaintiff's Verified Complaint.

21.     Denies each and every allegation contained within the paragraph numbered "21" of plaintiff's Verified Complaint.

22.     Denies each and every allegation contained within the paragraph numbered "22" of plaintiff's Verified Complaint.

23.     Denies each and every allegation contained within the paragraph numbered "23" of plaintiff's Verified Complaint and refers all questions of law to the Trial Court for its determination.

INDEX NO. 514760/2022
RECEIVED NYSCEF: 09/09/2022
Case 1:22-cv-01473-KAM-PK   Document 74-8   Filed 04/19/24   Page 4 of 18 PageID #: 2887

24.     Denies each and every allegation contained within the paragraph numbered "24" of plaintiff's Verified Complaint and refers all questions of law to the Trial Court for its determination.

25.     Denies each and every allegation contained within the paragraph numbered "25" of the Verified Complaint

26.     Denies each and every allegation contained within the paragraph numbered "26" of plaintiff's Verified Complaint.

27.     Denies each and every allegation contained within the paragraph numbered "27" of plaintiff's Verified Complaint.

28.     Denies each and every allegation contained within the paragraph numbered "28" of plaintiff's Verified Complaint.

29.     Denies each and every allegation contained within the paragraph numbered "29" of plaintiff's Verified Complaint..

## ANSWERING FOR THE SECOND CAUSE OF ACTION

30.     In response to paragraph "30", the defendant repeats and reiterates each and every response to the allegations contained in paragraphs "1" through "29" of the Verified Complaint with the same force and effect as if set forth herein at length.

31.     Denies each and every allegation of the plaintiff's Verified Complaint contained within the paragraph numbered as "31" and refers all questions of law to the Trial Court for its determination.

32.     Denies each and every allegation of the plaintiff's Verified Complaint contained within the paragraph numbered as "32" and refers all questions of law to the Trial Court for its determination.

4

Case 1:22-cv-01473-KAM-PK   Document 74-8   Filed 04/19/24   Page 5 of 18 PageID #: 2888

33.     Denies each and every allegation contained within the paragraph numbered "33" of plaintiff's Verified Complaint.

34.     Denies each and every allegation contained within the paragraph numbered "34" of plaintiff's Verified Complaint and refers all questions of law to the Trial Court for its determination.

35.     Denies each and every allegation contained within the paragraph numbered "35" of plaintiff's Verified Complaint and refers all questions of law to the Trial Court for its determination.

36.     Denies each and every allegation contained within the paragraph numbered "36" of plaintiff's Verified Complaint and refers all questions of law to the Trial Court for its determination.

37.     Denies each and every allegation contained within the paragraph numbered "37" of plaintiff's Verified Complaint and refers all questions of law to the Trial Court for its determination.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a cause of action against the Defendant ASK ELECTRICAL CONTRACTING CORP.,

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

If plaintiff has sustained any injuries or damages as a result of the matters alleged in the Verified Complaint, all of which are denied by ASK ELECTRICAL CONTRACTING CORP., then such injuries and damages resulted in whole or in part from plaintiff's and/or underlying plaintiff's own culpable conduct including comparative negligence and assumption of risk. ASK ELECTRICAL CONTRACTING CORP., invokes the offset and other statutory protections of the

5

New York Civil Practice Law and Rules ("CPLR") Articles 14 and 14-A and Article 15 of the General Obligations Law, and thus if any damages are recoverable in this action, such recovery must be reduced in proportion to which plaintiff's own culpable conduct and negligence caused or contributed to the damages alleged herein.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Any damages sustained by plaintiff was caused, in whole or in part, by the negligence or other culpable conduct of parties and/or non-parties to this action over which Defendant ASK ELECTRICAL CONTRACTING CORP., had no control or right to exercise such control.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

That the comparative negligence of the plaintiff bars it from relief against ASK ELECTRICAL CONTRACTING CORP., The alleged incident occurred as a result of the plaintiff's own provocation, improper and culpable conduct and the plaintiff is hereby comparatively negligent as a result therefore, in whole or in part.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The Verified Complaint should be dismissed because the injuries alleged by plaintiff was caused by intervening or superseding causes and any acts or omissions of Defendant ASK ELECTRICAL CONTRACTING CORP., was not the proximate cause of the injuries alleged therein.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

That pursuant to CPLR Article 16, if it is determined by verdict or decision that two or more tortfeasors are jointly liable to plaintiff, and if the liability of Defendant ASK ELECTRICAL

6

Case 1:22-cv-01473-KAM-PK   Document 74-8   Filed 04/19/24   Page 7 of 18 PageID #: 2890

