SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

------------------------------------------------------------------------X

STALIN RODRIGO REYES ESPINOZA        Index No.: 514760/2022

                   Plaintiff,

                         **STATEMENT**
                         **PURSUANT TO RULE**
    -against-                   **3402(b) OF THE CPLR**

ASK ELECTRICAL CONTRACTING CORP.,

                   Defendants.

------------------------------------------------------------------------X

ASK ELECTRICAL CONTRACTING CORP.

                   Third-Party Plaintiff,

              -against-

JIM ASSOCIATES CORP.

                   Third-Party Defendant.

------------------------------------------------------------------------X

      PLEASE TAKE NOTICE, that, in the above-entitled action, the defendant/third-party

plaintiff, ASK ELECTRICAL CONTRACTING CORP., has impleaded the above-named third-

party defendant, JIM ASSOCIATES CORP., the caption of this action is now set forth above; and

that a copy of this statement has been served upon all parties who have appeared in this action.

Dated: Garden City, New York
      June 16, 2023

                   LAW OFFICES OF KEVIN P. WESTERMAN

                   By_____
                    GEORGIA S. ALIKAKOS, ESQ.
                   Attorneys for Defendant/Third-Party Plaintiff
                   ASK ELECTRICAL CONTRACTING CORP.,
                   990 Stewart Avenue Suite 400

Garden City, New York 11530
Georgia.alikakos@nationwide.com
(516) 493-4501
(866) 909-6658 Fax

TO:    GORAYEB & ASSOCIATES, P.C.
       Attorney for Plaintiff
       100 William Street, Suite 1900
       New York, New York 10038

       VIA SECRETARY OF STATE
       JIM Associates Corp.
       The Corporation
       22-54 37th Street
       Astoria, NY 11105

Case 1:22-cv-01473-KAM-PK  Document 74-9  Filed 04/19/24  Page 3 of 48 PageID #: 2904

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

------------------------------------------------------------------------X

STALIN RODRIGO REYES ESPINOZA                    Index No.: 514760/2022

          Plaintiff,

                               **THIRD-PARTY
                               SUMMONS**

      -against-

ASK ELECTRICAL CONTRACTING CORP.,

          Defendants.

------------------------------------------------------------------------X

ASK ELECTRICAL CONTRACTING CORP.

          Third-Party Plaintiff,

      -against-

JIM ASSOCIATES CORP.

          Third-Party Defendant.

------------------------------------------------------------------------X

TO THE ABOVE-NAMED IMPLEADED THIRD-PARTY DEFENDANT:

       YOU ARE HEREBY SUMMONED to answer the complaint of the defendant/third-party

plaintiff, copies of which are hereby served upon you, and to serve copies of your answer upon the

undersigned attorneys for the defendant/third party plaintiff, within (20) days - thirty (30) days if

not personally served upon you within the State of New York) after the service of this summons

and third-party complaint, exclusive of the day of service.  In case of your failure to answer the

complaint of the defendant/plaintiff, judgment will be taken against you by default for the relief

demanded in the third-party complaint.


Dated: Garden City, New York
      June 16, 2023

Case 1:22-cv-01473-KAM-PK Document 74-9 Filed 04/19/24 Page 4 of 48 PageID #: 2905

LAW OFFICES OF KEVIN P. WESTERMAN

By_____
 GEORGIA S. ALIKAKOS, ESQ.
Attorneys for Defendant/Third-Party Plaintiff
ASK ELECTRICAL CONTRACTING CORP.,
990 Stewart Avenue Suite 400
Garden City, New York 11530
Georgia.alikakos@nationwide.com
(516) 493-4501
(866) 909-6658 Fax

TO:    GORAYEB & ASSOCIATES, P.C.
       Attorney for Plaintiff
       100 William Street, Suite 1900
       New York, New York 10038

       VIA SECRETARY OF STATE
       JIM Associates Corp.
       The Corporation
       22-54 37th Street
       Astoria, NY 11105

Case 1:22-cv-01473-KAM-PK   Document 74-9   Filed 04/19/24   Page 5 of 48 PageID #: 2906

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------------X
STALIN RODRIGO REYES ESPINOZA                    Index No.: 514760/2022

                              Plaintiff,

                                                 **THIRD-PARTY
                                                 COMPLAINT**

               -against-

ASK ELECTRICAL CONTRACTING CORP.,

                              Defendants.
-----------------------------------------------------------------------X
ASK ELECTRICAL CONTRACTING CORP.

                      Third-Party Plaintiff,

               -against-

JIM ASSOCIATES CORP.

                      Third-Party Defendant.
-----------------------------------------------------------------------X

       P Defendant/Third-Party Plaintiff, ASK ELECTRICAL CORP., by their attorneys, THE

LAW OFFICES OF KEVIN P. WESTERMAN, as and for a Third-Party Complaint, respectfully

allege as follows:

       1.      That at all times hereinafter mentioned, defendant/third-party plaintiff, ASK

ELECTRICAL CORP., hereinafter referred to as ("ASK ELECTRICAL"), was and is a domestic

corporation duly organized and existing under and by virtue of the laws of the State of New York.

       2.      That at all times hereinafter mentioned, the third-party defendant, JIM

ASSOCIATES CORP., hereinafter referred to as ("JIM ASSOCIATES"), was and is a domestic

corporation in which, by reason of its business in the State of New York and transacting business

in the State of New York is subject to the jurisdiction of this Court.

       3.      That at all times hereinafter mentioned, the third-party defendant JIM

Case 1:22-cv-01473-KAM-PK Document 74-9 Filed 04/19/24 Page 6 of 48 PageID #: 2907

ASSOCIATES was and is a foreign corporation in which, by reason of its business in the State of New York and transacting business in the State of New York, is subject to the jurisdiction of this Court.

4.      That at all times hereinafter mentioned, third-party defendant, JIM ASSOCIATES was a domestic limited liability company actually doing business in the State of New York.

5.      At all times hereinafter mentioned, third-party defendant, JIM ASSOCIATES was a domestic limited liability company duly organized and existing under and by the virtue of the laws of the State of New York.

6.      At all times hereinafter mentioned, third-party defendant JIM ASSOCIATES was a domestic limited liability company duly authorized to do business in the State of New York.

7.      At all times hereinafter mentioned, third-party defendant JIM ASSOCIATES was a domestic limited liability company actually doing business in the State of New York.

8.      That on or about May 19, 2022, the plaintiff, STALIN RODRIGO REYES ESPINOZA, commenced an action, by the filing and service of a Summons and Complaint in the Supreme Court, Kings County under the index number 514760/2022 seeking monetary damages for alleged personal injuries sustained as a result of an accident alleged to have occurred on June 28, 2019, while plaintiff was in his course of performing work at the premises located at 217-14 Hempstead Avenue, Queens, New York 11429 (the "premises").

9.      Issue was joined by ASK ELECTRICAL on September 9, 2022, Copies of the Summons and Verified Complaint and ASK ELECTRICAL's Answer are attached hereto as **Exhibit "A"**.

10.     The within action is not on the trial calendar.

11.     ASK ELECTRICAL has generally denied its liability to the plaintiff, but

Case 1:22-cv-01473-KAM-PK  Document 74-9  Filed 04/19/24  Page 7 of 48 PageID #: 2908

notwithstanding, such an outcome is exposed to damage by reason of possible verdict or judgment.

12.     That by reason of such exposure to damage, this impleader is made against JIM ASSOCIATES by reason of its wrongful conduct in the operation, and/or control of the premises known as 217-14 Hempstead Avenue, Queens, New York 11429 and failure to render or the improper rendering of service pursuant to an agreements by and between JIM ASSOCIATES and ASK ELECTRICAL.

**AS AND FOR A FIRST CAUSE OF ACTION**
**<u>AGAINST JIM ASSOCIATES FOR CONTRACTUAL INDEMNIFICATION</u>**

13.     ASK ELECTRICAL, repeats and realleges each and every allegation contained in paragraphs of the Third-party Complaint numbered "1" through "12" of the third-party complaint with the same force and effect as if set forth at length herein.

