

# MIRANDA SLONE SKLARIN VERVENIOTIS LLP

MICHAEL A. MIRANDA*
STEVEN VERVENIOTIS
ONDINE SLONE
RICHARD S. SKLARIN°
MAURIZIO SAVOIARDO
ANDREW B. KAUFMAN±
LAWRENCE S. WASSERMAN*

_____

SENIOR COUNSEL
LOUISE FASANO
NANCY R. SCHEMBRI°

THE ESPOSITO BUILDING
240 MINEOLA BOULEVARD
MINEOLA, NY 11501
TEL   (516) 741-7676
FAX   (516) 741-9060
WWW.MSSSV.COM

BRANCH OFFICES:
WESTCHESTER, NY
NEW YORK, NY
CLARK, NJ

ANNE P. EDELMAN
GABRIELLA CAMPIGLIA
RICHARD B. EPSTEIN
ABRAHAM WARMBRAND
LAURA ALTO
CHRISTOPHER J. LAMPERT*
BRANDON H. DORMAN
JAMES KIMMEL°
MICHAEL R. SEIDON

*ALSO ADMITTED IN NEW JERSEY
□ALSO ADMITTED IN FLORIDA
±ALSO ADMITTED IN DISTRICT OF COLUMBIA
° RESIDENT IN WESTCHESTER

WRITER'S E-MAIL:
SVERVENIOTIS@MSSSV.COM

WRITER'S DIRECT DIAL:
516-741-8488

June 20, 2022

ASK Electrical Contracting Corp.
217-14 Hempstead Ave.
Queens Village, NY 11429

ASK Electrical Contracting Corp.
c/o David Kleeman
26-50 BQE West, Unit 2
Woodside, NY 11377

| | |
|---|---|
| Claim No.: | 12-829 |
| Claimant: | Stalin Rodrigo Reyes Espinoza |
| Our Insured: | Kalnitech Construction Corp. |
| Location of Loss: | 217-14 Hempstead Avenue, Queens, NY 11429 |
| Date of Loss: | June 28, 2019 |
| Our File No.: | 19-208 |

Dear Sir/Madam,

This firm is counsel for Falls Lake National Insurance Company ("Falls Lake") which issued policy number SKP 2004493 10 to Kalnitech Construction Corp. for the period from January 3, 2019 through January 3, 2020 (the "Policy"). By letter dated September 3, 2019, Falls Lake previously denied coverage to Kalnitech Construction Corp., Ask Electrical Contracting Corp., and to several additional parties as to the claims asserted in and arising from the lawsuit captioned <u>Stalin Rodrigo Reyes Espinoza v. Davs Partners LLC and Kalnitech Construction Company</u>, pending in New York Supreme Court, Kings County, Index No.: 515197/2019, which pertained to bodily injured sustained by Stalin Rodrigo Reyes Espinoza on

MIRANDA SLONE SKLARIN VERVENIOTIS LLP

June 28, 2019 while he was performing work at 217-14 Hempstead Avenue, Queens, NY 11429. A copy of the September 3, 2019 letter is annexed hereto for your reference.

Falls Lake has recently discovered on its own that Stalin Rodrigo Reyes Espinoza has commenced an additional lawsuit captioned Stalin Rodrigo Reyes Espinoza v. Ask Electrical Contracting Corp., pending in New York Supreme Court, Kings County, Index No.: 514760/2022 (both lawsuits are collectively referred to here as the "Espinoza Action"). The new lawsuit against Ask Electrical Contracting Corp., pertains to the same bodily injuries alleged in the prior lawsuit relevant to the June 28, 2019 injury sustained at 217-14 Hempstead Avenue, Queens, NY 11429. By sending this letter, we on behalf of Falls Lake, maintain its coverage position asserted in the September 3, 2019 letter that coverage is denied to ASK Electrical Contracting and to all parties seeking coverage under the policy as a claimant or as an insured as to the claims asserted or which may be asserted in the Espinoza Action. Accordingly, coverage is denied to Ask Electrical Contracting Corp., Kalnitech Construction Corp., Stalin Rodrigo Reyes Espinoza, DAVS Partners LLC, Jim Associates Corp., Thomas Tsue Architects, Metro Plumbing & Heating Inc., A-1 Expert Mechanical Services Corp., Marfi Contracting Corp., Queens Gates Maintenance Corp., and to all parties seeking coverage under the policy as a claimant or as an insured as to the claims asserted or which may be asserted in the Espinoza Action.

On behalf of Falls Lake, we hereby maintain our denial of coverage with respect to the original lawsuit and deny coverage to all parties as to the claims relevant to the new lawsuit filed against Ask Electrical Contracting Corp. In explaining the grounds for the denial of coverage, we refer you to the Policy as well as point to several provisions relevant to this matter.

We start by calling your attention to the Insuring Agreement as modified by the **"NEW YORK CHANGES – COMMERCIAL GENERAL LIABILITY COVERAGE FORM"** endorsement, which provides in part:

*     *     *

This endorsement modifies the insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.** Paragraph **1. Insuring Agreement** of Section **I – Coverage A Bodily Injury And Property Damage Liability** is replaced by the following:

**1.   Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or

**MIRANDA SLONE SKLARIN VERVENIOTIS** LLP

"property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages even if the allegations of the "suit" are groundless, false or fraudulent. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

> (1) The amount we will pay for damages is limited as described in Section **III** – Limits of Insurance; and
> (2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

**b.** This insurance applies to "bodily injury" and "property damage" only if:

> (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
> (2) The "bodily injury" or "property damage" occurs during the policy period; and
> (3) Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section

**MIRANDA SLONE SKLARIN VERVENIOTIS** LLP
_____

II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. Of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

> (1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;
> (2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or
> (3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

**e.** Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

*       *       *

**SECTION V- DEFINITIONS** of the Policy contains the following definition of an "occurrence" and of "bodily injury" relevant in this matter:

*       *       *

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

*       *       *

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

*       *       *

We also refer you to the endorsement entitled **"EXCLUSION OF INJURY TO EMPLOYEES, CONTRACTORS AND EMPLOYEES OF CONTRACTORS,"** which provides:

*       *       *

**MIRANDA SLONE SKLARIN VERVENIOTIS LLP**

**EXCLUSION OF INJURY TO EMPLOYEES, CONTRACTORS AND EMPLOYEES OF CONTRACTORS**

This endorsement modifies insurance provided under the following:
**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

Exclusion 2.e Employers Liability is deleted and replaced by the following:
2.e Employers Liability
This insurance does not apply to:

(1) "Bodily injury" to any "employee" of any insured arising out of or in the course of:

    a)  Employment by any insured; or
    b)  Performing duties related to the conduct of any insured's business;

(2) "Bodily injury" to any contractor or any "employee" of any contractor arising out of or in the course of the contractor or its employee performing services of any kind or nature whatsoever;

(3) Any alleged obligation of any insured to indemnify or contribute with another because of damages arising out of such "bodily injury" to an insured's employee or any contractor or any contractor's employee;

(4) "Bodily injury" sustained by the spouse, child, parent, brother or sister of any "employee" of any insured, or of a contractor, or any "employee" of any contractor as a consequence of any injury to any person as set forth in paragraph (1) and (2) of this endorsement.

This exclusion applies to all claims and suits by any person or organization for damages because of such "bodily injury", including damages for care and loss of services.

As used herein the definition of "employee" includes a "leased worker" and a "temporary worker".

**MIRANDA SLONE SKLARIN VERVENIOTIS** LLP

This exclusion replaces the exclusion relating to "bodily injury" to employees and relatives of "employees" contained in the Exclusions Section of the policy to which this endorsement is attached and the definition of "employee" in said policy.

All other terms and conditions remain unchanged.

\*      \*      \*

We also point out that **SECTION V – DEFINITIONS** contains the following definitions:

\*      \*      \*

5.  "Employee" includes a "leased worker". "Employee does not include a "temporary worker".

\*      \*      \*

10. "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

\*      \*      \*

19. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meat seasonal or short-term workload conditions.

\*      \*      \*

20. "Volunteer worker" means a person who is not your "employee", and who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you

\*      \*      \*

The above quoted **"EXCLUSION OF INJURY TO EMPLOYEES, CONTRACTORS AND EMPLOYEES OF CONTRACTORS"** applies here in that the exclusion removes from coverage all claims that arise from "bodily injury" to any "employee" of

**MIRANDA SLONE SKLARIN VERVENIOTIS LLP**

any insured arising out of or in the course of employment by any insured or performing duties related to the conduct of any insured 's business, as well as injuries to contractor, sub-contractors and their employees and claims for an insured to participate in liability from same. The endorsement also removes form coverage cross-claims by other for contribution and indemnification as well as claims as to injuries/damages sustained by the spouse, child, parent, brother or sister of any "employee" of any insured.  It is clear that Stalin Rodrigo Reyes Espinoza sustained the alleged injuries in the course of his employment with an insured of Falls Lake and/or as a contractor or employee of contractor insured by Falls Lake.  Thus, to the extent the Espinoza Action pertains to "bodily injury" to any insured, contractor, or any employee of any contractor arising out of or in the course of the insured, contractor, or its employee performing services of any kind or nature whatsoever, coverage is denied under the Policy to Ask Electrical Contracting Corp., Kalnitech Construction Corp., Stalin Rodrigo Reyes Espinoza, DAVS Partners LLC, Jim Associates Corp., Thomas Tsue Architects, Metro Plumbing & Heating Inc., A-1 Expert Mechanical Services Corp., Marfi Contracting Corp., Queens Gates Maintenance Corp., and to any person or entity seeking coverage as a claimant or as an insured under the Policy as to the claims asserted or which may be asserted in the Espinoza Action.  In addition, to the extent that there is any alleged obligation of any insured to indemnify or contribute with another because of damages arising out of such bodily injury to an insured's employee or any contractor or any contractor's employee, and/or to the extent there was bodily injury sustained by the spouse, child, parent, brother or sister of any employee of any insured, or of a contractor, or any employee of a contractor, coverage is denied under the Policy to Ask Electrical Contracting Corp., Kalnitech Construction Corp., Stalin Rodrigo Reyes Espinoza, DAVS Partners LLC, Jim Associates Corp., Thomas Tsue Architects, Metro Plumbing & Heating Inc., A-1 Expert Mechanical Services Corp., Marfi Contracting Corp., Queens Gates Maintenance Corp., and to any person or entity seeking coverage as a claimant or as an insured under the Policy as to the accident and claims asserted or which may be asserted as arising from the Espinoza Action.

