UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
FALLS LAKE NATIONAL INSURANCE COMPANY,

                         Plaintiff,

-against-

KALNITECH CONSTRUCTION CORP., DAVS PARTNERS LLC, STALIN RODRIGO REYES ESPINOZA and ASK ELECTRICAL CONTRACTING CORP.,

                         Defendants.
---------------------------------------------------------------X

Case No.
1:22-cv-1473 (KAM)(PK)

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF's MOTION FOR SUMMARY JUDGMENT

Respectfully Submitted,

Lynsay A. Dyszler, Esq. (LS0573)
MILBER MAKRIS PLOUSADIS &
SEIDEN, LLP
Attorneys for Defendants
DAVS PARTNERS LLC and
ASK ELECTRICAL CONTRACTING CORP.
1000 Woodbury Road, Suite 402
Woodbury, New York 11797
(516) 712-4000
File No.: 10CVR-22715
ldyszler@milbermakris.com

# TABLE OF CONTENTS

|  | Page |
|---|---|
| **TABLE OF AUTHORITIES** | ii |
| **PRELIMINARY STATEMENT** | 1 |
| **COUNTER-STATEMENT OF FACTS** | 2 |
| **STANDARD OF REVIEW** | 4 |
| **ARGUMENT IN OPPOSITION** | 5 |
| **POINT I** | 5 |
| THE EMPLOYEE EXCLUSION DOES NOT BAR COVERAGE TO THE RESPONDING DEFENDANTS IN THE UNDERLYING ACTIONS AS THE ALLEGATIONS WITHIN THE UNDERLYING COMPLAINTS SUGGEST A REASONABLE POSSIBLIITY OF COVERAGE | |
| **POINT II** | 9 |
| THE EMPLOYEE EXCLUSION DOES NOT BAR COVERAGE IN THE UNDERLYING ACTIONS BECAUSE THE EXCLUSION IS AMBIGUOUS | |
| **POINT III** | 11 |
| RESPONDING DEFENDANTS ARE ADDITIONAL INSUREDS UNDER THE FALLS LAKE POLICY | |
| **CONCLUSION** | 12 |

# TABLE OF AUTHORITIES

Page

**Cases**

*Amaker v. Foley*,
    274 F.3d 677, 681, 51 Fed. R. Serv. 3d 1187, 2001 WL 1602725 (2d Cir. 2001)...............4

*Atkinson v. Town of Westmore*,
    38 F. Supp. 2d 338, 343, 1999 WL 117657 (D. Vt. 1999) ....................................................5

*Bayport Const. Corp. v. BHS Ins. Agency*,
    117 A.D.3d 660, 985 N.Y.S.2d 143 (2d Dept. 2014) ..........................................................9

*City of Burlington v. Associated Elec. & Gas Ins. Services, Ltd.*,
    164 Vt. 218, 221, 669 A.2d 1181, 1183 (1995) ..................................................................5

*City of Burlington v. National Union Fire Ins. Co.*,
    163 Vt. 124, 127, 655 A.2d 719, 721 (1994) ......................................................................5

*City of Johnstown v. Bankers Standard Ins. Co.*,
    877 F.2d 1146 (2d Cir. 1989) .............................................................................................8

*Continental Cas. Co. v. JBS Const. Mgmt., Inc.*,
    No. 09 Civ. 6697 (JSR), 2010 WL 2834898, at *4 (S.D.N.Y. July 1, 2010) ......................6

*Continental Casualty Co. v. Rapid-American Corp.*,
    80 N.Y.2d 640, 652, 593 N.Y.S.2d 966, 609 N.E.2d 506 (1993) .......................................6

*Fitzpatrick v. Am. Honda Motor Co.*,
    78 N.Y.2d 61 (1991) ............................................................................................................8

*Frontier Insulation Contractors, Inc. v. Merchants Mut. Ins. Co.*,
    91 N.Y.2d 169, 175, 667 N.Y.S.2d 982, 984 (1997) ......................................................6, 7

