UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
FALLS LAKE NATIONAL INSURANCE      CIV: 22-cv-1473 (KAM) (PK)
COMPANY,

                               Plaintiff,

           -against-                               **DECLARATION OF**
                                                              **SHIRA BIEGACZ**

KALNITECH CONSTRUCTION CORP.,
DAVS PARTNERS LLC, STALIN RODRIGO
REYES ESPINOZA and ASK ELECTRICAL
CONTRACTING CORP.,

                               Defendants.
------------------------------------------------------------------------X

       SHIRA BIEGACZ, an attorney duly admitted to practice before this Court, declares the following:

       1. I am associated with the law firm of Sacco & Fillas, LLP, the attorneys of record for Defendant, Kalnitech Construction Corp. ("Kalnitech"), and, as such, I am thoroughly familiar with the facts and circumstances herein based upon the contents of the file maintained in your affirmant's office.

       2. I submit this Declaration, the attached exhibits, and the accompanying Counterstatement of Material Facts pursuant to Local Civil Rule 56.1 of the Eastern District of New York, with Exhibits annexed thereto, and the accompanying memorandum of law, in opposition to Falls Lake National Insurance Company's ("Falls Lake") motion for summary judgment, pursuant to Fed. R. Civ. P. 56 and the Court's individual rules.

       3. Attached hereto as Exhibit "G" is a copy of the policy of insurance numbered SKP 2004493 10 issued by Falls Lake to Kalnitech.[1]

---

[1] In Kalnitech's Rule 56.1 Counterstatement, Kalnitech referred to exhibits by the letters and/or numbers assigned by Plaintiff in its Rule 56.1 Statement. In the interest of consistency and to avoid confusion, the same exhibits letters/numbers are utilized in Kalnitech's attached Memorandum of Law.

4. Attached hereto as Exhibit "M" is a copy of the Master Sub-Contract between Kalnitech and Ask Electrical Contracting Corp ("Ask").

5. Attached hereto as Exhibit "P" is a copy of the Master Sub-Contract between Ask and Jim Associates.

6. Attached in support of Defendant's opposition are also Exhibits 1 and 2 to the Joint Deposition Transcript Appendix.

7. In its motion for summary judgment, Plaintiff seeks a declaration that the policy issued by Falls Lake numbered SKP 2004493 10 (the "Policy") to Kalnitech does not afford coverage for the accident and injuries allegedly sustained by Stalin Rodrigo Espinoza and for which it filed claims in the lawsuit captioned "Stalin Rodrigo Reyes Espinoza v. Davs Partners LLC and Kalnitech Construction Company", filed in the Supreme Court of the State of New York, Kings County under Index Number 515197/2019, or for those claims asserted by Espinoza against co-defendant Ask Electrical Contracting Corp. ("Ask") in the lawsuit captioned "Stalin Rodrigo Reyes Espinoza v. Ask Electrical Contracting Corp.", filed in the Supreme Court of the State of New York, Kings County under Index Number 514760/2022 (the "Espinoza Actions").

8. In discovery in this action, the parties exchanged discovery, including contracts and depositions form the underlying action, and agreed to abide by the facts as to Espinoza's claims and the claims of others as set forth in the two Espinoza Actions.

9. In its motion for summary judgment, Plaintiff asserts that the Policy's employee exclusion precludes coverage for injury sustained by an employee of any insured (including additional insured). Plaintiff argues that, because Espinoza was an employee of Jim Associates, as subcontractor of Ask (Exhibit "P"), his claims for injury sustained while working as an employee of an additional insured (Ask) are excluded from coverage.

10. Plaintiff's argument assumes that Ask was an additional insured under the Policy at the time Espinoza's claims arose pursuant to contract entered into between Kalnitech and Ask (Ex. "M"), however, there are factual issues that defeat Plaintiff's summary judgment motion.

11. Kalnitech has set forth, in undisputed deposition testimony (Ex. 2) and in its undisputed Rule 56.1 Counterstatement, that Kalnitech's work was complete *prior* to Espinoza's injury (Ex. 2 at p. 30, lines 10-18). According to the clear language of the Policy, any additional insured pursuant to contract is only entitled to coverage for claims arising from the acts or omissions of Kalnitech or its agents *during the course of Kalnitech's ongoing performance of the work*, and, that such additional insured status is extinguished upon Kalnitech's completion of the contracted-for work. (Ex. "G").

12. As there are factual issues as to whether Ask was an additional insured under the policy, and whether the employee exclusion applies, Falls Lake is not entitled to summary judgment disclaiming coverage.

13. Accordingly, Kalnitech respectfully requests that this Honorable Court deny Falls Lake's Motion for Summary Judgment in its entirety.

Dated: Astoria, New York
March 22, 2024

/s/Shira Biegacz
By: Shira Biegacz, Esq.