UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
FALLS LAKE NATIONAL INSURANCE COMPANY,

                                                                       INDEX NO. 701822/2013

                                                  Plaintiff,

     -against-


KALNITECH CONSTRUCTION CORP.,
DAVS PARTNERS LLC, STALIN RODRIGO
REYES ESPINOZA and ASK ELECTRICAL
CONTRACTING CORP.,
                                                Defendant,
------------------------------------------------------------------------X

**KALNITECH CONSTRUCTION CORP'S MEMORANDUM OF LAW IN OPPOSITION TO FALLS LAKE NATIONAL INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT**

                                                                      SACCO & FILLAS, LLP
                                                                      Attorneys for Defendant
                                                                      Kalnitech Construction Corp.
                                                                      31-19 Newtown Avenue
                                                                      Seventh Floor
                                                                      Astoria, New York 11102

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES………………………………………………………….…..3

PRELIMINARY STATEMENT………………………………………………………….4

ARGUMENT, DISCUSSION AND ANALYSIS………..…………………………….....5

    I.    JIM ASSOCIATES WAS NEITHER AN EMPLOYEE NOR SUB-
CONTRACTOR OF KALNITECH CONSTRUCTION CORP…………….……5

    II.    ASK ELECTRICAL CONTRACTING CORP. WAS NOT
AN ADDITIONAL INSURED OF KALNITECH
CONSTRUCTION CORP. WHEN THE UNDERLYING
ACCIDENT TOOK PLACE……………….……………………………...………6

CONCLUSION……………………………………………………………………...……..8

## **TABLE OF AUTHORITIES**

**CASES**

*Aderson v. Liberty Lobby, Inc.*
477 U.S. 242 (1986)………………..……………………………………………………...….6

*McLee v. Chrysler Corp.*
109 F.3d 130 (2d Cir. 1997)……………………………………………………………….....6

**STATUTES**

Fed R. Civ. P. 56(a)……………………………………………………………………...…..6

**PRELIMINARY STATEMENT**

Defendant, Kalnitech Construction Corp. ("Kalnitech"), respectfully submits this memorandum of law in opposition to Plaintiff Falls Lake National Insurance Company's ("Falls Lake") motion for summary judgment.

In this declaratory judgment action, Falls Lake seeks a declaration that the policy of insurance issued by Falls Lake to Kalnitech affords no coverage for the accident and claims asserted in the action captioned <u>Stalin Rodrigo Reyes Espinoza v. Davs Partners LLC and Kalnitech Construction Company</u>, filed in the Supreme Court of the State of New York, County of Kings under Index Number 515197/2019 and the action entitled <u>Stalin Rodrigo Reyes Espinoza v. Ask Electrical Contracting Corp.</u>, filed in the Supreme Court of the State of New York, County of Kings under Index Number 514760/2022 (collectively referred hereinafter as the "Underlying Actions").

Falls Lake now moves for summary judgment, arguing that the language in the subject policy, specifically the "Exclusion of Injury to Employees, Contractors and Employees of Contractors," (the "Exclusion") allows it to disclaim coverage for Kalnitech in the Underlying Actions. Specifically, Falls Lake asserts that it is undisputed that the plaintiff in the Underlying Actions (hereinafter "Espinoza") was injured while working as an employee of Jim Associates, who it asserts was a sub-contractor/additional insured of either Kalnitech or Co-Defendant Ask Electrical Contracting Corp. ("Ask"), and therefore, coverage can be disclaimed for an accident in which an employee of a contractor was injured, in addition to any claims for indemnity/contribution that may be made in connection thereto. Falls Lake's motion for summary judgment should be denied for the reasons stated below.

4

In sum, Kalnitech does not challenge the legality or enforceability of the Exclusion. However, Kalnitech will show that it neither employed nor sub-contracted with Jim Associates (and that in fact, Kalnitech and Jim Associates were both sub-contractors of Ask), and therefore coverage for Kalnitech cannot be disclaimed on the ground that the injured party was one of its employees or the employee of one of its sub-contractors. Further, Kalnitech will show that there are genuine issues of fact regarding whether Ask was an additional insured on its policy, as Kalnitech's work for Ask was complete at the time of Espinoza's alleged injury, which injury was not caused during Kalnitech's ongoing operations. Whether Ask was an additional insured is a material fact, and therefore summary judgment should be denied because this fact cannot be established conclusively. There are also additional factual issues which preclude granting summary judgment.

## ARGUMENT, DISCUSSION AND ANALYSIS

### I.  JIM ASSOCIATES WAS NEITHER AN EMPLOYEE NOR SUB-CONTRACTOR OF KALNITECH CONSTRUCTION CORP.

Falls Lake contradicts itself in its papers in support of its motion. Kalnitech writes on page 2 of its memorandum of law that "while there is a dispute in the Underlying Action as to which contractor, Kalnitech or Ask, hired/contracted with Espinoza's employer, Jim Associates, the evidence as to the claims presented proves that either one of them did so **(seems that it was Ask)**" (emphasis added). However, in Falls Lake's Statement of Material Facts, it asserts that "Ask hired Jim Associates," (Plaintiff's Statement of Material Facts at ¶ 57, *citing*  p.32, 34 and Ex. 2 p. 33-34, 41, 57, 58) and that "Ask paid Jim Associates for the work performed at the premises." *Id.* at ¶ 59, *citing* Ex 1 p.107-108).

