UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
FALLS LAKE NATIONAL INSURANCE	CIV: 22-cv-1473 (KAM) (PK)
COMPANY,

                              Plaintiff,

      -against-


KALNITECH CONSTRUCTION CORP.,
DAVS PARTNERS LLC, STALIN RODRIGO
REYES ESPINOZA and ASK ELECTRICAL
CONTRACTING CORP.,

                              Defendants,

-------------------------------------------------------------------X


**REPLY MEMORANDUM IN FURTHER SUPPORT OF FALLS LAKE NATIONAL
INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT**


                                       MIRANDA SLONE SKLARIN
                                       VERVENIOTIS LLP
                                       Attorneys for Plaintiff
                                       240 Mineola Boulevard
                                       Mineola, New York 11501
                                       (516) 741-7676
                                       Our File: 19-208




Of Counsel:
Steven Verveniotis

# **TABLE OF CONTENTS**

Contents

TABLE OF CONTENTS ................................................................................................................ i

TABLE OF AUTHORITIES ......................................................................................................... ii

PRELIMINARY STATEMENT .................................................................................................... 1

LEGAL ARGUMENT .................................................................................................................... 3

POINT I
NO EVIDENCE EXISTS TO CHALLENGE APPLICATION OF THE EXCLUSION .............. 3

POINT II
THE CHALLENGE TO THE DISCLAIMER'S TIMING IS PROVEN ERRONEOUS ............. 8

CONCLUSION ............................................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

5421 Sylvan Ave. Associates Corp. v. New York City Conciliation & Appeals Bd.,
  100 A.D.2d 812 (1st Dep't. 1984) .................................................................................. 9

Allstate Ins. Co. v. Cruz,
  30 A.D.3d 511 (2d Dep't 2006) ..................................................................................... 9

American Transit Ins. Co. v. Lucas,
  111 A.D.3d 423 (1st Dep't. 2013) ................................................................................ 10

Bayport Const. Corp. v. BHS Ins. Agency,
  117 A.D.3d 660 (2d Dept 2014) .................................................................................... 5

Campoverde v. Fabian Builders, LLC,
  83 A.D.3d 986 (2d Dept. 2011) ..................................................................................... 5

Colony Insurance Company v. 28-41 Steinway, LLC,
  2023 WL 363062 (E.D.N.Y. 2023) ................................................................................ 5

Dunn v. Albany Medical College,
  445 Fed. Appx. 431 (2d Cir. 2011) .............................................................................. 10

Franco Belli Plumbing & Heating and Sons, Inc. v. Liberty Mut. Ins. Co.,
  2012 WL 2830247 (E.D.N.Y. 2012) .............................................................................. 7

Frontier Insulation Contractors, Inc. v. Merchants Mut. Ins. Co.,
  91 N.Y.2d 169 (1997) .................................................................................................... 6

Gilbane Building Co./TDX Construction Corp. v. St. Paul Fire and Marine Insurance Company,
  31 N.Y.3d 131 (2018) .................................................................................................... 7

Gotham Industrial Services, Inc. v. Falls Lake National Insurance Co., Ace Property & Casualty
   Insurance Co.,
  2024 WL 710904 (Sup. Ct. NY 2024) ......................................................................... 10

Guachichulca v. Laszlo N. Tauber & Associates, LLC,
  37 A.D.3d 760 (1st Dept. 2007) ..................................................................................... 6

Hastings Development, LLC v. Evanston Insurance Company,
  701 Fed.Appx. 40 (2d Cir. 2017) ............................................................................... 6, 7

High Point Design, LLC v. LM Ins. Corp.,
    911 F.3d 89 (2d Cir. 2018) ........................................................................................ 6

Howard & Norman Baker, Ltd. v. Am. Safety Cas. Ins. Co.,
    75 A.D.3d 533 (2d Dept 2010) ................................................................................. 5

Moleon v. Kreisler Borg Floman Genetral Const. Co., Inc.,
    304 A.D.2d 337 (1st Dept 2003) ............................................................................... 6

Netherlands Insurance Company v. U.S. Underwriters Insurance Company,
    2015 WL 9295745 (S.D.N.Y. 2015) .......................................................................... 6

Progressive Cas. Ins. Co. v. Infinite Ortho Prods., Inc.,
    127 A.D.3d 1050 (2d Dep't. 2015) ...................................................................... 9, 10

