UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

FALLS LAKE NATIONAL INSURANCE
COMPANY,

                     Plaintiff,

    -against-

KALNITECH CONSTRUCTION CORP.,
DAVS PARTNERS LLC, STALIN RODRIGO
REYES ESPINOZA and ASK ELECTRICAL
CONTRACTING CORP.,

                     Defendants.

------------------------------------------------------------X

CIV:22-cv-1473 (KAM)(PK)

**DECLARATION OF
JONATHAN A. DACHS
IN OPPOSITION TO
PLAINTIFF'S MOTION
<u>FOR SUMMARY JUDGMENT</u>**

JONATHAN A. DACHS, ESQ., an attorney duly admitted to practice before this Court, declares the following:

1. I am the sole proprietor of the law firm of Jonathan A. Dachs, Esq./Shayne, Dachs, attorney for Defendant, Stalin Rodrigo Reyes Espinoza ("Mr. Espinoza") in the above-referenced Declaratory Judgment action, and, as such, I am fully familiar with the facts and circumstances, pleadings and proceedings involved in this matter.

2. I respectfully submit this Declaration in opposition to the motion by Plaintiff, Falls Lake National Insurance Company ("Plaintiff" or "Falls Lake"), which seeks summary judgment in its favor declaring, as a matter of law, that the insurance policy issued by Falls Lake to Defendant, Kalnitech Construction Corp. (Kalnitech") (Policy No. SKP 2004493 10) affords no coverage whatsoever for the accident of June 28, 20198, in which Mr. Espinoza was severely injured, and

the claims made with respect thereto by him in the two underlying lawsuits brought by Mr. Espinoza to recover damages for those injuries, and/or for any of the parties to those two state court actions.

3. At the outset, it bears emphasizing that Mr. Espinoza is the inured party/plaintiff in the underlying personal injury actions. As such, and as an individual not in privity with the underlying defendants (co-defendants herein), or their insurer[s], and without his own knowledge of the contractual relationship between Falls Lake and the co-defendants in this action, Mr. Espinoza has been added to this action as a "nominal party," included for the sole purpose of binding him to all rulings made in this litigation. Obviously, however, Mr. Espinoza has a genuine interest, and, indeed, a stake, in the outcome of this Declaratory Judgment action, which renders it proper and appropriate for him to participate in the motion practice herein.

4. As this Court is well-aware, the issues in this case are being hotly contested, and there has been and will be a veritable mountain of paper exchanged and filed in connection therewith. Under the circumstances, I am loathe to proliferate unnecessarily the extensive submissions in this case. Thus, I wish to inform the Court that I, on behalf of Mr. Espinoza, fully support the contentions and arguments of Defendants Kalnitech, DAVS Partners and Ask Electrical Contracting in opposition to Plaintiff's motion that pertain to the applicability of Plaintiff's policy and coverage to those parties, and I adopt and incorporate same, as well as those parties' Responses to Plaintiff's Rule 56.1 Statements, as if fully set forth herein. Accordingly, I limit this Declaration to the distinct issue set forth below – the failure of the moving Plaintiff to meet its *prima facie* burden to demonstrate its entitlement to judgment in its favor as matter of law because an issue of fact exists as to the timeliness (or lack thereof) of Plaintiff's purported disclaimer/denial of coverage – which further indicates why Plaintiff's motion should be denied.

5. The pertinent facts upon which this argument is based are as follows:

- The Amended Complaint filed by Plaintiff in the instant action (see Docket No. 23, dated June 23, 2022) contains but a single allegation – at paragraph 48 – pertaining to the timeliness of Plaintiff's disclaimer of coverage, wherein it avers that "FLNIC has timely and properly disclaimed coverage under the Policy for all parties in the Espinoza Action [sic] as to the claims asserted in the Espinoza Actions and is affording a defense to Kalnitech subject to the right to litigate the issues presented under the policy."

- The allegation of timeliness of the disclaimer was specifically DENIED by Mr. Espinoza in his "Answer to Amended Complaint for Declaratory Judgment," dated December 27, 2022 – see Docket No. 45, at p. 10, para. "Forty-Eighth" with questions of law to be referred to the Court. See also Answers of Defendant Kalnitech and Ask Electrical, Docket Nos. 30 and 34, respectively, to same effect.

- Mr. Espinoza's "Answer to Amended Complaint" additionally asserted, as an Affirmative Defense," that "Plaintiff has waived its right and/or is estopped to deny coverage or disclaim liability by reason of its failure to give timely notice of its intention to do so, in violation of Insurance Law § 3420(d)(2)." See Docket No. 45, at p. 11, para. "Fifty-Fourth."

- Notwithstanding that those denials raised an issue for the Court as to the timeliness of Plaintiff's first disclaimer, dated September 3, 2019, although the Declaration of Steven Verveniotis, Esq., in support of Plaintiff's motion for summary judgment, makes reference to Plaintiff's first disclaimer letter, he never states, indicates or establishes that the disclaimer was timely, and never states, indicates or establishes the date that first notice of the claim was received by Plaintiff.