CONTRACTING CORP., is found to be fifty percent or less of the total liability assigned to all persons liable, the liability of such Defendant ASK ELECTRICAL CONTRACTING CORP., to the plaintiff for non-economic loss shall not exceed this Defendant ASK ELECTRICAL CONTRACTING CORP., equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Pursuant to CPLR §4545, if the Court finds that any costs of medical care which the plaintiff may have incurred were replaced or indemnified in whole or in part by any collateral source, the Court shall reduce the amount of any award to the plaintiff by the amount of said reimbursement, minus the premiums, if any, paid by the plaintiff or anyone on their behalf for such benefits for the applicable period immediately preceding the accrual of this lawsuit.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

All risks and danger of loss or damages connected with the occurrences alleged in the Plaintiff's Verified Complaint were at the time and place mentioned open, obvious and apparent and were known by the underlying plaintiff and voluntarily assumed by the underlying plaintiff.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

If, at the time of trial, any of the issues herein have finally been determined wholly or partially against the plaintiff by a tribunal, forum or court, all of competent jurisdiction, then in that event, the plaintiff will be estopped from relitigating such issue or issues.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

7

INDEX NO. 514760/2022
RECEIVED NYSCEF: 09/09/2022

Case 1:22-cv-01473-KAM-PK   Document 74-8   Filed 04/19/24   Page 8 of 18 PageID #: 2891

Defendant ASK ELECTRICAL CONTRACTING CORP., states that plaintiff could have avoided the injuries and damages alleged in the Verified Complaint and was the sole proximate cause of his accident.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Defendant ASK ELECTRICAL CONTRACTING CORP., states that underlying plaintiff failed to take any or sufficient action, or such action as was necessary, to mitigate or minimize the injuries and damages alleged or the conditions that allegedly gave rise to the injuries or damages alleged in the Verified Complaint.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Defendant ASK ELECTRICAL CONTRACTING CORP., did not breach any contractual or common law duties to the plaintiff and/or to any parties or non-parties to this action.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff fails to name the necessary party or parties which allegedly caused the alleged injuries sustained by the plaintiff.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Any contract provisions relied upon by any party as against this Defendant is void and unenforceable under New York law.

## AS AND FOR AN FIFTEENTH AFFIRMATIVE DEFENSE

ASK ELECTRICAL CONTRACTING CORP., complied with all of its obligations under any enforceable contract.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

8

Case 1:22-cv-01473-KAM-PK   Document 74-8   Filed 04/19/24   Page 9 of 18 PageID #: 2892

ASK ELECTRICAL CONTRACTING CORP., is not a proper Labor Law defendant and plaintiff's claims under the Labor Law do not apply to ASK ELECTRICAL CONTRACTING CORP.,

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot sustain a cause of action against this defendant based on the Workers' Compensation Law and Doctrine of Special Employee.

## AS AND FOR THE EIGHTEENTH AFFRIMATIVE DEFENSE

Plaintiff's accident must be dismissed as plaintiff has already commenced another action in these courts for the relief requested.

## AS AND FOR THE NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to join an indispensable party.

## AS AND FOR THE TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred by the Statue of Limitations.

## AS AND FOR THE TWENTY-FIRST AFFIRMATIVE DEFENSE

This Answering Defendant was not working on the project at the time of plaintiff's accident.

**WHEREFORE,** the defendant, ASK ELECTRICAL CONTRACTING CORP., demands judgment dismissing the plaintiff's Complaint, and further demands judgment against the codefendant on the cross-claim, together with the costs, expenses, disbursements, and attorneys' fees incurred in the defense of this action and in the conduct of the cross-claims.

## AMENDMENTS

9

ASK ELECTRICAL CONTRACTING CORP., specifically reserves the right to amend its

Verified Answer by adding defenses, counterclaims, cross-claims, or by instituting third-party actions

as additional facts are obtained through further investigation and discovery. To the extent any other

potential defendants raises any defense or issue, which would exonerate ASK ELECTRICAL

CONTRACTING CORP., or bar recovery against ASK ELECTRICAL CONTRACTING

CORP., incorporates those answers or defenses herein by reference.

**WHEREFORE**, Defendant ASK ELECTRICAL CONTRACTING CORP., prays for judgment as follows:

(a)     That plaintiff takes nothing by way of his Verified Complaint and that each cause of action against the Defendant ASK ELECTRICAL CONTRACTING CORP., is dismissed;

(b)     That the Court grants judgment in favor of Defendant ASK ELECTRICAL CONTRACTING CORP., and;

(c)     For such other and further relief as the Court deems just and proper.