14.     That an agreement was made by JIM ASSOCIATES and pursuant to which JIM ASSOCIATES undertook to indemnify ASK ELECTRICAL, for loss or damage sustained by ASK ELECTRICAL arising out of the scope of the undertaking of JIM ASSOCIATES.

15.     That demand has been made upon JIM ASSOCIATES or its representatives, to undertake the defense and/or indemnity of ASK ELECTRICAL but such has not been undertaken.

16.     That by reason thereof, ASK ELECTRICAL is entitled to judgment against JIM ASSOCIATES for full and/or partial indemnity together with those costs incurred by ASK ELECTRICAL in the defense of the within action, including, but not limited to, counsel fees and expenses.

17.     That by reason therefore ASK ELECTRICAL is entitled to full and complete indemnity and/or partial indemnity by contract from JIM ASSOCIATES.

Case 1:22-cv-01473-KAM-PK   Document 74-9   Filed 04/19/24   Page 8 of 48 PageID #: 2909

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST JIM ASSOCIATES CORP.,
## FOR COMMON LAW INDEMNIFICATION

18.     ASK ELECTRICAL repeats and realleges each and every allegation contained in paragraphs "1" through "17" of the third-party complaint with the same force and effect as if set forth at length herein.

19.     If plaintiff sustained the injuries and damages complained of in his complaint through any negligence, recklessness, fault or culpable conduct other than his own, such injuries and damages were caused by the wrongful conduct, breach of contract and negligence of JIM ASSOCIATES in that, among other things, through its agents, servants and employees and/or subcontractors, it failed to properly instruct and supervise its employees and personnel on site, failed in its duties regarding the safety of workers on site in the proper method of accomplishing and completing the work agreed to be done in the contract. Attached hereto as Exhibit C is a copy of the contract.

20.     That, although ASK ELECTRICAL, has generally denied the allegations of wrongdoing asserted against it, nevertheless, should JIM ASSOCIATES be found liable to plaintiff, then such liability should derive from the active and affirmative wrongdoing of JIM ASSOCIATES while any wrongdoing of ASK ELECTRICAL, if any, is passive and ASK ELECTRICAL shall be entitled to complete indemnity from JIM ASSOCIATES.

21.     That by reason thereof, ASK ELECTRICAL is entitled to full and complete indemnity from JIM ASSOCIATES.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST
## JIM ASSOCIATES CORP., BREACH OF AGREEMENT INCLUDING
## AGREEMENT TO SECURE LIABILITY INSURANCE

22.     JIM ASSOCIATES repeats and realleges each and every allegation contained in

Case 1:22-cv-01473-KAM-PK Document 74-9 Filed 04/19/24 Page 9 of 48 PageID #: 2910

paragraphs numbered 1 through 20 herein.

23.     JIM ASSOCIATES entered into a written agreement whereby it agreed to provide certain services to ASK ELECTRICAL.

24.     That JIM ASSOCIATES breached said agreement.

25.     JIM ASSOCIATES, pursuant to an agreement, agreed to secure liability insurance in favor of or for the benefit of ASK ELECTRICAL for such liability as might be rendered against JIM ASSOCIATES arising out of services to be rendered by JIM ASSOCIATES.

26.     That heretofore, ASK ELECTRICAL has made demand that a liability insurer undertake the defense and indemnity of ASK ELECTRICAL with respect to the within action, but no liability insurer has done so.

27.     That upon information and belief, JIM ASSOCIATES has breached its agreement with ASK ELECTRICAL.

28.     That by reason thereof, ASK ELECTRICAL is entitled to full indemnity from JIM ASSOCIATES together with costs and expenses incurred in the defense of the within action.

**AS AND FOR A FOURTH CAUSE OF ACTION
AGAINST THE THIRD-PARTY DEFENDANT JIM ASSOCIATES CORP.
CONTRIBUTION**

29.     ASK ELECTRICAL repeats and realleges each and every allegation contained in paragraphs numbered 1 through 30 herein.

30.     That although ASK ELECTRICAL has generally denied the allegations of wrongdoing asserted against it, nevertheless, if ASK ELECTRICAL is found to be liable to the plaintiff, and if complete indemnity is not granted in furtherance of the first cause of action hereinabove, then ASK ELECTRICAL is nevertheless, entitled to contribution from JIM ASSOCIATES in proportion to the relative degrees of wrongdoing as ASK ELECTRICAL on the

one part and JIM ASSOCIATES on the other part.

31.    That, by reason thereof, ASK ELECTRICAL is entitled to an allocation of any

damages by reason of verdict or judgment in proportion to the degrees of wrongdoing.

WHEREFORE, defendant plaintiff, ASK ELECTRICAL CORP., demands judgment over

and against third-party defendant, JIM ASSOCIATES CORP., for contractual indemnification,

common law indemnification, contribution and breach of contract for and towards any liability the

ASK ELECTRICAL may incur in this action, as well as all fess, costs and expenses that may be

incurred and for such other and further relief as the Court may deem just and proper.

Dated: Garden City, New York

June 16, 2023

LAW OFFICES OF KEVIN P. WESTERMAN

By_____
 GEORGIA S. ALIKAKOS, ESQ.
Attorneys for Defendant/Third-Party Plaintiff
ASK ELECTRICAL CONTRACTING CORP.,
990 Stewart Avenue Suite 400
Garden City, New York 11530
Georgia.alikakos@nationwide.com
(516) 493-4501
(866) 909-6658 Fax

TO:    GORAYEB & ASSOCIATES, P.C.
       Attorney for Plaintiff
       100 William Street, Suite 1900
       New York, New York 10038

       VIA SECRETARY OF STATE
       JIM Associates Corp.
       The Corporation
       22-54 37th Street
       Astoria, NY 11105

Case 1:22-cv-01473-KAM-PK   Document 74-9   Filed 04/19/24   Page 11 of 48 PageID #: 2912

## ATTORNEY VERIFICATION

STATE OF NEW YORK     )
                                  ss:
COUNTY OF NASSAU      )

The undersigned, an attorney admitted to practice in the Courts of the State of New York, states that deponent is the attorney of record for the Defendant/Third-Party Plaintiff, ASK ELECTRICAL, CONTRACTORS. the within action; deponent has read the foregoing **THIRD-PARTY COMPLAINT** and knows the contents thereof; the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true.

The grounds of deponent's belief as to all matters not stated upon deponent's own knowledge are as follows:   reports of investigations, discussions with the defendant's representatives, writings, memoranda and other data in deponent's file or deponent's possession.

This verification is made by deponent and not by the defendant because the said defendant does not maintain a principal place of business within the County where deponent maintains his office.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated:  Garden City, New York
         June 16, 2023

_____
GEORGIA S. ALIKAKOS

Case 1:22-cv-01473-KAM-PK Document 74-9 Filed 04/19/24 Page 12 of 48 PageID #: 2913

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-----------------------------------------------------------------------X

STALIN RODRIGO REYES ESPINOZA                    Index No.: 514760/2022

              Plaintiff,

                                  **NOTICE TO TAKE**
                                  **DEPOSITION UPON**
        -against-                **ORAL EXAMINATION**

ASK ELECTRICAL CONTRACTING CORP.,

              Defendants.

-----------------------------------------------------------------------X

ASK ELECTRICAL CONTRACTING CORP.

              Third-Party Plaintiff,

        -against-

JIM ASSOCIATES CORP.

              Third-Party Defendant.

-----------------------------------------------------------------------X

      PLEASE TAKE NOTICE, that pursuant to Article 31 of the Civil Practice Law and Rules the testimony, upon oral examination of all adverse parties will be taken before a Notary Public who is not an attorney, or employee of an attorney, for any party or prospective party herein and is not a person who would be disqualified to act as a juror because of interest or because of consanguinity or affinity to any party herein, at the Law Office of KEVIN P. WESTERMAN, 990 Stewart Avenue, Garden City, NY, 11530, on a mutually convenient time and location with respect to evidence, material and necessary in the defense of this action:

      All of the relevant facts and circumstances in connection with the accident which occurred on **June 28, 2019** including negligence, contributory negligence, liability and damages.