We further direct you to the following exclusions under Coverage A of the Policy, which states as follows:

*     *     *

**2. Exclusions:**
This insurance does not apply to:

*     *     *

**b. Contractual Liability**
"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

**MIRANDA SLONE SKLARIN VERVENIOTIS LLP**

**(1)** That the insured would have in the absence of the contract or agreement; or

**(2)** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or property damages", provided;

   **(a)** Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

   **(b)** Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged."

\*     \*     \*

**d.  Workers' Compensation And Similar Laws**

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

\*     \*     \*

The Policy contains the following definition of insured contract in SECTION V – DEFINITIONS :

\*     \*     \*

**9.** "Insured contract" means:
   **a.**  A contract for a lease of premises.  However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

**MIRANDA SLONE SKLARIN VERVENIOTIS** LLP

    **b.** A sidetrack agreement;

    **c.** Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

    **d.** An obligation, as required by ordinance, to indemnify a municipality, except in connection work for a municipality;

    **e.** An elevator maintenance agreement;

    **f.** That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

Paragraph **f.** does not include that part of any contract or agreement:

    **(1)** That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, road-beds, tunnel, underpass or crossing;

    **(2)** That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

        **(a)** Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

        **(b)** Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage; or

    **(3)** Under which the insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insured's rendering or failure to render professional services, including those listed in **(2)** above and supervisory, inspection, architectural or engineering activities.

            \*      \*      \*

Thus, **SECTION I - COVERAGES**, **Paragraph 2.b** of the Policy excludes from coverage "bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement, unless the contract or agreement is an insured agreement. Coverage is denied under the Policy to Ask Electrical Contracting Corp., Kalnitech Construction Corp., Stalin Rodrigo Reyes Espinoza, DAVS Partners LLC, Jim Associates Corp., Thomas Tsue Architects, Metro Plumbing & Heating Inc., A-1 Expert Mechanical Services Corp., Marfi Contracting Corp., Queens Gates Maintenance Corp., and to any person or entity seeking coverage as a claimant or as an insured under the Policy as to the accident claims asserted or which may be asserted as arising from the Espinoza Action to the extent that Kalnitech Construction Corp. did not assume any liability for bodily injury of another party in a contract or agreement. Moreover, coverage is denied under the

**MIRANDA SLONE SKLARIN VERVENIOTIS LLP**

Policy to the extent the contract or agreement is not an insured contract.  Coverage is denied under the Policy to Ask Electrical Contracting Corp., Kalnitech Construction Corp., Stalin Rodrigo Reyes Espinoza, DAVS Partners LLC, Jim Associates Corp., Thomas Tsue Architects, Metro Plumbing & Heating Inc., A-1 Expert Mechanical Services Corp., Marfi Contracting Corp., Queens Gates Maintenance Corp., and to any person or entity seeking coverage as a claimant or as an insured under the Policy as to the accident claims asserted or which may be asserted as arising from the Espinoza Action.

Furthermore, the "**Workers' Compensation And Similar Laws**" exclusion removes from coverage claims arising from any obligation of the insured under a workers' compensation or unemployment compensation law or any similar law. We ask that you please provide the undersigned all workers' compensation documents pertaining to Stalin Rodrigo Reyes Espinoza. To the extent that such workers' compensation claim has occurred or will occur, coverage is denied on that basis as well.  Coverage is therefore denied on those grounds to Ask Electrical Contracting Corp., Kalnitech Construction Corp., Stalin Rodrigo Reyes Espinoza, DAVS Partners LLC, Jim Associates Corp., Thomas Tsue Architects, Metro Plumbing & Heating Inc., A-1 Expert Mechanical Services Corp., Marfi Contracting Corp., Queens Gates Maintenance Corp., and any person or entity seeking coverage as a claimant or as an insured under the Policy as to the accident and claims asserted or which may be asserted as arising from the Espinoza Action.

Furthermore, the Policy also contains the Endorsement entitled "**EXCLUSION – CONSTRUCTION MANAGEMENT ERRORS AND OMISSIONS**", which provides:

\*       \*       \*

This endorsement modifies insurance provided under the following

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to Paragraph **2. Exclusions of Section I – Coverage A – Bodily Injury and Property Damage Liability** and Paragraph **2. Exclusions of Section I – Coverage B – Personal and Advertising Injury Liability:**

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:

1.  The preparing, approving, or failure to prepare or approve maps, shop drawings, opinions, reports, surveys, field orders, change order or drawings and specifications by any architect, engineer or surveyor performing services on a project on which you serve as construction manager; or

**MIRANDA SLONE SKLARIN VERVENIOTIS** LLP

> **2.** Inspection, supervision, quality control, architectural or engineering activities done by or for you on a project on which you serve as construction manager.
>
> This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage", or the offense which caused the personal and advertising injury", involved that which is described in Paragraph **1.** or **2.**
>
> This exclusion does not apply to "bodily injury" or "property damage" due to construction or demolition work done by you, your "employees" or your subcontractors.

\*     \*     \*

The Endorsement entitled **"EXCLUSION – CONSTRUCTION MANAGEMENT ERRORS AND OMISSIONS"** bars coverage for claims arising from (i) the preparing, approving, or failure to prepare or approve maps, shop drawings, opinions, reports, surveys, field orders, change order or drawings and specifications by any architect, engineer or surveyor performing services on a project on which you serve as construction manager; or (ii) for inspection, supervision, quality control, architectural or engineering activities done by or for you on a project on which you serve as construction manager.  Thus, to the extent that the claims asserted in the Espinoza Action pertain to such work, then coverage is therefore denied under the Policy on that basis. Coverage is therefore denied on those grounds to Ask Electrical Contracting Corp., Kalnitech Construction Corp., Stalin Rodrigo Reyes Espinoza, DAVS Partners LLC, Jim Associates Corp., Thomas Tsue Architects, Metro Plumbing & Heating Inc., A-1 Expert Mechanical Services Corp., Marfi Contracting Corp., Queens Gates Maintenance Corp., and to any person or entity seeking coverage as a claimant or as an insured under the Policy as to the accident and claims asserted or which may be asserted as arising from the Espinoza Action.

The Policy also includes the Endorsement entitled "**EXCLUSION – CONTRACTORS – PROFESSIONAL LIABILITY,**" which states the following:

\*     \*     \*

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to Paragraph **2. Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability** and Paragraph **2.**

MIRANDA SLONE SKLARIN VERVENIOTIS LLP
_____

**Exclusions of Section I – Coverage B – Personal And Advertising Injury Liability:**

1.  This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of or failure to render any professional services by you or on your behalf, but only with respect to either or both of the following operations:
    **a.** Providing engineering, architectural or surveying services to others in your capacity as an engineer, architect or surveyor; and
    **b.** Providing, or hiring independent professionals to provide, engineering, architectural or surveying services in connection with construction work you perform.
    This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage", or the offense which caused the "personal and advertising injury", involved the rendering of or failure to render any professional services by you or on your behalf with respect to the operations described above.
2.  Subject to Paragraph **3.** below, professional services include:
    **a.** Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders, or drawings and specifications; and
    **b.** Supervisory or inspection activities performed as part of any related architectural or engineering activities.
3.  Professional services do not include services within construction means, methods, techniques, sequences and procedures employed by you in connection with your operations in your capacity as a construction contractor.

*       *       *

The Endorsement entitled **"EXCLUSION – CONTRACTORS – PROFESSIONAL LIABILITY"** bars coverage for claims that arise from engineering, architectural or surveying services, as well as supervisory or inspection activities, and/or claims arising providing or hiring independent professionals to provide the same services, even if the claims against any insured allege negligence or wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" involved the rendering or failure to render any professional services by any insured or on any insured's behalf with respect to the operations detailed herein. Therefore, to the extent that any of the claims asserted in the Espinoza Action pertain to such work, then coverage is therefore denied under the Policy on that basis. Coverage is therefore denied on those grounds to Ask Electrical Contracting

**MIRANDA SLONE SKLARIN VERVENIOTIS** LLP

---

**CLAIM # 12-829 – LETTER TO ASK ELECTRICAL (THE ESPINOZA ACTION) – (OUR FILE 19-208)**
**JUNE 20, 2022**
**PAGE 13 OF 30**

Corp., Kalnitech Construction Corp., Stalin Rodrigo Reyes Espinoza, DAVS Partners LLC, Jim Associates Corp., Thomas Tsue Architects, Metro Plumbing & Heating Inc., A-1 Expert Mechanical Services Corp., Marfi Contracting Corp., Queens Gates Maintenance Corp., and to any person or entity seeking coverage as a claimant or as an insured under the Policy as to the accident and claims asserted or which may be asserted as arising from the Espinoza Action.

Further, the Policy includes an Endorsement entitled **"EXCLUSION – DESIGNATED WORK – SANDING AND SOLVENTS,"** which states the following:

> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
> PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
>
> **SCHEDULE**
>
> Description of your work:
>
> **This Insurance does not apply to "bodily injury" or "property damage" arising out of the use of solvents or other flammable liquids in connection with Floor Finishing or refinishing, Cabinet Finishing or refinishing, or Sanding of any other surface on which such solvents or other flammable liquids have been applies.**
>
> This endorsement applies to both ongoing and completed operations.