*Garneau v. Curtis & Bedell, Inc.*,
    158 Vt. 363, 366, 610 A.2d 132, 134 (1992) ......................................................................6

*Guachichulca v. Laslo N. Tauber & Associates, LLC*,
    37 A.D.3d 760 (1st Dept. 2007) ..........................................................................................9

*Hastings Dev., LLC v. Evanston Ins. Co.*,
    701 F. App'x 40 (2d Cir. 2017) .........................................................................................10

*High Point Design, LLC v. LM Ins. Corp.*,
    911 F.3d 89, 95 (2d Cir. 2018) ............................................................................................6

*Hugo Boss Fashions, Inc. v. Fed. Ins. Co.*,
    252 F.3d 608 (2d Cir. 2001) ................................................................................................. 8

*International Business Machines Corp. v. Liberty Mutual Ins. Co.*,
    363 F.3d 137, 144 (2d Cir. 2004) ..................................................................................... 5, 8

*McAllister v. Quik Park*,
    661 F. App'x 61 (2d Cir. 2016) ............................................................................................ 4

*MH Lipiner & Son, Inc. v. Hanover Ins. Co.*,
    869 F.2d 685, 687 (2d Cir. 1989) ........................................................................................ 5

*Monteleone v. Crow Const. Co.*,
    242 A.D.2d 135, 673 N.Y.S.2d 408 (1st Dept. 1998) ....................................................... 10

*Olin Corp. v. Ins. Co. of Am.*,
    218 F. Supp. 3d 212, 216 (S.D.N.Y. 2019) .......................................................................... 5

*Regal Constr. Corp. v. National Union Fire Ins. Co. of Pgh.*,
    15 N.Y.3d 34, 37, 904 N.Y.S.2d 338, 340 (2010) ............................................................... 5

*Servidone Construction Corporation v. Security Insurance Company of Hartford*,
    64 N.Y.2d 419, 477 N.E.2d 441, 488 N.Y.S.2d 139 (1985) ................................................ 6

*Travelers Indem. Co. v. Harleysville Ins. Co. of New York*,
    No. 18 CIV. 600 (PGG), 2020 WL 1304085, at *5 (S.D.N.Y. Mar. 19, 2020); ................... 6

*U.S. Fid. & Guar. Co. v. Fendi Adele S.R.L.*,
    823 F.3d 146, 149 (2d Cir. 2016) ........................................................................................ 4

*U.S. Underwriters Ins. Co. v. Kum Gang, Inc.*,
    443 F.Supp.2d 348, 356 (2d Cir. 2006) ............................................................................... 5

*United States Liability Insurance Company v. WW Trading Co. Inc.*,
    813 Fed.Appx. 636 (Ct. of App. 2020) .............................................................................. 10

*Worcester Ins. Co. v. Wesco Ins. Co., Inc.*,
    314 F. Supp. 3d 534, 542 (S.D.N.Y. 2018) .......................................................................... 5

**Statutes**

Fed. R. Civ. P. 56(a) ..................................................................................................................... 4

Fed. R. Civ. P. 56(c) ..................................................................................................................... 4

## PRELIMINARY STATEMENT

Defendants DAVS PARTNERS LLC and ASK ELECTRICAL CONTRACTING CORP. (hereinafter referred to as "DAVS" and "ASK," respectively and collectively as the "Responding Defendants"), submit this Memorandum of Law in opposition to Plaintiff FALLS LAKE NATIONAL INSURANCE COMPANY's ("FALLS LAKE") motion for summary judgment pursuant to Federal Rules of Civil Procedure 56 and Local Civil Rule 56.1.

FALLS LAKE seeks to be relieved of its obligation to provide its insured, Defendant KALNITECH CONSTRUCTION CORP. ("KALNITECH"), with coverage in the two underlying actions commenced by STALIN RODRIGO REYES ESPINOZA ("ESPINOZA") in the Supreme Court of the State of New York, County of Kings for injuries he allegedly sustained on June 28, 2019 in the course of his employment at a project located at 217-14 Hempstead Avenue, Queens, New York. FALLS LAKE also seeks to obtain a declaration that the Responding Defendants are not entitled to additional insured coverage on the basis of an exclusion within the policy of insurance issued by FALLS LAKE to KALNITECH (the "Falls Lake Policy").