Kalnitech admitted that each of those material facts were true in its Response to Plaintiff's Statement of Material Facts. Further, Falls Lake proves clearly through its own exhibits that Jim

5

Associates was hired and paid by Ask. Accordingly, it is clear that Jim Associates was an employee/sub-contractor of Ask, and there is no possibility that Jim Associates was an employee/sub-contractor of Kalnitech. In fact, there has been no evidence presented in this action whatsoever showing that there was any contractual relationship between Kalnitech and Jim Associates at all, let alone one in which Jim Associates was an employee or sub-contractor of Kalnitech. If anything, it is clear that Kalnitech and Jim Associates were both sub-contractors under Ask, performing different scopes of work. Ex. M and Ex. P.

The Exclusion in the policy ("Policy") at issue clearly states that coverage can only be disclaimed under the Exclusion if an employee of any insured suffers bodily injury. Although Espinoza is claiming he suffered a bodily injury while working as an employee of Jim Associates, it is clear that Jim Associates was not a sub-contractor or employee of Kalnitech and therefore, Falls Lake cannot disclaim coverage of Kalnitech under the Exclusion.

If there is a genuine issue of fact as to whether it was Ask or Kalnitech who sub-contracted with Jim Associates (and this fact is material, as asserted by Plaintiff itself in its Statement of Material Facts), then summary judgment should be denied. Fed R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247-48 (1986); *McLee v. Chrysler Corp.*, 109 F.3d 130, 134 (2d Cir. 1997).

**II. ASK ELECTRICAL CONTRACTING WAS NOT AN ADDITIONAL INSURED OF KALNITECH CONSTRUCTION CORP. WHEN THE UNDERLYING ACCICDENT TOOK PLACE OR WHEN IT HIRED JIM ASSOCIATES**

In reply to Kalnitech's arguments in Section "I," *supra*, Falls Lake will likely argue that it does not matter whether Jim Associates was hired by Kalnitech or Ask, because the Exclusion allows for disclaimer of coverage in the event of bodily injury to an employee of any insured under the Policy, and that Ask was irrefutably an additional insured on Kalnitech's policy. *See* Affidavit

6

of David J. Johnson at ¶ 5.  Therefore, Falls Lake will argue, even if Ask was the one who hired Jim Associates, the Exclusion still applies and coverage can be disclaimed. However, it is irrefutable that Ask's status as an additional insured on Kalnitech's Policy ended when Kalnitech's work on the premises ended, and Kalnitech's work on the project had already ended by the time the underlying accident occurred.

The language of the master subcontract entered into between Kalnitech and Ask further specifies the time frame during which Kalnitech was required to name Ask as an additional insured on its Policy, stating that "Subcontractor is required to include as additional insureds: the Owner, the Contractor…for **ongoing work and completed operations**." Ex. M at p. 9.

According to the clear language of the Policy, an "Additional Insured" is "any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy.  Such person or organization is an additional insured only with respect to liability for [certain injuries] caused, in whole or in part, by: 1. Your acts or omissions; or 2. The acts or omissions of those acting on our behalf; **in the performance of your ongoing operations for the additional insured**. A person's or organization's **status as an additional insured under this endorsements ends when your operations for that additional insured are complete**." Ex. G at p. 29, Section II (emphasis added).

Clearly, under the terms of the Master Subcontract and according to the unambiguous language of the Policy, Ask was no longer an additional insured of Kalnitech's once Kalnitech had completed its work on the Premises and, furthermore, was not considered an additional insured for any liability *unless* such liability arose as a result of Kalnitech and/or its agents' acts

7

or omissions "*in the performance of [Kalnitech's] ongoing operations for additional insured. Id.* (emphasis added).

Kalnitech completed its work on the Premises in or about Mid-June. Ex. 2 at p. 30, lines 10-18. No evidence has been submitted thus far in this action which contradicts or disproves Mr. Stoupakis's testimony that Kalnitech had completed its work and was off the Premises before June 28, 2019, the day of the accident. If there is a factual issue as to when exactly Kalnitech's work on the Premises ended, and whether Espinoza was performing work on behalf of Kalnitech, this factual issue precludes granting summary judgment.

In addition, Ask hired Jim Associates (Espinoza's employer) on July 15, 2019 (Ex. P), roughly a month after Kalnitech's work on the Premises had ended (i.e. when Ask's status as an additional insured of Kalnitech's ended). It is worth noting here that there is obviously also a factual issue regarding whether Espinoza was an employee of Jim Associates at the time of the accident, considering the accident occurred on June 28, 2019, and Jim Associates was not hired by Ask until July 15, 2019. This material factual issue also precludes granting summary judgment.

## CONCLUSION

For all of the reasons stated above, Plaintiff's motion for summary judgment should be denied.

Dated: Astoria, New York

      March 22, 2024

                                        SACCO & FILLAS, LLP

                                        Shira Biegacz, Esq.
                                        Christopher P. DelCioppio, Esq.
                                        31-19 Newtown Avenue
                                        Seventh Floor
                                        Astoria, New York 11102
                                        (718) 746-3440 (telephone)
                                        sbiegacz@saccofillas.com
                                        cpdelcioppio@saccofillas.com
                                        *Attorneys for Kalnitech Construction Corp.*