Residential Holding Corp. v. Scottsdale Ins. Co.,
    286 A.D.2d 679 (2d Dep't. 2001) ............................................................................. 9

Savik, Murray & Aurora Const. Management Co., LLC v. ITT Hartford Ins. Group,
    86 A.D.3d 490 (1st Dep't. 2011) ............................................................................. 10

Tower Ins. Co. of N.Y. v. NHT Owners, LLC,
    90 A.D.3d 532 (1st Dep't 2011) ................................................................................ 9

Travelers Insurance Company v. Harleysville Insurance Company of New York,
    2023 WL 7621992 (E.D.N.Y. 2023) .......................................................................... 7

U.S. Underwriters Ins. Co. v. 614 Const. Corp.,
    142 F.Supp.2d 491 (S.D.N.Y. 2001.) ........................................................................ 5

U.S. Underwriters Insurance Company v. Kenfa Madison, LLC,
    2023 WL 5617772 (E.D.N.Y. 2023) .......................................................................... 6

United States Liability Insurance Company v. WW Trading Co., Inc.,
    813 Fed.Appx. 636 (2d Cir. 2020) ............................................................................ 5

Utica First Ins. Co. v. Santagata,
    66 A.D.3d 876 (2d Dept 2009) ................................................................................. 6

West 16th Street Tenants Corp. v. Public Service Mutual Ins. Co.,
    290 A.D.2d 278 (1st Dep't 2002) .............................................................................. 9

**PRELIMINARY STATEMENT**

The Plaintiff, Falls Lake National Insurance Company ("Falls Lake"), respectfully submits this memorandum of law in reply to the opposition of the defendants Kalnitech Construction Corp. ("Kalnitech"), Davs Partners LLC ("DAVS"), Ask Electrical Contracting Corp. ("Ask"), and Stalin Rodrigo Reyes Espinoza ("Espinoza"), and in further support of its motion for summary judgment.  The defendants have not challenged the documentary evidence presented with the moving papers and therefore this insurance coverage case clearly presents a question of law as to the broad exclusion that bars coverage under the relevant policy numbered SKP 200449310 issued by Falls Lake to Kalnitech for the policy period of January 3, 2019 to January 3, 2020 (the "Policy"), for all claims arising asserted in the underlying lawsuits filed in the Supreme Court of the State of New York, County of Kings under Index Number 515197/2019 and Index Number 514760/2022 (the "Espinoza Actions"), whether Espinoza was working for a subcontractor of Kalnitech and Ask, notwithstanding the dispute in the Espinoza Actions.  It is dispositive here that the evidence, including the contracts, proposals, invoices, testimony, worker's compensation board records, and other proof from the Underlying Actions,  clearly establishes that Espinoza has sued on the basis that he was injured in the course of his work with Jim Associates, a subcontractor of Kalnitech and Ask, performing work at 217-14 Hempstead Avenue, Queens, NY 11429 (the "premises").  The Policy's "Exclusion of Injury to Employees, Contractors and Employees of Contractors" endorsement bars coverage here to the insureds and additional insureds for claims arising from injury to an employee of a contractor working for any insured, and that is proven here.

The plaintiff from the Espinoza Actions, Espinoza, challenges, in its opposition, whether the disclaimer was timely but offers no evidence to counter Falls Lake's evidence that the insurer first received notice of any claim pertaining to the Espinoza Actions on August 9, 2019, upon receipt of the first Espinoza Action that was served on Kalnitech. Ex. A p. 19. Falls Lake requested

1

all contracts from its insured Kalnitech but none were provided.  Johnson Affidavit ¶ 12.  It was only during the course of the litigation of both actions were the contracts, invoices, and proposal between DAVS and Ask, Ask and Kalnitech, and Ask and Jim Associates produced.  Ex. L – R.  Coverage counsel timely issued and mailed to all parties the September 3, 2019 disclaimer letter, and all subsequent letters, when the second lawsuit was uncovered.  Ex. H – J.  Counsel who has submitted the papers on this motion was counsel who issued, mailed by him, the disclaimer letters submitted as proof undisputed in this case.  Thus, the challenge as to the timing of disclaimer is proven erroneous by documentary evidence.