- Notably, even the September 3, 2019 disclaimer letter made no mention at all of the date that Plaintiff first received notice of Mr. Espinoza's claim.

- The "Johnson Affidavit in Support of Falls Lake's Motion for Summary Judgment," dated February 4, 2024 (annexed as item 2 to Docket No. 72), submitted by Plaintiff is support of its motion, asserts, for the first time, that "The first notice received by Falls Lake as to Espinoza's accident and claims was on August 9, 2019, which was on August 9, 2019, which was when the insurer received notice of the First Action, which asserted claims only against DAVS, as owner, and Kalnitech, as the sole contractor at the site." Noticeably, and significantly absent, however, is any evidence whatsoever to support this bald assertion of "fact" by David J. Johnson, who may or may not be a person with knowledge of the facts pertaining to the receipt of notice of claims and pleadings. Nothing was stated by Mr. Johnson as the basis for his statement concerning "first notice" – by which the timeliness of the disclaimer could be measured. No indication has been given by Plaintiff as to the form of the alleged notice, the source of the notice, the details of the notice, whether there had been any other notice previously given, and/or written documentation from Falls Lake's own files to support the claim of first notice having been received on August 9, 2019. While Mr. Esposito is willing to concede that a disclaimer sent on September 3, 2019, after first notice on August 9, 2019 could be deemed timely, without adequate (any) proof that, in fact, first notice was received on August 9, 2019, and that the disclaimer letter dated September 3, 2019 was actually sent/mailed on September 3, 2019, this Court simply cannot determine the question of whether the purported disclaimer was timely as a matter of law at this time.

6. New York Insurance Law § 3420(d)(2) expressly provides that "If under a liability policy issued or delivered in this state, an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident or any other type of accident occurring

4

within this state, it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant." It is axiomatic that the failure of the insurer to give such reasonably timely notice will result in the insurer being precluded, based upon a theory of waiver or estoppel, from relying upon a breach of a condition (such as late notice or lack of cooperation), or an exclusionary provision of the policy. See *Roman Catholic Diocese of Brooklyn v. National Union Fire Ins. Co. of Pittsburgh, PA.*, 21 NY3d 139 (2013); *Allcity Ins. Co. v. Jimenez*, 78 NY2d 1054 (1991). In the instant case, there is and can be no doubt from the motion papers themselves that Plaintiff is attempting to rely upon an exclusionary provision – the exclusion entitled "Exclusion – Injury to Employees, Contractors and Employees of Contractors" – in its policy. Accordingly, it cannot be disputed that Plaintiff was/is required to comply with the above-quoted statute or be precluded from relying upon the exclusion.

7. For the simple reason that Plaintiff failed to eliminate all triable issues that go to the heart of its contentions in this matter, summary judgment in Plaintiff's favor is not appropriate. In considering the still open question as to whether Plaintiff's disclaimer letter dated September 3, 2019 was timely sent, I respectfully note that the New York courts have found delays in issuing disclaimers of as little as 30-34 days to be unreasonable as a matter of law – a mere 5-10 days longer than the best case scenario calculation suggested – but not proven – by Plaintiff herein. See *e.g., West 16th Street Tenants Corp. v. Public Service Mutual Ins. Co.*, 290 AD2d 278 (1st Dept. 2002), *motion for leave to appeal denied* 98 NY2d 605 (2002) (30-day delay in disclaiming for late notice was unreasonable as a matter of law); *Allstate Ins. Co. v. Cruz*, 30 AD3d 511 (2d Dept. 2006) (same); *Tower Ins. Co. of N.Y. v. NHT Owners, LLC*, 90 AD3d 532 (1st Dept. 2011 (33-day delay); *Sirius Am. Ins. Co. v. Vigo Constr. Corp.*, 48 AD3d 450 (2d Dept. 2008) (34-day delay).

5

It is thus critically important for Plaintiff to establish the actual number of days that passed between its first receipt of notice of the claim(s) and the issuance of its first disclaimer letter. Its failure to do so at the time of making its motion, which it should not be allowed to cure in reply papers (see *Ritt v. Lenox Hill Hospital*, 182 AD2d 560 [1st Dept. 1992]) is fatal to its summary judgment motion. See *Ritt*, *supra* ("If a movant, in preparation of a motion for summary judgment, cannot assemble sufficient proof to dispel all questions of material fact, the motion should simply not be submitted"); see also *Rengifo v. City of New York*, 7 AD3d 773 (2d Dept. 2004).

8. For all of the foregoing reasons, in addition to the reasons set forth in the opposition papers served/to be filed by and on behalf of Defendants Kalnitech, DAVS, and Ask, which are incorporated herein by reference, Plaintiff's motion for summary judgment should be denied.

Dated: New York, New York

March 22, 2024

_____
Jonathan A. Dachs, Esq. (3687)
61 Broadway, Suite 2220
New York, New York 10006
(917) 703-3990
jdachs@shaynedachs.com
Attorney for Defendant Espinoza