Dated: Garden City, New York
       September 9, 2022

Yours, etc.,

By_____
 GEORIGA S. ALIKAKOS, ESQ.
LAW OFFICE OF KEVIN P. WESTERMAN
Attorneys for Defendant-
ASK ELECTRICAL CONTRACTING CORP.,
990 Stewart Avenue Suite 400
Garden City, New York 11530
Georgia.alikakos@nationwide.com
 (516) 493-4501
(866) 909-6658 Fax

10

Case 1:22-cv-01473-KAM-PK   Document 74-8   Filed 04/19/24   Page 11 of 18 PageID #: 2894

TO:    GORAYEB & ASSOCIATES, P.C.
          Attorney for Plaintiff
          100 Willaim Street, Suite 1900
          New York, New York, 1900
          New York, New York, 10038

11

Case 1:22-cv-01473-KAM-PK Document 74-8 Filed 04/19/24 Page 12 of 18 PageID #: 2895

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------------X
STALIN RODRIGO REYES ESPINOZA

                Plaintiff,

                          -against-

ASK ELECTRICAL CONTRACTING CORP.,
                Defendants.
-------------------------------------------------------------------------X

**NOTICE TO TAKE
DEPOSITION
UPON ORAL
EXAMINATION**

S I R S:

      **PLEASE TAKE NOTICE**, that pursuant to Article 31 of the Civil Practice Law and

Rules, the undersigned will take the oral deposition testimony of the plaintiff STALIN RODRIGO

REYES ESPINOZA, as adverse parties, before a notary public at the Law Offices of KEVIN P.

WESTERMAN 990 Stewart Avenue Garden City, New York, on the **9th day of November, 2022,**

**at 10:00 a.m.,** upon all of the relevant facts and circumstances surrounding the accident which is

the subject of this action, including negligence, contributory negligence and damages; and for the

purposes authorized by Rule 3111 of the Civil Practice Law and Rules those parties are required

to produce at such examinations the following: All books, papers and records relating to said action

in the possession, custody or control of said plaintiff.

Dated: September 9, 2022

                                    Yours, etc.,

                                By_____
                                 GEORIGA S. ALIKAKOS, ESQ.
                                 LAW OFFICE OF KEVIN P. WESTERMAN
                                 Attorneys for Defendant-
                                 ASK ELECTRICAL CONTRACTING CORP.,

12

Case 1:22-cv-01473-KAM-PK   Document 74-8   Filed 04/19/24   Page 13 of 18 PageID #: 2896

990 Stewart Avenue Suite 400
Garden City, New York 11530
Georgia.alikakos@nationwide.com
 (516) 493-4501
(866) 909-6658 Fax

TO:    GORAYEB & ASSOCIATES, P.C.
        Attorney for Plaintiff
        100 Willaim Street, Suite 1900
        New York, New York, 1900
        New York, New York, 10038

13

Case 1:22-cv-01473-KAM-PK   Document 74-8   Filed 04/19/24   Page 14 of 18 PageID #: 2897

## ATTORNEY VERIFICATION

STATE OF NEW YORK    )
                         ss:
COUNTY OF NASSAU    )

The undersigned, an attorney admitted to practice in the Courts of the State of New York, states that deponent is the attorney of record for the defendant ASK ELECTRICAL CONTRACTING CORP., . in the within action; deponent has read the foregoing **VERIFIED ANSWER** and knows the contents thereof; the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true.

The grounds of deponent's belief as to all matters not stated upon deponent's own knowledge are as follows:   reports of investigations, discussions with the defendant's representatives, writings, memoranda and other data in deponent's file or deponent's possession.

This verification is made by deponent and not by the defendant because the said defendant does not maintain a principal place of business within the County where deponent maintains his office.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated: Garden City, New York
       September 9, 2022

_____
      **GEORGIA S. ALIKAKOS**

14

Case 1:22-cv-01473-KAM-PK  Document 74-8  Filed 04/19/24  Page 15 of 18 PageID #: 2898

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------------------X
STALIN RODRIGO REYES ESPINOZA,                                    Index No. 515197/2019

                                        Plaintiff(s),                 CROSS-CLAIMS
            - against -                                               AGAINST DEFENDANTS

DAVS PARTNERS LLC, KALNITECH CONSTRUCTION
COMPANY AND ASK ELECTRICAL CONTRACTING
CORP.,
                                        Defendant(s).
---------------------------------------------------------------------------X
ASK ELECTRICAL CONTRACTING CORP.,

                                        Third-party Plaintiff,

            -against-

JIM ASSOCIATES, CORP.,

                                        Third-party Defendant.
---------------------------------------------------------------------------X

            **PLEASE TAKE NOTICE** that the defendant/third-party plaintiff, ASK ELECTRICAL

CONTRACTING CORP. (hereinafter "ASK") by its attorney, the LAW OFFICES OF KEVIN P.