Case 1:22-cv-01473-KAM-PK Document 74-9 Filed 04/19/24 Page 13 of 48 PageID #: 2914

Dated: Garden City, New York
     June 16, 2023

                  LAW OFFICES OF KEVIN P. WESTERMAN

                  By_____
                   GEORGIA S. ALIKAKOS, ESQ.
                  Attorneys for Defendant/Third-Party Plaintiff
                  ASK ELECTRICAL CONTRACTING CORP.,
                  990 Stewart Avenue Suite 400
                  Garden City, New York 11530
                  Georgia.alikakos@nationwide.com
                  (516) 493-4501
                  (866) 909-6658 Fax

TO:    GORAYEB & ASSOCIATES, P.C.
        Attorney for Plaintiff
        100 William Street, Suite 1900
        New York, New York 10038

        VIA SECRETARY OF STATE
        JIM Associates Corp.
        The Corporation
        22-54 37th Street
        Astoria, NY 11105

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------------------------------X
STALIN RODRIGO REYES ESPINOZA,

                                    Plaintiff,

                    -against-

ASK ELECTRICAL CONTRACTING CORP.,

                                    Defendant.
-------------------------------------------------------------X

**SUMMONS**

Index No.:

The basis of venue is:
**Plaintiff's Residence**
Plaintiff designates Kings
County as the place of trial.

Plaintiff resides:
151 Avenue O, Apt 3B,
Brooklyn, NY 11204

**To the above named Defendant:**

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorney within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner.  In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

DATED:    New York, New York
          May 19, 2022

                           Yours, etc.

                           CHRISTOPHER J. GORAYEB
                           GORAYEB & ASSOCIATES, P.C.
                           Attorney for Plaintiff
                           STALIN RODRIGO REYES ESPINOZA
                           100 William Street, Suite 1900
                           New York, New York 10038
                           (212) 267-9222/A10589 - LL/JC

**DEFENDANT'S ADDRESS:**
ASK ELECTRICAL CONTRACTING CORP.:
26-50 BQE West, Unit 2, Woodside, NY 11377

Law Offices
GORAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
NEW YORK, NEW YORK 10038

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------X

STALIN RODRIGO REYES ESPINOZA,

                        Plaintiff,

        -against-

ASK ELECTRICAL CONTRACTING CORP.,

                        Defendant.
---------------------------------------------------------------X

**<u>VERIFIED COMPLAINT</u>**

Index No.:

Plaintiff, **STALIN RODRIGO REYES ESPINOZA**, by his attorney, **GORAYEB & ASSOCIATES, P.C.**, complaining of the defendants, respectfully alleges, upon information and belief, as follows:

1. That at all times hereinafter mentioned and prior thereto and on, or prior to June 28, 2019, plaintiff was and still is a resident of the State of New York, County of Kings.

2. That this action falls within one or more of the exemptions set forth in CPLR §1602.

3. That at all times hereinafter mentioned, the defendant, **ASK ELECTRICAL CONTRACTING CORP.** (hereinafter "**ASK ELECTRICAL**"), was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

4. That at all times hereinafter mentioned, **ASK ELECTRICAL**, was and still is a partnership organized and existing under and by virtue of the Laws of the State of New York.

5. That at all times hereinafter mentioned, and upon information and belief, **ASK ELECTRICAL**, maintained a principal place of business in Queens County, City and State of New York with its principal place of business at 26-50 BQE West, Unit #2, Woodside, NY 11377.

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF STALIN RODRIGO REYES ESPINOZA

6. Plaintiff, **STALIN RODRIGO REYES ESPINOZA**, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "5" together with the same force and effect as though same were more fully set forth at length herein.

7. That on June 28, 2019, **ASK ELECTRICAL,** owned the property located 217-14 Hempstead Avenue, Queens, NY 11429.

8. That on June 28, 2019, **ASK ELECTRICAL,** owned a building or structure located at 217-14 Hempstead Avenue, Queens, NY 11429.

9. That on June 28, 2019, **ASK ELECTRICAL** operated a building or structure located at 217-14 Hempstead Avenue, Queens, NY 11429.

10. That on June 28, 2019, **ASK ELECTRICAL,** maintained a building or structure located at 217-14 Hempstead Avenue, Queens, NY 11429.

11. That on June 28, 2019, **ASK ELECTRICAL,** controlled and managed a building and structure located at 217-14 Hempstead Avenue, Queens, NY 11429.

12. That on or prior to June 28, 2019, **ASK ELECTRICAL,** was hired and/or retained to act as the general contractor and/or construction manager for the construction, renovation, demolition, repair and/or alteration of premises located at 217-14 Hempstead Avenue, Queens, NY 11429.

13. That on or prior to June 28, 2019, **ASK ELECTRICAL,** entered into an agreement and contract by which **ASK ELECTRICAL** was to provide certain work, labor, services and material as the general contractor and or construction manager with respect to certain construction work, labor and services concerning the construction of the premises located at 217-14 Hempstead Avenue, Queens, NY 11429.

Law Offices
GORAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
NEW YORK, NEW YORK 10038

14. That on or prior to June 28, 2019, **ASK ELECTRICAL** entered into an agreement and contract by which **ASK ELECTRICAL** was to provide certain work, labor, services and material with respect to certain construction work, labor and services concerning the construction of the premises located at 217-14 Hempstead Avenue, Queens, NY 11429.

15. That on or prior to June 28, 2019, **ASK ELECTRICAL** retained a contractor to perform construction, renovation, demolition, painting, repair and/or alteration of 217-14 Hempstead Avenue, Queens, NY 11429.

16. That on or prior to June 28, 2019, **ASK ELECTRICAL** retained **KALNITECH CONSTRUCTION COMPANY** (hereinafter "**KALNITECH**") to provide work, labor and/or services at the premises located at 217-14 Hempstead Avenue, Queens, NY 11429.

17. That at all times hereinafter mentioned, and on, or prior to June 28, 2019, **KALNITECH** was hired and/or retained pursuant to a written contract and/or agreement.

18. That on or prior to June 28, 2019, **ASK ELECTRICAL** retained **JIM ASSOCIATES CORP.** (hereinafter "**JIM**"), to provide work, labor and/or services at the premises located at 217-14 Hempstead Avenue, Queens, NY 11429.

19. That at all times hereinafter mentioned, and on, or prior to June 28, 2019, **JIM**, was hired and/or retained pursuant to a written contract and/or agreement.

20. That on or prior to June 28, 2019, the Defendant, its agents, servants and/or employees were engaged in performing construction work, labor and/or services upon the premises located at 217-14 Hempstead Avenue, Queens, NY 11429.

21. That on June 28, 2019, construction, renovation, demolition, painting, repair and/or alterations were being performed at 217-14 Hempstead Avenue,

Law Offices
GORAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
NEW YORK, NEW YORK 10038

Case 1:22-cv-01473-KAM-PK   Document 74-9   Filed 04/19/24   Page 19 of 48 PageID #: 2920

Queens, NY 11429.

22. That on June 28, 2019, plaintiff was engaged in the performance of construction, renovation, demolition, painting, repair and/or alterations at said premises.

23. That the Defendant, its agents, servants and/or employees had the duty to provide the Plaintiff with a safe place to work.

24. That the Defendant, its agents, servants and/or employees had the non-delegable duty to see that the work site was kept reasonably safe and free of dangers and hazards to those workers lawfully thereat.

25. That on June 28, 2019, while plaintiff **STALIN RODRIGO REYES ESPINOZA**, was lawfully and carefully working on a ladder at said premises, he was caused to fall from said ladder by reason of the negligence of the defendant, its agents, servants and/or employees in the ownership, operation, direction, supervision, possession, control, construction, repair, rehabilitation and/or alteration of the said premises sustaining the injuries hereinafter alleged.