*       *       *

The Endorsement entitled **"EXCLUSION – DESIGNATED WORK – SANDING AND SOLVENTS,"** serves to bar coverage for accidents arising out of the use of solvents or other flammable liquids in connection with floor finishing or refinishing, cabinet finishing or refinishing, or sanding of any other surface on which solvents or other flammable liquids have been applied. To the extent that said Endorsement applies, coverage is denied to Ask Electrical Contracting Corp., Kalnitech Construction Corp., Stalin Rodrigo Reyes Espinoza, DAVS Partners LLC, Jim Associates Corp., Thomas Tsue Architects, Metro Plumbing & Heating Inc., A-1 Expert Mechanical Services Corp., Marfi Contracting Corp., Queens Gates Maintenance Corp., and to any person or entity seeking coverage as a claimant or as an insured under the

**MIRANDA SLONE SKLARIN VERVENIOTIS LLP**

Policy as to the accident and claims asserted or which may be asserted as arising from the Espinoza Action.

Moreover, the Policy also includes the Endorsement entitled **"EXCLUSION – DESIGNATED OPERATIONS COVERED BY A CONSOLIDATED (WRAP-UP) INSURANCE PROGRAM"**, which states the following:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to Paragraph **2. Exclusions** of Section **I – Coverage A – Bodily Injury and Property Damage Liability:**

This insurance does not apply to "bodily injury" or "property damage" arising out of either your ongoing operations or operations included within the "products-completed operations hazard" at the location described in the Schedule of this endorsement, as a consolidated (wrap-up) insurance program has been provided by the prime contractor/project manager or owner of the construction project in which you are involved.

This exclusion applies whether or not the consolidated (wrap-up) insurance program:

1. Provides coverage identical to that provided by this Coverage Part; or

2. Has limits adequate to cover all claims; or

This exclusion does not apply if the consolidated (wrap-up) insurance program covering your operations described in the schedule has been cancelled, non-renewed or otherwise no longer applies for reasons other than the exhaustion of all available limits, whether such limits are available on a primary, excess or on any other basis.  You must advise us of such cancellation, nonrenewal or termination as soon as practicable.

\*        \*        \*

To the extent that the accident complained of arose out of ongoing operations or operations included with the "products-completed operations hazard," where a consolidated (wrap-up) insurance program had been provided by the prime contractor/project manager or owner of the construction, the Endorsement entitled **"EXCLUSION – DESIGNATED OPERATIONS COVERED BY A CONSOLIDATED (WRAP-UP) INSURANCE PROGRAM"** removes such claims from coverage.  Accordingly, coverage is denied to Ask

**MIRANDA SLONE SKLARIN VERVENIOTIS LLP**

CLAIM # 12-829 – LETTER TO ASK ELECTRICAL (THE ESPINOZA ACTION) – (OUR FILE 19-208)
JUNE 20, 2022
PAGE 15 OF 30

Electrical Contracting Corp., Kalnitech Construction Corp., Stalin Rodrigo Reyes Espinoza, DAVS Partners LLC, Jim Associates Corp., Thomas Tsue Architects, Metro Plumbing & Heating Inc., A-1 Expert Mechanical Services Corp., Marfi Contracting Corp., Queens Gates Maintenance Corp., and to any person or entity seeking coverage as a claimant or as an insured under the Policy as to the accident and claims asserted or which may be asserted as arising from the Espinoza Action.

The endorsement entitled **"EXCLUSION – EXTERIOR INSULATION AND FINISH SYSTEMS,"** of the Policy states:

> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> **A.** This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of, caused by, or attributable to, whether in whole or in part, the following:
>
> > **1.** The design, manufacture, construction, fabrication, preparation, distribution and sale, installation, application, maintenance or repair, including remodeling, service, correction or replacement, of any "exterior insulation and finish system" or any part thereof, or any substantially similar system or any part thereof, including the application or use of conditioners, primers, accessories, flashings, coatings, caulking or sealants in connection with such a system; or
> >
> > **2.** "Your product" or "your work" with respect to any exterior component, fixture or feature of any structure if an "exterior insulation and finish system", or any substantially similar system, is used on the part of that structure containing that component, fixture or feature.
>
> **B.** The following definition is added to the **Definitions** Section: "Exterior insulation and finish system" means a non-load bearing exterior cladding or finish system, and all component parts therein, used on any part of any structure, and consisting of:
>
> > **1.** A rigid or semi-rigid insulation board made of expanded polystyrene and other materials;

**MIRANDA SLONE SKLARIN VERVENIOTIS** LLP

CLAIM # 12-829 – LETTER TO ASK ELECTRICAL (THE ESPINOZA ACTION) – (OUR FILE 19-208)
JUNE 20, 2022
PAGE 16 OF 30

    **2.**   The adhesive and/or mechanical fasteners used to attach the insulation board to the substrate;

    **3.**   A reinforced or unreinforced base coat;

    **4.**   A finish coat providing surface texture to which color may be added; and

    **5.**   Any flashing, caulking or sealant

\*    \*    \*

The Endorsement entitled **"EXCLUSION – EXTERIOR INSULATION AND FINISH SYSTEMS,"** bars coverage for "your product" or "your work" with respect to any exterior component, fixture or feature of any structure if an "exterior insulation and finish system", or any substantially similar system, is used on the part of that structure containing that component, fixture or feature. Thus, to the extent that the claims asserted in the Espinoza Action and the incident therein, involve such product or work, then coverage is denied to Ask Electrical Contracting Corp., Kalnitech Construction Corp., Stalin Rodrigo Reyes Espinoza, DAVS Partners LLC, Jim Associates Corp., Thomas Tsue Architects, Metro Plumbing & Heating Inc., A-1 Expert Mechanical Services Corp., Marfi Contracting Corp., Queens Gates Maintenance Corp., and to any person or entity seeking coverage as a claimant or as an insured under the Policy as to the accident and claims asserted or which may be asserted as arising from the Espinoza Action.

Furthermore, the provision in the Policy entitled **"ROOFING OPERATION SPECIFIC EXCLUSION ENDORSEMENT,"** states the following:

    **COMMERCIAL GENERAL LIABILITY COVERAGE PART**
    **PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART**
    **COMMERCIAL UMBRELLA COVERAGE PART**

    This insurance does not apply to bodily injury, property damage, personal injury or advertising injury arising out of or resulting from any **Roofing Operations.**

    **"Roofing Operations"** is defined herein as any work involving, in whole or in part, the repair, removal, replacement and/or recovering of an existing roof, or any part or section thereof.

\*    \*    \*

**MIRANDA SLONE SKLARIN VERVENIOTIS LLP**

The Endorsement entitled **"ROOFING OPERATION SPECIFIC EXCLUSION ENDORSEMENT"** serves to bar coverage for roofing operations. Thus, to the extent roofing operations were the cause of the damages, all claims are barred which originate from the incident claimed by Stalin Rodrigo Reyes Espinoza. As to such claims, coverage is denied Ask Electrical Contracting Corp., Kalnitech Construction Corp., Stalin Rodrigo Reyes Espinoza, DAVS Partners LLC, Jim Associates Corp., Thomas Tsue Architects, Metro Plumbing & Heating Inc., A-1 Expert Mechanical Services Corp., Marfi Contracting Corp., Queens Gates Maintenance Corp., and to any person or entity seeking coverage as a claimant or as an insured under the Policy as to the accident and claims asserted or which may be asserted as arising from the Espinoza Action.

We also refer you to the Policy provision entitled "**SUPPLEMENTARY PAYMENTS – COVERAGES A AND B,**" listed under **SECTION I – COVERAGES**, which provides:

\*        \*        \*

**SUPPLEMENTARY PAYMENTS – COVERAGES A AND B**

**2.** If we defend an insured against a "suit" and an indemnitee of the insured is also named as a party to the "suit", we will defend that indemnitee if all of the following conditions are met:

**a.** The "suit" against the indemnitee seeks damages for which the insured has assumed the liability of the indemnitee in a contract or agreement that is an "insured contract";

**b.** This insurance applies to such liability assumed by the insured;

**c.** The obligation to defend, or the cost of the defense of, that indemnitee, has also been assumed by the insured in the same "insured contract";

**d.** The allegations in the "suit" and the information we know about the "occurrence" are such that no conflict appears to exist between the interests of the insured and the interests of the indemnitee;

**e.** The indemnitee and the insured ask us to conduct and control the defense of that indemnitee against such "suit" and agree that we can assign the same counsel to defend the insured and the indemnitee; and

**f.**  The indemnitee:

**MIRANDA SLONE SKLARIN VERVENIOTIS** LLP

(1) Agrees in writing to:
    (a) Cooperate with us in the investigation, settlement or defense of the "suit";
    (b) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the "suit";
    (c) Notify any other insurer whose coverage is available to the indemnitee; and
    (d) Cooperate with us with respect to coordinating other applicable insurance available to the indemnitee; and

(2) Provides us with written authorization to:
    (a) Obtain records and other information related to the "suit"; and
    (b) Conduct and control the defense of the indemnitee in such "suit".

So long as the above conditions are met, attorneys' fees incurred by us in the defense of that indemnitee, necessary litigation expenses incurred by us and necessary litigation expenses incurred by the indemnitee at our request will be paid as Supplementary Payments. Notwithstanding the provisions of Paragraph **2.b.(2)** of Section **I** – Coverage **A** – Bodily Injury And Property Damage Liability, such payments will not be deemed to be damages for "bodily injury" and "property damage" and will not reduce the limits of insurance.

Our obligation to defend an insured's indemnitee and to pay for attorneys' fees and necessary litigation expenses as Supplementary Payments ends when we have used up the applicable limit of insurance in the payment of judgments or settlements or the conditions set forth above, or the terms of the agreement described in Paragraph **f.** above, are no longer met.

\*    \*    \*

    The provisions and requirements of the above-quoted Supplementary Payments terms of the Policy apply as to any claim for coverage regarding claims asserted or which may be asserted in the Espinoza Action.  Coverage is therefore denied under the above-quoted terms of the Policy to Ask Electrical Contracting Corp., Kalnitech Construction Corp., Stalin Rodrigo Reyes Espinoza, DAVS Partners LLC, Jim Associates Corp., Thomas Tsue Architects, Metro Plumbing & Heating Inc., A-1 Expert Mechanical Services Corp., Marfi Contracting Corp., Queens Gates

**MIRANDA SLONE SKLARIN VERVENIOTIS** LLP

---

CLAIM # 12-829 – LETTER TO ASK ELECTRICAL (THE ESPINOZA ACTION) – (OUR FILE 19-208)
JUNE 20, 2022
PAGE 19 OF 30

Maintenance Corp., and to any person or entity seeking coverage as a claimant or as an insured under the Policy as to the accident and claims asserted or which may be asserted as arising from the Espinoza Action.