As established herein, the Court should deny FALLS LAKE's motion for summary judgment in its entirety, as FALLS LAKE improperly relies upon an employee exclusion within its policy to deny coverage in the Underlying Actions. At the outset, it is submitted that FALLS LAKE's reliance on extrinsic evidence in support of its motion is improper as it disregards the well settled law that the duty to defend is "exceeding broad" and is based upon the allegations in the Complaint, regardless of whether they may be false of meritless. Moreover, Responding Defendants submit that the subject employee exclusion is ambiguous and thus must be construed in favor of KALNITECH as the named insured, as well as the Responding Defendants as additional insureds. Indeed, the Second Circuit has examined similarly worded exclusions and held that ambiguity requires the policy to be construed in the insured's favor. Finally, to the extent this

1

Court elects to consider the extrinsic evidence provided by FALLS LAKE, it is submitted that such evidence reveals that ESPINOZA was not an employee of the named insured, KALNITECH, thus the exclusion does not apply.

Consequently, for the reasons discussed herein, as supported by the accompanying documents, it is respectfully requested that this Honorable Court deny FALLS LAKE's motion for summary judgment in its entirety.

## COUNTER-STATEMENT OF FACTS

The undisputed facts herein are further set forth in Responding Defendants' Response to FALLS LAKE's Statement of Material Facts pursuant to Local Rule 56.1 and Counterstatement of Additional Material Facts ("Rule 56.1 Statement"), served simultaneously herewith.

However, for the Court's ease and reference, on July 12, 2019, ESPINOZA commenced a personal injury action in the Supreme Court of New York, County of Kings, bearing index number 515197/2019, against DAVS and KALNITECH for injuries allegedly sustained on June 28, 2019 when he was allegedly working on a ladder and was caused to fall (hereinafter the "First Action"). *See* Exhibit "A" to the Declaration of Steven Verveniotis, Esq. dated February 12, 2024 (hereinafter the "Verveniotis Declaration"). On or about May 19, 2022, ESPINOZA commenced a second personal injury action in the Supreme Court of New York, County of Kings, bearing index number 514760/2022, against ASK resulting from the same June 28, 2019 incident (hereinafter the "Second Action"). *See* Exhibit "D" to the Verveniotis Declaration. The two actions were subsequently consolidated under the First Action (hereinafter jointly referred to as the "Underlying Actions").

Notably, FALLS LAKE issued a commercial general liability policy to KALNITECH, bearing policy number SKP 200449310, for the policy period of January 3, 2019 through January

3, 2020 (the "Falls Lake Policy"). *See* Exhibit "G" to the Verveniotis Declaration. The Falls Lake Policy contains an "Exclusion of Injury to Employees, Contractors and Employees of Contractors" which purportedly excludes coverage for bodily injury to any "'employee' of any insured arising out of or in the course of: (a) Employment by any insured; or (b) Performing duties related to the conduct of any insured's business" and "(2) 'Bodily injury' to any 'employee' of any contractor arising out of or in the course of the contractor or its employee performing services of any kind or nature whatsoever…" *Id.* at p. 64. The Falls Lake Policy also includes an additional insured endorsement which provides automatic status to owners, lessees or contractors when required in a written contract. *Id.*, p. 57.

On or about March 11, 2019, a Short Form Prime Contract was executed between ASK and DAVS, which, in pertinent part, set forth that "[t]he owner and their agents are to be named as an additional insured on a primary and non-contributory basis to the Contractor's Commercial General Liability and Umbrella policies…" *See* Exhibit "L" at p. 5 to the Verveniotis Declaration. Further, on or about March 12, 2019, a Master Subcontractor Agreement was executed between ASK and KALNITECH providing, in pertinent part, that KALNITECH was required to purchase insurance naming ASK and DAVS as additional insureds. *See* Exhibit "M" at p. 9 to the Verveniotis Declaration. Further, the Master Subcontract provided that "Subcontractor [KALNITECH] is required to include as additional insureds: the Owner, the Contractor and any other additional insured in the Owner/Contractor Agreement for ongoing work and completed operations; the additional insured coverage is on a primary and non-contributory basis." *Id.*

By letter dated September 3, 2019, FALLS LAKE disclaimed coverage to KALNITECH, as well as ESPINOZA, Jim Associates and DAVS, for the claims alleged in the First Action on the grounds of, *inter alia*, the employee exclusion. *See* Exhibit "H" to the Verveniotis Declaration.