While Kalnitech also challenges whether Espinoza's accident actually was caused by its work, that is the claim (that is what Espinoza alleges) presented for coverage under the Policy, as well as the claims against and by Ask, and others as to same. See Ex. N – R; see also Ex. A; Ex D; Ex. O p. 5 ¶ 4, p. 20 ¶ 11; Ex 3 p. 58, Ex. 4 p. 102, Ex. 2 p. 41. Further, while Kalnitech focuses on the acts or omissions of the additional insured Ask, the Policy's "Exclusion of Injury to Employees, Contractors and Employees of Contractors" endorsement bars coverage here for the insureds and all additional insureds for claims arising from injury to an employee of a contractor working for any insured, such that it is irrelevant, for coverage analysis, whether the claim relates to the named insured (Kalnitech) or the additional insured (Ask) (Ex. G p. 29-30, 57-58) to bar coverage to all.  Notwithstanding Kalnitech's argument that it was off the job, that does not alter the coverage analysis because there are two additional insured endorsements in the Policy (Ex. G p. 29-30, 57-58) which bar coverage to the claim here whether the claim arose while Kalnitech was working or after it completed its work.

DAVS' and Ask's opposition also has no merit.  DAVS and Ask argue that the disclaimer is wrong in that it relies on extrinsic evidence but that disregards the allegations in the complaints

2

in the Underlying Actions, and the additional evidence confirm the contractual connections such that the exclusion is proven for summary judgment. See Ex. N – R; see also Ex. A; Ex D; Ex. O p. 5 ¶ 4, p. 20 ¶ 11; Ex 3 p. 58, Ex. 4 p. 102, Ex. 2 p. 41. Furthermore, while they challenge the exclusion as ambiguous, the facts and the law clearly fall within the exclusion where either Kalnitech or Ask hired Espinoza's employer, Jim Associates. While the defendants argue ambiguity as to the injury to an employee, contractor or any employee of any contractor of any insured endorsement based upon privity, they do not dispute the contracts and their own representative's, David Kleeman's, testimony which confirmed that Ask hired and paid Jim Associates.  Falls Lake has proven here that looking only at the four corners of the pleadings in the two Espinoza Actions, the claims alleged were barred from coverage under the Policy by operation of the "Exclusion of Injury to Employees, Contractors and Employees of Contractors" endorsement (as well as other provisions), and beyond the pleadings, the evidence before the Court now for a ruling on defense and indemnity, which evidence includes the testimony, contracts, and Espinoza's worker's compensation documents and bills of particulars, proves that Espinoza was an employee of a contractor working for either the named insured or the additional insured.

Further, DAVS has not proven in the opposition that it is entitled to additional insured coverage under the Policy for the Espinoza Actions. Accordingly, Falls Lake has proven entitled to summary judgment based upon the record before the Court.

## LEGAL ARGUMENT

### POINT I

### NO EVIDENCE EXISTS TO CHALLENGE APPLICATION OF THE EXCLUSION

The challenge to the application of the "Exclusion of Injury to Employees, Contractors and Employees of Contractors" endorsement on the basis that either Ask was not an additional insured, fails in that the pleading filed by Espinoza say that either Ask hired Espinoza's employer or

3

Kalnitech hired the employer, and under either approach the exclusion applies. The discovery responses in the Espinoza Actions, including Espinoza's bill of particulars and worker's compensation records, clearly establish that Espinoza was an employee of Jim Associates and that Espinoza seeks recovery against Ask and Kalnitech on the basis that he was injured while working for a subcontractor of Ask and Kalnitech at the premises. Ex. A, D, O, 4 p. 102 line 15 – 18. Further, there are two additional insured endorsements in the Policy, (Ex. G p. 29-30, 57-58) which bar coverage to the claim here whether the claim arose while Kalnitech was working or after it completed its work. The proof here is that Espinoza was injured when he fell off a ladder while performing finishing work, which includes painting, molding, and tiling, which Jim Associates was contracted to do. Ex. O p. 15, Ex. 1 p.146, Ex. 2 p. 33. Espinoza submitted proposals to both Kalnitech (Gus) and Ask, as well as contracted directly with Ask. Ex. P p. 8, Q, R p. 13 – 20. Kalnitech, who had several subcontractors on-site, performed various work including demolition, concrete work, painting, and patching the roof. Ex. 2 p. 27, 28. David Kleeman further testified and confirmed that Kalnitech was the general contractor, who was on-site everyday including the date of loss, and that Kalnitech supervised all work, including Jim Associate's work, except for the electrical work. Ex. 1 p. 32, 46, 146. Kalnitech also confirmed that it was on-site after the June 28, 2019 date of loss to finish its work and perform patch up jobs. Ex. 2 p. 60. Thus, the evidence is clear that the claim arose from Kalnitech work or its' completed its work, triggering Ask's additional insured coverage and the exclusion applicable as to injury to workers of contractors for any insured.