WESTERMAN,  hereby asserts the following cross-claims:


### AS AND FOR A CROSS-CLAIM AGAINST CO-DEFENDANTS, DAVS PARTNERS LLC, KALNITECH CONSTRUCTION COMPANY

### ( COMMON LAW INDEMNIFICATION)

1.      That although ASK has denied the allegations of wrongdoing asserted against it by

the plaintiff, nevertheless, should said defendant be found liable to the plaintiff, such liability will

have been the result of the active and affirmative wrongdoing of co-defendants, DAVS

PARTNERS LLC, KALNITECH CONSTRUCTION COMPANY  while the wrongdoing of the

answering defendant will have been passive and secondary.

Case 1:22-cv-01473-KAM-PK   Document 74-8   Filed 04/19/24   Page 16 of 18 PageID #: 2899

2.      By reason of the foregoing, the answering defendant is entitled to full indemnity or indemnity as provided by law from co-defendants, DAVS PARTNERS LLC and KALNITECH CONSTRUCTION COMPANY.

## AS AND FOR A SECOND CROSS-CLAIM AGAINST CO-DEFENDANTS, DAVS PARTNERS LLC, KALNITECH CONSTRUCTION COMPANY

### (CONTRIBUTION)

3.      That although ASK has denied the allegations of wrongdoing asserted against it by the plaintiff, nevertheless, should said defendant be found liable to the plaintiff and should said defendant not be awarded full indemnity on the first cross-claim, then the answering defendant is entitled to an apportionment of fault against co-defendants, DAVS PARTNERS LLC and KALNITECH CONSTRUCTION COMPANY, in accordance with the relative degrees of fault or wrongdoing of the parties to this action or as otherwise provided under Articles 14 and 16 of the CPLR.

4.      By reason of the foregoing, the ASK is entitled to contribution or partial indemnity from the co-defendants, DAVS PARTNERS LLC, KALNITECH CONSTRUCTION COMPANY in accordance with the relative degrees of fault or wrongdoing of the parties to this action or as otherwise provided under Articles 14 and 16 of the CPLR.

## AS AND FOR A THIRD CROSS-CLAIM AGAINST CO-DEFENDANTS, DAVS PARTNERS LLC, KALNITECH CONSTRUCTION COMPANY

### (CONTRACTUAL INDEMNIFICATION)

5.      That an agreement was made by and between the answering defendant or on its behalf and the defendants, DAVS PARTNERS LLC, and/or KALNITECH CONSTRUCTION COMPANY, on the other part pursuant to which, *inter alia,* defendants, DAVS PARTNERS LLC and/or KALNITECH CONSTRUCTION COMPANY, undertook to indemnify, fully or partially, the answering defendant for loss or damage arising out of or in connection with the aforesaid

agreement.  The answering defendant begs leave to refer to the original of such agreement for its terms and conditions.

6.      By reason of the foregoing agreement, the answering defendant is entitled to either complete indemnification or partial indemnity by contract from co-defendants, DAVS PARTNERS LLC, and KALNITECH CONSTRUCTION COMPANY, for breach of said contract and obligations arising thereunder for any verdict, judgment, or settlement reached in this action against the answering defendant, together with costs, disbursements and attorneys' fees.

**WHEREFORE**, defendant ASK ELECTRICAL CONTRACTING CORP. demands judgment dismissing the complaint, together with costs and disbursements, and such other relief as the Court may deem just and proper or, in the event the plaintiff recovers a verdict or judgment against the answering defendant, then answering defendant demands judgment over and against the defendants above-named, together with the attorney's fees, costs, and disbursements of this action.

Dated: Garden City, New York
        January 8, 2024

LAW OFFICES OF KEVIN P. WESTERMAN

By_____
 GEORGIA S. ALIKAKOS, ESQ.
Attorneys for Defendant
ASK ELECTRICAL CONTRACTING CORP.,
990 Stewart Avenue Suite 400
Garden City, New York 11530
Georgia.alikakos@nationwide.com
 (516) 493-4501
(866) 909-6658 Fax

GORAYEB & ASSOCIATES, P.C.
Attorney for Plaintiff
100 William Street, Suite 1900

Case 1:22-cv-01473-KAM-PK Document 74-8 Filed 04/19/24 Page 18 of 18 PageID #: 2901

New York, New York 10038

GALLO VITUCCI KLAR LLP
Joseph J. Rava Esq.
90 Broad Street, 12th Floor, Suite 1202
New York, New York 1004
Phone: 212-683-7100
Our File No.: NATR.2022003
jrava@gvlaw.com
Attorneys for Defendant
DAVS PARTNERS LLC

MARSHALL CONWAY BRADLEY GOLLUB
& WEISSMAN, P.C.
Attorneys for Defendant
KALNITECH CONSTRUCTION CORP.
i/p/a KALNITECH CONSTRUCTION COMPANY
45 Broadway – Suite 740
New York, New York 10006
Our File: 93-11479