26. That the defendant, its agents, servants and/or employees were negligent, reckless and careless in the ownership, operation, repair, control, possession, supervision, direction, construction, inspection, management, renovation, rehabilitation and/or alteration of the said premises in that they failed to provide the plaintiff with a safe place to work; failed to provide the plaintiff with a hazard-free work place; failed to provide the plaintiff with proper and safe elevated working surfaces, scaffolds and ladders, so fixed, secured and/or maintained and braced so as to prevent the plaintiff from falling from same; failed to provide the plaintiff with proper and approved safety devices so placed, fixed and/or secured so as to afford proper protection to the plaintiff working thereat; violated the applicable provisions of the Labor Law of the State of New York, the Industrial Code of the State of New York and the provisions of the Occupational

Law Offices
GORAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
NEW YORK, NEW YORK 10038

Safety & Health Administration as they pertain to construction; failed to inspect the work areas on the date of the accident and prior thereto to see that the elevated working surfaces, scaffolds and ladders were safe; and, failed to provide the plaintiff with any safety devices to prevent plaintiff from falling from said elevated working surfaces, scaffolds and ladders.

27. That the defendant, its agents, servants and/or employees had actual and/or constructive notice of the dangerous and defective conditions existing upon the work site.

28. That the accident and the injuries resulting therefrom were caused solely and wholly by reason of the negligence of the defendant, its agents, servants and/or employees without any fault, want of care or culpable conduct on the part of the plaintiff contributing thereto.

29. That by reason of the foregoing, the plaintiff has been rendered sick, sore, lame maimed and disabled and so remains. That he has been unable to attend to his usual vocation and activities and that he has been obliged to expend and will expend in the future, sums of money for medical aid and attention, all to his damage in an amount that exceeds the jurisdictional limits of all lower courts.

### AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF STALIN RODRIGO REYES ESPINOZA

30. Plaintiff, **STALIN RODRIGO REYES ESPINOZA**, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "29" together with the same force and effect as though same were more fully set forth at length herein.

31. That on June 28, 2019, there existed in full force and effect within the State of New York, Sections 200, 240(1) and 241(6) of the Labor Law of the State of New York.

Law Offices
GORAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
NEW YORK, NEW YORK 10038

32. That defendants had the duty to comply with the provisions of sections 200, 240(1) and 241(6) of the Labor Law of the State of New York.

33. That said defendants violated Sections 200, 240(1) and 241(6) of the Labor Law of the State of New York.

34. That on June 28, 2019, there existed Rule 23 of the Industrial Code of the State of New York.

35. That the defendants had the duty to comply with the provisions of Rule 23 of the Industrial Code of the State of New York.

36. That by reason of the negligence of the defendants aforesaid, the defendants violated Rule 23 of the Industrial Code of the State of New York.

37. That by reason of the foregoing, the plaintiff has been rendered sick, sore, lame maimed and disabled and so remains. That he has been unable to attend to his usual vocation and activities and that he has been obliged to expend and will expend in the future, sums of money for medical aid and attention, all to his damage in an amount that exceeds the jurisdictional limits of all lower courts.

**WHEREFORE**, the plaintiff **STALIN RODRIGO REYES ESPINOZA** demands judgment against the defendants in an amount that exceeds the jurisdictional limits of all lower courts on each cause of action, with costs, interest and disbursements.

Dated: New York, New York
May 19, 2022

Yours, etc.

_____

CHRISTOPHER J. GORAYEB
GORAYEB & ASSOCIATES, P.C.
Attorney for Plaintiff
STALIN RODRIGO REYES ESPINOZA
100 William Street, Suite 1900
New York, New York 10038
(212) 267-9222/File#/A10589 – LL/JC

Law Offices
GORAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
NEW YORK, NEW YORK 10038

## ATTORNEY'S VERIFICATION

**CHRISTOPHER J. GORAYEB**, an attorney duly admitted to practice

before the Courts of the State of New York, affirms the following to be true

under the penalties of perjury:

I am a member of the law firm of **GORAYEB & ASSOCIATES, P.C.,** attorney

of record for plaintiff, I have read the annexed **COMPLAINT** and know the contents

thereof, and the same are true to my knowledge, except those matters therein which

are stated to be alleged upon information and belief, and as to those matters I

believe them to be true. My belief, as to those matters therein not stated upon

knowledge, is based upon facts, records, and other pertinent information contained

in my files. The reason this verification is made by me and not Plaintiff is that

Plaintiff does not reside in the county wherein the attorney for the plaintiff maintains

its offices.

DATED:     New York, New York
           May 19, 2022

_____
CHRISTOPHER J. GORAYEB

Case 1:22-cv-01473-KAM-PK   Document 74-9   Filed 04/19/24   Page 23 of 48 PageID #: 2924

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

STALIN RODRIGO REYES ESPINOZA,                    **Index No.**

        Plaintiff,

    -against-

ASK ELECTRICAL CONTRACTING CORP.,

        Defendant.

### SUMMONS AND VERIFIED COMPLAINT

**GORAYEB & ASSOCIATES, P.C.**
Attorneys for Plaintiff
STALIN RODRIGO REYES ESPINOZA
100 William Street, Ste. 1900
New York, New York 10038
(212) 267-9222
FILE NO. A10589 - LL

Case 1:22-cv-01473-KAM-PK Document 74-9 Filed 04/19/24 Page 24 of 48 PageID #: 2925

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------X

STALIN RODRIGO REYES ESPINOZA

Index No.: 514760/2022

                   Plaintiff,

**VERIFIED ANSWER
WITH CROSS-CLAIMS**

     -a760/2gainst-

ASK ELECTRICAL CONTRACTING CORP.,
              Defendants.
------------------------------------------------------------------------X

     Defendant ASK ELECTRICAL CONTRACTING CORP., by its attorneys, the LAW OFFICES OF KEVIN P. WESTERMAN, as and for their Verified Answer to the Plaintiff's Verified Complaint, respectfully alleges upon information and belief as follows:

     1.     Denies knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained within the paragraph numbered, "1" of plaintiff's Verified Complaint.

     2.     Denies each and every allegation contained within the paragraph numbered "2" of plaintiff's Verified Complaint and refers all questions of law to the Trial Court for its determination.

     3.     Admits each and every contained within the paragraph numbered as "3" of plaintiff's Verified Complaint.

     4.     Denies each and every allegation contained within the paragraph numbered "4" of plaintiff's Verified Complaint.

     5.     Denies knowledge or information thereof sufficient to form a belief as to the truthof the allegations contained within the paragraph numbered, "5" of plaintiff's Verified Complaint.

Case 1:22-cv-01473-KAM-PK Document 74-9 Filed 04/19/24 Page 26 of 48 PageID #: 2927

## ANSWERING FOR THE FIRST CAUSE OF ACTION

6. In response to paragraph "6", the defendant repeats and reiterates each and every response to the allegations contained in paragraphs "1" through "5" of the Verified Complaint with the same force and effect as if set forth herein at length.

7. Denies each and every allegation contained within the paragraph numbered "7" of plaintiff's Verified Complaint.

8. Denies each and every allegation contained within the paragraph numbered "8" of plaintiff's Verified Complaint.

9. Denies each and every allegation contained within the paragraph numbered "9" of the Complaint on the grounds that the allegation is vague as to the term "operated" and does not allow this answering defendant to plead otherwise.

10. Denies each and every allegation contained within the paragraph numbered "10" of the Complaint on the grounds that the allegation is vague as to the term "maintained" and does not allow this answering defendant to plead otherwise.

11. Denies each and every allegation contained within the paragraph numbered "11" of the Complaint on the grounds that the allegation is vague as to the terms "controlled and managed" and does not allow this answering defendant to plead otherwise.

12. Denies each and every allegation contained within the paragraph numbered "12" of plaintiff's Verified Complaint.

13. Denies each and every allegation contained within the paragraph numbered "13" of plaintiff's Verified Complaint.

14. Denies each and every allegation contained within the paragraph numbered "14" of plaintiff's Verified Complaint.

2

Case 1:22-cv-01473-KAM-PK   Document 74-9   Filed 04/19/24   Page 27 of 48 PageID #: 2928

15.     Denies each and every allegation contained within the paragraph numbered "15" of the Complaint on the grounds that the allegation is vague and does not allow this answering defendant to plead otherwise.