We also note that the Policy contains the following section entitled **"COVERAGE C-MEDICAL PAYMENTS,"** listed under **SECTION I – COVERAGES**, which provides:

\*       \*       \*

### COVERAGE C – MEDICAL PAYMENTS
### 1.  Insuring Agreement

**a.** We will pay medical expenses as described below for "bodily injury" caused by an accident:
(**1**) On premises you own or rent;
(**2**) On ways next to premises you own or rent; or
(**3**) Because of your operations; provided that:
(**a**) The accident takes place in the "coverage territory" and during the policy period;
(**b**) The expenses are incurred and reported to us within one year of the date of the accident; and
(**c**) The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.

**b.** We will make these payments regardless of fault. These payments will not exceed the applicable limit of insurance. We will pay reasonable expenses for:
(**1**) First aid administered at the time of an accident;
(**2**) Necessary medical, surgical, X-ray and dental services, including prosthetic devices; and
(**3**) Necessary ambulance, hospital, professional nursing and funeral services.

\*       \*       \*

We further refer you to the **Paragraph 2** of the section entitled **"COVERAGE C – MEDICAL PAYMENTS,"** listed under **SECTION I –** COVERAGES, which reads as follows:

\*       \*       \*

### 2. Exclusions
We will not pay expenses for "bodily injury":

**MIRANDA SLONE SKLARIN VERVENIOTIS LLP**

**a. Any Insured**
To any insured, except "volunteer workers".

**b. Hired Person**
To a person hired to do work for or on behalf of any insured or a tenant of any insured.

\*       \*       \*

**d. Workers' Compensation And Similar Laws**
To a person, whether or not an "employee" of any insured, if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.

\*       \*       \*

**f. Products-Completed Operations Hazard**
Included within the "products-completed operations hazard".

**g. Coverage A Exclusions**
Excluded under Coverage **A.**

\*       \*       \*

We further note that **SECTION V- DEFINITIONS** of the Policy contains the following definition:

\*       \*       \*

**16.** "Products-completed operations hazard":
   **a.** Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:
      **(1)** Products that are still in your physical possession; or
      **(2)** Work that has not yet been completed or abandoned.  However, "your work" will be deemed completed at the earliest of the following times:
         **(a)** When all of the work called for in your contract has been completed.
         **(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

MIRANDA SLONE SKLARIN VERVENIOTIS LLP

    **(c)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

    Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

**b.** Does not include "bodily injury" or "property damage" arising out of:

    **(1)** The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

    **(2)** The existence of tools, uninstalled equipment or abandoned or unused materials; or

    **(3)** Products or operations for which the classification, listed in the Declarations or in a policy Schedule, states that products-completed operations are subject to the General Aggregate Limit.

\*      \*      \*

    **SECTION I – COVERAGES, COVERAGE C – MEDICAL EXPENSES, Paragraph 2.a** excludes from coverage any obligation to pay expenses for "bodily injury" to any insured, except "volunteer workers." Accordingly, to the extent Stalin Rodrigo Reyes Espinoza qualifies as an insured and is not a "volunteer worker," then this exclusion serves to bar coverage for any medical expenses for "bodily injury" related to the claims in the Espinoza Action. Coverage is therefore denied on that basis to Ask Electrical Contracting Corp., Kalnitech Construction Corp., Stalin Rodrigo Reyes Espinoza, DAVS Partners LLC, Jim Associates Corp., Thomas Tsue Architects, Metro Plumbing & Heating Inc., A-1 Expert Mechanical Services Corp., Marfi Contracting Corp., Queens Gates Maintenance Corp., and to any person or entity seeking coverage as a claimant or as an insured under the Policy as to the accident and claims asserted or which may be asserted as arising from the Espinoza Action.

    The above-quoted **SECTION I – COVERAGES, COVERAGE C – MEDICAL EXPENSES, Paragraph 2.b** also excludes from coverage any obligation to pay expenses for "bodily injury" to a person hired to do work for or on behalf of any insured or a tenant of any insured. Thus, to the extent that Stalin Rodrigo Reyes Espinoza was hired by an insured or tenant of any insured, this exclusion serves to bar coverage for any medical expenses for "bodily injury" related to the claims in the Espinoza Action. Coverage is therefore denied on that basis to Ask Electrical Contracting Corp., Kalnitech Construction Corp., Stalin Rodrigo Reyes Espinoza, DAVS Partners LLC, Jim Associates Corp., Thomas Tsue Architects, Metro Plumbing & Heating Inc., A-1 Expert Mechanical Services Corp., Marfi Contracting Corp., Queens Gates Maintenance Corp., and to any person or entity seeking coverage as a claimant or as an insured

MIRANDA SLONE SKLARIN VERVENIOTIS LLP

under the Policy as to the accident and claims asserted or which may be asserted as arising from the Espinoza Action.

Similarly, the above-quoted **SECTION I – COVERAGES, COVERAGE C – MEDICAL EXPENSES, Paragraph 2.d**, excludes from coverage any obligation to pay expenses for "bodily injury" to a person, whether or not an "employee" of any insured, if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law. Thus, to the extent benefits for the "bodily injury" alleged by Stalin Rodrigo Reyes Espinoza are payable or must be provided under a workers' compensation or disability benefits law or a similar law, this exclusion serves to bar coverage for any medical expenses for "bodily injury" related to the claims in the Espinoza Action. Coverage is therefore denied on that basis to Ask Electrical Contracting Corp., Kalnitech Construction Corp., Stalin Rodrigo Reyes Espinoza, DAVS Partners LLC, Jim Associates Corp., Thomas Tsue Architects, Metro Plumbing & Heating Inc., A-1 Expert Mechanical Services Corp., Marfi Contracting Corp., Queens Gates Maintenance Corp., and to any person or entity seeking coverage as a claimant or as an insured under the Policy as to the accident and claims asserted or which may be asserted as arising from the Espinoza Action.

Further, the above-quoted **SECTION I – COVERAGES, COVERAGE C – MEDICAL EXPENSES, Paragraph 2.f**, excludes from coverage any obligation to pay expenses for "bodily injury" that is included within the "products-completed operations hazard." Thus, to the extent the claims in the Espinoza Action create any obligation to pay for medical expenses for "bodily injury" that is included within the "products-completed operations hazard," this exclusion serves to bar coverage to Ask Electrical Contracting Corp., Kalnitech Construction Corp., Stalin Rodrigo Reyes Espinoza, DAVS Partners LLC, Jim Associates Corp., Thomas Tsue Architects, Metro Plumbing & Heating Inc., A-1 Expert Mechanical Services Corp., Marfi Contracting Corp., Queens Gates Maintenance Corp., and to any person or entity seeking coverage as a claimant or as an insured under the Policy as to the accident and claims asserted or which may be asserted as arising from the Espinoza Action.

**SECTION I – COVERAGES, COVERAGE C – MEDICAL EXPENSES, Paragraph 2.g**, also excludes from coverage any obligation to pay expenses for "bodily injury" that is excluded under Coverage A. Thus, to the extent coverage for the claims asserted in the Espinoza Action are precluded under Coverage A of the Policy by each of the other provisions quoted above, then this exclusion serves to bar coverage under Coverage C to Ask Electrical Contracting Corp., Kalnitech Construction Corp., Stalin Rodrigo Reyes Espinoza, DAVS Partners LLC, Jim Associates Corp., Thomas Tsue Architects, Metro Plumbing & Heating Inc., A-1 Expert Mechanical Services Corp., Marfi Contracting Corp., Queens Gates Maintenance Corp., and to any person or entity seeking coverage as a claimant or as an insured under the Policy as to the accident and claims asserted or which may be asserted as arising from the Espinoza Action.

**MIRANDA SLONE SKLARIN VERVENIOTIS LLP**

We additionally note that even if a party was entitled to additional insured coverage and/or indemnification, the same disclaimer grounds apply to an additional insured or an indemnitee under the Policy as to the accident and claims asserted or which may be asserted as arising from the Espinoza Action.

The Policy contains the following additional insured provision, via endorsement, which modifies the Policy:

\*      \*      \*

**ADDITIONAL INSURED- OWNERS, LESSEES OR CONTRACTORS – AUTOMATIC STATUS WHEN REQUIRED IN A CONSTRUCTION AGREEMENT WITH YOU**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A. Section II – Who Is An Insured** is amended to include as an additional insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy.  Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused in whole or in part, by:

**1.** Your acts or omissions; or

**2.** The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured.

However, the insurance afforded to such additional insured:

**1.** Only applies to the extent permitted by law; and

**2.** Will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

A person's or organization's status as an additional insured under this endorsement ends when your operations for that additional insured are completed.

**B.** With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:

This insurance does not apply to:

**1.** "Bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of, or the failure to render, any professional architectural, engineering or surveying services, including:

**a.** The preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

**MIRANDA SLONE SKLARIN VERVENIOTIS** LLP
_____

    **b.** Supervisory, inspection, architectural or engineering activities.

    This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage", or the offense which caused the "personal and advertising injury", involved the rendering of or the failure to render any professional architectural, engineering or surveying services.

  **2.** "Bodily injury" or "property damage" occurring after:

    **a.** All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the location of the covered operations has been completed; or

    **b.** That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

**C.** With respect to the insurance afforded to these additional insureds, the following is added to **Section III – Limits Of Insurance:**

The most we will pay on behalf of the additional insured is the amount of insurance:

    **1.** Required by the contractor agreement you have entered into with the additional insured; or

    **2.** Available under the applicable limits of insurance:

whichever is less.

This endorsement shall not increase the applicable limits of insurance.