By letter dated September 16, 2019, FALLS LAKE sent ASK a copy of the September 3, 2019 disclaimer letter to KALNITECH. *See* Exhibit "I" to the Verveniotis Declaration. By letter dated June 20, 2022, FALLS LAKE disclaimed coverage to ASK ELECTRICAL, for the claims alleged in the Second Action on the grounds of, *inter alia*, the employee exclusion. *See* Exhibit "J" to the Verveniotis Declaration.

## STANDARD OF REVIEW

Summary judgment under Fed. R. Civ. P. 56 is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether there are any genuine issues of material fact, the Court must view all facts "in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor," *U.S. Fid. & Guar. Co. v. Fendi Adele S.R.L.*, 823 F.3d 146, 149 (2d Cir. 2016) and the movant bears the burden of demonstrating that "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a).

The burden of the non-moving party to respond to a motion for summary judgment "arises only if the motion is properly 'supported' - and therefore summary judgment only is 'appropriate' when the moving party has met its burden of production under Fed. R. Civ. P. 56(c) 'to show initially the absence of a genuine issue concerning any material fact.'" *Amaker v. Foley*, 274 F.3d 677, 681, 51 Fed. R. Serv. 3d 1187, 2001 WL 1602725 (2d Cir. 2001) (citations omitted). "If the evidence adduced in support of the summary judgment motion does not meet this burden, summary judgment must be denied *even if no opposing evidentiary matter is presented.*" *Id.* (emphasis in the original); *see also, McAllister v. Quik Park,* 661 F. App'x 61 (2d Cir. 2016).

It is respectfully submitted that FALLS LAKE has failed to demonstrate its entitlement to judgment as a matter of law, such that its motion for summary judgment must be denied in its entirety.

4

## ARGUMENT IN OPPOSITION

### POINT I

### THE EMPLOYEE EXCLUSION DOES NOT BAR COVERAGE TO THE RESPONDING DEFENDANTS IN THE UNDERLYING ACTIONS AS THE ALLEGATIONS WITHIN THE UNDERLYING COMPLAINTS SUGGEST A REASONABLE POSSIBLIITY OF COVERAGE

It is well settled that "[a]n insurer's duty to defend its insured is exceedingly broad… If [a] complaint contains any facts or allegations which bring the claim even potentially within the protection purchased, the insurer is obligated to defend…" *Regal Constr. Corp. v. National Union Fire Ins. Co. of Pgh.*, 15 N.Y.3d 34, 37, 904 N.Y.S.2d 338, 340 (2010)(internal quotation marks omitted). *See also, Harleysville Worcester Ins. Co. v. Wesco Ins. Co., Inc.*, 314 F. Supp. 3d 534, 542 (S.D.N.Y. 2018). Indeed, it is well settled that "an insurer's duty to defend is broader than its duty to indemnify." *City of Burlington v. National Union Fire Ins. Co.*, 163 Vt. 124, 127, 655 A.2d 719, 721 (1994). The insurer's duty to defend is determined by "comparing the allegations in the complaint to the terms of coverage in the policy." *Id.*