      The law is clear that the "Exclusion – Injury to Employees, Contractors and Employees of Contractors" endorsement precludes coverage to insureds and additional insureds as long as any insured, including additional insured, hired the employer of the injured worker. The settled case

law applies here whether the claim arose while Kalnitech was working or after it completed its work.  See Bayport Const. Corp. v. BHS Ins. Agency, 117 A.D.3d 660 (2d Dept 2014; Campoverde v. Fabian Builders, LLC, 83 A.D.3d 986 (2d Dept. 2011; Howard & Norman Baker, Ltd. v. Am. Safety Cas. Ins. Co., 75 A.D.3d 533 (2d Dept 2010); U.S. Underwriters Ins. Co. v. 614 Const. Corp., 142 F.Supp.2d 491 (S.D.N.Y. 2001.)

Here, the testimony, contracts, invoices, and proposals confirm that Kalnitech or Ask contracted with plaintiff's employer Jim Associates, therefore, triggering the endorsement. Colony Insurance Company v. 28-41 Steinway, LLC, 2023 WL 363062 (E.D.N.Y. 2023).  The dispute as to which entity actually hired Jim Associates is irrelevant here in that the policy provisions bar coverage to all where the injured worker is either an employee of any insured or an employee of a contractor retained by any insured, including an additional insured.  See Campoverde v. Fabian Builders, LLC, 83 A.D.3d 986, 988 (2d Dep't. 2011); U.S. Underwriters Ins. Co. v. 614 Const. Corp., 142 F.Supp.2d 491, 494-495 (S.D.N.Y. 2001).

DAVS' and Asks' opposition incorrectly relies upon United States Liability Insurance Company v. WW Trading Co., Inc., 813 Fed.Appx. 636 (2d Cir. 2020)  because our case is factually different in that, in our case, there is contractual privity between the claimant's employer and an insured under the Policy.  The United States Liability Insurance Company case was premised on the fact that the one that hired the employer of the injured worker was neither the named insured nor an additional insured under the policy there.  That is not the case here.

In our case, there is a linear relationship between the employer and an insured that triggers the application of the injury to an employee, contractor or any employee of any contractor of any insured endorsement.  Kalnitech contracted with Ask, who pursuant to contract, is also an additional insured on the Policy. Ex. G, M.  Ask, thereafter, contracted with, hired, and paid

5

Espinoza's employer, Jim Associates. Ex. P, 1 p. 107 – 108. In our case, the claims asserted are that either the named insured (Kalnitech) or the additional insured (Ask) hired plaintiff's employer, Jim Associates. As the court stated in U.S. Underwriters Insurance Company v. Kenfa Madison, LLC, 2023 WL 5617772 *1-2 (E.D.N.Y. 2023), a linear relationship between an insured and the employer of the injured worker is basis for application of the exclusion in the endorsement. Pursuant to the any insured language, as long as the plaintiff's employer was retained by one of the policy's insureds, the exclusion applies to all insured parties. Netherlands Insurance Company v. U.S. Underwriters Insurance Company, 2015 WL 9295745 *5 (S.D.N.Y. 2015).

The cases relied upon by Ask and DAVS, such as Frontier Insulation Contractors, Inc. v. Merchants Mut. Ins. Co., 91 N.Y.2d 169 (1997) and High Point Design, LLC v. LM Ins. Corp., 911 F.3d 89 (2d Cir. 2018), are inapplicable here as the allegations in both Espinoza Actions' complaints cast the pleadings within the application of the endorsement. Espinoza's claims in both lawsuits arise from work for any insured, including any additional insured.