16.     Denies each and every allegation contained within the paragraph numbered "16" of plaintiff's Verified Complaint.

17.     Denies knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained within the paragraph numbered, "17" of plaintiff's Verified Complaint.

18.     Denies knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained within the paragraph numbered, "18" of plaintiff's Verified Complaint.

19.     Neither admit nor deny allegation contained within the paragraph numbered "19" but refers all questions of law to the Trial Court for its determination.

20.     Denies each and every allegation contained within the paragraph numbered "20" of plaintiff's Verified Complaint.

21.     Denies each and every allegation contained within the paragraph numbered "21" of plaintiff's Verified Complaint.

22.     Denies each and every allegation contained within the paragraph numbered "22" of plaintiff's Verified Complaint.

23.     Denies each and every allegation contained within the paragraph numbered "23" of plaintiff's Verified Complaint and refers all questions of law to the Trial Court for its determination.

24.     Denies each and every allegation contained within the paragraph numbered "24" of plaintiff's Verified Complaint and refers all questions of law to the Trial Court for its determination.

25.     Denies each and every allegation contained within the paragraph numbered "25" of the Verified Complaint

26.     Denies each and every allegation contained within the paragraph numbered "26" of plaintiff's Verified Complaint.

27.     Denies each and every allegation contained within the paragraph numbered "27" of plaintiff's Verified Complaint.

28.     Denies each and every allegation contained within the paragraph numbered "28" of plaintiff's Verified Complaint.

29.     Denies each and every allegation contained within the paragraph numbered "29" of plaintiff's Verified Complaint..

## ANSWERING FOR THE SECOND CAUSE OF ACTION

30.     In response to paragraph "30", the defendant repeats and reiterates each and every response to the allegations contained in paragraphs "1" through "29" of the Verified Complaint with the same force and effect as if set forth herein at length.

31.     Denies each and every allegation of the plaintiff's Verified Complaint contained within the paragraph numbered as "31" and refers all questions of law to the Trial Court for its determination.

32.     Denies each and every allegation of the plaintiff's Verified Complaint contained within the paragraph numbered as "32" and refers all questions of law to the Trial Court for its determination.

33.     Denies each and every allegation contained within the paragraph numbered "33" of plaintiff's Verified Complaint.

34.     Denies each and every allegation contained within the paragraph numbered "34" of plaintiff's Verified Complaint and refers all questions of law to the Trial Court for its determination.

35.     Denies each and every allegation contained within the paragraph numbered "35" of plaintiff's Verified Complaint and refers all questions of law to the Trial Court for its determination.

36.     Denies each and every allegation contained within the paragraph numbered "36" of plaintiff's Verified Complaint and refers all questions of law to the Trial Court for its determination.

37.     Denies each and every allegation contained within the paragraph numbered "37" of plaintiff's Verified Complaint and refers all questions of law to the Trial Court for its determination.

## **AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a cause of action against the Defendant ASK ELECTRICAL CONTRACTING CORP.,

## **AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

If plaintiff has sustained any injuries or damages as a result of the matters alleged in the Verified Complaint, all of which are denied by ASK ELECTRICAL CONTRACTING CORP., then such injuries and damages resulted in whole or in part from plaintiff's and/or underlying plaintiff's own culpable conduct including comparative negligence and assumption of risk. ASK ELECTRICAL CONTRACTING CORP., invokes the offset and other statutory protections of the

New York Civil Practice Law and Rules ("CPLR") Articles 14 and 14-A and Article 15 of the General Obligations Law, and thus if any damages are recoverable in this action, such recovery must be reduced in proportion to which plaintiff's own culpable conduct and negligence caused or contributed to the damages alleged herein.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Any damages sustained by plaintiff was caused, in whole or in part, by the negligence or other culpable conduct of parties and/or non-parties to this action over which Defendant ASK ELECTRICAL CONTRACTING CORP., had no control or right to exercise such control.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

That the comparative negligence of the plaintiff bars it from relief against ASK ELECTRICAL CONTRACTING CORP., The alleged incident occurred as a result of the plaintiff's own provocation, improper and culpable conduct and the plaintiff is hereby comparatively negligent as a result therefore, in whole or in part.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The Verified Complaint should be dismissed because the injuries alleged by plaintiff was caused by intervening or superseding causes and any acts or omissions of Defendant ASK ELECTRICAL CONTRACTING CORP., was not the proximate cause of the injuries alleged therein.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

That pursuant to CPLR Article 16, if it is determined by verdict or decision that two or more tortfeasors are jointly liable to plaintiff, and if the liability of Defendant ASK ELECTRICAL

6

Case 1:22-cv-01473-KAM-PK Document 74-9 Filed 04/19/24 Page 31 of 48 PageID #: 2932

CONTRACTING CORP., is found to be fifty percent or less of the total liability assigned to all persons liable, the liability of such Defendant ASK ELECTRICAL CONTRACTING CORP., to the plaintiff for non-economic loss shall not exceed this Defendant ASK ELECTRICAL CONTRACTING CORP., equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Pursuant to CPLR §4545, if the Court finds that any costs of medical care which the plaintiff may have incurred were replaced or indemnified in whole or in part by any collateral source, the Court shall reduce the amount of any award to the plaintiff by the amount of said reimbursement, minus the premiums, if any, paid by the plaintiff or anyone on their behalf for such benefits for the applicable period immediately preceding the accrual of this lawsuit.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

All risks and danger of loss or damages connected with the occurrences alleged in the Plaintiff's Verified Complaint were at the time and place mentioned open, obvious and apparent and were known by the underlying plaintiff and voluntarily assumed by the underlying plaintiff.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

If, at the time of trial, any of the issues herein have finally been determined wholly or partially against the plaintiff by a tribunal, forum or court, all of competent jurisdiction, then in that event, the plaintiff will be estopped from relitigating such issue or issues.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

7

Case 1:22-cv-01473-KAM-PK   Document 74-9   Filed 04/19/24   Page 32 of 48 PageID #: 2933

Defendant ASK ELECTRICAL CONTRACTING CORP., states that plaintiff could have avoided the injuries and damages alleged in the Verified Complaint and was the sole proximate cause of his accident.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Defendant ASK ELECTRICAL CONTRACTING CORP., states that underlying plaintiff failed to take any or sufficient action, or such action as was necessary, to mitigate or minimize the injuries and damages alleged or the conditions that allegedly gave rise to the injuries or damages alleged in the Verified Complaint.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Defendant ASK ELECTRICAL CONTRACTING CORP., did not breach any contractual or common law duties to the plaintiff and/or to any parties or non-parties to this action.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff fails to name the necessary party or parties which allegedly caused the alleged injuries sustained by the plaintiff.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Any contract provisions relied upon by any party as against this Defendant is void and unenforceable under New York law.

## AS AND FOR AN FIFTEENTH AFFIRMATIVE DEFENSE

ASK ELECTRICAL CONTRACTING CORP., complied with all of its obligations under any enforceable contract.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

8

Case 1:22-cv-01473-KAM-PK Document 74-9 Filed 04/19/24 Page 33 of 48 PageID #: 2934

ASK ELECTRICAL CONTRACTING CORP., is not a proper Labor Law defendant and plaintiff's claims under the Labor Law do not apply to ASK ELECTRICAL CONTRACTING CORP.,

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot sustain a cause of action against this defendant based on the Workers' Compensation Law and Doctrine of Special Employee.

### AS AND FOR THE EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's accident must be dismissed as plaintiff has already commenced another action in these courts for the relief requested.

### AS AND FOR THE NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to join an indispensable party.

### AS AND FOR THE TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred by the Statue of Limitations.

### AS AND FOR THE TWENTY-FIRST AFFIRMATIVE DEFENSE

This Answering Defendant was not working on the project at the time of plaintiff's accident.

**WHEREFORE,** the defendant, ASK ELECTRICAL CONTRACTING CORP., demands judgment dismissing the plaintiff's Complaint, and further demands judgment against the codefendant on the cross-claim, together with the costs, expenses, disbursements, and attorneys' fees incurred in the defense of this action and in the conduct of the cross-claims.