\*    \*    \*


In addition, the Endorsement in the Policy entitled **"ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – COMPLETED OPERATIONS-AUTOMATIC STATUS WHEN REQUIRED IN A WRITTEN CONTRACT WITH YOU"** reads as follows:

\*    \*    \*

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

MIRANDA SLONE SKLARIN VERVENIOTIS LLP

**A. Section II – Who Is An Insured** is amended to include as an additional insured any person or organization when you and such person or organization have agreed in a **"**written contract" that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by "your work" performed for that additional insured and included in the "products-completed operations hazard".

However, the insurance afforded to such additional insured:
**1.** Only applies to the extent permitted by law; and
**2.** Will not be broader than that which you are required by the "written contract" to provide for such additional insured.

**B.** With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:
This insurance does not apply to:
    **1.** "Bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of, or the failure to render, any professional architectural, engineering or surveying services, including:
        **a.** The preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or
        **b.** Supervisory, inspection, architectural or engineering activities.
    This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by any insured, if the "occurrence" which caused the "bodily injury" or "property damage", or the offense which caused the "personal and advertising injury", involved the rendering of or the failure to render any professional architectural, engineering or surveying services.

**C.** With respect to the insurance afforded to these additional insureds, the following is added to **Section III – Limits Of Insurance:**
The most we will pay on behalf of the additional insured is the amount of insurance:
    **1.** Required by the "written contract" you have entered into with the additional insured; or
    **2.** Available under the applicable Limits of Insurance shown in the Declarations;
whichever is less.
This endorsement shall not increase the applicable Limits of Insurance shown in the Declarations.

**MIRANDA SLONE SKLARIN VERVENIOTIS** LLP

   **D.** The following is added to **4. Other Insurance**, part of **SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS:**
   
   If the "written contract" specifically requires that this insurance apply on a primary basis or a primary and non-contributory basis, this insurance is primary to such additional insured.

   **E.** As respects this endorsement only, The following Definition is added to **SECTION V – DEFINITIONS**
   
   A "written contract" means that part of any written contract under which you are required to include a person or organization as an additional insured, provided that the "bodily injury", "property damage", or "personal and advertising injury" occurs:
   
   1. After the signing and execution of the written contract by you;
   2. While that part of the written contract is in effect; and
   3. Before the end of the policy period.

                                    *         *         *

   The Endorsement "**ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – AUTOMATIC STATUS WHEN REQUIRED IN A CONSTRUCTION AGREEMENT WITH YOU**" provides that the Policy is amended to include as an additional insured any person or organization for whom Kalnitech Construction Corp. is performing operations when Kalnitech Construction Corp.and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on the Policy. To the extent that we have not been provided any contracts or agreements pertaining to Kalnitech Construction Corp. where Kalnitech Construction Corp. and such person or organization have agreed in writing in a contract or agreement to add such person or organization as an additional insured on the Policy.  Coverage therefore is denied to all parties. as to the accident and claims asserted or which may be asserted as arising from the Espinoza Action.

   Note also that the aforementioned Additional Insured Endorsement further limits coverage for an additional insured only with respect to "property damage" … that is caused, in whole or in part, by Kalnitech Construction Corp.'s acts or omissions, or the acts or omissions of those acting on Kalnitech Construction Corp.'s behalf, in the performance of Kalnitech Construction Corp.'s ongoing operations for the additional insured. Thus, even if any party qualifies as an additional insured, to the extent the claims alleged arise from acts or omissions other than those performed by Kalnitech Construction Corp. or on its behalf, there is no coverage under the Policy for any additional insureds for the claims asserted or which may be asserted in the Espinoza Action. Coverage is denied on that basis to Ask Electrical Contracting Corp., Kalnitech Construction Corp., Stalin Rodrigo Reyes Espinoza, DAVS Partners LLC, Jim Associates Corp., Thomas Tsue Architects, Metro Plumbing & Heating Inc., A-1 Expert Mechanical Services Corp., Marfi Contracting Corp., and Queens Gates Maintenance Corp., as

MIRANDA SLONE SKLARIN VERVENIOTIS LLP

to the accident and claims asserted or which may be asserted as arising from the Espinoza Action.

The aforementioned Additional Insured Endorsement further excludes from coverage claim for "property damage" arising out of the rending of, or failure to render, any professional architectural, engineering or surveying services, including (a) the preparing, approving or failing to prepare or approve maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or (b) supervisory, inspection, architectural or engineering activities. Moreover, this applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "property damage" involved the rendering of or the failure to render any professional architectural, engineering or surveying services. Thus, to the extent the claims alleged in the Espinoza Action arise from the rendering of, or failure to render, any of the services described above, this exclusion serves to bar coverage for any party that claims additional insured status under the Policy, for all claims asserted or which may be asserted in the Espinoza Action. Coverage is denied on that basis to Ask Electrical Contracting Corp., Kalnitech Construction Corp., Stalin Rodrigo Reyes Espinoza, DAVS Partners LLC, Jim Associates Corp., Thomas Tsue Architects, Metro Plumbing & Heating Inc., A-1 Expert Mechanical Services Corp., Marfi Contracting Corp., Queens Gates Maintenance Corp., and to any party seeking coverage under the Policy as a claimant or insured, as to the accident and claims asserted or which may be asserted as arising from the Espinoza Action.

Furthermore, the Additional Insured Endorsement also bars coverage for "property damage" occurring after (a) all work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the location of the covered operations has been completed; or (b) that portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project. Thus, to the extent the claims alleged in the Espinoza Action arise from either of these scenarios, this exclusion also serves to bar coverage for any party that claims additional insured status for all claims in the Espinoza Action under the Policy. Coverage is denied on that basis to Ask Electrical Contracting Corp., Kalnitech Construction Corp., Stalin Rodrigo Reyes Espinoza, DAVS Partners LLC, Jim Associates Corp., Thomas Tsue Architects, Metro Plumbing & Heating Inc., A-1 Expert Mechanical Services Corp., Marfi Contracting Corp., Queens Gates Maintenance Corp. and to any party seeking coverage under the Policy as a claimant or insured, as to the accident and claims asserted or which may be asserted as arising from the Espinoza Action.

For the same reasons mentioned with respect to the Endorsement entitled **ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – AUTOMATIC STATUS WHEN REQUIRED IN A CONSTRUCTION AGREEMENT WITH YOU,"** no

**MIRANDA SLONE SKLARIN VERVENIOTIS LLP**

CLAIM # 12-829 – LETTER TO ASK ELECTRICAL (THE ESPINOZA ACTION) – (OUR FILE 19-208)
JUNE 20, 2022
PAGE 28 OF 30

party has established that it is an additional insured under the above-quoted Endorsement entitled **"ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – COMPLETED OPERATIONS – AUTOMATIC STATUS WHEN REQUIRED IN A WRITTEN CONTRACT WITH YOU."** No party also has established indemnitee status. Coverage therefore is denied to all parties. as to accident and claims asserted or which may be asserted as arising from the Espinoza Action

Lastly, any terms and/or conditions of the Policy not referenced herein are not to be construed as a waiver of any of those terms and conditions. In fact, by sending this letter, we hereby expressly reserve the right of the insurer to rely on those terms and conditions in deciding whether or not other coverage is or is not afforded under the policy in the future.

If anyone has any other information or documents that they want to share with us that may impact our coverage determination, we ask that they should do so as soon as possible.

If you have any questions or wish to discuss, please do not hesitate to contact me.

Should you wish to take this matter up with the New York State Department of Financial Services, you may file with the Department either on its website at http://www.dfs.ny.gov/consumer/fileacomplaint.htm or you may write to or visit the Consumer Assistance Unit, Financial Frauds and Consumer Protection Division, New York State Department of Financial Services at One State Street, New York, NY, 10004; One Commerce Plaza, Albany, NY 12257; 1399 Franklin Avenue, Garden City, NY 11530; or Walter J. Mahoney Office Building, 65 Court Street, Buffalo, NY 14202.

Sincerely,
**MIRANDA SLONE SKLARIN VERVENIOTIS LLP**

Steven Verveniotis

cc:     GORAYEB & ASSOCIATES, P.C.
        Attorneys for Stalin Rodrigo Reyes Espinoza
        100 William Street, Suite 1900
        New York, New York 10038

        RICHMAN & LEVINE, P.C.
        Attorneys for Davs Partners LLC
        666 Old Country Road, Suite 101
        Garden City, NY 11530

**MIRANDA SLONE SKLARIN VERVENIOTIS LLP**

LAW OFFICE OF MICHAEL SWIMMER
Attorneys for Kalnitech Construction Company
605 3rd Avenue, 9th Floor
New York, NY 10158

Kalnitech Construction Corp.
204-19 23rd Avenue
Bayside, NY 11360

Jim Associates Corp.
22-54 37th Street
Astoria, New York 11105

David Kleeman
ASK Electrical Corp.
43-63 11th Street
Smithtown, NY 11787

Thomas Tsue Architects
244 Waverly Place #3D
New York, NY 10014

Marfi Contracting Corp.
539 Cary Avenue
Staten Island, NY 10310

Marfi Contracting Corp.
826-72nd Street
Brooklyn, NY 11228

Queens Gates Maintenance Corp.
96-10 34th Ave.
Cornona, NY 11368

Queens Gates Maintenance Corp.
34-77 110 Street
Corona, NY 11368

Metro Plumbing & Heating Inc.
221 Johnson Avenue
Brooklyn, NY 11206

**MIRANDA SLONE SKLARIN VERVENIOTIS LLP**

A-1 Expert Mechanical Services Corp.
91 Marcus Blvd.
Hauppauge, NY 11788

Stillwater Property and Casualty Insurance Company
4905 Belfort Road, Ste 110
Jacksonville, Fl 32256

Demtriou General Agency Inc.
111 Broadway, Ste 1702
New York, NY 10006



# MIRANDA SLONE SKLARIN VERVENIOTIS LLP

MICHAEL A. MIRANDA*
STEVEN VERVENIOTIS
ONDINE SLONE
RICHARD S. SKLARIN°
MAURIZIO SAVOIARDO
KELLY M. ZIC
FRANK R. MALPIGLI°