"Any ambiguity as to the insurer's duty to defend is resolved in favor of the insured." *International Business Machines Corp. v. Liberty Mutual Ins. Co.*, 363 F.3d 137, 144 (2d Cir. 2004). *See also, Olin Corp. v. Ins. Co. of Am.*, 218 F. Supp. 3d 212, 216 (S.D.N.Y. 2019); *Atkinson v. Town of Westmore*, 38 F. Supp. 2d 338, 343, 1999 WL 117657 (D. Vt. 1999), citing *City of Burlington v. Associated Elec. & Gas Ins. Services, Ltd.*, 164 Vt. 218, 221, 669 A.2d 1181, 1183 (1995). Indeed, "[p]olicy exclusions are interpreted in a manner most beneficial to the insured." *U.S. Underwriters Ins. Co. v. Kum Gang, Inc.*, 443 F.Supp.2d 348, 356 (2d Cir. 2006), citing *MH Lipiner & Son, Inc. v. Hanover Ins. Co.*, 869 F.2d 685, 687 (2d Cir. 1989). "The insurer bears the burden of proving that the exclusion applies, that it is stated in clear and unmistakable language, and is subject to no other reasonable interpretation." *U.S. Underwriters, supra,* at 356, citing

5

*Continental Casualty Co. v. Rapid-American Corp.,* 80 N.Y.2d 640, 652, 593 N.Y.S.2d 966, 609 N.E.2d 506 (1993). *See also, Servidone Construction Corporation v. Security Insurance Company of Hartford,* 64 N.Y.2d 419, 477 N.E.2d 441, 488 N.Y.S.2d 139 (1985)(the burden of proof "will rest with the insurer to demonstrate that the loss compromised by the insured was not within policy coverage.").

The duty to defend "arises whenever the allegations within the four corners of the underlying complaint potentially give rise to a covered claim, or where the insured has actual knowledge of facts establishing a reasonable possibility of coverage." *Frontier Insulation Contractors, Inc. v. Merchants Mut. Ins. Co.,* 91 N.Y.2d 169, 175, 667 N.Y.S.2d 982, 984 (1997) (international quotation marks omitted). *See also, High Point Design, LLC v. LM Ins. Corp.,* 911 F.3d 89, 95 (2d Cir. 2018). The duty to defend is triggered if any claim against the insured potentially comes within the policy's coverage. *Garneau v. Curtis & Bedell, Inc.,* 158 Vt. 363, 366, 610 A.2d 132, 134 (1992). "Only if there is no possible factual or legal basis on which the insurer might be obligated to indemnify will there be no duty to defend." *Id.* At 366–67, 610 A.2d at 134.

The duty to defend arises regardless of whether the underlying actions, including those against the named insured, have merit. *Travelers Indem. Co. v. Harleysville Ins. Co. of New York,* No. 18 CIV. 600 (PGG), 2020 WL 1304085, at *5 (S.D.N.Y. Mar. 19, 2020); *Continental Cas. Co. v. JBS Const. Mgmt., Inc.,* No. 09 Civ. 6697 (JSR), 2010 WL 2834898, at *4 (S.D.N.Y. July 1, 2010). It is submitted that FALLS LAKE has failed to satisfy this heavy burden of establishing that there is no possible factual or legal basis on which the insurer might be obligated to defend.

In moving for summary judgment, FALLS LAKE argues that the employee exclusion bars coverage to KALNITECH, and Responding Defendants as additional insureds, because

ESPINOZA, who is an employee of Jim Associates, allegedly sustained an injury during the course of his employment and was retained by KALNITECH and/or ASK. *See*, the Memorandum of Law of Steven Verveniotis, Esq., dated February 12, 2024 (hereinafter the "Verveniotis Memorandum of Law"), at pp. 5-6, 16. However, it is respectfully submitted that FALLS LAKE's argument is incorrect, as it improperly relies on extrinsic evidence as opposed to viewing the four corners of the Complaints in the Underlying Actions to determine whether it "potentially give[s] rise to a covered claim, or where the insured has actual knowledge of facts establishing a reasonable possibility of coverage." *See Frontier Insulation Contractors, Inc., supra.*

Indeed, the allegations of the Complaints in the Underlying Actions trigger a duty for FALLS LAKE to defend the Responding Defendants as additional insureds under the Falls Lake Policy since it is alleged that KALNITECH's negligence directly caused or contributed to ESPINOZA's accident. *See* Exhibits "A" and "D" of the Verveniotis Declaration. Thus, because it is undisputed that Responding Defendants were named, respectively, in the Complaints to the Underlying Actions, and the Complaints allege facts and allegations that fall within Responding Defendants additional insured coverage under the Falls Lake Policy, including that KALNITECH caused or contributed to ESPINOZA's alleged accident, a duty to defend is triggered.