The type of endorsement at issue here has been upheld repeatedly. See e.g. Utica First Ins. Co. v. Santagata, 66 A.D.3d 876, 878 (2d Dept 2009); Moleon v. Kreisler Borg Floman Genetral Const. Co., Inc., 304 A.D.2d 337, 340 (1st Dept 2003); Guachichulca v. Laszlo N. Tauber & Associates, LLC, 37 A.D.3d 760, 762 (1st Dept. 2007). The case of Hastings Development, LLC v. Evanston Insurance Company, 701 Fed.Appx. 40 (2d Cir. 2017), is inapplicable here because it relied upon a different employee endorsement. The employee endorsement barred coverage for bodily injury to "an employee of *the Named Insured* arising out of and in the course of employment by *any Insured*, or while performing duties related to the conduct of *the Insured's* business." Id. at 43. The court determined that an ambiguity existed in the endorsement because of the word "the" which preceded "named insured." The court stated that the word "the" could refer to either

6

only an employee of the named insured or employees of <u>any</u> of the policy's list named insureds. <u>Hastings</u> is inapplicable here as our Policy injury to employee endorsement does not contain the phrase, "the named insured", and instead uses the "any insured" language.

The dispositive evidence in this case clearly proves that pursuant to written contract between Kalnitech and Ask, Kalnitech was required to name Ask as an additional insured on the Policy and that Kalnitech was performing work at the premises. Ex. M. The pleadings in the Espinoza Actions alleged injury in performing that work, and the evidence proves the application of the exclusion. Ex. A, D. <u>Franco Belli Plumbing & Heating and Sons, Inc. v. Liberty Mut. Ins. Co.</u>, 2012 WL 2830247 *5-10 (E.D.N.Y. 2012); <u>Travelers Insurance Company v. Harleysville Insurance Company of New York</u>, 2023 WL 7621992 (E.D.N.Y. 2023). Thus, it is irrelevant that Kalnitech argues that it completed its work prior to Espinoza's incident, since either additional insured endorsement for Kalnitech's acts or omissions or the additional insured endorsement for its completed operations is triggered because the allegations in the pleadings entitle Ask to defense and indemnity based upon Kalnitech is being sued for bodily injury caused in whole or in part for its work at the premises.

Moreover, the parties in opposition have failed to dispute the dispositive evidence and caselaw which demonstrate that DAVS is not entitled to additional insured coverage. DAVS as the party seeking additional insured coverage, had the burden of proving additional insured coverage and failed to do so. <u>Moleon v. Kreisler Borg Florman General Const. Co. Inc.</u>, 304 A.D.2d 337, 339 (1st Dep't 2003). DAVS and Ask in opposition disregard <u>Gilbane Building Co./TDX Construction Corp. v. St. Paul Fire and Marine Insurance Company</u>, 31 N.Y.3d 131, 135-136 (2018) and its progeny which require the party seeking additional insured coverage adhere to the terms of the Policy and contract directly with the named insured for coverage. DAVS relies

7

upon the contract between Ask and Kalnitech to obtain additional insured coverage. DAVS, in doing so, concedes that it never contracted with Kalnitech for additional insured coverage, therefore, failing to satisfy the terms and conditions of both additional insured provisions.

Accordingly, the Court must enforce the Policy, as its terms and provisions are clear and unambiguous, and the evidence proves its application here. Thus, summary judgment is warranted based upon the "Exclusion of Injury to Employees, Contractors and Employees of Contractors."

## POINT II

### THE CHALLENGE TO THE DISCLAIMER'S TIMING IS PROVEN ERRONEOUS

Falls Lake has timely denied coverage to all parties within thirty days, and thus, the disclaimer of coverage should be upheld. None of the parties, including Falls Lake's insured, except Espinoza challenge the timeliness of the disclaimer letter. Espinoza's opposition does not dispute that Espinoza received the disclaimer letter, as it was in fact sent to its attorney in the Underlying Action, Gorayeb & Associates, P.C. Ex. H, J.

First, Espinoza's argument fails because the evidence is clear that the claim was first reported to American European and Falls Lake on August 9, 2019. Ex. A p. 19. The Affirmation of David Johnson, the insurance representative, based upon his knowledge of all records of the claim file maintained by Falls Lake so proves. Mr. Johnson affirmed that he first received notice on August 9, 2019 when he first received notice of the first lawsuit. This is supported by plaintiff's Ex. A p. 19 which contains the email first reporting the lawsuit to Falls Lake. What is dispositive is that neither Espinoza nor any other party has submitted any evidence to the contrary. There is no issue of fact warranting trial on when the insurance company received first notice.