### AMENDMENTS

9

Case 1:22-cv-01473-KAM-PK   Document 74-9   Filed 04/19/24   Page 34 of 48 PageID #: 2935

ASK ELECTRICAL CONTRACTING CORP., specifically reserves the right to amend its Verified Answer by adding defenses, counterclaims, cross-claims, or by instituting third-party actions as additional facts are obtained through further investigation and discovery. To the extent any other potential defendants raises any defense or issue, which would exonerate ASK ELECTRICAL CONTRACTING CORP., or bar recovery against ASK ELECTRICAL CONTRACTING CORP., incorporates those answers or defenses herein by reference.

**WHEREFORE**, Defendant ASK ELECTRICAL CONTRACTING CORP., prays for judgment as follows:

(a) That plaintiff takes nothing by way of his Verified Complaint and that each cause of action against the Defendant ASK ELECTRICAL CONTRACTING CORP., is dismissed;

(b) That the Court grants judgment in favor of Defendant ASK ELECTRICAL CONTRACTING CORP., and;

(c) For such other and further relief as the Court deems just and proper.

Dated: Garden City, New York
September 9, 2022

Yours, etc.,

By_____
 GEORIGA S. ALIKAKOS, ESQ.
LAW OFFICE OF KEVIN P. WESTERMAN
Attorneys for Defendant-
ASK ELECTRICAL CONTRACTING CORP.,
990 Stewart Avenue Suite 400
Garden City, New York 11530
Georgia.alikakos@nationwide.com
 (516) 493-4501
(866) 909-6658 Fax

10

Case 1:22-cv-01473-KAM-PK   Document 74-9   Filed 04/19/24   Page 35 of 48 PageID #: 2936

TO:    GORAYEB & ASSOCIATES, P.C.
Attorney for Plaintiff
100 Willaim Street, Suite 1900
New York, New York, 1900
New York, New York, 10038

11

Case 1:22-cv-01473-KAM-PK Document 74-9 Filed 04/19/24 Page 36 of 48 PageID #: 2937

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------------X
STALIN RODRIGO REYES ESPINOZA

               Plaintiff,

                    -against-

ASK ELECTRICAL CONTRACTING CORP.,
               Defendants.
-----------------------------------------------------------------------X

**NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION**

S I R S:

     **PLEASE TAKE NOTICE**, that pursuant to Article 31 of the Civil Practice Law and Rules, the undersigned will take the oral deposition testimony of the plaintiff STALIN RODRIGO REYES ESPINOZA, as adverse parties, before a notary public at the Law Offices of KEVIN P. WESTERMAN 990 Stewart Avenue Garden City, New York, on the **9th day of November, 2022, at 10:00 a.m.,** upon all of the relevant facts and circumstances surrounding the accident which is the subject of this action, including negligence, contributory negligence and damages; and for the purposes authorized by Rule 3111 of the Civil Practice Law and Rules those parties are required to produce at such examinations the following: All books, papers and records relating to said action in the possession, custody or control of said plaintiff.

Dated: September 9, 2022

                               Yours, etc.,

                               By_____
                                GEORIGA S. ALIKAKOS, ESQ.
                             LAW OFFICE OF KEVIN P. WESTERMAN
                             Attorneys for Defendant-
                             ASK ELECTRICAL CONTRACTING CORP.,

12

990 Stewart Avenue Suite 400
Garden City, New York 11530
Georgia.alikakos@nationwide.com
 (516) 493-4501
(866) 909-6658 Fax

TO:    GORAYEB & ASSOCIATES, P.C.
       Attorney for Plaintiff
       100 Willaim Street, Suite 1900
       New York, New York, 1900
       New York, New York, 10038

13

## ATTORNEY VERIFICATION

STATE OF NEW YORK      )

                          ss:

COUNTY OF NASSAU     )

The undersigned, an attorney admitted to practice in the Courts of the State of New York, states that deponent is the attorney of record for the defendant ASK ELECTRICAL CONTRACTING CORP., . in the within action; deponent has read the foregoing **VERIFIED ANSWER** and knows the contents thereof; the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true.

The grounds of deponent's belief as to all matters not stated upon deponent's own knowledge are as follows:  reports of investigations, discussions with the defendant's representatives, writings, memoranda and other data in deponent's file or deponent's possession.

This verification is made by deponent and not by the defendant because the said defendant does not maintain a principal place of business within the County where deponent maintains his office.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated: Garden City, New York
       September 9, 2022

_____
**GEORGIA S. ALIKAKOS**

14

Case 1:22-cv-01473-KAM-PK   Document 74-9   Filed 04/19/24   Page 39 of 48 PageID #: 2940

# EXHIBIT C

# A.S.K Electrical Contracting Corp

## MASTER SUBCONTRACT AGREEMENT

This Master Subcontract Agreement ("Subcontract"), made this 15th July 2019 by and between **ASK Electrical Contracting Corp.** (hereinafter "Contractor"), with an office and principal place of business at **26-50 BQE West, Unit 2 Woodside NY 11377** and _____ (hereinafter "Subcontractor") with an office and principal place of business at _____ (hereinafter collectively "Parties").

### WITNESSETH:

**WHEREAS**, Contractor contemplates that from time to time it will enter into prime construction contracts with various clients ("Owner") for the performance of certain construction services with respect to certain projects (each "Project"); and

**WHEREAS**, Contractor desires to enter into a master subcontract agreement with Subcontractor whereby Contractor at its discretion may from time to time contract with Subcontractor, and Subcontractor desires to perform said work at the prices and upon the terms and conditions hereinafter expressed;

**NOW, THEREFORE**, in consideration of the mutual agreements herein expressed, the Parties contract, covenant and agree as follows:

### 1. Scope of the Subcontract

The Contractor and Subcontractor agree that this Subcontract is a non-exclusive master agreement and that the Contractor may from time to time authorize the Subcontractor to perform certain construction services ("Work") for the Contractor pursuant to this Agreement but only upon the execution by Contractor and Subcontractor of a work order ("Work Order") in a form attached hereto as **Exhibit A**. This Subcontract does not require either the Contractor or Subcontractor to issue, or accept any particular Work Order; however, if fully executed, each Work Order shall be governed by the terms and conditions of the Subcontract, as it may be amended by mutual agreement, and whether or not the Work Order specifically refers to it.

### 2. Subcontractor's Work

Subcontractor shall perform all work and shall furnish all supervision, labor, materials, plant, hoisting, scaffolding, tools, equipment, supplies and all other things necessary for the construction and completion of the work described in each individual Work Order, including work incidental thereto and reasonably inferable therefrom, in strict accordance and full compliance with the terms of this Subcontract, and to the satisfaction of Contractor and the Owner (hereinafter "Work").

With respect to the Work covered by this Subcontract and any individual Work Order, and except as expressly modified herein, Subcontractor shall have all rights which Contractor has under the Contract Documents, and Subcontractor shall assume all obligations, risks and responsibilities which Contractor has assumed towards the Owner, and third parties as applicable, in the Contract Documents, and Subcontractor shall be bound to Contractor in the same manner and to the same extent that Contractor is bound to the Owner or said third parties. In case of a conflict between this Subcontract Agreement and the Contract Documents as incorporated herein, pursuant to each Work Order, the terms of the Work Order shall prevail.

### 3. Payment

Contractor shall pay Subcontractor for performance of the Work, subject to additions and deductions by written change order, a liquidated sum which shall be calculated and agreed by the Parties in each individual Work Order.

### 4. Subcontractor's Insurance

Comprehensive General Liability insurance, with limits, unless noted otherwise below, of at least One Million Dollars ($1,000,000) each occurrence in respect of bodily injury and property damage, subject to Two Million Dollars ($2,000,000) in the aggregate, per job, including coverage for all of the following:

1. Broad Form Property Damage including all XCU hazards, where applicable.
2. Independent Contractors
3. Blanket Contractual Liability, including indemnification of **ASK Electrical Contracting Corp** and their directors, officers, employees, agents and representatives, and all parties as required under the **Owner/Contractor** agreement.
4. Products and Completed Operations liability, with minimum limits of Two Million Dollars ($2,000,000) in the aggregate.
5. "Occurrence" form Bodily Injury and Property Damage.