THE ESPOSITO BUILDING
240 MINEOLA BOULEVARD
MINEOLA, NY 11501
TEL   (516) 741-7676
FAX   (516) 741-9060

WWW.MSSSV.COM

ANNE P. EDELMAN
GABRIELLA CAMPIGLIA
RICHARD B. EPSTEIN
FRANK C. LANZO
ABRAHAM WARMBRAND
DEBORA J. DILLON°
KEVIN DONNELLY°*
TUERÉ RODRIGUEZ
JACKLYN MACIAS°◊
EDWARD DENBY
CHRISTINA M. PAPATHOMAS
ALLYSON N. BROWN

SENIOR COUNSEL
LOUISE FASANO

BRANCH OFFICES:
WESTCHESTER, NY
NEW YORK, NY
CLARK, NJ

WRITER'S E-MAIL:
SVERVENIOTIS@MSSSV.COM

*ALSO ADMITTED IN NEW JERSEY
◊ALSO ADMITTED IN CALIFORNIA
ᴅALSO ADMITTED IN FLORIDA
* RESIDENT IN WESTCHESTER

WRITER'S DIRECT DIAL:
516-741-8488

September 3, 2019

Kalnitech Construction Corp.
204-19 23rd Avenue
Bayside, NY 11360

|                   |                                              |
|-------------------|----------------------------------------------|
| Claim No.:        | 12-829                                       |
| Claimant:         | Stalin Rodrigo Reyes Espinoza                |
| Insured:          | Kalnitech Construction Corp.                 |
| Location of Loss: | 2017-14 Hempstead Avenue, Queens, NY 11429   |
| Date of Loss:     | June 28, 2019                                |
| Our File No.:     | 19-208                                       |

Dear Sir/Madam,

This firm is counsel for Falls Lake National Insurance Company ("Falls Lake") which issued policy number SKP 2004493 10 to Kalnitech Construction Corp. ("Kalnitech") for the period from January 3, 2019 through January 3, 2020 (the "policy"). I have conducted a coverage review as to the claims asserted in the action captioned <u>Stalin Rodrigo Reyes Espinoza v. Davs Partners LLC and Kalnitech Construction Company</u> and pending in New York Supreme Court, Kings County, Index No.: 515197/2019 (the "Espinoza Action"), and on behalf of Falls Lake, I write now to advise you of certain provisions in the policy and grounds for the denial of coverage to all copied on this letter as to the claims at issue in the Espinoza Action, based upon the information presently available.

On behalf of Falls Lake, we hereby deny coverage as to all claims arising from the accident at issue in the Espinoza Action, and we note that coverage is denied not only to Kalnitech but also to all parties to the Espinoza Action as well as any and all insureds or additional insureds under the policy for all of the reasons set forth in this letter. As detailed herein, coverage is denied to Kalnitech, Espinoza, Jim Associates, and Davs Partners, Espinoza

MIRANDA SLONE SKLARIN VERVENIOTIS LLP

CLAIM # 12-829 – LETTER TO KALNITECH (THE ESPINOZA ACTION) – (OUR FILE 19-208)
SEPTEMBER 3, 2019
PAGE 2 OF 18

and to any and all other entities not named herein as to all claims asserted in the Espinoza Action and/or which arise from the incident claimed by Espinoza whether as claimants or alleged insureds under the policy for all of the grounds set forth in this letter.

This disclaimer, of course, is based upon the information provided to us, which indicates that the Espinoza Action involves a claim of an incident alleged to have occurred on June 28, 2019 as to work performed at 217-14 Hempstead Avenue, Queens, NY 11429. The Complaint alleges that the plaintiff, Stalin Rodrigo Reyes Espinoza, was caused to be injured when he fell from a ladder while performing work and Kalnitech has been sued as to such work and accident. If you have any other information or documents in that respect, we ask you to provide same to the undersigned.

Based upon the information provided, however, we disclaim coverage and in explaining the grounds for the denial of coverage, we refer you to the policy as well as point to several provisions relevant to this matter. We start by calling your attention to the Insuring Agreement which reads:

> **SECTION 1 – COVERAGES**
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**
>
> a. We will pay those sums that the insured become legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages even if the allegations of the "suit" are groundless, false, or fraudulent. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit that may result. But:
>
> (1) The amount we will pay for damages is listed as described in Section III – Limits of Insurance; and
>
> (2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

Miranda Slone Sklarin Verveniotis LLP

CLAIM # 12-829 – LETTER TO KALNITECH (THE ESPINOZA ACTION) – (OUR FILE 19-208)
September 3, 2019
Page 3 of 18

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory;"

(2) The "bodily injury" or "property damage" occurs during the policy period; and

(3) Prior to the policy period, no insured listed under Paragraph 1. Section II – Who is an Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the bodily injury" or "property damage": had occurred in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change, or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. Of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

(1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

MIRANDA SLONE SKLARIN VERVENIOTIS LLP

    (2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage; or
    (3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

  e.  Damages because of "bodily injury" include damages claimed by any person, organization for care, loss of services or death resulting at any time from the "bodily injury."

*     *     *

    In addition, **"Bodily Injury"** as set forth in **Paragraph seventeen (17)**, of **SECTION V - DEFINITIONS**, form CG 00 01 04 13, **Page 16 of 16**, of the policy means:

  **2.**  "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

*     *     *

    We also refer you to the exclusions in the Policies, listed under **SECTION I – COVERAGES, Paragraphs 2.b-n,** Form **CG 00 01 04 13, Page 2 of 16,** which, in relevant part, read as follows:

  **2. Exclusions**
  This insurance does not apply to:

*     *     *

  **b. Contractual Liability**

  "Bodily Injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

  (2) Assumed in a contract or agreement that is an "insured contract," provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract," reasonable attorneys' fees and necessary litigation expenses incurred by or for a party other than an insured are

MIRANDA SLONE SKLARIN VERVENIOTIS LLP

**CLAIM # 12-829 – LETTER TO KALNITECH (THE ESPINOZA ACTION) – (OUR FILE 19-208)**
**SEPTEMBER 3, 2019**
**PAGE 5 OF 18**

deemed to be damages because of "bodily injury" or "property damage," provided:

> (a)  Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract," and

> (b)  Such attorneys' fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

*      *      *

**d. Workers' Compensation and Similar Laws**

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

*      *      *

In addition, the Endorsement entitled **"EXCLUSION OF INJURY TO EMPLOYEES, CONTRACTORS AND EMPLOYEES OF CONTRACTORS,"** printed on Form SN 0006 0713, Page 1 of 1, states the following:

This endorsement modifies insurance provided under the following:
**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

Exclusion 2.e Employers Liability is deleted and replaced by the following:

2.e    Employer's Liability

This insurance does not apply to:

(1)  "Bodily injury" to any "employee" of any insured arising out of or in the course of:

> a.    Employment by any insured; or
> b.    Performing duties related to the conduct of any insured's business;

MIRANDA SLONE SKLARIN VERVENIOTIS LLP

(2) "Bodily injury" to any contractor or any "employee" of any contractor arising out of or in the course of the contractor or its employee performing services of any kind or nature whatsoever;

(3) Any alleged obligation of any insured to indemnify or contribute with another because of damages arising out of such "bodily injury" to an insured's employee or any contractor or any contractor's employee;

(4) "Bodily injury" sustained by the spouse, child, parent, brother or sister of any "employee" of any insured, or of a contractor, or any "employee" of any contractor as a consequence of any injury to any person as set forth in paragraph (1) and (2) of this endorsement.

This exclusion applies to all claims and suits by any person or organization for damages because of such "bodily injury," including damages for care and loss of services.

As used herein the definition of "employee" includes a "leased worker" and a "temporary worker."

This exclusion replaces the exclusion relating to "bodily injury to employees and relatives of "employees" contained in the Exclusions Section of the policy to which this endorsement is attached and the definition of "employee" in said policy.

All other terms and conditions remain unchanged.

Also, the Policy includes the Endorsement entitled **"EXCLUSION – CONTRACTORS – PROFESSIONAL LIABILITY,"** printed on Policy Form CG 22 79 04 13, Page 1 of 1, which states the following:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to Paragraph **2. Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage**

MIRANDA SLONE SKLARIN VERVENIOTIS LLP

CLAIM # 12-829 – LETTER TO KALNITECH (THE ESPINOZA ACTION) – (OUR FILE 19-208)
SEPTEMBER 3, 2019
PAGE 7 OF 18

> Liability and Paragraph **2. Exclusions** of **Section I – Coverage B
> – Personal And Advertising Injury Liability:**
>
> 1.   This insurance does not apply to "bodily injury", "property
>      damage" or "personal and advertising injury" arising out of the
>      rendering of or failure to render any professional services by you
>      or on your behalf, but only with respect to either or both of the
>      following operations:
>
>      **a.**   Providing engineering, architectural or surveying services
>               to others in your capacity as an engineer, architect or
>               surveyor; and
>
>      **b.**   Providing, or hiring independent professionals to provide,
>               engineering, architectural or surveying services in
>               connection with construction work you perform.
>
>      This exclusion applies even if the claims against any insured allege
>      negligence or other wrongdoing in the supervision, hiring,
>      employment, training or monitoring of others by that insured, if the
>      "occurrence" which caused the "bodily injury" or "property
>      damage", or the offense which caused the "personal and
>      advertising injury", involved the rendering of or failure to render
>      any professional services by you or on your behalf with respect to
>      the operations described above.
>
> 2.   Subject to Paragraph **3.** below, professional services include:
>
>      **a.**   Preparing, approving, or failing to prepare or approve,
>               maps, shop drawings, opinions, reports, surveys, field
>               orders, change orders, or drawings and specifications; and
>
>      **b.**   Supervisory or inspection activities performed as part of
>               any related architectural or engineering activities.
>
> 3.   Professional services do not include services within construction
>      means, methods, techniques, sequences and procedures employed
>      by you in connection with your operations in your capacity as a
>      construction contractor.