The Falls Lake Policy includes a CG 2033 endorsement ("Additional Insured-Owners, Lessees or Contractors- Automatic Status When Required in Construction Agreement With You"), which provides, in relevant part:

> Section II- Who Is An Insured is amended to include as an additional insured any person or organization from whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

7

> 1. Your act or omissions; or
> 2. The acts or omissions of those acting on your behalf;
>
> in the performance of your ongoing operations for the additional insured.

*See* Exhibit "G" to the Verveniotis Declaration.

In this matter, FALLS LAKE seeks to avoid its obligation to defend Responding Defendants by submitting a litany of extrinsic evidence that should not be considered by this Court. Indeed, FALLS LAKE asks this Court to look beyond the allegations in the Complaints to the Underlying Actions and consider extrinsic evidence that it contends supports its coverage position. However, it is submitted that such a request is frowned upon as New York State's highest Court has pointed out that "the courts of this State have refused to permit insurers to look beyond the complaint's allegations to avoid their obligation to defend." *Fitzpatrick v. Am. Honda Motor Co.*, 78 N.Y.2d 61 (1991).

Indeed, counsel's reliance on extrinsic evidence is misplaced as it is a well-established practice that extrinsic evidence may only be used by an insurer to trigger the duty to defend and not to support its denial of coverage. As discussed above at length, an insurer's duty to defend arises from the allegations in the Complaint. *See e.g., Int'l Bus. Machines Corp. v. Liberty Mut. Fire Ins. Co., supra*. A court "should only excuse an insurer from its duty to defend if it can be concluded as a matter of law that there is no possible factual or legal basis on which the insurer might eventually be held to indemnify the insured." *City of Johnstown v. Bankers Standard Ins. Co.*, 877 F.2d 1146 (2d Cir. 1989) (emphasis added); *see also, Hugo Boss Fashions, Inc. v. Fed. Ins. Co.*, 252 F.3d 608 (2d Cir. 2001) ("a separate, contractual duty to defend exists, and perdures until it is determined with certainty that the policy does not provide coverage."). Thus, the

allegations set forth in the Complaints to the Underlying Actions are sufficient to trigger a duty to defend Responding Defendants.

## POINT II

### THE EMPLOYEE EXCLUSION DOES NOT BAR COVERAGE IN THE UNDERLYING ACTIONS BECAUSE THE EXCLUSION IS AMBIGUOUS

It is also respectfully submitted that the exclusion to the Falls Lake Policy that Plaintiff seeks to rely upon in asking this Court to declare that it has no duty to defend its insured, KALNITECH, or to provide the Responding Defendants with additional insured coverage, is ambiguous and must be construed in favor of the insured(s). Indeed, FALLS LAKE has failed to satisfy its heavy burden of establishing that the exclusion applies, that it is stated in clear and unmistakable language, and is subject to no other reasonable interpretation.

FALLS LAKE cites various case law in its motion papers in support of its position. However, the case law set forth is distinguishable from the present action. In this regard, the majority of the cases cited by FALLS LAKE are cases that do not involve the same exclusion or are distinguishable because, unlike here, they applied the exclusion because the underlying plaintiff was an employee of a contractor hired by the named insured. Importantly, FALLS LAKE has failed to cite any case law analogous to the subject action where the same exclusion is upheld when the named insured was not in privity with and/or did not employ the contractor for the underlying plaintiff. *See*, Verveniotis Memorandum of Law. Rather, the cases cited by FALLS LAKE in its motion papers are based upon employees of a named insured, and thus, are distinguishable and cannot be supportive of FALLS LAKE's position. *See, e.g., Bayport Const. Corp. v. BHS Ins. Agency*, 117 A.D.3d 660, 985 N.Y.S.2d 143 (2d Dept. 2014)(finding that the exclusion applied because "the plaintiff in the underlying action was an employee of the insured"); *Guachichulca v. Laslo N. Tauber & Associates, LLC*, 37 A.D.3d 760 (1st Dept. 2007)(finding that

9

the exclusion applied because underlying plaintiff was an employee of the named insured); *Monteleone v. Crow Const. Co.*, 242 A.D.2d 135, 673 N.Y.S.2d 408 (1st Dept. 1998)(addressing a different exclusion with an injury to an employee).