Similarly, there is no need for a trial on whether Falls Lake's September 3, 2019, disclaimer letter was timely when issued within thirty days of the August 9, 2019 first notice, as attested by counsel representing plaintiff in this action who filed the moving papers as his mailing of such

disclaimer. Ex. H – J.  Thirty days has been upheld in New York as a reasonable time period to issue a disclaimer letter and beyond thirty days has been upheld where there is a showing of investigation required to confirm grounds for a disclaimer.  This was the case here as Falls Lake disclaimed coverage within 25 days of receiving the claim.  Moreover, plaintiff's reliance upon cases such as West 16th Street Tenants Corp. v. Public Service Mutual Ins. Co., 290 A.D.2d 278 (1st Dep't 2002), Allstate Ins. Co. v. Cruz, 30 A.D.3d 511 (2d Dep't 2006), and Tower Ins. Co. of N.Y. v. NHT Owners, LLC, 90 A.D.3d 532 (1st Dep't 2011), is misplaced here because those cases dealt with a disclaimer based upon late notice where the grounds for the denial of coverage were immediately apparent, unlike the case here.  In fact, as made clear in Mr. Johnson's affirmation, Falls Lake investigated the claim and afforded Kalnitech a defense in the Espinoza Actions, as the grounds for the denial of coverage were not immediately apparent.  Nevertheless, as Falls Lake's letter was made within 30 days, it was timely.

The disclaimer letters, in fact, are not challenged in the parties' 56.1 statement of facts. Ex. H – J.  Moreover, the insurer here has satisfied its burden to prove the timely disclaimer by submitting the Declaration of Steven Verveniotis, the attorney who mailed the letters, and the Affirmation of David Johnson, the claims examiner responsible for the file who affirmed that Falls Lake received first notice on August 9, 2019.  Counsel for Espinoza's argument has no merit because it disregards the dispositive evidence.

Indeed, New York law is clear that a letter properly stamped, addressed, and mailed is presumed to have been delivered. 5421 Sylvan Ave. Associates Corp. v. New York City Conciliation & Appeals Bd., 100 A.D.2d 812, 813 (1st Dep't. 1984); Residential Holding Corp. v. Scottsdale Ins. Co., 286 A.D.2d 679, 680 (2d Dep't. 2001); Progressive Cas. Ins. Co. v. Infinited Ortho Prods., Inc., 127 A.D.3d 1050, 1051 (2d Dep't. 2015). Standard office practices or

9

procedures, done in the regular course of business, give rise to a presumption of mailing. Id.; Savik, Murray & Aurora Const. Management Co., LLC v. ITT Hartford Ins. Group, 86 A.D.3d 490, 500 (1st Dep't. 2011; American Transit Ins. Co. v. Lucas, 111 A.D.3d 423, 424(1st Dep't. 2013). Moreover, where a properly addressed piece of mail is placed in the care of the Postal Service, the mail is presumed delivered. Dunn v. Albany Medical College, 445 Fed. Appx. 431, 432 (2d Cir. 2011). An allegation of non-receipt is insufficient to rebut the presumption that the letter was received. Progressive Cas. Ins. Co. v. Infinite Ortho Prods., Inc., 127 A.D.3d 1050, 1051 (2d Dep't. 2015). A disclaimer letter sent by coverage counsel is presumed valid. Gotham Industrial Services, Inc. v. Falls Lake National Insurance Co., Ace Property & Casualty Insurance Co., 2024 WL 710904 *3 (Sup. Ct. NY 2024).

Here, Falls Lake, through the Affirmation of David Johnson and Declaration of Steven Verveniotis, has established that the disclaimer letters were properly mailed and delivered to all parties. Steven Verveniotis, as the author and mailer of the disclaimer letter, had personal knowledge of the mailing of all of the disclaimer letters and his law firm's standard office procedures for mailing disclaimer letters. The parties cannot dispute receiving the disclaimer letters given the record. Accordingly, Falls Lake has satisfied the burden to prove a timely disclaimer, mailed by the undersigned, and a declaration is warranted as a matter of law.

## CONCLUSION

WHEREFORE, for all the foregoing reasons, Falls Lake is entitled to summary judgment.

Dated: Mineola, New York
      April 19, 2024      MIRANDA SLONE SKLARIN VERVENIOTIS LLP
                            Attorneys for Plaintiff FALLS LAKE NAT. INS., CO.
                                s/Steven Verveniotis
                                Steven Verveniotis
                                240 Mineola Boulevard
                                Mineola, New York 11501
                                (516) 741-7676
                                File No.: 19-208