**26-50 Brooklyn Queens Expy Unit 2 Woodside, NY 11377**
**Phone (718) 701-5758 Fax (718) 701-5912**
**www.askelectric.com**

40 of 48

## A.S.K Electrical Contracting Corp

6.  **Subcontractors**' General Liability policy shall be endorsed to include Blanket Additional Insured Endorsements CG2033 7/04 and CG2037 7/04 or acceptable equivalent forms. Subcontractor is required to include as additional insureds: the **Owner**, the **Contractor** and any other additional insured in the **Owner/Contractor** Agreement for ongoing work and completed operations; the additional insured coverage is on a primary and non-contributory basis; the **Contractor's** policy is excess of the **Subcontractor's** insurance; and the **Contractor's** insurance shall not be called upon to contribute to the **Subcontractor's** insurance.

7.  Waiver of Subrogation applies for this contract.

8.  There will be no exclusion, limitation or sublimit for Action Over/Third Party Action-over claims for New York operations. **The certificate of insurance must specifically state "there is no exclusion, limitation or sublimit for Action/Over, Third Party Action-over claims".***

9.  If applicable, there will be no exclusion, limitation or sublimit for height work. **The certificate of insurance must state, "there is no exclusion, limitation or sublimit for height work."**

10. There will be no exclusion, limitation or sublimit for coverage on **Subcontractor's** independent contractors.

11. To the fullest extent permitted by law, the Subcontractor agrees to indemnify, defend and hold harmless the Contractor and the Owner and the parties listed at the end of this paragraph as additional indemnitees, if any, their officers, directors, agents, employees and partners (hereafter collectively "Indemnitees") from any and all claims, suits, damages, liabilities, professional fees, including attorneys' fees, costs, court costs, expenses and disbursements related to death, personal injuries or property damage (including loss of use thereof) brought or assumed against any of the Indemnitees by any person or firm, arising out of or in connection with or as a result of or consequence of the performance of the Work of the Subcontractor under this agreement, as well as any additional work, extra work or add-on work, whether or not caused in whole or in part by the Subcontractor including any subcontractors thereof and their employees. The parties expressly agree that this indemnification agreement contemplates 1) full indemnity in the event of liability imposed against the Indemnitees without negligence and solely by reason of statute, operation of law or otherwise; and 2) partial indemnity in the event of any actual negligence on the part of the Indemnitees either causing or contributing to the underlying claim in which case, indemnification will be limited to any liability imposed over and above that percentage attributable to actual fault whether by statute, by operation of law, or otherwise. Where partial indemnity is provided under this agreement, costs, professional fees, attorneys' fees, expenses, disbursements, etc. shall be indemnified on a pro rata basis. Indemnification under this paragraph shall operate whether or not Subcontractor has placed and maintained the insurance specified under paragraph hereof. Attorneys' fees, court costs, expenses and disbursements shall be defined to include those fees, costs, etc. incurred in defending the underlying claim and those fees, costs, etc. incurred in connection with the enforcement of this indemnity agreement.

In any and all claims against **Contractor** or any of its agents or employees by any employee of **Subcontractor**, any sub-subcontractor of **Subcontractor**, anyone directly or indirectly employed by any of them or anyone for whose acts any of them may be liable, the indemnification obligation under Paragraph 1 shall not be limited in any way by any limitation on the amount or type of damages, compensation or benefits payable by or for the **Subcontractor** or any sub-contractor of **Subcontractor** under Worker's or Workmen's Compensation acts, Disability Benefits acts or other employee benefit acts.

Workers' Compensation and Employers' Liability

1.  Statutory Workers' Compensation, including occupational disease, in accordance with the laws of NJ, NY, FL & LA and/or all applicable laws.

2.  Employers' Legal Liability with minimum limits of $1,000,000 (each accident) / $1,000,000 (disease – policy limit) / $1,000,000 (disease – each employee).

Comprehensive Automobile Liability insurance with coverage for "any auto", including all owned, hired and non-owned autos, and with a combined single limit of One Million Dollars ($1,000,000).

Umbrella Coverage to include Asbestos Abatement Liability (If Applicable), Comprehensive General Liability, Comprehensive Automobile Liability, and Workers' Compensation/Employers' Liability coverage, with limits of at least Five Million Dollars ($1,000,000) combined single limit for bodily injury and property damage with a per project aggregate. Coverage for Additional Insureds must be primary and non-contributory and include completed operations.

**26-50 Brooklyn Queens Expy Unit 2 Woodside, NY 11377**
**Phone (718) 701-5758  Fax (718) 701-5912**
**www.askelectric.com**

41 of 48

# A.S.K Electrical Contracting Corp

Contractor's Tools and Equipment – **Subcontractor** is solely responsible for safeguarding and protecting any and all of their tools, equipment, staging or property and materials of any kind. The **Subcontractor** shall secure, pay for, and maintain Property Insurance necessary for protection against loss of owned, borrowed or rented capital equipment or tools, including any tools owned by employees, and any tools, equipment, staging, towers and forms owned, borrowed or rented by the **Subcontractor**. The requirement to secure and maintain such insurance is solely for the benefit of the **Subcontractor**. Failure of the **Subcontractor** to secure such insurance or maintain adequate levels of coverage shall not obligate the **Owner** or **Contractor** or their agents and employees or any other additional insured as required in the **Owner/Contractor** Agreement for any losses. **Subcontractor** waives all rights of subrogation against the owner or contractor or their agents and employees or any other additional insured as required in the **Owner/Contractor** Agreement for any losses.

Waiver of Claim/Waiver of Subrogation: **Subcontractor** waives its right to recover from **Contractor**, **Owner** and all parties that **Subcontractor** is required to name as additional insureds on its policies for all claims required to be covered by the insurance policies under this agreement. All insurance required under this agreement shall also include a waiver of subrogation by the insurer in favor of all parties that **Subcontractor** Is required to name as additional insureds.

Certificates of insurance shall, without liability on the part of the **Owner** and/or **Contractor** for premiums therefor, include Additional Insured endorsements for ongoing operations and completed operations of the **Subcontractor**, as required by written contract, to include the **Contractor**, **Owner** and all parties required by the **Owner/Contractor Agreement**. Any contractor using General Liability policies issued by an insurer on the list of carriers in **Exhibit B** will be required to produce a copy of their General Liability policy for review and approval prior to beginning any work. The certificate must follow the format of the sample certificate in **Exhibit C**. Exhibit D lists carriers providing acceptable General Liability policies for operations in NY with exceptions regarding their acceptability for certain work.

No Waiver of Insurance Requirements: It is expressly agreed between **Contractor** and **Subcontractor** that any failure on the part of **Contractor** to require or verify complete and timely performance of its obligations under the insurance requirements by **Subcontractor** shall not constitute a waiver of any right of **Contractor** to require compliance by **Subcontractor** with the Insurance requirements, and/or to seek damages resulting from **Subcontractor's** failure to comply.

## 5. Time of Performance

Subcontractor will commence Work when directed by Contractor and will proceed with the Work in a prompt and diligent manner in accordance with the Project Schedule attached to the individual Work Order, as such Schedule may be amended from time to time by Contractor. TIME IS OF THE ESSENCE. Subcontractor shall be entitled to additional compensation for compliance with Schedule amendments only to the extent, if any, that Contractor receives reimbursement from the Owner.

## 6. Safety

The Contractor makes no representation with respect to the physical conditions or safety of any Project Site. The Subcontractor shall, at its own expense, preserve and protect from injury its employees engaged in the performance of the Work and all property and persons which may be affected by its operations in performing the Work. The prevention of accidents to workers engaged in the Work and others affected by the Work is the responsibility of the Subcontractor and Subcontractor shall comply with all federal, state, labor and local laws, regulations and codes concerning safety as shall be applicable to the Work and to the safety standards established by Contractor during the progress of the Work. Subcontractor shall indemnify, defend and hold harmless Contractor, Owner and their respective officers, directors, agents and employees from any costs, expenses or liability (including attorneys' fees, fines or penalties) arising out of the Subcontractor's failure to comply with the aforesaid laws, regulations and codes.