MIRANDA SLONE SKLARIN VERVENIOTIS LLP

CLAIM # 12-829 – LETTER TO KALNITECH (THE ESPINOZA ACTION) – (OUR FILE 19-208)
SEPTEMBER 3, 2019
PAGE 8 OF 18

Further, the Policy includes an Endorsement entitled **"EXCLUSION – DESIGNATED WORK – SANDING AND SOLVENTS,"** printed on Form AE 10 34 06 15, Page 1 of 1, which states the following:

> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
> PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
>
> SCHEDULE
>
> Description of your work:
>
> **This Insurance does not apply to "bodily injury" or "property damage" arising out of the use of solvents or other flammable liquids in connection with Floor Finishing or refinishing, Cabinet Finishing or refinishing, or Sanding of any other surface on which such solvents or other flammable liquids have been applies.**
>
> This endorsement applies to both ongoing and completed operations.

Moreover, the Policy also includes the Endorsement entitled **"EXCLUSION – DESIGNATED OPERATIONS COVERED BY A CONSOLIDATED (WRAP-UP) INSURANCE PROGRAM"**, printed on Form EPA-1730, Page 1 of 1, which states the following:

> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> The following exclusion is added to Paragraph **2. Exclusions** of Section I – **Coverage A – Bodily Injury and Property Damage Liability:**
>
> This insurance does not apply to "bodily injury" or "property damage" arising out of either your ongoing operations or operations included within the "products-completed operations hazard" at the location described in the Schedule of this endorsement, as a consolidated (wrap-up) insurance

MIRANDA SLONE SKLARIN VERVENIOTIS LLP

---

program has been provided by the prime contractor/project manager or owner of the construction project in which you are involved.

This exclusion applies whether or not the consolidated (wrap-up) insurance program:

1.  Provides coverage identical to that provided by this Coverage Part; or

2.  Has limits adequate to cover all claims; or

This exclusion does not apply if the consolidated (wrap-up) insurance program covering your operations described in the schedule has been cancelled, non-renewed or otherwise no longer applies for reasons other than the exhaustion of all available limits, whether such limits are available on a primary, excess or on any other basis.  You must advise us of such cancellation, nonrenewal or termination as soon as practicable.

We point you also to the Endorsement included Policy entitled **"EXCLUSION – CONSTRUCTION MANAGEMENT ERRORS AND OMISSIONS,"** printed on Policy Form CG 22 34 04 13, Page 1 of 1, which states the following:

This endorsement modifies insurance provided under the following

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to Paragraph **2. Exclusions of Section I – Coverage A – Bodily Injury and Property Damage Liability** and Paragraph **2. Exclusions of Section I – Coverage B – Personal and Advertising Injury Liability:**

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of

1.  The preparing, approving, or failure to prepare or approve maps, shop drawings, opinions, reports, surveys, field orders, change order or drawings and specifications by any architect, engineer or surveyor performing services on a project on which you serve as construction manager; or

2.  Inspection, supervision, quality control, architectural or engineering activities done by or for you on a project on which you serve as construction manager.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage",

MIRANDA SLONE SKLARIN VERVENIOTIS LLP

CLAIM # 12-829 – LETTER TO KALNITECH (THE ESPINOZA ACTION) – (OUR FILE 19-208)
SEPTEMBER 3, 2019
PAGE 10 OF 18

or the offense which caused the personal and advertising injury", involved that which is described in Paragraph **1.** or **2.**

This exclusion does not apply to "bodily injury" or "property damage" due to construction or demolition work done by you, your "employees" or your subcontractors.

Also, please direct your attention to the endorsement entitled **"EXCLUSION – EXTERIOR INSULATION AND FINISH SYSTEMS,"** Policy Form CG 21 86 12 04, **Page 1 of 1**, wherein it states:

> This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.** This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of, caused by, or attributable to, whether in whole or in part, the following:

> **1.** The design, manufacture, construction, fabrication, preparation, distribution and sale, installation, application, maintenance or repair, including remodeling, service, correction or replacement, of any "exterior insulation and finish system" or any part thereof, or any substantially similar system or any part thereof, including the application or use of conditioners, primers, accessories, flashings, coatings, caulking or sealants in connection with such a system; or

> **2.** "Your product" or "your work" with respect to any exterior component, fixture or feature of any structure if an "exterior insulation and finish system", or any substantially similar system, is used on the part of that structure containing that component, fixture or feature.

**B.** The following definition is added to the **Definitions** Section: "Exterior insulation and finish system" means a non-load bearing exterior cladding or finish system, and all component parts therein, used on any part of any structure, and consisting of:

> **1.** A rigid or semi-rigid insulation board made of expanded polystyrene and other materials;

MIRANDA SLONE SKLARIN VERVENIOTIS LLP

CLAIM # 12-829 – LETTER TO KALNITECH (THE ESPINOZA ACTION) – (OUR FILE 19-208)
SEPTEMBER 3, 2019
PAGE 11 OF 18

    **2.** The adhesive and/or mechanical fasteners used to attach the insulation board to the substrate;

    **3.** A reinforced or unreinforced base coat;

    **4.** A finish coat providing surface texture to which color may be added; and

    **5.** Any flashing, caulking or sealant

Furthermore, the Exclusion in the Policy entitled **"ROOFING OPERATION SPECIFIC EXCLUSION ENDORSEMENT,"** printed on Form AE 01 33 01 14, Page 1 of 1, states the following:

    **COMMERCIAL GENERAL LIABILITY COVERAGE PART**
    **PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART**
    **COMMERCIAL UMBRELLA COVERAGE PART**

    This insurance does not apply to bodily injury, property damage, personal injury or advertising injury arising out of or resulting from any **Roofing Operations.**

    **"Roofing Operations"** is defined herein as any work involving, in whole or in part, the repair, removal, replacement and/or recovering of an existing roof, or any part or section thereof.

Furthermore, the Endorsement in the Policy entitled **"ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – AUTOMATIC STATUS WHEN REQUIRED IN CONSTRUCTION AGREEMENT WITH YOU,"** printed on Form CG 20 33 04 13, Page 1 & 2 of 2, reads as follows:

    This endorsement modifies insurance provided under the following:

    COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A. Section II – Who Is An Insured** is amended to include as an additional insured any person or organization for whom you are performing operations when you and such person or organization have

MIRANDA SLONE SKLARIN VERVENIOTIS LLP

CLAIM # 12-829 – LETTER TO KALNITECH (THE ESPINOZA ACTION) – (OUR FILE 19-208)
SEPTEMBER 3, 2019
PAGE 12 OF 18

agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

1. Your acts or omissions; or

2. The acts or omissions of those acting on your behalf;

   in the performance of your ongoing operations for the additional insured.

   However, the insurance afforded to such additional insured:

1. Only applies to the extent permitted by law; and

2. Will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

   A person's or organization's status as an additional insured under this endorsement ends when your operations for that additional insured are completed.

B. With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:

   This insurance does not apply to:

1. "Bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of, or the failure to render, any professional architectural, engineering or surveying services, including:

   a. The preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

   b. Supervisory, inspection, architectural or engineering activities.

   This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the

MIRANDA SLONE SKLARIN VERVENIOTIS LLP

"occurrence" which caused the "bodily injury" or "property damage", or the offense which caused the "personal and advertising injury", involved the rendering of or the failure to render any professional architectural, engineering or surveying services.

Moreover, the Policies contain an Endorsement entitled **"ADDITIONAL INSURED – OWNERS, LESEES, OR CONTRACTORS – COMPLETED OPERATIONS – AUTOMATIC STATUS WHEN REQUIRED IN A WRITTEN CONTRACT WITH YOU,"** printed on Form AE 01 49 11 15, **Page 1 of 2**, which states:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. **Section II – Who is An Insured** is amended to include as an additional insured any person or organization when you and such person or organization have agreed in a "written contract" that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury," "property damage" or "personal and advertising injury" caused, in whole or in part, by "your work" performed for that additional insured and included in the "products-completed operations hazard".

However, the insurance afforded to such additional insured:

1. Only applies to the extent permitted by law; and

2. Will not be broader than that which you are required by the "written contract" to provide for such additional insured.

B. With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:

This insurance does not apply to:

1. "Bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of, or the failure to render, any professional architectural, engineering or surveying services, including:

MIRANDA SLONE SKLARIN VERVENIOTIS LLP

CLAIM # 12-829 – LETTER TO KALNITECH (THE ESPINOZA ACTION) – (OUR FILE 19-208)
SEPTEMBER 3, 2019
PAGE 14 OF 18

    **a.** The preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

    **b.** Supervisory, inspection, architectural or engineering activities.

    This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by any insured, if the "occurrence" which caused the "bodily injury" or "property damage", or the offense which caused the "personal and advertising injury", involved the rendering of or the failure to render any professional architectural, engineering or surveying services.

    **C.** With respect to the insurance afforded to these additional insureds, the following is added to **Section III – Limits of Insurance:**
    The most we will pay on behalf of the additional insured is the amount of insurance.

    **1.** Required by the "written contract" you have entered into with the additional insured; or

    **2.** Available under the applicable Limits of Insurance shown in the Declarations;

    This endorsement shall not increase the applicable Limits of Insurance shown in the Declarations.

**D.** The following is added to **4. Other Insurance**, part of **SECTION IV – COMMERICAL GENERAL LIABILITY CONDITIONS:**
If the "written contract" specifically requires that this insurance apply on a primary basis or a primary and non-contributory basis, this insurance is primary to such additional insured.

**E.** As respects this endorsement only, The following Definition is added to **SECTION V – DEFINITIONS**

A "written contract" means that part of any written contract under which you are required to include a person or organizations as an additional insured, provided that the "bodily injury", "property damage", or "personal and advertising injury" occurs:

MIRANDA SLONE SKLARIN VERVENIOTIS LLP

CLAIM # 12-829 – LETTER TO KALNITECH (THE ESPINOZA ACTION) – (OUR FILE 19-208)
SEPTEMBER 3, 2019
PAGE 15 OF 18

1.  After the signing and execution of the written contract by you;

2.  While that part of the written contract is in effect; and

3.  Before the end of the policy period.

Given each of the above, it appears clear that, based upon what we know so far, all of the claims asserted in the Espinoza Action and all of the claims arising from the accident involve a bodily injury to an employee of Kalnitech, and/or a contractor, or an employee of a contractor working for same at the subject construction site.  Accordingly, coverage is denied to all as to any and all claims asserted or which may be asserted in the Espinoza Action based upon the provisions noted above and in the endorsement entitled **"EXLUSION OF INJURY TO EMPLOYEES, CONTRACTORS AND EMPLOYEES OF CONTRACTORS."**  Coverage for such claims is also barred by operation of the exclusion entitled **"WORKERS' COMPENSATION AND SIMILAR LAWS."**  Given that it is alleged in the Espinoza Action that Espinoza was injured while employed by Kalnitech or by another entity at the subject construction site, these provisions and endorsements apply to bar coverage to you and to all parties in the Espinoza Action as to all claims asserted in the Espinoza action and/or which arise from the accident claimed by Espinoza. Coverage is therefore denied to Kalnitech, Espinoza, Jim Associates, and Davs Partners.