Rather, it is submitted that in the subject action, clear ambiguity exists as it cannot be stated that the exclusion provides clear and unmistakable language and is subject to no other reasonable interpretation. Indeed, in *Hastings Dev., LLC v. Evanston Ins. Co.*, 701 F. App'x 40 (2d Cir. 2017), the Second Circuit examined an employee exclusion endorsement and held that the "ambiguity requires us to construe the policy language in favor of the insured." *Id.* at 44.

Similarly, in *United States Liability Insurance Company v. WW Trading Co. Inc.*, 813 Fed.Appx. 636 (Ct. of App. 2020), the insurer argued that the employee exclusion applied to injuries of an employee of "any contractor" and not just a contractor that was in privity with the insured. *Id.* at [2]. In rejecting the insurer's contention, the Court held that "New York's Appellate Division has rejected this argument, determining that an exclusion substantially identical to the Employee Exclusion does not apply to bodily injury sustained by an employee of a different party's contractor… since the exclusion applies to bodily injury sustained by only contractors who are in privity with the insured." *Id.* Similar to the Court's conclusion in *WW Trading*, in the instant action, since ESPINOZA was employed by Jim Associates, and not by KALNITECH, the injuries simply do not fall within the employee exclusion.

Accordingly, as FALLS LAKE has not established that the employee exclusion provides clear and unmistakable language that is subject to no other reasonable interpretation, FALLS LAKE's motion should be dismissed in its entirety.

## POINT III

## RESPONDING DEFENDANTS ARE ADDITIONAL INSUREDS UNDER THE FALLS LAKE POLICY

Finally, Plaintiff has already *conceded* in its motion papers that ASK qualifies as an additional insured under the Falls Lake Policy, based on the terms of the Falls Lake Policy and the Master Subcontract Agreement. *See* Memorandum of Law of Steven Verveniotis, Esq. dated February 12, 2024 (the "Verveniotis Memorandum of Law") at p.5 ("Ask qualified as an additional insureds [sic] under the Policy as it contracted directly with Kalnitech and the allegations in the Espinoza Actions were that Espinoza's injuries arose from Kalnitech's negligence in its acts or omissions and/or its completed operations."). *See also*, Exhibits "A," "L" and "M" of the Verveniotis Declaration. Thus, for the sake of brevity and judicial economy, Responding Defendants will not set forth any additional arguments regarding ASK's status as an additional insured under the Falls Lake Policy.

However, in opposition to FALLS LAKE's assertions, it is submitted that DAVS also qualifies as an additional insured under the Falls Lake Policy. In this regard, as established above, the Master Subcontract Agreement executed by KALNITECH requires that KALNITECH name ASK and DAVS as additional insureds for ongoing work and completed operations on a primary and non-contributory basis. *See* Exhibit "M" at p. 9 to the Verveniotis Declaration. Further, as indicated above, when looking at the four corners of the Complaints, the allegations in the respective Complaints in the Underlying Actions allege that ESPINOZA's injuries arose from KALNITECH's negligence. Thus, DAVS would similarly qualify as an additional insured under the Falls Lake Policy.

11

## CONCLUSION

Wherefore, for the reasons set forth above, it is respectfully requested that this Court deny FALLS LAKE's motion for summary judgment in its entirety and declare that FALLS LAKE is obligated to defend and indemnify KALNITECH, ASK and DAVS in connection with the claims asserted in the Underlying Actions.

Dated: Woodbury, New York
      March 22, 2024

                                                Lynsay A. Dyszler (LS0573)