## 7. Clean-up

Subcontractor shall clean up the areas used by Subcontractor for its Work on a daily basis and remove from each Project site, or to a specified location on the Project site as directed by Contractor, and in a manner that will not impede either the progress of the Project or of other trades, all rubbish, waste material, excess material and debris resulting from the Work.

## A.S.K Electrical Contracting Corp

IN WITNESS WHEREOF, the Parties, by their duly authorized representatives, have hereunto executed this Subcontract, on the day and year first above written.

SUBCONTRACTOR: Jim Associates

BY:

NAME: Sorgl Hosioh

TITLE: President

DATE: 7-15-19

CONTRACTOR: ASK Electrical Contracting Corp.

BY:

NAME: David Kleeman

TITLE: President

DATE:

FILED: KINGS COUNTY CLERK 06/16/2023 02:32 PM
NYSCEF DOC. NO.
INDEX NO. 514760/2022
RECEIVED NYSCEF: 06/16/2023

Case 1:22-cv-01473-KAM-PK Document 74-9 Filed 04/19/24 Page 44 of 48 PageID #: 2945



## A.S.K Electrical Contracting Corp

EXHIBIT A
WORK ORDER FORM
NO.

Date: 07/15/2019

Project: 217-14 Hempstead Av, Queens Village NY 11424

Owner:

Dear        :

("Contractor") would like        ("Subcontractor") to perform certain construction services for the above identified Project in accordance with the scope of work as set forth below ("Work"). This Work Order is being issued in accordance with that certain Master Subcontract Agreement dated as        entered into between Contractor and Subcontractor ("Master Agreement").

The Work must be completed in accordance with the following Project Schedule:

**Compensation:**

The Contractor shall pay the Subcontractor, subject to the terms of this Work Order, the liquidated sum of        Dollars ($        ) inclusive of any and all
Reimbursable Expenses.

**Scope of Work:**

The following Work is required to be performed pursuant to this Work Order:

**Contract Documents:**

The Contract Documents include the following:

| SUBCONTRACTOR: | CONTRACTOR: ASK Electrical Contracting Corp. |
|---|---|
| BY: Jorge Moscos | BY: |
| NAME: JM Morcoto Co. | NAME: David Kleeman |
| TITLE: President | TITLE: President |
| DATE: 07/15/19 | DATE: 7-15-2019 |

# A.S.K Electrical Contracting Corp

## EXHIBIT B
### CARRIERS PROVIDING QUESTIONNABLE GENERAL LIABILTY COVERAGE

Ace
American European Insurance Group
American Safety
Arch
Aspen Specialty
Atlantic Casualty
Atlantic Mutual
Berkley Specialty
Burlington Insurance Company
Century Surety
Colonial Cooperative
Crum and Forster
Erie
Endurance
Essex Insurance
Masonry)
Evanston Insurance
Everest
Federated
First Mercury
Farm Family
Hartford
Hermitage
Hudson
Investors Insurance Company
James River
Lincoln General
Main Street America Group
Markel
Max Specialty
Merchants Mutual
Mountain Valley Indemnity (Preserver)

Mt Vernon Fire Insurance
National Casualty
National Fire and Marine Insurance Company
National Grange
Nautilus
Northfield
Northland
North Sea
Nova Casualty
PCIC
Penn America Group
RCA
Rutgers Casualty
Safeco
Scottsdale (Iron/Steel, Excavation and

Sirius
TIG
Tokio Marine
Tower
Tudor
Underwriters at Lloyds/Lloyds of London
United National
US Fire
USLI/ US Liability Company
US Underwriters
Utica
Utica First
Valiant
Western Heritage

**NOTE:** Any contractor using questionable General Liability policies by the list of carriers above are required to produce a copy of their General Liability policies for review and approval prior to beginning any work.

## A.S.K Electrical Contracting Corp

**EXHBIT C**
**SAMPLE CERTIFICATE OF INSURANCE WORDING**
**(SEE ATTACHED)**

## A.S.K Electrical Contracting Corp

### EXHIBIT D
### CARRIERS PROVIDING ACCEPTABLE GENERAL LIABILITY POLICIES FOR WORK IN THE STATE OF NEW YORK

- American Empire
- Scottsdale (**Not for Iron/Steel, Excavation and Masonry**)
- Harleysville/Nationwide
- State National
- RLI/Mt Hawley **(Not for Exterior/Height Work)**
- Colony **(Not for Exterior/Height Work)**
- AWAC/Allied World Assurance Company (**Subcontractor Warranty Exclusion** is not acceptable)
- Liberty International
- Catlin
- Houston Casualty

Although the above carriers are currently issuing acceptable policies, **certificates of insurance must state there is no exclusion, sublimit or limitation for action-over/third party action-over claims.** If Subcontractor is performing exterior/height work, the policy must not have an exclusion for exterior/height work, and certificate must clearly state this.

# CERTIFICATE OF LIABILITY INSURANCE

DATE (MM/DD/YYYY)
07/15/19

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must have ADDITIONAL INSURED provisions or be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | CONTACT NAME: TRUST TAX & INSURANCE BROKERAGE INC |
|---|---|
| TRUST TAX & INSURANCE BROKERAGE INC | PHONE (A/C, No, Ext): (718)956-2000    FAX (A/C, No): 718-956-2097 |
| 24-16 Sienway Street | E-MAIL ADDRESS: trust_insurance@live.com |
| Astoria, NY 11103 | |

| | INSURER(S) AFFORDING COVERAGE | NAIC # |
|---|---|---|
| INSURED | INSURER A: KINGSTONE INSURANCE COMPANY | |
| JIM ASSOCIATES CORP | INSURER B: | |
| 2157 42ST | INSURER C: | |
| BASEMENT | INSURER D: | |
| | INSURER E: | |
| ASTORIA     NY 11105 | INSURER F: | |

## COVERAGES    CERTIFICATE NUMBER:    REVISION NUMBER:

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSD | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| X | COMMERCIAL GENERAL LIABILITY | | | | | | EACH OCCURRENCE | $ 500,000.00 |
| | CLAIMS-MADE [X] OCCUR | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ 100,000.00 |
| | | | | | | | MED EXP (Any one person) | $ 5,000.00 |
| | | | | CP5019035 | 05/12/19 | 05/12/20 | PERSONAL & ADV INJURY | $ 500,000.00 |
| | GEN'L AGGREGATE LIMIT APPLIES PER | | | | | | GENERAL AGGREGATE | $ 500,000.00 |
| X | POLICY [ ] PRO-JECT [ ] LOC | | | | | | PRODUCTS - COMP/OP AGG | $ 500,000.00 |
| | OTHER: | | | | | | | $ |
| | AUTOMOBILE LIABILITY | | | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | ANY AUTO | | | | | | BODILY INJURY (Per person) | $ |
| | OWNED AUTOS ONLY   SCHEDULED AUTOS | | | | | | BODILY INJURY (Per accident) | $ |
| | HIRED AUTOS ONLY   NON-OWNED AUTOS ONLY | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | | $ |
| | UMBRELLA LIAB   OCCUR | | | | | | EACH OCCURRENCE | $ |
| | EXCESS LIAB   CLAIMS-MADE | | | | | | AGGREGATE | $ |
| | DED [ ] RETENTION $ | | | | | | | $ |
| | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY   Y/N | | | | | | PER STATUTE   OTH-ER | |
| | ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? (Mandatory in NH) | N/A | | | | | E.L. EACH ACCIDENT | $ |
| | If yes, describe under DESCRIPTION OF OPERATIONS below | | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| ASK ELECTRICAL CONTRACTING CORP 26-50 BQE WEST UNIT 2 WOODSIDE, NY 11377 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS. <br><br> AUTHORIZED REPRESENTATIVE |

© 1988-2015 ACORD CORPORATION. All rights reserved.

ACORD 25 (2016/03)    The ACORD name and logo are registered marks of ACORD