Moreover, the Endorsement entitled **"EXCLUSION – CONTRACTORS – PROFESSIONAL LIABILITY,"** bars coverage for claims that arise form engineering, architectural or surveying services as well as supervisory or inspection activities.  Therefore, to the extent that any and all claims asserted or which may be asserted in the Espinoza Action pertain to such work, coverage is denied to Kalnitech, Espinoza, Jim Associates, and Davs Partners, for all such claims as well.

Furthermore, the Endorsement entitled **"EXCLUSION – DESIGNATED WORK – SANDING AND SOLVENTS,"** serves to bar coverage for accidents arising out of the use of solvents or other flammable liquids in connection with floor finishing or refinishing, cabinet finishing or refinishing, or sanding of any other surface on which solvents or other flammable liquids have been applied.  To the extent that said Endorsement applies, coverage is denied to Kalnitech, Espinoza, Jim Associates, and Davs Partners for all claims asserted in the Espinoza Action.

Also, to the extent that the accident complained of arose out of ongoing operations or operations included with the "products-completed operations hazard," where a consolidated (wrap-up) insurance program had been provided by the prime contractor/project manager or owner of the construction, the Endorsement entitled **"EXCLUSION – DESIGNATED OPERATIONS COVERED BY A CONSOLIDATED (WRAP-UP) INSURANCE**

MIRANDA SLONE SKLARIN VERVENIOTIS LLP

CLAIM # 12-829 – LETTER TO KALNITECH (THE ESPINOZA ACTION) – (OUR FILE 19-208)
SEPTEMBER 3, 2019
PAGE 16 OF 18

PROGRAM" removes such claims from coverage. Accordingly, coverage is denied to Kalnitech, Espinoza, Jim Associates, and Davs Partners as to such claims in the Espinoza Action on the basis of that provision as well.

The Endorsement entitled **"EXCLUSION – CONSTRUCTION MANAGEMENT ERRORS AND OMISSIONS,"** bars coverage for inspection, supervision, quality control, architectural or engineering activities done by or for you on a project on which you serve as construction manager. Thus, to the extent that the claims asserted in the Espinoza Action and the incident therein, involve such product or work, then coverage is denied to Kalnitech, Espinoza, Jim Associates, and Davs Partners as to such claims.

Similarly, the Endorsement entitled **"EXCLUSION – EXTERIOR INSULATION AND FINISH SYSTEMS,"** bars coverage for "Your product" or "your work" with respect to any exterior component, fixture or feature of any structure if an "exterior insulation and finish system", or any substantially similar system, is used on the part of that structure containing that component, fixture or feature. Thus, to the extent that the claims asserted in the Espinoza and the incident therein, involve such product or work, then coverage is denied to Kalnitech, Espinoza, Jim Associates, and Davs Partners as to such claims.

Also, the Endorsement in the Umbrella Policy entitled **"ROOFING OPERATION SPECIFIC EXCLUSION ENDORSEMENT"** serves to bar coverage for roofing operations. Thus, to the extent roofing operations were the cause of the damages, all claims are barred which originate from the incident claimed by Espinoza. As to such claims, coverage is denied to Kalnitech, Espinoza, Jim Associates, and Davs Partners on that basis.

In addition to the above grounds for disclaimer, we also note that the **"Contractual Liability"** Exclusion serves also to bar coverage for claims that the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. Therefore, to the extent there was a contract or agreement in place indicating your assumption of liability, coverage is denied to Kalnitech, Espinoza, Jim Associates, and Davs Partners for all claims arising from the Espinoza Action or which may arise from the incident claimed arising from contract.

We further note that, at this time, no one has come forward to submit proof of additional insured status, but we point out that the exclusions noted above apply to any and all additional insureds as well. Coverage therefore is denied to any and all in that capacity as well on the basis of each of the exclusions noted above. Moreover, there are several provisions in the two additional endorsements quoted above which specifically apply to limit coverage those parties seeking Additional Insured status, and coverage is denied on that basis as well.

First, we note that Endorsement entitled **"ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – AUTOMATIC STATUS WHEN REQUIRED IN CONSTRUCTION AGREEMENT WITH YOU,"** requires proof of a contract and serves to

MIRANDA SLONE SKLARIN VERVENIOTIS LLP

CLAIM # 12-829 – LETTER TO KALNITECH (THE ESPINOZA ACTION) – (OUR FILE 19-208)
SEPTEMBER 3, 2019
PAGE 17 OF 18

bar coverage to all parties claiming coverage as an additional insured where such claims are not caused, in whole or in part, by your acts or omissions, or the acts or omissions of those acting on your behalf in performance of your ongoing operations, and also bars coverage for any claims arising out of architectural, engineering, or surveying services. Therefore, to the extent that a party may assert additional insured status in the Espinoza Action, this endorsement serves to bar coverage to all parties where such claims fall under the aforementioned coverage provisions and exclusions.

Furthermore, the Endorsement entitled **"ADDITIONAL INSURED – OWNERS, LESEES, OR CONTRACTORS – COMPLETED OPERATIONS – AUTOMATIC STATUS WHEN REQUIRED IN A WRITTEN CONTRACT WITH YOU,"** requires proof of a contract and serves to deny coverage for work not caused, in whole or in part, by "your work" performed for an additional insured. Therefore, to the extent such an endorsement applies, coverage is denied as to all claims on that basis as well.

If there is any information/documentation that has not been provided which indicates that any claim is not excluded by the policy language referenced above, then I ask that it be forwarded to my attention for review. We also again exercise the insurance company's right to request that you forward us copies of all future materials received and generated in connection with this matter so that we may review it.

We further remind you that any subject policy terms and/or conditions not referenced herein are not to be construed as a waiver of any of those terms and conditions. In fact, by sending this letter on behalf of the insurance company, we expressly reserve the right of the insurer to rely on those terms and conditions in deciding whether or not other coverage is or is not afforded under the policy in the future.

If you have any questions or wish to discuss this matter, you are invited to contact the undersigned.

Sincerely,
MIRANDA SLONE SKLARIN VERVENIOTIS LLP

Steven Verveniotis

cc:   GORAYEB & ASSOCIATES, P.C.
      100 William Street, Suite 1900
      New York, New York 10038

MIRANDA SLONE SKLARIN VERVENIOTIS LLP

---

CLAIM # 12-829 – LETTER TO KALNITECH (THE ESPINOZA ACTION) – (OUR FILE 19-208)
SEPTEMBER 3, 2019
PAGE 18 OF 18

Davs Partners LLC
217-14 Hempstead Avenue
Queens Village, NY 11429

Jim Associates Corp.
22-54 37th Street
Astoria, New York 11105

David Kleeman
ASK Electrical Corp.
43-63 11th Street
Smithtown, NY 11787

Thomas Tsue Architects
244 Waverly Place #3D
New York, NY 10014

Metro Plumbing & Heating Inc.
221 Johnson Avenue
Brooklyn, NY 11206

A-1 Expert Mechanical Services Corp.
91 Marcus Blvd.
Hauppauge, NY 11788



# MIRANDA SLONE SKLARIN VERVENIOTIS LLP

MICHAEL A. MIRANDA*
STEVEN VERVENIOTIS
ONDINE SLONE
RICHARD S. SKLARIN°
MAURIZIO SAVOIARDO
KELLY M. ZIC
FRANK R. MALPIGLI⁰

———

**SENIOR COUNSEL**
LOUISE FASANO

**WRITER'S E-MAIL:**
SVERVENIOTIS@MSSSV.COM

**WRITER'S DIRECT DIAL:**
516-741-8488

THE ESPOSITO BUILDING
240 MINEOLA BOULEVARD
MINEOLA, NY 11501
TEL   (516) 741-7676
FAX   (516) 741-9060

WWW.MSSSV.COM

**BRANCH OFFICES:**
WESTCHESTER, NY
NEW YORK, NY
CLARK, NJ

ANNE P. EDELMAN
GABRIELLA CAMPIGLIA
RICHARD B. EPSTEIN
FRANK C. LANZO
ABRAHAM WARMBRAND
DEBORA J. DILLON°
KEVIN DONNELLY°*
JACKLYN MACIAS°⁰
EDWARD DENBY
CHRISTINA M. PAPATHOMAS
ALLYSON N. BROWN

*ALSO ADMITTED IN NEW JERSEY
◊ALSO ADMITTED IN CALIFORNIA
⁰ALSO ADMITTED IN FLORIDA
* RESIDENT IN WESTCHESTER

September 16, 2019

David Kleeman
ASK Electrical Corp.
217-14 Hempstead Avenue
Queens Village, NY 11429

|  |  |
|---|---|
| Claim No.: | 12-829 |
| Claimant: | Stalin Rodrigo Reyes Espinoza |
| Insured: | Kalnitech Construction Corp. |
| Location of Loss: | 217-14 Hempstead Avenue, Queens, NY 11429 |
| Date of Loss: | June 28, 2019 |
| Our File No.: | 19-208 |

Dear Mr. Kleeman,

Enclosed please find a copy of a disclaimer letter in the above-referenced matter.  It was forwarded to you at your Smithtown, NY office, by first class mail, on September 3, 2019,  but was returned to us.  We are now forwarding the disclaimer letter to your Queens Village office.

Sincerely,
**MIRANDA SLONE SKLARIN VERVENIOTIS LLP**

Steven Verveniotis